

**Shane R. Heskin**

810 Seventh Avenue | Suite 500 | New York, NY 10019
Direct 215.864.6329 | Fax 215.399.9603
heskins@whiteandwilliams.com | whiteandwilliams.com

February 6, 2025

 **By ECF**

Hon. Arun Subramanian
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: Case 24-cv-8515-AS Golden Foothill Insurance Services, LLC et al v. Spin Capital, LLC et al

Dear Judge Subramanian:

This letter is submitted pursuant to the notice of initial pretrial conference (ECF [#12](#)), jointly by plaintiffs, on the one hand, and defendants Spin Capital, LLC (Spin) and Josh Lubin, Gavriel Yitzchakov ("Yitzchakov"), and BMF Advance, LLC ("BMF") – Yitzchakov and BMF have only just become aware of this proceeding and have not yet had a chance to evaluate the pleading.

1. Nature of action; principal defenses

**Plaintiffs' Summary of Their Claims**

This is a RICO action premised on alleged usurious merchant cash advance (MCA) agreements with defendants BMF Advance, LLC (BMF) and Hi Bar Capital (Hi Bar) as purchasers, and an alleged usurious loan with Spin. The claims are against three alleged RICO enterprises: (a) Spin enterprise, alleged to be Spin and defendant Josh Lubin; (b) Isaacov enterprise, alleged to be BMF, defendant Yitzchakov and his siblings; and (c) Hi Bar enterprise, alleged to be Hi Bar and defendants Yoel Getter and Yisroel Herbst.

The MCA Agreements, governed by New York law, contain multiple hallmarks of loans, including (1) recourse in the event merchant's declared bankruptcy by allowing lender to hold personal guarantor liable for merchant's bankruptcy debts; (2) a sham reconciliation provision with designed to fail temporal restrictions and discretionary rights to deny; (3) making missing one or two payments an event of default; (4) having fixed terms as set forth in negotiations and by dividing the total repayment by the daily repayment; (5) Defendants already knew Plaintiffs had sold their receivables to other MCA companies before entering into the MCA Agreements at issue; (6) the MCA Agreements' purported good faith estimation of Plaintiffs' receivables is demonstrably false on the face of the five MCA Agreements entered into within one month; (7)

February 6, 2025  Honorable Arun Subramanian
Page 2

the MCA Agreements fail to identify any specific receivables; and (8) the MCA Agreements make Plaintiffs, the purported seller, responsible for collecting the receipts Defendants allegedly purchased. When these factors are present, New York courts have granted summary judgment on RICO claims for unlawful collection of debt. *See*, *e.g.*, *Fleetwood Servs., LLC v. Richmond Capital Grp. LLC*, 2023 U.S. App. LEXIS 14241, *3 (2d Cir. June 8, 2023); *Lateral Recovery LLC v. Funderz.net LLC*, 2024 U.S. Dist. LEXIS 176985 (S.D.N.Y. Sept. 27, 2024) (granting RICO unlawful debt collection claim premised on certain prior BMF MCA Agreements being ruled to be loans as a matter of law).

Res judicata and the Colorado River doctrine have no applicability to this action. When the New York Supreme Court dismissed Plaintiffs' counterclaims against Defendant Spin Capital, LLC and Lubin, it did so without prejudice and later affirmed that Plaintiffs may re-assert those claims with the benefit of discovery. (NYSCEF [#470](#)) ("The motion to dismiss the counterclaims was granted without prejudice and the intention was that Defendants would be entitled to seek appropriate proportional discovery as to the underlying debt and, if appropriate, reassert counterclaims"). Moreover, the parties to the State action only included Spin and Lubin, and did not include any other Defendants named herein. And thus, for purposes of judicial economy and because New York does not have a compulsory counterclaim rule, *67-25 Dartmouth St. Corp. v. Syllman*, 29 A.D.3d 888, 889 (2d Dep't 2006), Plaintiffs filed this narrower Federal action than the State action to solely focus on the damages arising from the MCA Agreements which constitute unlawful debt for RICO purposes.

**Defendants' Summary of Defenses**

Spin's and Lubin's principal defenses are:

- FRCP 12(b)(6) dismissal under is warranted, under the doctrine of res judicata, because the New York County Supreme Court dismissed (NYSCEF [#260](#)) plaintiffs' RICO counterclaims (NYSCEF [#133](#)) against Spin and Lubin based on the same MCA agreements and same loan for failure to state a claim; and because that decision precludes relitigation of the amount of Spin's loan, pertinent to application of General Obligations Law § 5-501(6)(b).

- FRCP 12(b)(1) dismissal is warranted, because the Colorado River factors weigh in favor of abstention, and also under the Rooker-Feldman doctrine.

BMF and Yitzchakov have not yet had a full opportunity to evaluate the Amended Complaint (292 pages long laden with extraneous allegations about non-parties) in this case as they were only just made aware of this action. However, preliminarily, they intend to argue that Plaintiffs have failed to plead facts sufficient to allege claims against them, collateral estoppel from the New York Supreme Court's prior ruling dismissing Plaintiff's substantially similar RICO claims, lack of personal jurisdiction due to ineffective service on Yitzchakov, the essential allegations as against Yitzchakov are bare legal conclusions, and Colorado River abstention doctrine. Furthermore, insofar as Plaintiff relies upon diversity jurisdiction, it has failed to plead facts sufficient to plead

February 6, 2025  Honorable Arun Subramanian
Page 3

diversity jurisdiction. BMF and Yitzvhakov intend to challenge whether the Court has federal question jurisdiction.

2. Jurisdiction; venue

**Plaintiffs' Position**

Plaintiffs' position is that this matter involves a Federal question of whether the MCA Agreements constitute unlawful debt for RICO statute purposes. *Lateral Recovery LLC v. Funderz.net LLC*, 2024 U.S. Dist. LEXIS 176985 (S.D.N.Y. Sept. 27, 2024) (granting RICO unlawful debt collection claim premised on certain prior BMF MCA Agreements being ruled to be loans as a matter of law).

**Defendants' Position**

Subject matter jurisdiction is based on Federal question and diversity jurisdiction. Venue is based on the MCA and loan agreements' forum selection clauses. BMF and Yitzchakov note that Plaintiff has not pled facts sufficient to allege diversity jurisdiction and their entire theory of the case appears to be an attempt to frame a run of the mill commercial dispute between Spin and Plaintiffs that is already being litigated in state court as a RICO action to baselessly invoke federal question jurisdiction.

3. Existing deadlines

None.

4. Outstanding motions

None. Spin and Lubin intend to move to dismiss by February 28, 2025.

5. Prior discovery

In the state court action, plaintiffs took document discovery of Spin, and deposed Lubin. The State Court quashed the subpoena to BMF without prejudice and granted the motion to compel Hi Bar discovery in the form of documents and testimony. (NYSCEF [#470](#470)). No documents were produced by any party other than Spin in the State action, and no other Defendant was deposed in that action.

6. Prior settlement discussions

An unsuccessful mediation of the state court action was had before Mark Bunim on November 12, 2024. Plaintiffs, Spin and Lubin have engaged in subsequent settlement discussions, but are presently at an impasse.

February 6, 2025                                      Honorable Arun Subramanian
Page 4

No prior settlement discussions have been had between plaintiffs and any of BMF, Yitzchakov, Hi Bar, Getter or Herbst.

   7.  <u>Prior discussion of ADR</u>

Plaintiffs, Spin and Lubin have already sought to mediate their dispute.

   8.  <u>Other information</u>

Spin and Lubin believe a discovery stay is warranted given that the motion to dismiss presents pure legal issues and given the prior discovery in the state court action. Plaintiffs oppose a discovery stay. BMF and Yitzchakov strongly believe pre-answer discovery would be an inefficient use of resources and would serve only to make resolution impossible and cost prohibitive. Issue has not even been joined and it remains to be seen if this Court even has jurisdiction.

                                                       Respectfully submitted,

                                                       WHITE AND WILLIAMS LLP

                                                       Shane R. Heskin

cc: counsel of record

34491493v.1