Avery Samet
Jeffrey Chubak
Amini LLC
130 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Attorneys for Defendants Spin Capital, LLC
and Avrumi (a/k/a Josh) Lubin

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOLDEN FOOTHILL INSURANCE SERVICES, LLC, LIFE FACTOR II, LLC, LIFE SHARES II, LLC, EL DORADO HILLS INSURANCE SOLUTIONS, INC., LONE WOLF INSURANCE SERVICES, INC., ELDO INVESTMENTS, LLC, THE GENESIS LS FUND, LLC, KTL HOLDINGS, INC. and TATANISHA LEER,<br><br>                    Plaintiffs,<br><br>v.<br><br>SPIN CAPITAL, LLC, AVRUMI (a/k/a JOSH) LUBIN, BMF ADVANCE LLC, GAVRIEL YITZCHAKOV a/k/a GABE ISAACOV, HI BAR CAPITAL, LLC, YOEL GETTER a/k/a JOEL GETA and YISROEL HERBST,<br><br>                    Defendants. | Case 1:24-cv-08515-AS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO DISMISS AMENDED COMPLAINT AS AGAINST DEFENDANTS**
**SPIN CAPITAL, LLC AND AVRUMI (a/k/a JOSH) LUBIN**

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 3

ARGUMENT ......................................................................................................................... 5

I.    LEGAL STANDARD.................................................................................................. 5

II.   THE AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO
      PRECLUSION AND ABSTENTION DOCTRINES........................................................ 6

      A.    Res Judicata ..................................................................................................... 6

      B.    Collateral Estoppel........................................................................................... 8

      C.    Rooker-Feldman Doctrine ............................................................................. 10

      D.    Colorado River Abstention ........................................................................... 11

III.  THE AMENDED COMPLAINT FAILS ON THE MERITS AS AGAINST SPIN AND
      LUBIN ........................................................................................................................ 14

      A.    The Substantive RICO Claim Should be Dismissed..................................... 14

            1.    Failure to Plead the MCAs and Spin Loan are Unlawful Debts............... 14

            2.    Failure to Plead Standing ........................................................................ 15

      B.    The RICO Conspiracy Claim Should be Dismissed ...................................... 17

CONCLUSION.................................................................................................................... 18

EXHIBIT 1— Chart Pursuant to Individual Practice ¶8.G.i ....................................... 1

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*175 East 74th Corp. v Hartford Acc & Indem. Co.*,
    51 N.Y.2d 585 (1980) ................................................................................. 7

*Aliperio v. Bank of Am., N.A.*,
    764 Fed. App'x 236 (3d Cir. 2019)........................................................... 16

*Anderson v. Lincoln Ins. Agency Inc.*,
    2003 WL 291928 (N.D. Ill. Feb. 10, 2003) ............................................ 16

*Austin v. Downs, Rachlin & Martin*,
    270 Fed. App'x 52 (2d Cir. 2008)............................................................. 6

*Avins v Federation Empl. And Guidance Serv., Inc.*,
    67 A.D.3d 505 (1st Dep't 2009) ............................................................... 7

*Bankers Trust Co. v. Rhoades*,
    859 F.2d 1096 (2d Cir. 1988).................................................................. 15

*Bankers Trust Co. v. Rhoades*,
    490 U.S. 1007 (1989)............................................................................... 15

*Barbieri v. Bridge Funding, Inc.*,
    5 A.D.3d 414 (2d Dep't 2004) .................................................................. 7

*Brown Media Corp. v. K&L Gates, LLP*,
    854 F.3d 150 (2d Cir. 2017)...................................................................... 6

*Com. Union Assurance Co. v. Milken*,
    17 F.3d 608 (2d Cir. 1994)................................................................. 15, 16

*Champion Auto Sales, LLC v. Pearl Beta Funding, LLC*,
    159 A.D.3d 507 (1st Dep't 2018) ........................................................... 15

*DeMaria v. N.Y. State Unified Ct. Sys.*,
    2024 WL 1076543 (S.D.N.Y. Mar. 12, 2024) ....................................... 11

*Dozier v. Ford Motor Co.*,
    702 F.2d 1189 (2d Cir. 1983).................................................................... 7

*EB Brands Holdings, Inc. v. McGladrey LLP*,
    2015 WL 13652970 (Sup. Ct. Westchester Co. July 20, 2015)................ 7

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005) ................................................................................... 10

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994)) ...................................................................... 15

*Flynn v. Sinclair Oil Corp.*,
    20 A.D.2d 636 (1st Dep't 1964) .................................................................. 7

*Giganti v. Gen-X Strategies, Inc.*,
    222 F.R.D. 299 (E.D. Va. 2004) ................................................................. 9

*Go Global Retail, LLC v. Dream On Me, Inc.*,
    2024 WL 1833605 (S.D.N.Y. April 26, 2024) ........................................... 6

*Goldentree Asset Management, L.P. v. Longaberger Co.*,
    448 F. Supp. 2d 589 (S.D.N.Y. 2006) ................................................. 12, 13

*Greenwald v. Hall*,
    2003 WL 164279 (S.D.N.Y. Jan. 23, 2003) ............................................. 17

*Hoblock v. Albany Co. Bd. of Elections*,
    422 F.3d 77 (2d Cir. 2005) ................................................................... 10, 11

*Hovey v. Elliot*,
    145 N.Y. 126 (1895) .................................................................................... 3

*Kasap v. Folger Nolan Fleming & Douglas, Inc.*,
    166 F.3d 1243 (D.C. Cir. 1999) .................................................................. 7

*In re Kauffman Mutual Fund Actions*,
    479 F.2d 257 (1st Cir. 1973) ....................................................................... 7

*Kelly v. Kelly*,
    144 Misc. 302 (Sup. Ct. Chemung Co. Special Term 1932) ..................... 3

*Krondes v. Nationstar Mortg. LLC*,
    2018 WL 2943774 (S.D.N.Y. June 12, 2018) ......................................... 13

*Krondes v. Nationstar Mortg. LLC*,
    789 Fed. App'x 913 (2d Cir. 2020) .......................................................... 13

*Lateral Recovery LLC v. Funderz.net, LLC*,
    2024 WL 4350369 (S.D.N.Y. Sept. 27, 2024) .......................................... 4

*LG Funding, LLC v. United Senior Props. of Olathe, LLC*,
    181 A.D.3d 664 (2d Dep't 2020) .............................................................. 14

*Linton v Perry Knitting Co.*,
   295 N.Y. 14 (1945) ................................................................................ 7

*McKinney v City of New York*,
   78 A.D.2d 884 (2d Dep't 1980) ........................................................... 7

*McKithen v. Brown*,
   481 F.3d 89 (2d Cir. 2007)................................................................... 11

*Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*,
   457 U.S. 423 (1982) ............................................................................ 13

*Mitura v. New York*,
   2024 WL 4128827 (2d Cir. Sept. 10, 2024) ...................................... 10

*Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*,
   460 U.S. 1 (1983)........................................................................... 12, 13

*In re Nine West LBO Secs. Litig.*,
   87 F.4th 130 (2d Cir. 2023) ................................................................. 5

*Nygard v. Bacon*,
   2021 WL 4312581, at *17 (S.D.N.Y. Mar. 31, 2021) ........................ 17

*Pludeman v. Northern Leasing Systems, Inc.*,
   40 A.D.3d 366 (1st Dep't 2007) ........................................................ 17

*Principis Capital, LLC v. I Do, Inc.*,
   201 A.D.3d 752 (1st Dep't 2022) .................................................. 14, 15

*Quick v. EduCap, Inc.*,
   318 F. Supp. 3d 121 (D. D.C. 2018)................................................... 16

*Republic of Ecuador v. Chevron Corp.*,
   638 F.3d 384 (2d Cir. 2011) ................................................................ 9

*Roy v. Bank of New York Mellon*,
   2018 WL 3912281 (E.D.N.Y. Aug. 14, 2018)................................... 13

*Roy v. Bank of New York Mellon*,
   2018 WL 4471898 (E.D.N.Y. Jan. 16, 2018) .................................... 13

*Sedima, S.P.R.L. v. Imrex Co.*,
   473 U.S. 479 (1985)...................................................................... 15, 17

*Simpson Elec. Corp. v. Leucadia, Inc.*,
   72 N.Y.2d 450 (1988) .......................................................................... 8

*Spin Capital, LLC v. Golden Foothill Ins. Servs., LLC,*
   2023 WL 2265717 (Sup. Ct. N.Y. Co. Feb. 28, 2023) ........................................................... 1

*Spin Capital, LLC v. Golden Foothill Ins. Servs., LLC,*
   2024 WL 53771 (Sup. Ct. N.Y. Co. Jan. 4, 2024) ................................................................. 2

*Star Funding, Inc. v. Vault Minerals, LLC,*
   2017 WL 7791558 (S.D.N.Y. Aug. 10, 2017) ................................................................. 4, 15

*State of Missouri v. Chicago, B. & Q.R. Co.,*
   241 U.S. 533 (1916) ................................................................................................................. 8

*Stochastic Decisions, Inc. v. DiDomenico,*
   995 F.2d 1158 (2d Cir. 1993) ......................................................................................... 16, 17

*Streamlined Consultants, Inc. v. EBF Holdings LLC,*
   2022 WL 4368114 (S.D.N.Y. Sept. 20, 2022) ...................................................................... 15

*Thompson v. County of Franklin¸*
   15 F.3d 245 (2d Cir. 1994) ................................................................................................. 6, 8

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,*
   886 F. Supp. 1134 (S.D.N.Y. 1995) ..................................................................................... 15

*Ulico Cas. Co. v. Cox Mechanical Contracting, Inc.,*
   2007 WL 2265563 (S.D.N.Y. Aug. 2, 2007) ........................................................................ 13

*Village of Westfield v. Welch's,*
   170 F.3d 116 (2d Cir. 1999) ................................................................................................. 12

*Warburton v. Goord,*
   14 F. Supp. 2d 289 (W.D.N.Y. 1998) ................................................................................... 13

*Williams v. NYCHA,*
   816 Fed. App'x 532 (2d Cir. 2020) ......................................................................................... 6

*Williams v. Vista on 5th,*
   2024 WL 3728074 (S.D.N.Y. Aug. 8, 2024) .......................................................................... 5

*In re Wilson,*
   410 Fed. App'x 409 (2d Cir. 2011) ....................................................................................... 10

*Woodford v. Community Action Agency of Greene County, Inc.,*
   239 F.3d 517 (2d Cir. 2001) ................................................................................................. 13

*Worthy-Pugh v. Deutsche Bank Nat'l Trust Co.,*
   664 Fed. App'x 20 (2d Cir. 2016) ......................................................................................... 10

**Statutes and Rules**

18 U.S.C. § 1961 ................................................................................................ 1, 14

18 U.S.C. § 1962 ............................................................................................ 1, 2, 10

18 U.S.C. § 1964 .................................................................................. 2, 7, 15, 16, 17

Fed. R. Civ. P. 12 ..................................................................................... 1, 2, 6, 8, 11, 18

Fed. R. Civ. P. 13 ..................................................................................................... 3

General Obligations Law § 5-501 ..................................................................... 1, 4, 14

Penal Law § 190.40 ................................................................................................ 11

**Other Authorities**

"Finality—Appeals Forgone, pending or Unavailable"
    18A Fed. Prac. & Proc. Juris. § 4433 (3d ed.) ........................................... 8

"'On the Merits'—General Principles"
    18A Fed. Prac. & Proc. Juris. § 4435 (3d ed.) ........................................... 7

"Effect of contempt on contemnor"
    21 N.Y. Jur.2d Contempt § 150 ............................................................... 3

"Judgment for Defendant—Exceptions to the General Rule of Bar"
    Restatement (Second) of Judgments § 20 ................................................ 9

"Issue Preclusion—General Rule"
    Restatement (Second) of Judgments § 27 ................................................ 9

Defendants Spin Capital, LLC ("Spin") and Avrumi (a/k/a Josh) Lubin ("Lubin") respectfully submit this memorandum of law in support of their motion to dismiss the amended complaint (ECF #11, "Amended Complaint") as against them, pursuant to FRCP 12(b)(1) and (b)(6).

## **INTRODUCTION**

The Amended Complaint asserts RICO claims under 18 U.S.C. § 1962(c)-(d) against three alleged enterprises in relation to five merchant cash advance ("MCA") transactions that the plaintiffs herein (together, the "Leer Parties") entered into with defendants Hi Bar Capital LLC ("Hi Bar") and BMF Advance LLC ("BMF"), and a $2.7 million loan memorialized by a promissory note (ECF #11-23, "Promissory Note") entered into with Spin. Spin, whose principal is Lubin, is alleged to have brokered the MCA transactions. (Amended Complaint ¶¶66-68.) The subsequent MCAs are alleged to refinance obligations under the prior MCAs, and Spin's loan is alleged to have been extended to satisfy outstanding MCA obligations and provide over $1.3 million in new money. (Amended Complaint ¶¶124, 139, 175-76, 180, 227, 239; ECF #11-28.) The RICO claims are entirely premised on the MCAs and Spin loan constituting "unlawful debt" under 18 U.S.C. § 1961(6)(B). Determination of this issue, which is a matter of New York state law, hinges on whether the MCAs are loans and whether the Spin loan is above or below the $2.5 million threshold under General Obligations Law ("GOL") § 5-501(6)(b).

But this Court need not address the sufficiency of the RICO claims against Spin and Lubin as the New York County Supreme Court, in an action that Spin brought against the Leer Parties to enforce Spin's loan assigned Index No. 650582/2022 ("State Court Action"),[1] previously dismissed (NYSCEF #260, 2023 WL 2265717, "Dismissal Order") similar RICO

---

[1] For ease of reference, documents filed in the State Court Action are cited by NYSCEF document number and hyperlinked.

counterclaims (NYSCEF #133, "Counterclaim") the Leer Parties asserted against Spin and Lubin for failure to plead unlawful debt.

Post-dismissal, the state court clarified, in a decision and order on a discovery motion (NYSCEF #470, 2024 WL 53771) that dismissal was "without prejudice and the intention was that the Defendants would be entitled to seek appropriate proportional discovery as to the underlying debt and, if appropriate, reassert counterclaims", whereupon the Leer Parties withdrew their appeal (2023-01263, NYSCEF #1, #7, #8) of the Dismissal Order.

But the Leer Parties did not subsequently reassert counterclaims in the State Court Action; discovery has now closed; the note of issue has been filed, together with a certificate of trial readiness certifying that discovery is complete (NYSCEF #568), which the Leer Parties have not moved to strike; and Spin's and Lubin's summary judgment motion, which seeks to dispose of the usury defense (NYSCEF #691, #755) on which the RICO claims herein are premised has been argued (NYSCEF #817) and is marked submitted.

Accordingly, the Court need not consider whether MCAs are loans or if Spin's loan is usurious, as the RICO claims asserted herein are subject to dismissal, pursuant to FRCP 12(b)(6), under the doctrines of res judicata and collateral estoppel, and pursuant to FRCP 12(b)(1), under the Rooker-Feldman and Colorado River abstention doctrines.

Should the Court decline to dismiss on the basis of preclusion or abstention doctrines, the substantive RICO claim under 18 U.S.C. § 1962(c) should be dismissed for failure to plead that the MCAs and Spin's loan were unlawful debts, and for failure to plead cognizable injury under 18 U.S.C. § 1964(c) such that standing is lacking. Dismissal of the substantive RICO claim, in turn, requires dismissal of the RICO conspiracy claim.

Dismissal is also warranted because Leer was held in civil (NYSCEF #470) and criminal (NYSCEF #509) contempt for stealing $2 million in life insurance policy proceeds constituting

collateral for Spin's loan from the state court receiver. Leer accordingly cannot "ask for the favor of the court, or … take any aggressive proceedings against his or her adversary" until his contempt has been purged, which has yet to occur. 21 N.Y. Jur.2d Contempt § 150, "Effect of contempt on contemnor." *See also Kelly v. Kelly*, 144 Misc. 302, 303 (Sup. Ct. Chemung Co. Special Term 1932) (quoting *Hovey v. Elliot*, 145 N.Y. 126, 138 (1895) (collecting cases)) ("a court of equity may refuse to a party in contempt the benefit of proceedings pending in it, when asked by him as a favor, until he has purged himself of contempt").

Further, it should be noted that this is an especially egregious case of forum shopping, given that state courts have concurrent jurisdiction over RICO claims but the CPLR does not have a compulsory counterclaim requirement (*cf.* FRCP 13(a)), such that it was the Leer Parties' free and deliberate choice to assert RICO claims first in state court, and then here only after the state court rejected them.

## BACKGROUND

In this action, the Leer Parties assert RICO claims against Spin and Lubin based on allegations that they brokered MCA transactions that were alleged to be usurious loans under state law, and then "play[ing] the white knight for the borrowers who are trapped into the negative spiral of MCA agreements with BMF and Hi Bar" (Amended Complaint ¶227) extended another allegedly usurious loan on terms set forth in the Promissory Note to refinance the MCA obligations and provide over $1.3 million in new money.

The Leer Parties previously asserted similar RICO counterclaims in the State Court Action. (Dismissal Order at 1, citing Counterclaim ¶1.)

However, the state court rejected the Leer Parties' argument (Dismissal Order at 6) "that the Court should recharacterize the Purchase Agreements [MCAs] as loans and hold that the

attorneys' fees [$30,000] and closing costs [$200,000] are improper such that the Loan falls below the $2.5 million threshold and is subject to the usury laws".

The state court also dismissed the RICO claims as they related to the Promissory Note because (Dismissal Order at 2) "[s]imply put, the face amount of the Loan … is $2.7 million and this amount exceeds the $2.5 million threshold to which New York's usury laws apply." Under GOL § 5-501(6)(b):

> [T]he Court must look to the amount agreed upon not merely the new money advanced (*Star Funding, Inc. v. Vault Minerals, LLC*, 2017 WL 7791558 [SDNY 2017]). As such, the Loan is not merely for $1,307,403, it is for $2.7 million because the Loan amount also includes amounts sued to satisfy pre-existing obligations and reasonable expenses (*Blue Wolf Capital Fund II, L.P. v. American Stevedoring Inc.*, 105 AD3d 178 [1st Dep't 2013]).

(Dismissal Order at 7 (emphasis added).)

The subsequent decision cited (Amended Complaint ¶¶6, 79), *Lateral Recovery LLC v. Funderz.net, LLC*, 2024 WL 4350369 (S.D.N.Y. Sept. 27, 2024), is in accord and held that GOL § 5-501(6)(B) exempts from usury a $2.75 million loan obligation, although a large amount of proceeds was used to pay off allegedly usurious MCA obligations. Judge Liman held that the statute "sets a bright-line rule allowing borrowers and lenders to structure their conduct, and courts have rejected attempts to look through the face amount to determine the amount actually advanced"; and thus, "the transaction is exempt from the usury law" because "[t]he amount Funderz agreed to provide was over $2.5 million." *Id*. at *34. The Court also held the argument made with respect to MCA obligations "is not economically sound" because a "dollar of forgiven debt is equivalent to a dollar in hand." *Id*.

As to fees, the state court held that "payment of reasonable expenses including attorneys' fees does not make a loan usurious"; "[t]he $30,000 for legal fees was not an improper charge" and "even if the Court were to recharacterize the $200,000 of other fees, and it is certainly not

4

clear that it should, because the $2.5 million threshold would still be met, the Loan is not subject to usury laws." (Dismissal Order at 2-3, 8.)

With regard to the MCAs, it held (Dismissal Order at 7-8) that recharacterization of the same as a loan was not warranted because the contractual obligation to repay the principal sum is not absolute; and further, "it does not appear that there is any basis for the allegation that the reconciliation process was a sham … because on the record before the Court, it does not appear that the Counterclaim Plaintiffs even allege that they requested a reconciliation or adjustment of the payments and that it was done improperly."

The RICO conspiracy claim was also dismissed on the ground that "[w]here substantive RICO claims fail, conspiracy to commit RICO violations also fail." (Dismissal Order at 9.)

Despite the similarities between the RICO claims asserted in this action and the State Court Action, the Amended Complaint does not mention the Dismissal Order.

The state court also appointed a receiver (NYSCEF #245) to take control over the life insurance policies listed in the Security Agreement (ECF #11-27, "Security Agreement") entered into in order to secure obligations under the Promissory Note and ordered civil (NYSCEF #470) and criminal (NYSCEF #509) contempt sanctions against Leer for making a claim on behalf of Life Shares 1019 LLC on the $2 million John Hancock policy (NYSCEF #681), and refusing to return the policy proceeds to the receiver.

## ARGUMENT

## I. LEGAL STANDARD

Dismissal may be based on an affirmative defense "when facts supporting the defense appear on the face of the complaint" and other materials a court may consider. *Williams v. Vista on 5th*, 2024 WL 3728074 (S.D.N.Y. Aug. 8, 2024) (citing *In re Nine West LBO Secs. Litig.*, 87 F.4th 130, 142 (2d Cir. 2023)).

This Court may also take judicial notice of "matters of public record" including prior state court filings. *Williams v. NYCHA*, 816 Fed. App'x 532, 534 (2d Cir. 2020) ("district court did not err in considering Williams's Article 78 petition and state court decision because they were public records, and thus appropriate for judicial notice").

## II.    THE AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO PRECLUSION AND ABSTENTION DOCTRINES

### A.    Res Judicata

Res judicata may be asserted via a FRCP 12(b)(6) motion. *Thompson v. County of Franklin*¸15 F.3d 245, 253 (2d Cir. 1994); *Austin v. Downs, Rachlin & Martin*, 270 Fed. App'x 52, 53 (2d Cir. 2008).

"The doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Go Global Retail, LLC v. Dream On Me, Inc.*, 2024 WL 1833605, at *1 (S.D.N.Y. April 26, 2024) (quoting *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017)).

"To determine whether the doctrine of res judicata bars a subsequent action, we consider whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *Id*.

Each requirement is satisfied.  As to the first, the state court dismissed RICO claims against Spin and Lubin. (Dismissal Order at 9.)  The resulting appeal was withdrawn, so the dismissal is now final.  Dismissal was on the merits because it adjudicated the issue of whether the MCAs were loans and whether the Spin's loan is unlawful.

Plaintiffs' response (ECF #58 at 2) is that dismissal was not on the merits, because the state court held (NYSCEF #470 at 2) that dismissal was without prejudice.

This argument fails because any shortcomings with the prior decision were not addressed in the Amended Complaint.  As noted in *EB Brands Holdings, Inc. v. McGladrey LLP*:

> It is well settled that where a final judgment is entered dismissing a prior complaint for failure to state a cause of action, that determination, whether right or wrong, is a bar to another action for the same cause, unless the defects or omissions adjudged to be present in the one action are corrected or supplied by the pleadings in the other (*Linton v Perry Knitting Co.*, 295 NY 14, 17 [1945]; *accord*, *175 East 74th Corp. v Hartford Acc & Indem. Co.*, 51 NY2d 585, 590 n1 [1980]; *Avins v Federation Empl. And Guidance Serv., Inc.*, 67 AD3d 505, 506 [1st Dep't 2009]; *McKinney v City of New York*, 78 AD2d 884, 885 [2d Dep't 1980]).  Accordingly, the task falls upon this Court to determine whether EB has corrected the defects … that Justice Oing identified in the New York County Action … [I]t would have been far preferable, and in the interests of judicial economy, for EB to have brought this issue to Justice Oing.  But it did not. Having been tasked with the question, this Court … concludes that EB has failed to address the defects and omissions and that, therefore, its present complaint is barred by *res judicata*.

2015 WL 13652970, at *9 (Sup. Ct. Westchester Co. July 20, 2015).  *See also Flynn v. Sinclair Oil Corp.*, 20 A.D.2d 636, 636 (1st Dep't 1964) ("except for an added irrelevant allegation … plaintiff's complaint is virtually identical to one previously dismissed for failure to state a cause of action.  No appeal was taken from that dismissal … Accordingly, this second action is barred on the ground of res judicata"); *Barbieri v. Bridge Funding, Inc.*, 5 A.D.3d 414, 415 (2d Dep't 2004) (claim to recover interest paid on allegedly usurious loan barred by res judicata).

This result is not altered by the without prejudice dismissal.  *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (2d Cir. 1983) (quoting *In re Kauffman Mutual Fund Actions*, 479 F.2d 257, 267 (1st Cir. 1973)) ("The usual meaning of this phrase, however, is 'without prejudice as to the substantive cause of action … [but] with prejudice on the issue … 'which was litigated in the prior action'"); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1247 (D.C. Cir. 1999) (similar).  *See also* 18A Fed. Prac. & Proc. Juris. § 4435 n.3, "'On the Merits'—

General Principles") ("The use of 'without prejudice' … to describe a judgment does not preclude further litigation has an occasionally tangled history.  In *State of Missouri v. Chicago, B. & Q.R. Co.*, 241 U.S. 533, 539-540 … (1916), the Court explained that dismissal of an action challenging rail rates 'without prejudice' did not permit relitigation of the ruling that the rates were not confiscatory").

Nor is this result altered by withdrawal of the appeal of the Dismissal Order.  18A Fed. Prac. & Proc. Juris. § 4433 (3d ed.), "Finality—Appeals Forgone, pending or Unavailable" ("Failure to appeal … does not expand the res judicata effects of the judgment [but] precludes … the issues actually decided"; "Preclusion may readily rest on a judgment that ordinarily would be appealable if the inability to appeal rests on an explicit agreement [here, determination] not to appeal").

As to the second element (litigants were same), each plaintiff herein was a Counterclaim plaintiff in the State Court Action whose RICO claims were dismissed therein.

As to the third (prior court was of competent jurisdiction), "[s]tate courts enjoy concurrent jurisdiction over civil RICO claims."  *Simpson Elec. Corp. v. Leucadia, Inc.*, 72 N.Y.2d 450, 452 (1988).

As to fourth (same causes of action), the state court counterclaims and all claims asserted herein are RICO claims.

**B.    Collateral Estoppel**

Collateral estoppel may also be asserted via a FRCP 12(b)(6) motion.  *Thompson*, 15 F.3d at 253.  *Austin*, 270 Fed. App'x at 53.

Issue preclusion, or collateral estoppel, "applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the

resolution of the issue was necessary to support a valid and final judgment on the merits." *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 400 (2d Cir. 2011). *See also* Restatement (Second) of Judgments § 27, "Issue Preclusion—General Rule" ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim").

Each element is satisfied. As noted above, whether the MCAs and Spin's loan were unlawful debts was raised (first element) and litigated and decided in the State Court Action (second), such that the determination cannot now be relitigated. *E.g. Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 310 n.32 (E.D. Va. 2004) ("plaintiffs' counsel was objectively unreasonable in concluding that the enforceability of the debt under Virginia's usury laws could be relitigated under the doctrine of collateral estoppel, *i.e.*, issue preclusion, as that issue had previously been determined by the Alexandria Circuit Court").

As to the third element, given that each plaintiff herein was a Counterclaim plaintiff in the State Court Action, each had a full and fair opportunity to litigate these issues in that action and appeal the resulting Dismissal Order.

As to the fourth, resolution of the issues was necessary to support a valid and final judgment on the merits as that was the state court's basis for determining that the Counterclaims failed for failure to plead unlawful debt. As discussed above, that dismissal was without prejudice does not affect application of preclusion doctrines when, as here, the claimant in the prior action did not take advantage of an opportunity to replead with more factual detail that might have cured the defects in its original pleading. *See also* Restatement (Second) of Judgments § 20, "Judgment for Defendant—Exceptions to the General Rule of Bar", Cmt. N ("*Unfair to subject defendant to a second action*. The rule of this Subsection [that without

9

prejudice dismissal does not bar subsequent action on same claim] is not an inflexible one.  In some instances, the doctrines of estoppel or laches could require the conclusion that it would be plainly unfair to subject the defendant to a second action").

### C.    Rooker-Feldman Doctrine

*Rooker-Feldman* is an abstention doctrine.  *Mitura v. New York*, 2024 WL 4128827, at *1 (2d Cir. Sept. 10, 2024).  Under it, "lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments." *In re Wilson*, 410 Fed. App'x 409, 410 (2d Cir. 2011). *Worthy-Pugh v. Deutsche Bank Nat'l Trust Co.*, 664 Fed. App'x 20, 21 (2d Cir. 2016) (similar).  Here, the entire premise of the RICO claims is that Spin has engaged in "collection of an unlawful debt" (18 U.S.C. § 1962(c)) by pursuing its rights in the State Court Action, in which the court already ruled that there was no unlawful debt.

This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those arguments'".  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

From *Exxon Mobil*, the Second Circuit has derived four requirements for application of the doctrine: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced."  *Wilson*, 410 Fed. App'x at 410 (quoting *Hoblock v. Albany Co. Bd. Of Elections*, 422 F.3d 77 (2d Cir. 2005)).

"The first and fourth of these requirements may be loosely termed procedural" and are clearly satisfied here.  *Hoblock*, 422 F.3d at 85.

"The second and third may be termed substantive" and are not clearly distinct. *Id.* at 85 & n.4 ("to complain of injuries caused by a state-court judgment is necessarily to invite review and rejection of that judgment"). *See also McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007) (quoting *id*. at 87) ("substantive requirements, the *Hoblock* panel explained, can be reduced to the following statement: 'federal plaintiffs are not subject to the *Rooker-Feldman* bar unless they complain of an injury caused by a state court judgment'"). The substantive requirements are satisfied as this action is in practical terms a collateral attack on the Dismissal Order. *Hoblock*, 422 F.3d at 88 (relevant inquiry is whether "federal suits that purport to complain of injury by individuals in reality complain of injury by state court judgments"; "The challenge is to identify such suits"). This action demands judgment (Amended Complaint Prayer for Relief ¶A) declaring "each of the MCA Agreements and Promissory Note to be a usurious loan in violation of New York Penal Law § 190.40 and thus void and unenforceable." This exact issue was previously adjudicated in the Dismissal Order, and summary judgment on the Leer Parties' usury affirmative defense is sub judice.

### D.    Colorado River Abstention

A motion to dismiss based on the Colorado River abstention doctrine is treated as one made under FRCP 12(b)(1). *DeMaria v. N.Y. State Unified Ct. Sys.*, 2024 WL 1076543, at *3 (S.D.N.Y. Mar. 12, 2024).

Determinations of whether to abstain/dismiss under such doctrine turns on consideration of the following factors: "(1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the

party seeking to invoke federal jurisdiction." *Village of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir. 1999).

"No single factor is necessarily decisive, *see DeCisneros*, 871 F.2d at 307, and the 'weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.' *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16". *Village of Westfield*, 170 F.3d at 121.

The pertinent factors favor abstention.

(1)  <u>Assumption of Jurisdiction Over Any Res or Property</u>.  The state court appointed a receiver (NYSCEF #245 ¶1) over life insurance policies listed in the Security Agreement, the res or property that is the subject of the State Court Action.

(2)  <u>Inconvenience of Forum</u>.  This is not an inconvenient forum.  However, where, as here, the remaining factors favor abstention, abstention is warranted.  *Goldentree Asset Management, L.P. v. Longaberger Co.*, 448 F. Supp. 2d 589 (S.D.N.Y. 2006) (dismissing on the basis of Colorado River abstention even though this factor and the first factor weighed in favor of Federal court exercising jurisdiction).

(3)  <u>Order in Which Jurisdiction was Obtained</u>.  The State Court Action was commenced in 2022, and as noted above, discovery is complete, the note of issue is filed and Spin's partial summary judgment motion has been fully briefed and argued.  *Village of Westfield*, 170 F.3d at 122 (quoting *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 21 (1983)) ("This factor does not turn exclusively on the sequence in which the cases were filed, 'but rather in terms of how much progress has been made in the two actions'"). Spin and Lubin would be prejudiced by being subject to discovery herein while litigation continues in state court.

(4)  <u>Avoidance of Piecemeal Litigation</u>.  This is the most important factor.  *Goldentree*, 448 F. Supp. 2d at 594.  It concerns "risk of inconsistent outcomes not preventable by principles

of res judicata and collateral estoppel." *Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 524 (2d Cir. 2001). "This risk may exist where different claims arising out of the same set of events are being litigated in concurrent lawsuits … or where additional parties are included in one litigation but absent from a concurrent action." *Ulico Cas. Co. v. Cox Mechanical Contracting, Inc.*, 2007 WL 2265563, at *6 (S.D.N.Y. Aug. 2, 2007). This factor weighs in favor of abstention, as the Leer Parties are simply seeking to litigate the same claims in a different forum. As noted above, this action seeks judgment declaring the MCAs and Spin's loan to be usurious, and hence unlawful debt, the exact issue previously adjudicated in the Dismissal Order, and summary judgment on the Leer Parties' usury affirmative defense is sub judice.

(5) <u>Whether State or Federal Law Supplies Rule of Decision</u>. This factor weighs in favor of abstention as the determination of whether the MCAs and Spin's loan were unlawful debts turns on state law. *E.g. Roy v. Bank of New York Mellon*, 2018 WL 3912281, at *2 (E.D.N.Y. Aug. 14, 2018), *report and recommendation adopted*, 2018 WL 4471898 (E.D.N.Y. 30, 2018) (abstaining notwithstanding that state law claims were refashioned as RICO claims); *Krondes v. Nationstar Mortg. LLC*, 2018 WL 2943774, at *4 (S.D.N.Y. June 12, 2018), *aff'd*, 789 Fed. App'x 913 (2d Cir. 2020) (same).

(6) <u>Whether State Court Will Adequately Protect Leer Parties' Rights</u>. The onus is on plaintiffs to explain how the state court was inadequate to protect their rights. *Goldentree*, 448 F. Supp. 2d at 595. There is no reason to believe the state court was not "an adequate vehicle for the complete and prompt resolution of the issues between the parties". *Moses H. Cone*, 460 U.S. at 28. *See also Warburton v. Goord*, 14 F. Supp. 2d 289, 297 (W.D.N.Y. 1998) (quoting *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)) ("Plaintiff ask us to interfere in an ongoing state … proceeding … An important state interest is

implicated—that of the independence of the courts of the state in proceedings pending before them. Finally, the New York State Supreme Court and the New York State Appellate Division are clearly competent to hear plaintiff's federal … and state law claims. 'Minimal respect for state processes, of course, precludes any presumption that the state courts will not safeguard federal … rights'").

## III.  THE AMENDED COMPLAINT FAILS ON THE MERITS AS AGAINST SPIN AND LUBIN

### A.  The Substantive RICO Claim Should be Dismissed

#### 1.  Failure to Plead the MCAs and Spin Loan are Unlawful Debts

To state a RICO claim, a plaintiff must plead either a pattern of racketeering activity or collection of unlawful debt. This action is premised on collection of unlawful debt. 18 U.S.C. § 1961(6) defines "unlawful debt" as "debt … which was incurred in connection with … the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate."

As discussed above, the Dismissal Order held that the MCAs are not loans and that Spin's loan is not usurious by operation of GOL § 5-501(6)(B). With respect to the MCAs, it is axiomatic that a transaction cannot be usurious if it is not a loan. *Seidel v. 18 E. 17th St. Owners, Inc.*, 79 N.Y.2d 735, 744 (1992) ("Usury laws apply only to loans or forbearances … If the transaction is not a loan, 'there can be no usury, however unconscionable the contract may be'") (citations omitted). Under controlling appellate division authority, the MCAs are not loans, and hence not subject to usury laws, because they (1) do not provide for interest or a fixed payment period, (2) include enforceable reconciliation clauses and (3) do not make bankruptcy an event of default. *E.g. Principis Capital, LLC v. I Do, Inc.*, 201 A.D.3d 752, 754 (1st Dep't 2022) (citing *LG Funding, LLC v. United Senior Props. of Olathe, LLC*, 181 A.D.3d 664, 665 (2d Dep't 2020)

(determining MCA to not be a loan on that basis).  *See also Champion Auto Sales, LLC v. Pearl Beta Funding, LLC*, 159 A.D.3d 507 (1st Dep't 2018); *Streamlined Consultants, Inc. v. EBF Holdings LLC*, 2022 WL 4368114, at \*4-5 (S.D.N.Y. Sept. 20, 2022) (agreements that satisfy *Principis* standard are sales, not loans).  Spin's loan is not usurious because, in "determining the loan amount, what matters is not the amount actually loaned, but instead the loan amount agreed to by the parties as set forth in" their agreement.  *Star Funding*, 2017 WL 7791558, at \*5.  The Amended Complaint does not identify or address defects or omissions adjudged to be present in the Dismissal Order or otherwise allege usury under Federal law.

2.    Failure to Plead Standing

A RICO plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation."  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  18 U.S.C. § 1964(c) "requires a showing of some actual, out-of-pocket financial loss."  *Dornberger v. Metro. Life Ins. Co.*, 961 F. Supp. 506, 521 (S.D.N.Y. 1997) (citing *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 768 (2d Cir. 1994)).  As noted in *Com. Union Assurance Co. v. Milken*, 17 F.3d 608, 612 (2d Cir. 1994) ("damages as compensation under RICO § 1964(c) for injury to property must, under the familiar rule of law, place appellants in the same position they would have been in but for the illegal conduct"); *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1146 (S.D.N.Y. 1995) ("Defendants are correct in asserting that a RICO plaintiff may not recover for speculative losses or where the amount of damages is unprovable. *See also First Nationwide*, 27 F.3d at 768 (citing *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1106 (2d Cir. 1988), *cert. denied*, 490 U.S. 1007 … (1989)).  Specific damages are required because the purpose of a civil RICO award is to return the plaintiff to the same financial position he would have enjoyed absent the illegal conduct …").

15

Accordingly, a plaintiff that has gained on the transactions at issue cannot claim injury under RICO.  *E.g. Aliperio v. Bank of Am., N.A.*, 764 Fed. App'x 236, 239 (3d Cir. 2019) (mortgagees who gained equity in their homes due to payments had no "actual monetary loss or 'out-of-pocket loss'" to "satisfy the injury requirement of § 1964(c)"); *Com. Union*, 17 F.3d at 612 (plaintiffs claiming fraud in sale, but who paid less for the asset at issue than its value, had no RICO claim); *Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1165 (2d Cir. 1993) (plaintiff lacked qualifying injury because it was likely to obtain full value of asset it purchased); *Quick v. EduCap, Inc.*, 318 F. Supp. 3d 121, 138 (D. D.C. 2018) (private student borrower lacked RICO standing because "[h]e has not paid a cent to any Defendant as a result of the debt collection action"); *Anderson v. Lincoln Ins. Agency Inc.*, 2003 WL 291928, at *3 (N.D. Ill. Feb. 10, 2003) (plaintiffs that received payments from defendants in excess of allegedly unlawful finance charges "cannot allege any out-of-pocket or other concrete financial loss and, thus, have no standing under RICO").

Here, the Leer Parties have not alleged any actual out-of-pocket loss.  They allege only that their injuries consist of repayments of alleged usurious loans, plus attorneys' fees. (Amended Complaint ¶¶292-96.)

But as to the former, the Leer Parties do not allege that those payments exceeded the money received.  Indeed, on the face of the MCAs and the Promissory Note, they received far more than was paid.  The MCAs' face amount (ECF #11-8, #11-12, #11-14, #11-17, #11-22) totaled over $1.3 million.  Even deducting the $114,928 used under the second BMF agreement (ECF #11-14) to satisfy payment obligations under the first (ECF #11-8), and the $274,000 used under the third (ECF #11-17) to satisfy payment obligations under the second, that leaves $940,072 that BMF and Hi Bar disbursed to the Leer Parties.  Together with the acknowledged $1.3 million in new money (Amended Complaint ¶¶24, 180) funded under the Promissory Note,

16

that totals over $2.2 million. The Leer Parties do not allege that they paid anything near that. Rather, they admit they repaid only $510,000 on Spin's loan (Amended Complaint ¶¶30, 103), and so netted well over $1 million on such transactions. Plus $2 million with the addition of the John Hancock policy proceeds. As such, they have no out-of-pocket loss and have not pleaded cognizable injury under 18 U.S.C. § 1964(c).[2]

Standing cannot be premised on attorneys' fees either as they are not proximately caused by the alleged RICO violation. *Stochastic*, 995 F.2d at 1167 (citing *Sedima*, 473 U.S. at 496-97) ("The Supreme Court has made it clear that a RICO injury [referring to attorneys' fees] must stem from and be proximately caused by a RICO violation"); *Quick*, 318 F. Supp. at 138 (attorneys' fees "are not an adequate injury" but merely a "byproduct of the suit itself"). Naturally, defense costs incurred in the State Court Action do not qualify.

The RICO claim should accordingly be dismissed. *E.g. Nygard v. Bacon*, 2021 WL 4312581, at *17 (S.D.N.Y. Mar. 31, 2021) (dismissing RICO claim for lack of standing) *Greenwald v. Hall*, 2003 WL 164279, at *1 (S.D.N.Y. Jan. 23, 2003) (same).

### B.    The RICO Conspiracy Claim Should be Dismissed

"Where substantive RICO claims fail, conspiracy to commit RICO violations also fail." (Dismissal Order at 9, citing *Pludeman v. Northern Leasing Systems, Inc.*, 40 A.D.3d 366, 368 (1st Dep't 2007).)

Dismissal of the RICO conspiracy claim is also required insofar as substantive RICO claims against the other defendants are dismissed. Spina and Lubin incorporate all arguments in

---

[2] The Leer Parties may assert that Spin's prosecution of the State Court Action may cause them out-of-pocket loss in the future, if Spin obtains and collects a judgment in that action. But by definition that can only happen as a result of the state court rejecting the Leer Parties' usury defense and thus holding that the debt being collected was <u>not</u> unlawful.

support of dismissal of substantive RICO claims, as well as any arguments in favor of abstention, asserted by co-defendants to the extent not asserted herein.

## **CONCLUSION**

The Amended Complaint should be dismissed as against Spin and Lubin, pursuant to FRCP 12(b)(1) and (b)(6).

Dated: New York, NY
       February 28, 2024

                        Amini LLC

                        /s/ Jeffrey Chubak
                        Avery Samet
                        Jeffrey Chubak
                        130 West 35th Street
                        12th Floor
                        New York, NY 10001
                        (212) 490-4700
                        asamet@aminillc.com
                        jchubak@aminillc.com
                        Attorneys for Defendants Spin Capital, LLC and Avrumi (a/k/a Josh) Lubin

## <u>EXHIBIT 1</u>

### Chart Pursuant to Individual Practice ¶8.G.i

| Claim for Relief | Elements Not Plausibly Alleged |
|---|---|
| First claim: RICO under 18 U.S.C. § 1962(c) | Failure to plead the MCAs are loans or that the promissory note gave rise to unlawful debt as defined in 18 U.S.C. § 1961(6); failure to plead standing under 18 U.S.C. § 1964(c). |
| Second claim: Conspiracy under 18 U.S.C. § 1962(d) | Failure to plead a substantive RICO claim. |