# A M I N I  LLC

Jeffrey Chubak                                                                                         212.497.8247
MEMBER NY & NJ BARS                                                                    jchubak@aminillc.com

March 5, 2025

**By ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     24-cv-08515 Golden Foothill Insurance Services, LLC et al v. Spin Capital, LLC et al
        Letter-Motion to Stay Discovery Pending Determination of FRCP 12(b) Motions

Dear Judge Subramanian:

We represent defendants Spin Capital, LLC (Spin) and Avrumi Lubin and write jointly with defendants BMF Advance, LLC (BMF) and Gavriel Yitzchakov to request a discovery stay and suspension of current discovery deadlines (ECF #60) pending determination of our respective (ECF #69, #72) FRCP 12(b) motions.  This letter-motion is opposed by plaintiffs.

A district court has discretion to stay a case under "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."  *Katsoris v. WME IMG,* LLC, 237 F. Supp. 3d 92, 110 (S.D.N.Y. 2017) (quoting *Worldcrisa v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997)).  The standard is good cause.  *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.* 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  In determining if this standard is satisfied, courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result and (3) the strength of the motion."  *Id*.

The first factor is inapplicable as no party has served discovery requests yet, and discovery in the state court action has been completed.  Plaintiffs previously took document discovery of Spin and deposed Mr. Lubin in the state court action. The note of issue (NYSCEF #568) which includes a certification that discovery is complete (which no party has moved to strike) was filed in early August.

The second weighs in favor of a discovery stay, as it would be prejudicial to force defendants to participate in discovery (again) while Spin's summary judgment motion in the state court action (NYSCEF #691, #755, #817), which concerns inter alia the usury defense on which the RICO claims herein are premised,  is sub judice and given the late stage of that action.

With regard to the motions' strength, substantial arguments for dismissal exist for reasons set forth in the respective (ECF #70, #73) memoranda of law in support. Specifically, the state court decision and order (Sup. Ct. Index 650582/2022 NYSCEF #260, 2023 WL 2265717) dismissing the Leer plaintiffs' RICO counterclaims against Spin and Mr. Lubin is preclusive in effect as to

Hon. Arun Subramanian
March 5, 2025
Page 2

the RICO claims herein, and is not addressed in the amended complaint (ECF #11).  *See also Katsoris*, 237 F. Supp. 3d at 111 ("a stay is warranted … because the prior litigation … is likely to have preclusive effect"); *Jones-Khan v. Westbury Bd. of Educ. – Pless Dickerson*, 2021 WL 4295373 (E.D.N.Y. Sept. 21, 2021) (granting discovery stay where "Defendant's *res judicata* and collateral estoppel arguments appear strong" based on prior dismissal of subject claims).  Leer's sole response has been that preclusion doctrines are inapplicable because the prior dismissal of RICO claims asserted in state court was without prejudice, which is clearly wrong.  *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (2d Cir. 1983) (quoting *In re Kauffman Mutual Fund Actions*, 479 F.2d 257, 267 (1st Cir. 1973)) ("The usual meaning of this phrase, however, is 'without prejudice as to the substantive cause of action … [but] with prejudice on the issue … 'which was litigated in the prior action'").

The RICO claims are also barred by the Colorado River abstention doctrine.  *See Goldentree Asset Management, L.P. v. Longaberger Co.,* 448 F. Supp. 2d 589 (S.D.N.Y. 2006) (dismissing on that basis where, as here, all applicable factors weighed in favor of dismissal except inconvenience of forum and assumption of jurisdiction over res; here there has been assumption of jurisdiction over insurance policy res in the state court action).

We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ Jeffrey Chubak

cc: counsel of record