# EXHIBIT 5

*At IAS Part__, Commercial Division, of the Supreme Court of the State of New York, held in and for the County of New York at the Courthouse thereof, 60 Center Street, New York, New York, on the _____ day of _____, 2025.*

**PRESENT:  Hon. Nancy M. Bannon_____**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| SPIN CAPITAL, LLC, | Index No. 650582/2022 |
| Plaintiff | |
| -against- | Hon. Nancy M. Bannon |
| GOLDEN FOOTHILL INSURANCE SERVICES, LLC, a DELAWARE LIMITED LIABILITY COMPANY, *et al.*, | **PROPOSED ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER** |
| Defendants. | |

**UPON READING AND FILING** the (i) Affirmation of Shane R. Heskin Pursuant to 22 NYCRR § 202.7, dated February 10, 2025; (ii) the Affirmation of Emergency and Good Faith of Shane R. Heskin, dated February 10, 2025, together with exhibits thereto;

**LET** Plaintiff Spin Capital LLC ("Spin") Show Cause before this Court, located at 60 Center Street, New York, New York 10005, Rm 238, on the ____ day of _____, 2025, at ____ in the ___ noon of that day, or as soon as thereafter as counsel may be heard, why an order should not be granted:

(i)     Pursuant to the Court's inherent equitable powers, enjoining Plaintiff Spin Capital LLP ("Spin") and its principal, Avrumi ("Josh") Lubin ("Lubin"), from making direct contact with counsel for Defendants Golden Foothill Insurance Services, LLC, Life Factor II, LLC, Life Shares II, LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., Eldo Investments, LLC, The Genesis LS Fund, LLC, KTL Holdings, Inc.,

DRVN Holdings, LLC, Life Shares 1019, LLC, Stefan Leer and Tatanisha Leer (the "Leer Defendants");

(ii)     Pursuant to the Court's inherent equitable powers, directing Spin and Lubin to cease all direct communications with any principal of all Defendants in this Action;

(iii)    Pursuant to the Court's inherent equitable powers, directing all counsel adverse to Spin that they do not have to comply with Mr. Lubin's demand that opposing counsel "copy [Lubin] on every email with my attorney."

(iv)     Pursuant to 22 NYCRR § 130-1.1, awarding the Leer Defendants sanctions and attorney's fees for the costs of bringing this motion; and

(v)      Awarding such other and further relief as may be just, proper, and equitable.

**SUFFICIENT REASON APPEARING THEREFOR, IT IS HEREBY ORDERED**

That, pending the hearing and determination of this application, (i) Plaintiff, including its principals, or anyone acting in concert with it, under its control, or at its direction or request, are enjoined and restrained from making direct contact with counsel for the Leer Defendants and all principals of Defendants, except through counsel;

**IT IS FURTHER ORDERED** that service of this Order to Show Cause and the papers upon which it is based shall be deemed to have been made upon all parties to this action on the date such Order or papers are filed on the Court's electronic docket, and such shall be deemed good and sufficient service thereof.

**IT IS FURTHER ORDERED** that opposition papers, if any, shall be served and filed so as to be received and filed no later than 5 p.m. on _____, 2025.

Dated:   New York, New York

_____

**ENTERED:**

_____

34503587v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| SPIN CAPITAL, LLC, | : |
| | :      Index No. 650582/2022 |
|            Plaintiff | : |
|      -against- | :      Hon. Nancy M. Bannon |
| | : |
| GOLDEN FOOTHILL INSURANCE | : |
| SERVICES, LLC, a DELAWARE LIMITED | : |
| LIABILITY COMPANY, *et al.,* | :      Uniform Rule Section 202.7 |
| | : |
|            Defendants. | : |
| | : |
| | : |

### AFFIRMATION OF EMERGENCY AND GOOD FAITH OF SHANE R. HESKIN IN SUPPORT OF DEFENDANTS' ORDER TO SHOW CAUSE

I, **SHANE R. HESKIN**, affirm under penalty of perjury, that I am a partner at the law firm of White and Williams LLP, counsel for Defendants and Counterclaim Defendants Golden Foothill Insurance Services, LLC, Life Factor II, LLC, Life Shares II, LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., Eldo Investments, LLC, The Genesis LS Fund, LLC, KTL Holdings, Inc., Stefan Leer and Tatanisha Leer (collectively, the "Leer Defendants") in the above matter and the below statements are true and correct to the best of my knowledge and belief.

1.      I submit this Affirmation pursuant to 22 N.Y.C.R.R. § 202.70 in support of Defendants' Order to Show Cause seeking to (i) enjoin Plaintiff Spin Capital LLP ("Spin") and its principal, Avrumi ("Josh") Lubin ("Lubin"), frm making direct contact with counsel for the Leer Defendants; (ii) enjoining Spin and Lubin from making direct contact with all parties to this case, including their principals, agents and employees; (iii) directing all counsel adverse to Spin that they do not have to comply with Mr. Lubin's demand that opposing counsel "copy [Lubin] on every email with [his] attorney"; and (iv) awarding monetary sanctions and attorney's fees.

-2-

2. On February 7, 2025, I emailed counsel for Plaintiff Spin Capital LLC, Jeffrey Chubak, Esq., informing him that I will be presenting an Order to Show Cause requesting the injunctive relief requested on February 10, 2025.

3. No prior request has been made for the relief requested by this motion.

4. For these reasons, Defendants respectfully request that this Court grant the restraining order relief detailed in the Order to Show Cause.

Dated: February 10, 2025

_____

Shane R. Heskin

34503585v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | | |
|---|---|---|
| SPIN CAPITAL, LLC, | : | |
| | : | Index No. 650582/2022 |
| Plaintiff | : | |
| -against- | : | Hon. Nancy M. Bannon |
| | : | |
| GOLDEN FOOTHILL INSURANCE | : | |
| SERVICES, LLC, a DELAWARE LIMITED | : | **AFFIRMATION OF SHANE R.** |
| LIABILITY COMPANY, *et al.,* | : | **HESKIN, ESQ. IN SUPPORT OF** |
| | : | **ORDER TO SHOW CAUSE** |
| Defendants. | : | |
| | : | |
| | : | |

Shane Heskin, Esq., an attorney duly licensed to practice law before the Courts of the State of New York, affirms the truth of the following under penalty of perjury:

1.      I am the attorney for Defendants and Counterclaim Defendants Golden Foothill Insurance Services, LLC, Life Factor II, LLC, Life Shares II, LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., Eldo Investments, LLC, The Genesis LS Fund, LLC, KTL Holdings, Inc., Stefan Leer and Tatanisha Leer (collectively, the "Leer Defendants").

2.      I submit this affirmation in support of the Leer Defendants' Order to Show Cause seeking to (i) enjoin Plaintiff Spin Capital LLP ("Spin") and its principal, Avrumi ("Josh") Lubin ("Lubin"), from making direct contact with counsel for the Leer Defendants; (ii) enjoining Spin and Lubin from making direct contact with all parties to this case, including their principals, agents and employees; (iii) directing all counsel adverse to Spin that they do not have to comply with Mr. Lubin's demand that opposing counsel "copy [Lubin] on every email with [his] attorney"; and (iv) awarding monetary sanctions and attorney's fees.

3.      Regrettably, this OTC requires immediate action by the Court.  Despite numerous directives from his attorneys to cease contacting opposing counsel, Mr. Lubin has disregarded

these directives and has continued to send increasingly hostile emails to me personally, each one getting more and more disturbing, including one on Saturday morning and *five* on Sunday evening going into Monday morning until 2:10 am., and even through today.  Mr. Lubin has also started directly emailing the principals of the parties at all hours of the night with extortionate threats.

**<u>The Emails from Mr. Lubin over the Weekend</u>**

4.     On Sunday, February 9, 2025 at 12:13 am, Mr. Lubin sent me an email threatening to sue me personally.  *See* Ex. A.

5.     In doing so, Mr. Lubin copied the New York Times, Bloomberg News, the NY Post, the Department of Justice, the FBI, a Florida state court judge, and numerous other attorneys, including two attorneys who previously represented Spin in this case.  *Id*.

6.     The email threatens to sue almost everyone on the email chain, including the DOJ.

7.     In addition to his legal threats, Mr. Lubin represents: "I have a whole military working on this."  *See* Ex. B. at 13.

8.     Mr. Lubin also threatens the US Attorney's Office regarding an apparent criminal investigation:  "DOJ/US attorneys office, Stop sending me criminal subpoenas in random states to distract me from cleaning up this mess."  *See* Ex. B at 12.

9.     He further threatens:  "DOJ/US attorneys office, I would advise you to be very careful sending any future Spin attorneys any orders. There's no running away from this and your office will just cause more damages to a mess where the damages are already stupid. Tread carefully (guide yourself accordingly)."  See Ex. B at 10.

10.     On Sunday evening, Mr. Lubin's harassment continued with *five more* emails.

11.     The first one copied his counsel in this case, stating:  "Mr Heskin, Your messing with god.  Don't forget that.  You have zero chance of winning," See Ex. C at 1.

12.     The second one stated:  "It's not a coincidence that George Brandley office sent me a criminal subpoena."  *See* Ex. B at 3.

13.     The third one threatened again to sue me personally and my firm White and Williams LLP:

> George Brandley,
>
> See Mr Heskin email attached. Not sure what hes talking about, though it appears everyone is in cahoots to defraud me and Shane is insinuating that hes going to blow it up if he doesn't get what he wants (and he will not get what he wants, because I make the decision in my sole discretion) and will be pursuing remedies against White and Williams (Shane Heskin), for advising his client to steal 2MM from me (through a receivership that Spin appointed by the court).

*See* Ex B. *at 2*

14.     The fourth one was a random email to everyone on the prior email chain informing the court in the Florida state court matter that Mr. Lubin would "be appearing in person on February 12 at 10:30 AM EST representing myself pro se, since I have zero attorneys protecting my interests." *See* Ex. B at 2.

15.     The fifth one was to Steve Byrne, a principal of Defendant Cap Factor, copying me at 2:10 am this morning.   In the email, he demands that Mr. Byrne "turn over all life settlements to the estate where Fred Stevens was appointed by the court pending a determination on priority." *See* Ex. B at 1.

16.     Four out of the five emails sent late Sunday evening and into Monday morning copied the New York Times, Bloomberg News, the NY Post, the Department of Justice, the FBI, a Florida state court judge, and numerous other attorneys, including two attorneys who previously represented Spin in this case.

17.     Unfortunately, I am not alone.  Mr. Lubin has recently unleashed an unrelenting harassment campaign against his former attorneys in this case, his prior partners in the underlying

loan at issue here, the staff and judges of multiple courts in other states, and has even targeted the DOJ, the FBI and the US Attorney's Office.

## Mr. Lubin's Recent Harassment of Prior Counsel in this Case

18.    The subject line of his emails is:  "Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY."  *See* Ex. B.

19.    Mr. Lubin's conduct is so voluminous and harassing that it has resulted in pleas by another *judge* in a state court action involving Spin's prior counsel to direct Mr. Lubin to stop calling and emailing his staff:

> Counsel,
>
> I am informed Mr. Lubin calls and emails at all hours and times. He is tying up my Judicial Assistant. At the last hearing I was advised he had counsel in this case. Can I ask his counsel to please ask him to stop. We cannot speak to him if he has counsel anyway. I do not want to have to take judicial action if it can be avoided. Please advise Mr. Lubin if he does not stop after being warned the next steps could be unpleasant. You can share this email with him if you wish.
>
> Thank you, Jack Tuter, Circuit Judge

 *See* Ex. D (Email from Judge Tuter, dated January 27, 2025).

20.    In addition to harassing court staff, Mr. Lubin also repeatedly threatened disbarment and criminal prosecution against his own attorneys.

21.    For example, on January 22, 2025, Mr. Lubin emailed the court and all counsel:

> I'm demanding you request the hearing with justice kimball on the 28th be extended to a longer hearing with me personally testifying in person. You're likely required by law to submitted this request due to the extremely dangerous situation going on the dockets. I'm demanding you submit a request today. Failure to submit a request may result in you loosing your license to practice law. This situation is not a joke.

*See* Ex. B at 19.

22.    On January 20, 2025, Mr. Lubin sent another email to all parties and the court purporting to file a complaint with the United States Attorney against his attorneys:

US attorneys offices,

If you looks at all the cases, you can see Spin attorneys intentionally missing deadlines and resulting on complaints. Which is clearcut malodorous. The head here will be that the biggest us lawfirms in the country unintentionally commited malpractice because of some really. Smart people tricked all the lawfirms into malpractice which is why all my lawfirms are ignoring me

*See* Ex. B at 23.

23.     On the same day, Mr. Lubin sent another email, demanding that his attorneys be

referred for criminal prosecution:

Hey everyone,

I hope you're having a great MLK day (because I'm definitely not, being busy with a bunch of criminals committing crimes on me and causing me stupid damages that can potentially be over 100MM in damages)

***Everyone in this email chain is required by law to report*** [redacted for protection of attorney] ***to the us attorneys office immediately. I am personally required by law to report it as well, though all my attorneys are ignoring me so I am having a difficultly reporting it***.

[redacted] (who claims is not my attorney when his engagement letter attached says otherwise and never sent me a termination letter) is working  against my interest by actively representing a claim that I/Spin own and previously demanded he withdraw from the case and he refused to listen (which is illegal). In the claims that [redacted] is representing, he filed a collusive SJ (which is another clear cut crime). Refuse to leave the case which is another clear cut crime.

There's an extremely dangerous situation that was created by Franklin and Hi Bar and this needs to be reported to the US attorneys office today.

Failing to report these clear cut crimes to the us attorneys office can cause me a criminal liability and suffer significant damages which I already suffered stupid damages the last 3 years, by my own attorneys not prefetching my interests

This is not government conspiracy. It's a bunch of kawrirms that commited malpractice and all tried to cover it up so they don't have malpractice exposure: the only clear cut evidence of a crime is [redacted]. The rest appears to be malpractice which is what the headline will be. A bunch of us firms commited malpractices and unintentional conspired against their client because of Franklin and Hi Bat played with fire and tricked attorneys into malpractice. I would assume

> Spin attorneys,
>
> Due to this severe and dangerous situation that caused me stupid damages, ***I'm demanding you copy me on the emails with the us attorneys office.*** You're required by law to protect my interest even though you got tricked into malpractice by Franklin and Hi Barr.

*See* Ex. B at 24 (emphasis added for relevancy to this motion).

24.     Again, on the same day, Mr. Lubin emailed the court and all counsel accusing a person he claimed to be his own attorney of being a criminal:

> I'm demanding a disqualification motion be filed against [redacted] by tomorrow with me appearing in person on the ground that Mr claims he's not my attorney and he's actively representing my claim and he's working against my interest. That's 100% illegal. Mr [redacted] is a criminal. This is reckless and extremely dangerous and a emergency motion must be filed on Monday January 20th 2025.
>
> You're all required by law to file this motion due to the fact of being aware of multiple criminal act by Mr [redacted] including a collusive MsJ with Franklin.
>
> We live in the United States. This kind of activity does not go down in our country.
>
> This is absolutely reckless.

*See* Ex. B at 25.

### **The Relationship between the Spin Parties in this Case**

25.     Context is necessary to understand the series of recent emails.

26.     This action involves a single promissory note entered into on its face with Spin. The note, however, was syndicated by at least two other parties, Gabe Isaacov through BMF Advance, LLC, and Yisroel Herbst through Hi-Bar Capital, LLC.  *See* Ex.  E.

27.     Immediately preceding the note at issue, the Leer Defendants entered into a series of five MCA agreements where the Leer Defendants paid in excess of $827,730 over and beyond the principal advanced.  Each of these MCAs was syndicated by the same three parties, Spin, BMF, and Hi-Bar.  *See*, *e.g.*, Ex. E (March 3, 2021 email setting forth BMF and Spin syndication of BMF MCA Agreement).

28.    Although Judge Borrok previously dismissed counterclaims relating to these MCAs, he made clear that he did so without prejudice and permitted discovery.

29.    Since Judge Borrok's initial decision, Judge Borrok oversaw a multiple week hearing seeing first-hand the atrocities MCA companies have caused to businesses and their owners all over the country and ultimately entered a $77 million judgment in favor of the New York Attorney General against certain MCA companies, including *Jonathan Braun*.

30.    Judge Borrok issued an injunction against "Mr. Braun, his agents, employees, or any other person under his control" from "participating in the business of advertising, marketing, soliciting, brokering, consulting, offering, or servicing merchant cash advances, purchases of receivables, factoring, loans, or any other type of business financing." [Doc. No. 422].

31.    On October 17, 2023, after initial discovery had been conducted between Spin and the Leer Defendants, the New York Attorney General issued a letter to Judge Borrok in which the NYAG Office wrote: "We understand there is evidence adduced in the *Spin Capital* matter that appears to indicate that Jonathan Braun, a respondent in *People v. Richmond Capital Group LLC*, No. 451368/2020 (Sup. Ct. N.Y. Cnty.). is involved in the merchant cash advances at issue in *Spin Capital*." [Doc. No. 424].

32.    In response to this allegation by the NYAG Office, Mr. Lubin submitted an affirmation in this matter testifying that "I do not now, nor have I ever, had a business relationship with Mr. Braun.  Mr. Braun has never been involved with funding or collecting upon any merchant cash advance or loan extended by Plaintiff." [Doc. No. 448] ¶ 6.

33.    The emails sent over the weekend suggest that this statement was untruthful.

34.    In Mr. Lubin's correspondence over the weekend, Mr. Lubin accused Gabe Isaacov and Jonathan Braun as being behind an alleged conspiracy to forge a power of attorney to control

the litigation of this case and other cases relating to Spin.  Ex. B at 6 ("Mr. Gabe Isaacov forged a POA with my name on it and the DOJ is fully aware of that.  Mr. Gabe Issacov or Jonathon Bruan [sic] must have some real legal leverage on the DOJ (checks and balances).  Theres no running away from this.").

35.    If Mr. Lubin has never had a business relationship with Jonathan Braun, then there should be no basis to accuse Mr. Braun of conspiring to forge a POA over the Spin loans at issue in these various litigations.

36.    Notably, in a case I recently tried involving MCA agreements issued by associates of Jonathan Braun, *Haymount Urgent Care PC v. Go Fund Advance, et al.*, 22-cv-1245 (JSR) (S.D.N.Y.), Judge Jed Rakoff found—after a multi-day bench trial—that:

> **Based on the Court's assessment of these witnesses' demeanor and credibility, the Court concludes that those witnesses were lying about paying Mr. Braun to avoid being implicated in Mr. Braun's egregious wrongdoing in other cases**. *See, e.g., FTC v. RCG Advances, LLC*, No. 20-CV-4432, 695 F. Supp. 3d 368, 2023 U.S. Dist. LEXIS 173060, 2023 WL 6281138 (S.D.N.Y. Sept. 27, 2023); *FTC v. Braun*, No. 20-cv-4432, 2024 U.S. Dist. LEXIS 20535, 2024 WL 449288 (S.D.N.Y. Feb. 6, 2024); *People v. Richmond Capital Grp. LLC*, 80 Misc. 3d 1213(A), 195 N.Y.S.3d 637, 2023 N.Y. Misc. LEXIS 5511 (N.Y. Sup. Ct. Sept. 15, 2023).

See *Haymount* Findings of Fact, Conclusions of Law, and Final Judgment, Ex. F, at 34 n. 10.

37.    If it is true that Braun was involved in any part of the Promissory Note that is the subject of this action (as recently admitted by Mr. Lubin), Spin's complaint must be stricken due to Spin's violation of the injunction against Jonathan Braun and his agents from collecting on loans within this State.

38.    The relationship between Spin/Lubin and BMF/Isaacov is also necessary to understand the motivation behind these recent outbursts by Mr. Lubin.

39.    On September 30, 2024, Judge Liman of the Southern District of New York granted summary judgment on a RICO claim involving a predecessor MCA agreement used by Mr.

-8-

Isaacov. *See* Lateral Recovery LLC v. Funderz.net, LLC, 2024 U.S. Dist. LEXIS 176985, *83; 2024 WL 4350369 ("The October Agreements were unambiguously loans.").

40. Because BMF and Hi Bar were not parties to this action, the Leer Defendants filed a separate action on the five MCA agreements in federal court against Lubin, Isaacov, and Herbst asserting similar RICO claims that were proven on summary judgment in *Funderz*.

41. As is relevant to this case, the Leer Defendants have asserted that the loan at issue should not be enforced because the loan was obtained through the procedural duress of the five MCAs (and constant threats and harassment by Mr. Lubin) and is substantively unconscionable because Spin is demanding more than $30 million on a net principal amount of less than $800,000.

42. This context is necessary because the threatening email received by me on February 9, 2025 by Mr. Lubin reveals an ongoing dispute between Mr. Lubin, Mr. Isaacov, and Mr. Herbst, and specifically, over who has the right to control settlement of this case.

43. As counsel for Cap Factor mentioned at the last hearing, settlement to date has been unsuccessful because the settlement demands by Spin are wildly unreasonable.

44. As demonstrated below, on Friday February 7, 2025, Mr. Lubin sent an email to all counsel in this case directing his counsel to add even more insurance policies to this case, despite already possessing $9.6 million in cash, and an additional $19.5 million in policies on a principal exposure of $790,000. It is actually zero when considering the $827,730 profit made in the five prior MCAs fully repaid to Spin, Hi Bar and BMF.

45. This context is also necessary because the email Mr. Lubin sent to Steve Byrne on late Sunday night/early Monday morning demands that even further life insurance policies be added to the receivership in this case.

46.     With all due respect, these demands are wildly extortionate, not grounded in any basis in law or fact, and are the obvious source of why settlement has failed in this case.

### Mr. Lubin's First Series of Improper Communications

47.     Unfortunately, this is not the first time Mr. Lubin has sent me unsolicited, taunting emails, and not the first time I have had to ask his counsel to direct Mr. Lubin to stop.

48.     On March 29, 2024, Mr. Lubin emailed me directly stating "Oliver, I copied Mr Leers attorney on this email (opposing counsel). Meet Shane Heskin. He's an upcoming attorney that has sued me for RICO numerous times and never won a case against me.  Shane, Meet Oliver. Have a great weekend." *See* Ex. G at 2.

49.     On April 2, 2024, Mr. Lubin emailed me again stating: "Mr Heskin, Steve Wells and Jason DeJonker do not represent me or Spin on this matter anymore.  It's taking longer than expected to get them to sign substitutions. You will be updated as soon as new counsel is noticed in." *See* Ex. G at 1.

50.     On April 14, Mr. Lubin again emailed me stating: "Mr Heskin, Under no circumstances are you allowed to contact Jason DeJonker or Steve Wells in relation to any Spin/Josh Lubin matters." *See* Ex. G at 1.

51.     In response, I immediately forwarded the email to Mr. David Picon, counsel for Spin in this case.  *See* Ex. G at 1.

52.     In addition, I forwarded Spin's then purported new counsel, Oliver Griffin, advising him:  "Your client should not be sending me emails directly.  Please ask him to stop." *See* Ex. H at 1.

53.     Mr. Griffin responded, "Received and confirmed." *See* Ex. H at 1.

**Mr. Lubin's Improper Communications from Friday**

54.     On February 7, 2025, counsel for Spin sent a confidential settlement offer to all counsel.

55.     Not realizing Mr. Lubin was copied on the original email sent by Spin's counsel, I replied to all.

56.     Within minutes of my email, Mr. Lubin responded to all counsel and parties with a directive to his counsel that appeared to waive privilege.

57.     Immediately after receiving this email from Mr. Lubin, I emailed counsel for Spin, Mr. Chubak, informing him that I did not realize he had copied Mr. Lubin on his original email, and asked him to remove Mr. Lubin from the email chain and not include him going forward unless he was waiving privilege.  I also asked him to instruct his client "to stop sending me random unsolicited emails."  *See* Ex. I at 1

58.     Three minutes later, Mr. Lubin emailed me directly, stating: "Mr. Heskin, I'm demanding you copy me on every email with my attorneys."  *See* Ex. I at 1.

59.     In response, I emailed Mr. Chubak separately stating: "Please be advised that I will be filing an order to show cause on Monday seeking to enjoin Mr. Lubin from sending counsel for the Leer Defendants direct emails.  If he wants to communicate with me, it has to be done through counsel."  *See* Ex. J at 1.

60.     To his credit, Mr. Chubak responded professionally stating: "We'll communicate through counsel, I'll tell him to stop."  *See* Ex. J at 1.

61.     I quickly responded: "He's not going to listen.  We need an order enjoining him."  *See* Ex. J at 1.

-11-

62.     As predicted, just one minute later, Mr. Lubin emailed be directly again, copying multiple counsel and individual parties to this case:  "**Please be advised that I will be reporting you the bar for advising your client to steal 2MM from me and you will be disbarred**." *See* Ex. K at 1 (emphasis added).

63.      Regrettably, this email only caused my own client to respond with his own personal attack on Mr. Lubin and his counsel, only escalating the situation.

64.     In response, I immediately admonished my client and instructed him to cease all communications with Mr. Lubin and opposing counsel of record in this case.  He apologized for the "knee jerk" reaction in defending his counsel, has agreed to stop, and has stopped.

65.     Mr. Lubin, however, has refused to comply with his attorney's directives to cease communicating directly with counsel.

### The Relief Requested

66.     This Court has broad inherent equitable powers to fashion an appropriate remedy when equity so requires.  Once equity is invoked, the court's power is as broad as equity and justice require. *See Morningside Translations, Inc. v. Tsaidi*, 45 Misc. 3d 1225(A), 1225A, 5 N.Y.S.3d 328, 328 (N.Y. Sup. 2014) (issuing injunction prohibiting direct communications by party except through counsel, and awarding fees and costs) ("Eisen's campaign of emails, telephone calls, and texts against the Individual Defendants, their family members and counsel was undertaken to 'harass' since they were numerous in number, sent frequently, inappropriate, unsolicited, and sent after consistent warnings from defense counsel not to do so. Eisen should be compelled to pay the costs and attorney's fees incurred by Defendants to make the instant motion." (citing 22 NYCRR § 130-1.1[a]; *Jalor Color Graphics, Inc. v Universal Advertising Sys., Inc*., 2 AD3d 165, 166, 767 N.Y.S.2d 615 (1st Dept 2003) (affirming sanction under 22 NYCRR § 130-1.1 where defendants'

counsel made baseless threats because such conduct "constituted frivolous conduct undertaken primarily to harass and intimidate and adversary, and to frustrate resolution of his commercial litigation") (citing *Ripley v International Rys.*, 8 AD2d 310, 328, 188 N.Y.S.2d 62 (1st Dept 1959) *affd* 8 NY2d 430, 171 N.E.2d 443, 209 N.Y.S.2d 289 (1960); *Norstar Bank v Morabito*, 201 AD2d 545, 607 N.Y.S.2d 426 (2d Dept 1994)).

67.     For the protection of all counsel of record, it is respectfully submitted that a broad injunction from this Court is necessary expressly prohibiting Mr. Lubin from making direct contact with opposing counsel and all principals of an adverse party.

68.     The order should expressly direct Spin's counsel that they cannot carbon copy Mr. Lubin on any future correspondence with opposing counsel or any principal of an adverse party.

69.     Absent a declaration from this Court, Spin's counsel will be exposed to similar threats of misconduct, disbarment, and crimes if they do not acquiesce to Mr. Lubin's directives.

70.     The injunction would not prohibit counsel from blind copying Mr. Lubin on those emails or forwarding emails with opposing counsel.

71.     In addition, for the protection of all counsel, the Court should affirmatively declare that opposing counsel does not have to comply with Mr. Lubin's demand that opposing counsel copy him on all correspondence with his attorneys.

72.     To ensure that this conduct does not continue in the future, the Court should also award counsel their fees for having to bring this motion.

73.     The accusations made by Mr. Lubin against opposing counsel are outrageous and have not stopped despite repeated requests by me and directives my Mr. Lubin's own counsel to cease and desist.

74. Sanctions are also warranted because Mr. Lubin's direct communications were also meant to harass and extort my client.

75. In his February 7, 2025 email, Mr. Lubin copied my client directly and directed his attorney: "By Monday send a demand letter to turn over all the policies in the capfactor and affiliated entities universe to Fred estate."

76. This threat is extortionate and is not grounded in any good-faith legal basis.

77. The Leer Defendants received a total of $1.3 million after paying off a series of five prior MCA loans entered into by the same parties and syndicates, Spin, BMF and Hi Bar.

78. It is undisputed that the Leer Defendants paid back $510,000, leaving a net principal exposure of no more than $790,000.

79. The Receiver is already holding more than $9.6 million in cash and is in possession of policies with face values totaling an additional $19.5 million.

80. Put simply, the Receiver is currently holding $29 million in assets as security for a principal exposure of no more than $790,000.

81. Even adding the $1.4 million in premium payments paid by the Receiver and any reasonable attorney's fees that could be recovered, the collateral already held by the Receiver already greatly surpasses any possible judgment entered in this case even if all answers and defenses are stricken.

82. Mr. Lubin's threat to bring in even more policies to the Receiver, which have absolutely no relationship to the loan at issue, is respectfully, in my view, extortionate and not grounded in good faith.

83. For this additional reason, all communications should go through counsel so that these types of baseless, extortionate threats are not directly communicated to represented parties.

-14-

84.     Sanctions are also necessary because despite clear directives to stop communicating directly with counsel, he continues to do so.

85.     These emails even continue through the time of this filing.  Early this morning, I emailed all counsel informing of them of this OTC, and shortly thereafter, Mr. Lubin again emailed me directly stating:  "Your messing with god. Let's see how it goes for you."  Ex. L.

86.     Sanctions are also necessary because these continued emails at all hours of the night are a blatant attempt to threaten and intimidate counsel from vigorously representing the rights of his client, which I am ethically required to do.

87.     The Leer Defendants further request that any order issued by the Court include a warning to Mr. Lubin that if he violates the Court's injunctive order, Spin's Amended Complaint may be stricken.

88.     Simply put, counsel in this case should not be subject to constant threats of disbarment, personal lawsuits, criminal prosecution, and libelous emails sent to national press publications, such as the NY Times, Bloomberg News and the NY Post.

89.     The conduct is outrageous, and it respectfully needs to stop.

90.     I thank the Court for its time and consideration of this serious matter.


Dated: February 10, 2025




By: _____
        Shane R. Heskin



-15-

34504198v.1

# EXHIBIT A

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, February 9, 2025 12:13 AM
**To:** Brandley, George (USANJ) <george.brandley@usdoj.gov>; Gardocki, Mary E. (NK) (FBI) <megardocki@fbi.gov>; Gabe Isaacov <gabe@redstoneadvance.com>; Gabe Isaacov <gabe@bmfcapitalllc.com>; Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM; nicolem@ntmlawfirm.com; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com; tips2@bloomberg.net; tips@dailymail.com; chiefsoffice@myboca.us; tips@nbcuni.com; casereview@browardsao.com; sao17@sao17.state.fl.us; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com; Heskin, Shane <heskins@whiteandwilliams.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY
**Importance:** High

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Mr Isaacov,

There's a lawsuit against you coming related to the forged POA. Buckle up:

Is it a coincidence that Mr Heskin listed both us in a RICO complaint in NY SDNY? Because that's the action I will be suing you from. Going to add Mr Heskin to that lawsuit as well.

Get Outlook for iOS

2

# EXHIBIT B

| | |
|---|---|
| **From:** | Josh Lubin <josh@spincapital.com> |
| **Sent:** | Monday, February 10, 2025 2:11 AM |
| **To:** | Brandley, George (USANJ); Gardocki, Mary E. (NK) (FBI); Gabe Isaacov; Gabe Isaacov; Piloto, Hilda; Contreras-Martinez, Carmen; ABehrendt@BODMANLAW.COM; nicolem@ntmlawfirm.com; Alan Crane; Shanna Kaminski; tips@nypost.com; tips2@bloomberg.net; tips@dailymail.com; chiefsoffice@myboca.us; tips@nbcuni.com; casereview@browardsao.com; sao17@sao17.state.fl.us; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com); WPotts@jamsadr.com; Best, Brendan G.; 'Steven Wells'; Heskin, Shane; Steve Byrne; John Giardino |
| **Cc:** | Weidman, Joeli; begozi@egozilaw.com; Oliver Griffin; Melissa Bozeman; Brian S. Dervishi; jmoon@melandbudwick.com; Jerry Breslin; Matthew Leto; Brad S. Shraiberg; Shaya Baum; jdejonker@seyfarth.com; 'morgan@elrolaw.com'; mwolfson@foley.com; Roger Schsholm; Rod Coleman; Marko F. Cerenko; Mordi Herbst; Yisroel Herbst; tips@nytimes.com; Picon, David A.; Jeffrey Chubak |
| **Subject:** | Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY |
| **Importance:** | High |

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Steve Bryne,

I'm demanding you turn over all life settlements to the estate where Fred Stevens was appointed by the court pending a determination on priority.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, February 9, 2025 11:10:54 PM
**To:** Brandley, George (USANJ) <george.brandley@usdoj.gov>; Gardocki, Mary E. (NK) (FBI) <megardocki@fbi.gov>; Gabe Isaacov <gabe@redstoneadvance.com>; Gabe Isaacov <gabe@bmfcapitalllc.com>; Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>; 'Heskin, Shane' <heskins@whiteandwilliams.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman

1

<rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst
<mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>; Picon,
David A. <DPicon@proskauer.com>; Jeffrey Chubak <jchubak@aminillc.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

I will be appearing in person on February 12 at 10:30 AM EST representing myself pro se, since I have zero attorneys
protecting my interests.


Get Outlook for iOS

---

**From:** Josh Lubin
**Sent:** Sunday, February 9, 2025 9:03:49 PM
**To:** Brandley, George (USANJ) <george.brandley@usdoj.gov>; Gardocki, Mary E. (NK) (FBI) <megardocki@fbi.gov>; Gabe
Isaacov <gabe@redstoneadvance.com>; Gabe Isaacov <gabe@bmfcapitalllc.com>; Piloto, Hilda
<hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>;
ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com
<nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski
<skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net
<tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; chiefsoffice@myboca.us
<chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com
<casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law
Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best,
Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>; 'Heskin, Shane'
<heskins@whiteandwilliams.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin
<oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi
<brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>;
Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>;
jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>;
mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman
<rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst
<mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>; Picon,
David A. <DPicon@proskauer.com>; Jeffrey Chubak <jchubak@aminillc.com>
**Subject:** RE: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

George Brandley,

See Mr Heskin email attached. Not sure what hes talking about, though it appears everyone is in cahoots to
defraud me and Shane is insinuating that hes going to blow it up if he doesn't get what he wants (and he will not get
what he wants, because I make the decision in my sole discretion) and will be pursuing remedies against White
and Williams (Shane Heskin), for advising his client to steal 2MM from me (through a receivership that Spin
appointed by the court).

**"Chris and Matt,**

**FYI.  I am weighing all options at this point.  Let me know if you want to discuss."**

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, February 9, 2025 7:45 PM
**To:** Brandley, George (USANJ) <george.brandley@usdoj.gov>; Gardocki, Mary E. (NK) (FBI) <megardocki@fbi.gov>; Gabe
Isaacov <gabe@redstoneadvance.com>; Gabe Isaacov <gabe@bmfcapitalllc.com>; Piloto, Hilda

<hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM; nicolem@ntmlawfirm.com; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com; tips2@bloomberg.net; tips@dailymail.com; chiefsoffice@myboca.us; tips@nbcuni.com; casereview@browardsao.com; sao17@sao17.state.fl.us; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>; 'Heskin, Shane' <heskins@whiteandwilliams.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com; Picon, David A. <DPicon@proskauer.com>; Jeffrey Chubak <jchubak@aminillc.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY
**Importance:** High

It's not a coincidence that George Brandley office sent me a criminal subpoena.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, February 8, 2025 8:31:22 PM
**To:** Brandley, George (USANJ) <george.brandley@usdoj.gov>; Gardocki, Mary E. (NK) (FBI) <megardocki@fbi.gov>; Gabe Isaacov <gabe@redstoneadvance.com>; Gabe Isaacov <gabe@bmfcapitalllc.com>; Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Mr Isaacov unsent that he doesn't have a POA. Mr Isaacov is delusional that he's going to be able to claim that I signed a poa over to him and that I was incapacitated.



10:28  SEAT 3A

Gabe >

Until than don't reach out to me

Normal? What parts not normal??

Everything about u.

That you're a criminal??

Please don't text me.

I never signed a POA in my life

If that's how u think of me

Never

Never

4

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, February 8, 2025 9:28:06 PM
**To:** Brandley, George (USANJ) <george.brandley@usdoj.gov>; Gardocki, Mary E. (NK) (FBI) <megardocki@fbi.gov>; Gabe Isaacov <gabe@redstoneadvance.com>; Gabe Isaacov <gabe@bmfcapitalllc.com>; Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

And your dumb emails threatening to sue me just exposes you more. You should stop talking immediately.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, February 8, 2025 9:26:52 PM
**To:** Brandley, George (USANJ) <george.brandley@usdoj.gov>; Gardocki, Mary E. (NK) (FBI) <megardocki@fbi.gov>; Gabe Isaacov <gabe@redstoneadvance.com>; Gabe Isaacov <gabe@bmfcapitalllc.com>; Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>;

mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Mr Gabe Isaacov,

Incapacitated will not work here: this operation has been extremely calculated. You need to get yourself good attorney..

Get Outlook for iOS

---

**From:** Josh Lubin
**Sent:** Saturday, February 8, 2025 6:07:45 PM
**To:** Brandley, George (USANJ) <george.brandley@usdoj.gov>; Gardocki, Mary E. (NK) (FBI) <megardocki@fbi.gov>; Gabe Isaacov <gabe@redstoneadvance.com>; Gabe Isaacov <gabe@bmfcapitalllc.com>; Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** RE: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Mr Gabe Isaacov forged a POA with my name on it and the DOJ is fully aware of that. Mr Gabe Isaacov or Jonathon Bruan must have some real leveraged on the DOJ (checks and balances). Theres no running away from this.

There will never be any tracks left behind, because the tracks do not exist. This is a Josh Lubin operation.

**George Brandley,**

Your department needs to get their act together very quickly. Im going to be suing the DOJ along with a lot of parties for serious damages. The DOJ violated my **CIVIL RIGHTS!**

Kind Regards,

Josh Lubin

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Thursday, February 6, 2025 11:39 PM

6

**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM; nicolem@ntmlawfirm.com; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com; tips2@bloomberg.net; tips@dailymail.com; chiefsoffice@myboca.us; tips@nbcuni.com; casereview@browardsao.com; sao17@sao17.state.fl.us; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Mr Breslin,

Please see attached. As I stated in the record, the facts are attached.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, February 5, 2025 6:28:06 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Tuesday, February 4, 2025 2:27:56 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski

<skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Mr Breslin,

How are you responding to a collusive Hi Bar MSJ? REDACTED is representing a claim that I own (which is illegal and it's collusive). Attached is the assignment of the Hi Bar claims to Spin and you already heard REDACTED testify that he does not represent Spin.

I mean technically you can be in a collusive cooperation agreement and I can assure you if that's the case to get yourself a really good attorney.

There's always more than meets the eye.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, February 3, 2025 10:12:02 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman

8

<rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Marko Cerenko,

I have attached your engagement letter. I have been told that you never noticed into the FVP v Karma consolidated case (which your engagement letter clearly states you will represent Spin Capital LLC interest). Saul Ewing gave you the certified copy of the NY money judgement against Karma, which you claimed a domestication petition would be on file over a month ago. Then you disappeared for a few weeks and sent an email that your phone got stolen.

I need you to notice into the case immediately so Spin Capital LLC doesn't go into default and you're obviously aware that I cannot represent Spin capital LLC pro se.

You have failed to communicate with me and advise me on a plan when there's clear cut collusive activity on the docket. You're required by law to do so. Not noticing into the case will cause Spin Capital irreparable harm which may be over 1 billion dallors in damages.

I'm demanding you file a notice of appearance by tomorrow and start communicating with me immediately and advise me on a plan moving forward.

I am required by law to mitagate damages and you're required by law to protect spin capital interest (which I own 100%).


There's a very dangerous situation going on here and needs to be addressed immediately

I'm demanding you reply on this email chain. I am waiving my attorney client privilege with you, because it's in my interest to do so for this case to move forward and mitigate damages.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, February 2, 2025 5:38:54 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>;

9

jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

DOJ/US attorneys office,

I would advise you to be very careful sending any future Spin attorneys any orders. There's no running away from this and your office will just cause more damages to a mess where the damages are already stupid.

Tread carefully (guide yourself accordingly)

Kind regards,
Josh

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 29, 2025 9:38:33 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Marko,

I'm demanding if you have any objections you reply on this email chain. That's an order.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 29, 2025 11:26:58 AM

**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

REDACTED

I'm ordering to start working with Marko Cerenko on a motion to dismiss on the Excell trustee motion to amend complaint. Failing to take my instructions will result in you loosing your license to practice law.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 29, 2025 11:03:33 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

11

DOJ/US attorneys office,

Stop sending me criminal subpoenas in random states to distract me from cleaning up this mess.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 29, 2025 11:00:42 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY



I'm ordering (instructing) you to notice in to the Broward case on behalf of Spin only (not Josh Lubin) immediately.

Failing to take my instructions here will result in you loosing your license to practice law.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 29, 2025 10:42:54 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>

**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

All,

See attached. REDACTED thinks this is a joke. I have a whole military working on this.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 29, 2025 10:24:03 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

REDACTED ,

**IM ORDERING YOU TO WITHDRAW YOUR MOTION TO WITHDRAW FROM SPIN.**

**IN THE EVENT YOU DO NOT WITHDRAW THAT MOTION SPIN CAPITAL CAN SUFFER IRREPARABLE HARM AND YOU HAVE FAILED TO COMMUNICATE AND ADVISE ME OF A PLAN WHEN THERES AN EXTREMELY DANGEROUS SITUATION GOING ON THE DOCKET.**

**In the event you do not take my instructions here, I will report you to the bar and you will loose your license to practice law.**

**I advise you withdraw it immediately. This situation is not a joke.**

Get [Outlook for iOS](#)

---

**From:** Josh Lubin <[josh@spincapital.com](mailto:josh@spincapital.com)>
**Sent:** Wednesday, January 29, 2025 9:21:23 AM
**To:** Piloto, Hilda <[hilda.piloto@saul.com](mailto:hilda.piloto@saul.com)>; Contreras-Martinez, Carmen <[carmen.contreras-martinez@saul.com](mailto:carmen.contreras-martinez@saul.com)>; [ABehrendt@BODMANLAW.COM](mailto:ABehrendt@BODMANLAW.COM) <[ABehrendt@BODMANLAW.COM](mailto:ABehrendt@BODMANLAW.COM)>; [nicolem@ntmlawfirm.com](mailto:nicolem@ntmlawfirm.com) <[nicolem@ntmlawfirm.com](mailto:nicolem@ntmlawfirm.com)>; Alan Crane <[acrane@furrcohen.com](mailto:acrane@furrcohen.com)>; Shanna Kaminski <[skaminski@kaminskilawpllc.com](mailto:skaminski@kaminskilawpllc.com)>; [tips@nypost.com](mailto:tips@nypost.com) <[tips@nypost.com](mailto:tips@nypost.com)>; [tips2@bloomberg.net](mailto:tips2@bloomberg.net) <[tips2@bloomberg.net](mailto:tips2@bloomberg.net)>; [tips@dailymail.com](mailto:tips@dailymail.com) <[tips@dailymail.com](mailto:tips@dailymail.com)>; [USANYS.SDNYWebmaster@usdoj.gov](mailto:USANYS.SDNYWebmaster@usdoj.gov) <[USANYS.SDNYWebmaster@usdoj.gov](mailto:USANYS.SDNYWebmaster@usdoj.gov)>; [USAFLS.CitizenComplaints@usdoj.gov](mailto:USAFLS.CitizenComplaints@usdoj.gov) <[USAFLS.CitizenComplaints@usdoj.gov](mailto:USAFLS.CitizenComplaints@usdoj.gov)>; [USAMIE.EJ@usdoj.gov](mailto:USAMIE.EJ@usdoj.gov) <[USAMIE.EJ@usdoj.gov](mailto:USAMIE.EJ@usdoj.gov)>; [chiefsoffice@myboca.us](mailto:chiefsoffice@myboca.us) <[chiefsoffice@myboca.us](mailto:chiefsoffice@myboca.us)>; [tips@nbcuni.com](mailto:tips@nbcuni.com) <[tips@nbcuni.com](mailto:tips@nbcuni.com)>; [casereview@browardsao.com](mailto:casereview@browardsao.com) <[casereview@browardsao.com](mailto:casereview@browardsao.com)>; [sao17@sao17.state.fl.us](mailto:sao17@sao17.state.fl.us) <[sao17@sao17.state.fl.us](mailto:sao17@sao17.state.fl.us)>; Todd M. Feldman - Feldman Law Group ([Todd@tfeldmanlaw.com](mailto:Todd@tfeldmanlaw.com)) <[todd@tfeldmanlaw.com](mailto:todd@tfeldmanlaw.com)>; [WPotts@jamsadr.com](mailto:WPotts@jamsadr.com) <[WPotts@jamsadr.com](mailto:WPotts@jamsadr.com)>; Best, Brendan G. <[bgbest@varnumlaw.com](mailto:bgbest@varnumlaw.com)>
**Cc:** Weidman, Joeli <[joeli.weidman@saul.com](mailto:joeli.weidman@saul.com)>; [begozi@egozilaw.com](mailto:begozi@egozilaw.com) <[BEgozi@egozilaw.com](mailto:BEgozi@egozilaw.com)>; Oliver Griffin <[oliver.griffin@griffinlawllp.com](mailto:oliver.griffin@griffinlawllp.com)>; Melissa Bozeman <[melissa.bozeman@griffinlawllp.com](mailto:melissa.bozeman@griffinlawllp.com)>; Brian S. Dervishi <[brian@wdpalaw.com](mailto:brian@wdpalaw.com)>; [jmoon@melandbudwick.com](mailto:jmoon@melandbudwick.com) <[jmoon@melandbudwick.com](mailto:jmoon@melandbudwick.com)>; Jerry Breslin <[jb@jsjb.law](mailto:jb@jsjb.law)>; Matthew Leto <[MLeto@letolawfirm.com](mailto:MLeto@letolawfirm.com)>; Brad S. Shraiberg <[bss@slp.law](mailto:bss@slp.law)>; Shaya Baum <[sbaum@winglakecp.com](mailto:sbaum@winglakecp.com)>; [jdejonker@seyfarth.com](mailto:jdejonker@seyfarth.com) <[JDeJonker@seyfarth.com](mailto:JDeJonker@seyfarth.com)>; 'morgan@elrolaw.com' <[morgan@elrolaw.com](mailto:morgan@elrolaw.com)>; [mwolfson@foley.com](mailto:mwolfson@foley.com) <[MWolfson@foley.com](mailto:MWolfson@foley.com)>; Roger Schsholm <[roger.schsholm@bclplaw.com](mailto:roger.schsholm@bclplaw.com)>; Rod Coleman <[rfc@colemanattorneys.com](mailto:rfc@colemanattorneys.com)>; Marko F. Cerenko <[mcerenko@klugerkaplan.com](mailto:mcerenko@klugerkaplan.com)>; Mordi Herbst <[mordi@hibarcapital.com](mailto:mordi@hibarcapital.com)>; Yisroel Herbst <[ymherbst@gmail.com](mailto:ymherbst@gmail.com)>; [tips@nytimes.com](mailto:tips@nytimes.com) <[tips@nytimes.com](mailto:tips@nytimes.com)>
**Subject:** Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

What a mess.

Get [Outlook for iOS](#)

---

**From:** Josh Lubin <[josh@spincapital.com](mailto:josh@spincapital.com)>
**Sent:** Monday, January 27, 2025 8:21:29 PM
**To:** Piloto, Hilda <[hilda.piloto@saul.com](mailto:hilda.piloto@saul.com)>; Contreras-Martinez, Carmen <[carmen.contreras-martinez@saul.com](mailto:carmen.contreras-martinez@saul.com)>; [ABehrendt@BODMANLAW.COM](mailto:ABehrendt@BODMANLAW.COM) <[ABehrendt@BODMANLAW.COM](mailto:ABehrendt@BODMANLAW.COM)>; [nicolem@ntmlawfirm.com](mailto:nicolem@ntmlawfirm.com) <[nicolem@ntmlawfirm.com](mailto:nicolem@ntmlawfirm.com)>; Alan Crane <[acrane@furrcohen.com](mailto:acrane@furrcohen.com)>; Shanna Kaminski <[skaminski@kaminskilawpllc.com](mailto:skaminski@kaminskilawpllc.com)>; [tips@nypost.com](mailto:tips@nypost.com) <[tips@nypost.com](mailto:tips@nypost.com)>; [tips2@bloomberg.net](mailto:tips2@bloomberg.net) <[tips2@bloomberg.net](mailto:tips2@bloomberg.net)>; [tips@dailymail.com](mailto:tips@dailymail.com) <[tips@dailymail.com](mailto:tips@dailymail.com)>; [USANYS.SDNYWebmaster@usdoj.gov](mailto:USANYS.SDNYWebmaster@usdoj.gov) <[USANYS.SDNYWebmaster@usdoj.gov](mailto:USANYS.SDNYWebmaster@usdoj.gov)>; [USAFLS.CitizenComplaints@usdoj.gov](mailto:USAFLS.CitizenComplaints@usdoj.gov) <[USAFLS.CitizenComplaints@usdoj.gov](mailto:USAFLS.CitizenComplaints@usdoj.gov)>; [USAMIE.EJ@usdoj.gov](mailto:USAMIE.EJ@usdoj.gov) <[USAMIE.EJ@usdoj.gov](mailto:USAMIE.EJ@usdoj.gov)>; [chiefsoffice@myboca.us](mailto:chiefsoffice@myboca.us) <[chiefsoffice@myboca.us](mailto:chiefsoffice@myboca.us)>; [tips@nbcuni.com](mailto:tips@nbcuni.com) <[tips@nbcuni.com](mailto:tips@nbcuni.com)>; [casereview@browardsao.com](mailto:casereview@browardsao.com) <[casereview@browardsao.com](mailto:casereview@browardsao.com)>; [sao17@sao17.state.fl.us](mailto:sao17@sao17.state.fl.us) <[sao17@sao17.state.fl.us](mailto:sao17@sao17.state.fl.us)>; Todd M. Feldman - Feldman Law Group ([Todd@tfeldmanlaw.com](mailto:Todd@tfeldmanlaw.com)) <[todd@tfeldmanlaw.com](mailto:todd@tfeldmanlaw.com)>; [WPotts@jamsadr.com](mailto:WPotts@jamsadr.com) <[WPotts@jamsadr.com](mailto:WPotts@jamsadr.com)>; Best, Brendan G. <[bgbest@varnumlaw.com](mailto:bgbest@varnumlaw.com)>
**Cc:** Weidman, Joeli <[joeli.weidman@saul.com](mailto:joeli.weidman@saul.com)>; [begozi@egozilaw.com](mailto:begozi@egozilaw.com) <[BEgozi@egozilaw.com](mailto:BEgozi@egozilaw.com)>; Oliver Griffin <[oliver.griffin@griffinlawllp.com](mailto:oliver.griffin@griffinlawllp.com)>; Melissa Bozeman <[melissa.bozeman@griffinlawllp.com](mailto:melissa.bozeman@griffinlawllp.com)>; Brian S. Dervishi <[brian@wdpalaw.com](mailto:brian@wdpalaw.com)>; [jmoon@melandbudwick.com](mailto:jmoon@melandbudwick.com) <[jmoon@melandbudwick.com](mailto:jmoon@melandbudwick.com)>; Jerry Breslin <[jb@jsjb.law](mailto:jb@jsjb.law)>; Matthew Leto <[MLeto@letolawfirm.com](mailto:MLeto@letolawfirm.com)>; Brad S. Shraiberg <[bss@slp.law](mailto:bss@slp.law)>; Shaya Baum <[sbaum@winglakecp.com](mailto:sbaum@winglakecp.com)>; [jdejonker@seyfarth.com](mailto:jdejonker@seyfarth.com) <[JDeJonker@seyfarth.com](mailto:JDeJonker@seyfarth.com)>; 'morgan@elrolaw.com' <[morgan@elrolaw.com](mailto:morgan@elrolaw.com)>;

14

mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>

**Subject:** Re: Bryan Cave et al unintentional (possibly intentional) Malpractice Conspiracy

ALL,

I will be appearing in person representing myself pro se in front of Chief Judge Erik P. Kimball since I have zero attorneys protecting my own interests.

Hearing at 10am EST on zoom, link  below.

https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, January 26, 2025 8:50:52 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Bryan Cave et al unintentional (possibly intentional) Malpractice Conspiracy

Damages are potentially a few 100MM+++ (potentially times 3/treble) Further investigation will disclose how many obligations this is effecting. Though the root of this issue started in Florida/excell/karma.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Thursday, January 23, 2025 10:39:47 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov

<USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Bryan Cave et al unintentional (possibly intentional) Malpractice Conspiracy

REDACTED has been representing Eli Tabak (who's the majority owner of Franklin Capital and first cousins with Yisroel Herbst the owner of Hi Bar Capital) for years. REDACTED drafted the common interest agreement to protect Spins interest (because I believed Hi Bar was up to shenanigans).

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 22, 2025 9:43:42 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Bryan Cave et al unintentional Malpractice Conspiracy

,

Hearing rescheduled to 10am. Be on zoom

Get Outlook for iOS

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 22, 2025 9:00 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Bryan Cave et al unintentional Malpractice Conspiracy

I'm here in person!!! There's no one here and all the doors are locked!!!

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 22, 2025 7:26:29 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Bryan Cave et al unintentional Malpractice Conspiracy

Branden Best,

Please notice into the Franklin v Spin michigan case. I retained you for a potential appeal on the damages/default judgement. And we're dealing with a very dangerous situation here. Send me copy of notice of appearance.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 22, 2025 7:06:51 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Bryan Cave et al unintentional Malpractice Conspiracy

Judge Potts,

Can you please make the judge in Michigan aware of this situation before he makes any ruling which can effect cases in other states. Please see email chain below. I need time. Please get me 90 days+ before he makes any ruling. Appealing the trial on damages (which the original trial with REDACTED went horrible, and she's refusing to send a letter to the judge to make him aware of this extremely dangerous situation) will just cause more damages to all parties and that's not something we want here. The damages are already crazy high.

Please notify the Michigan judge in Franklin v Spin asap.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 22, 2025 6:46:24 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>;

18

USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Bryan Cave et al unintentional Malpractice Conspiracy

Good morning,

I'm showing up myself since I have zero attorneys protecting my interests. Its clear cut from the dockets between 3 states that my attorneys were/are not protecting my interests and none of my/spin attorneys ever notified me about this (which is very concerning/dangerous).

See you at 8:45am EST

REDACTED,

I'm demanding you request the hearing with justice kimball on the 28th be extended to a longer hearing with me personally testifying in person. You're likely required by law to submitted this request due to the extremely dangerous situation going on the dockets. I'm demanding you submit a request today. Failure to submit a request may result in you loosing your license to practice law. This situation is not a joke.

I need all proceedings stayed for 60 (minimum) days due to an extremely complex situation and people attempting to out beat the justice system (created by Hi Bar & Franklin). Been in the phone with new attorneys none stop the last two weeks and it's an extremely complex hornets nest and need some really smart captains to figure out how to procedurally save this ship from sinking.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 22, 2025 2:43:16 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi

19

&lt;brian@wdpalaw.com&gt;; jmoon@melandbudwick.com &lt;jmoon@melandbudwick.com&gt;; Jerry Breslin &lt;jb@jsjb.law&gt;; Matthew Leto &lt;MLeto@letolawfirm.com&gt;; Brad S. Shraiberg &lt;bss@slp.law&gt;; Shaya Baum &lt;sbaum@winglakecp.com&gt;; jdejonker@seyfarth.com &lt;JDeJonker@seyfarth.com&gt;; 'morgan@elrolaw.com' &lt;morgan@elrolaw.com&gt;; mwolfson@foley.com &lt;MWolfson@foley.com&gt;; Roger Schsholm &lt;roger.schsholm@bclplaw.com&gt;; Rod Coleman &lt;rfc@colemanattorneys.com&gt;; Marko F. Cerenko &lt;mcerenko@klugerkaplan.com&gt;
**Subject:** Re: Bryan Cave et al unintentional Malpractice Conspiracy

REDACTED,

You told me earlier today your don't recall if any party ever mentioned that they own Spins rights to the JDA. Are you 100% sure you don't recall? You withdraw without any explanation why, which was very strange at the time and suspicious now looking back at it.

Please confirm on this email that you don't recall.

Thank you,

Get Outlook for iOS

---

**From:** Josh Lubin &lt;josh@spincapital.com&gt;
**Sent:** Tuesday, January 21, 2025 10:13:49 PM
**To:** Piloto, Hilda &lt;hilda.piloto@saul.com&gt;; Contreras-Martinez, Carmen &lt;carmen.contreras-martinez@saul.com&gt;; ABehrendt@BODMANLAW.COM &lt;ABehrendt@BODMANLAW.COM&gt;; maprieto@17th.flcourts.org &lt;maprieto@17th.flcourts.org&gt;; nicolem@ntmlawfirm.com &lt;nicolem@ntmlawfirm.com&gt;; Alan Crane &lt;acrane@furrcohen.com&gt;; Shanna Kaminski &lt;skaminski@kaminskilawpllc.com&gt;; tips@nypost.com &lt;tips@nypost.com&gt;; tips2@bloomberg.net &lt;tips2@bloomberg.net&gt;; tips@dailymail.com &lt;tips@dailymail.com&gt;; USANYS.SDNYWebmaster@usdoj.gov &lt;USANYS.SDNYWebmaster@usdoj.gov&gt;; USAFLS.CitizenComplaints@usdoj.gov &lt;USAFLS.CitizenComplaints@usdoj.gov&gt;; USAMIE.EJ@usdoj.gov &lt;USAMIE.EJ@usdoj.gov&gt;; chiefsoffice@myboca.us &lt;chiefsoffice@myboca.us&gt;; tips@nbcuni.com &lt;tips@nbcuni.com&gt;; casereview@browardsao.com &lt;casereview@browardsao.com&gt;; sao17@sao17.state.fl.us &lt;sao17@sao17.state.fl.us&gt;
**Cc:** Weidman, Joeli &lt;joeli.weidman@saul.com&gt;; begozi@egozilaw.com &lt;BEgozi@egozilaw.com&gt;; Oliver Griffin &lt;oliver.griffin@griffinlawllp.com&gt;; Melissa Bozeman &lt;melissa.bozeman@griffinlawllp.com&gt;; Brian S. Dervishi &lt;brian@wdpalaw.com&gt;; jmoon@melandbudwick.com &lt;jmoon@melandbudwick.com&gt;; Jerry Breslin &lt;jb@jsjb.law&gt;; Matthew Leto &lt;MLeto@letolawfirm.com&gt;; Brad S. Shraiberg &lt;bss@slp.law&gt;; Shaya Baum &lt;sbaum@winglakecp.com&gt;; jdejonker@seyfarth.com &lt;JDeJonker@seyfarth.com&gt;; 'morgan@elrolaw.com' &lt;morgan@elrolaw.com&gt;; mwolfson@foley.com &lt;MWolfson@foley.com&gt;; Roger Schsholm &lt;roger.schsholm@bclplaw.com&gt;; Rod Coleman &lt;rfc@colemanattorneys.com&gt;; Marko F. Cerenko &lt;mcerenko@klugerkaplan.com&gt;
**Subject:** Re: Bryan Cave et al unintentional Malpractice Conspiracy

REDACTED is a mastermind (though going to be very hard to prove because he's super smart) and REDACTED likely taking orders from REDACT since REDACT appointed REDACTED to allegedly protect Spins interests.

Get Outlook for iOS

---

**From:** Josh Lubin &lt;josh@spincapital.com&gt;
**Sent:** Tuesday, January 21, 2025 4:13:59 PM
**To:** Piloto, Hilda &lt;hilda.piloto@saul.com&gt;; Contreras-Martinez, Carmen &lt;carmen.contreras-martinez@saul.com&gt;; ABehrendt@BODMANLAW.COM &lt;ABehrendt@BODMANLAW.COM&gt;; maprieto@17th.flcourts.org

<maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Bryan Cave et al unintentional Malpractice Conspiracy

REDACTED had someone reach out telling me that he's in trial for 3 weeks when there's a dangerous situation going on in the courts that requires emergency relief. See attached .

There's no running away from this.

I'm demanding all Spin attorneys reply on this email chain. I waived all my/spin attorney client privilege.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Tuesday, January 21, 2025 2:27:30 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Bryan Cave et al unintentional Malpractice Conspiracy

There's clear cut evidence between all the lawsuits that Spins attorneys were not protecting my interests. This is reckless and the lawfirms are going to have to pay the damages here (part of them).

Get Outlook for iOS

---

21

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Tuesday, January 21, 2025 1:32:35 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Bryan Cave et al unintentional Malpractice Conspiracy

Still no responses from Spin attorneys (besides ⬛REDACTED⬛)??? How bad can the exposure be. This makes no sense. Spin attorneys you're required by law to communicate with you client and provide advise and required by law to protect my interest.  Especially when there's a massive Fraud upon the court (in 3 states and over a dozen lawsuits) and all Spin attorneys KNOW My attorneys were/are not protecting Spin/my interest.

I'm demanding responses in this email chain. I waived all my attorney client privileges

📎REQUIRED BY LAW TO REPORT MATT LETO CRIMES TODAY 2025-01-21 18_15_09.eml

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 20, 2025 2:54:37 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman

<rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: REQUIRED BY LAW TO REPORT MATT LETO CRIMES TODAY

See below from one of my new attorneys that will be noticing in; in a few days.. it's a set up to remove Franklin and Hi Bar criminal exposure

My attorneys mess up by unintentionally assigned spins rights to Franklin upon information and belief Hi Bsr and Franklin are commuting a massive fraud on the court by alkegiing Franklin owns Spins rights to the common interest agreement without ever raising the issue in court I went through over 10 firm saying i think Franklin is calling the shots to my attorneys and they reviewed the assignment and thought its impossible for Franklin to own the rights because the assignment doesn't assign future rights I just delivered with a Michigan attorney where his original analysis was wrong and then I asked him if there anyway the JDA predates to the date Hi Bar entered into the agreement with the debit which is 3 days before Soin signed the Franklin assignment. That's how so many attorneys missed it

"who is that guy? its a set up for Judge to rule in favor of Franklin -rule (f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
(1) grant summary judgment for a nonmovant;
(2) grant the motion on grounds not raised by a party; or
(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

US attorneys offices,

If you looks at all the cases, you can see Spin attorneys intentionally missing deadlines and resulting on complaints. Which is clearcut malodorous. The head here will be that the biggest us lawfirms in the country unintentionally commited malpractice because of some really. Smart people tricked all the lawfirms into malpractice which is why all my lawfirms are ignoring me

When they at required by law to address snsitu

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 20, 2025 12:19 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; USANYS.SDNYWebmaster@usdoj.gov <USANYS.SDNYWebmaster@usdoj.gov>; USAFLS.CitizenComplaints@usdoj.gov <USAFLS.CitizenComplaints@usdoj.gov>; USAMIE.EJ@usdoj.gov <USAMIE.EJ@usdoj.gov>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum

23

<sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** REQUIRED BY LAW TO REPORT MATT LETO CRIMES TODAY

Hey everyone,

I hope you're having a great MLK day (because I'm definitely not, being busy with a bunch of criminals committing crimes on me and causing me stupid damages that can potentially be over 100MM in damages)

Everyone in this email chain is required by law to report REDACTED to the us attorneys office immediately. I am personally required by law to report it as well, though all my attorneys are ignoring me so I am having a difficultly reporting it.

REDACTED (who claims is not my attorney when his engagement letter attached says otherwise and never sent me a termination letter) is working  against my interest by actively representing a claim that I/Spin own and previously demanded he withdraw from the case and he refused to listen (which is illegal). In the claims that REDACTED is representing, he filed a collusive SJ (which is another clear cut crime). Refuse to leave the case which is another clear cut crime.

There's an extremely dangerous situation that was created by Franklin and Hi Bar and this needs to be reported to the US attorneys office today.

Failing to report these clear cut crimes to the us attorneys office can cause me a criminal liability and suffer significant damages which I already suffered stupid damages the last 3 years, by my own attorneys not prefetching my interests

This is not government conspiracy. It's a bunch of kawrirms that commited malpractice and all tried to cover it up so they don't have malpractice exposure: the only clear cut evidence of a crime is REDACTED. The rest appears to be malpractice which is what the headline will be. A bunch of us firms commited malpractices and unintentional conspired against their client because of Franklin and Hi Bat played with fire and tricked attorneys into malpractice. I would assume

Spin attorneys,
Due to this severe and dangerous situation that caused me stupid damages, I'm demanding you copy me on the emails with the us attorneys office. You're required by law to protect my interest even though you got tricked into malpractice by Franklin and Hi Barr.

REDACTED,

I'm demanding you withdraw from the case by tomorrow at 5pm EST the latest.


Boca Police,

24

Can you send me a report on who stole the Excell auto group/karma cars which I am first positions lien on?

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 20, 2025 12:54:23 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

All,

I'm demanding a disqualification motion be filed against REDACTED by tomorrow with me appearing in person on the ground that Mr claims he's not my attorney and he's actively representing my claim and he's working against my interest. That's 100% illegal. REDACTED is a criminal. This is reckless and extremely dangerous and a emergency motion must be filed on Monday January 20th 2025.

You're all required by law to file this motion due to the fact of being aware of multiple criminal act by REDACTED REDACTED including a collusive MsJ with Franklin.

We live in the United States. This kind of activity does not go down in our country. This is absolutely reckless.

REDACTED , please file motion by OSC tomorrow. Thanks

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 20, 2025 12:37:01 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman

<rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

REDACTED ,

I believe you're required by law to set an emergency hearing with all attorneys and their clients in this to appear in person and be prepared to testify and be questioned. FVP, Franklin, Hi Bar and Spins attorney client privilege getting waived here. I provided clear cut evidence of fraud, collusive activity, Spin attorneys clearly not protecting my interest in a few cases across 3 states.

Please call me on cell 732-608-4995. I don't believe your client had any involvement in this, though could be wrong.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, January 19, 2025 10:13:48 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

REDACTED,

I'm demanding you withdraw your clients lawsuit against me. Those issues were already ruled on by a NY judge. This is reckless

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, January 19, 2025 10:11:09 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman

26

<rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

Franklin litagating the same issue in 3 states (NY, Michigan and Florida) all frivolous issue and some of the issue were ruled on in NY and Florida. The judges ruled Spin is not an alter ego and Spin/josh did not commit fraud.

REDACTED , remove yourself from this case immediately. This is reckless and it's going to be on the news. This is nuts and the fact that no Spin attorneys notified me about this is even more insane. Intentional defaults all over the place by Soin attorneys. This is crazy

I have bunch of attorneys reviewing the dockets and just keeps getting worse

Bunch of criminals

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, January 19, 2025 5:48:15 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

Franklin would've owned the rights to Spins malpractice claim (if spins rights were assigned to the JdA).

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, January 19, 2025 5:46:42 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

All,

REDACTED committed malpractice on Franklin, Spin and Hi Bar by potentially unintentionally assigning Spins rights to the JDA agreement to Franklin and never notified me about this issue when he should've. Franklin is now estopped. People have criminal exposure. REDACTED is the mastermind (and potentially REDACTED for continuing it). This a fucking mess.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, January 19, 2025 1:47:22 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

REDACTED ,

We need to write a letter to the judge in Michigan asap that upon information an belief Franklin has been committing a massive fraud upon the court. And that Bryan cave may have unintentionally assigned Spins rights to Franklin and were unaware of the issue ever being litagated.

When can we set up a call here so you can advise on the situation. See email chain below

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, January 18, 2025 10:57:58 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

28

Spin Attorneys,

Please send me a waiver of personal/Spin attorney client privilege as soon as possible. This is a very dangerous situation and my privilege must be waived immediately.

Thank you,

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, January 18, 2025 10:50:27 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

Spin attorneys,

Please add in my affidavit that the owner of Hi Bar and the majority owner of Franklin are blood related first cousins.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, January 18, 2025 10:44:54 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

Add in the motion/affidavit that REDACTED withdrew a receiver motion without my authority and that me/Spin supported FVP receiver motion that was filed in April of 2022 and that motion somehow evaporated. It appears that none of the creditors besides Spin want a receiver here because it appears the creditors (other then Spin) committed self help by stealing the collateral when Spin owns the rights to

29

the 1st lien on the vehicles and that upon information and belief FVP, Hi Bar and Franklin (along with Zankl) have been entering into side agreements to defraud Spin and commit fraud upon the court.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, January 18, 2025 10:04:28 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

REDACTED ,

I have your having a great weekend,

I'm instructing you tweak the motion in the email attached (that was withdrawn without my authority by Matt Leto) and file it by (as Spin as asignee) OSC with me appearing in person at the hearing to testify.

Add too the motion that Bryan Cave may have unintentionally assigned Spins rights to Franklin to the Hi Bar - Spin common interest agreement/assignment of Hi Bar claims to Spin. And upon information and belief Franklin and Hi Bar are actively committing fraud upon the court in 3 stars (NY, FL and Michigan) and until all issue are litigated the receiver should investigate who stole the collateral and sue to recover the funds/cars and hold the funds in escrow until all proceeds issue between all three states are litigated. This is an emergency to preserve whatever collateral/funds still exist and the SOL on conversion is coming up in a little over a year and 2 years for civil theft.

You can add that Spin is out 2MM in fees in this hornets nest and none of Spins previous attorneys profited Spin/my interest.

Send me affidavit to sign.

You're all required by law to protect my personal interests and I'm personally required by law to attempt to mitagate damages and now that I'm aware of the potential issue we must file this motion immediately.

Let me know when we can set up a call to discuss. This is an absolute emergency and needs to be filed immediately (this week).

You're all required by law to be response to your client which you have failed to do the last week plus. Required by law to communicate with their clients and provide advice on the situation.

Let's get this filed by Tuesday.

Thanks!!

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, January 18, 2025 9:05:01 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

REDACTED

I'm demanding you object to Sual Ewing withdrawal in the state Broward case on the grounds of failing to protect my/Spins interest and request an evidentiary with me personally testifying. Your required by law to submit this objection.

Thank you,

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, January 17, 2025 8:04:13 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

All,

This is why REDACTED was fired. He drafted a perjury complaint which almost got filed and I cought it last minute. See email attached with the complaint.

31

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, January 17, 2025 8:43:43 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

,

Did REDACTED seek any claims enforcing the Hu Bar claims? Did they even notice in as assignee as promised? I signed this engagement attached in August, and from I'm being told, REDACTED has done absolutely zero.

You can respond to me privately.

**"Scope Of Services:** The Firm will provide the following services (the "Engagement"):
The Firm will defend the Client in litigation in Broward County,
Circuit Court and assert claims seeking to enforce an assignment of
claims in the litigation."

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, January 17, 2025 8:29:36 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

All,

I'm the temporary captain here trying to save this 3 deck sinking ship (by current spin lawyers and other lawyers) and I'm demanding any information or deadlines coming up be sent to me via email. You're all authorized to speak to me without an attorney present.

All Spin attorneys have been ignoring me the last few days. Which means I currently do not have an attorney protecting my interests that's noticed into the cases.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, January 17, 2025 7:44:34 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

REDACTED,

You were representing Spin and never notified me about these lawsuits???? wtf is this?? This is reckless.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, January 17, 2025 7:40:56 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

,

33

Please write me a detailed explanation why I/Spin was sanctioned by the court. What documents were not provided? I am unaware of if you requesting documents and me not providing. My attorneys never notified about any requests.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, January 17, 2025 7:33:55 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

REDACTED,

Since none of Spin attorneys are communicating with or sending any request for months already. I'm demanding you personally send me any request that may be coming due until my new attorneys are fully up to speed.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Thursday, January 16, 2025 1:52:28 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

Correction Hi Bar - Franklin MSJ

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Thursday, January 16, 2025 1:51:46 AM

**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

,

Please notify judge tutor about the Hi Bar - Franklin. Its potentially a very dangerous situation.

"who is that guy? its a set up for Judge to rule in favor of Franklin -rule (f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
(1) grant summary judgment for a nonmovant;
(2) grant the motion on grounds not raised by a party; or
(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Thursday, January 16, 2025 1:33:54 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

REDACTED,

Can you make a criminal referral through the bankruptcy case??

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Thursday, January 16, 2025 1:30:17 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>;

ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

All,

Perjury affidavit attached with  alleging he never signed it.

REDACTED,

Do we have an obligation to report this??

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, January 15, 2025 11:50:10 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

Josh Lubin v Spin Capital, Franklin and Shaya Baum with a limited receivership over Spin capital pending the issues that need to be litagated.

There's collusive activity in the courts

Working on getting this situation fixed as soon as soon as possible .

REDACTED,

Make sure Hi Bar and Spin are protected here.

Get Outlook for iOS

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Tuesday, January 14, 2025 6:12:27 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

I'm demanding everyone in this email chain to read the Hi Bar - Franklin MSJ and response. This is extremely important and extremely dangerous.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Tuesday, January 14, 2025 5:03:33 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Rod Coleman <rfc@colemanattorneys.com>; Picon, David A. <DPicon@proskauer.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

I need drafts of the Spin engagements letter and need to update immediately.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Tuesday, January 14, 2025 4:45:45 AM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>;

mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Rod Coleman <rfc@colemanattorneys.com>; Picon, David A. <DPicon@proskauer.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

All Spin attorneys you are unauthorized to discuss this matter with any attorneys including other Spin attorneys without me copied on the email and me being on the phone call.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 13, 2025 10:44 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Rod Coleman <rfc@colemanattorneys.com>; Picon, David A. <DPicon@proskauer.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

REDACTED ,

Now that I'm aware of the potential issue, I need to move quick, can't have any liability on not attempting to mitigate Spins/all damages.

Need to have to OSCs filed within 2 weeks.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 13, 2025 9:57:51 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Rod Coleman <rfc@colemanattorneys.com>; Picon, David A. <DPicon@proskauer.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

REDACTED ,

I need you to review the last few months of filings since REDACTED hasn't notified me about any filings since August and I believe the previous attorney REDACTED hasn't notified me about any filings either. We need to look back about a year. And send me a short memo of wtf is going on

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 13, 2025 6:03:38 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Rod Coleman <rfc@colemanattorneys.com>; Picon, David A. <DPicon@proskauer.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

And never sent me the complaint? What a joke

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 13, 2025 6:03:14 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Rod Coleman <rfc@colemanattorneys.com>; Picon, David A. <DPicon@proskauer.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

 REDACTED

You filed a response to Franklins motion without my authority???? What do you think this is a fucking joke??? You clearly advised me as well that no rights were assigned before I signed your engagement.

Get Outlook for iOS

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 13, 2025 5:59:26 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Rod Coleman <rfc@colemanattorneys.com>; Picon, David A. <DPicon@proskauer.com>
**Subject:** Re: Spin Capital LLC v Karma JDA RIGHTS

All,

Already got one response from Spin attorney. I'm demanding all Spin attorneys to respond TODAY.

Get [Outlook for iOS](Outlook for iOS)

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 13, 2025 5:52:46 PM
**To:** Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; maprieto@17th.flcourts.org <maprieto@17th.flcourts.org>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Rod Coleman <rfc@colemanattorneys.com>
**Subject:** Spin Capital LLC v Karma JDA RIGHTS

All,

Has Franklin alleged in the third party complaint that they own Spins rights to the hi bar-Spin JDA? Need a response immediately.

REDACTED, please review asap.

# EXHIBIT C

| | |
|---|---|
| **From:** | Josh Lubin <josh@spincapital.com> |
| **Sent:** | Sunday, February 9, 2025 9:39 PM |
| **To:** | Jeffrey Chubak; Heskin, Shane; Christopher Murray |
| **Subject:** | Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY |

| | |
|---|---|
| **Importance:** | High |

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Mr Heskin,

Your messing with god. Don't forget that. You have zero chance of winning.

Get Outlook for iOS

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, February 9, 2025 6:57:16 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Got a not a coincidence lawyer lol

Get Outlook for iOS

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Sunday, February 9, 2025 5:53:05 PM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Fw: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

**From:** Christopher Murray <cmurray@murraylegalpllc.com>
**Sent:** Sunday, February 9, 2025 10:03 AM
**To:** Jeffrey Chubak <jchubak@aminillc.com>
**Subject:** Fw: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Jeff,

We need to discuss this Monday.

Get Outlook for iOS

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Sunday, February 9, 2025 9:13:45 AM
**To:** Christopher Murray <cmurray@murraylegalpllc.com>; Matthew Leto <mleto@letolawfirm.com>
**Subject:** FW: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

1

Chris and Matt,

FYI.  I am weighing all options at this point.  Let me know if you want to discuss.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, February 9, 2025 12:13 AM
**To:** Brandley, George (USANJ) <george.brandley@usdoj.gov>; Gardocki, Mary E. (NK) (FBI) <megardocki@fbi.gov>; Gabe Isaacov <gabe@redstoneadvance.com>; Gabe Isaacov <gabe@bmfcapitalllc.com>; Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM; nicolem@ntmlawfirm.com; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com; tips2@bloomberg.net; tips@dailymail.com; chiefsoffice@myboca.us; tips@nbcuni.com; casereview@browardsao.com; sao17@sao17.state.fl.us; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi <brian@wdpalaw.com>; jmoon@melandbudwick.com; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com; Heskin, Shane <heskins@whiteandwilliams.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY
**Importance:** High

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Mr Isaacov,

There's a lawsuit against you coming related to the forged POA. Buckle up:

Is it a coincidence that Mr Heskin listed both us in a RICO complaint in NY SDNY? Because that's the action I will be suing you from. Going to add Mr Heskin to that lawsuit as well.

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, February 8, 2025 10:31:22 PM
**To:** Brandley, George (USANJ) <george.brandley@usdoj.gov>; Gardocki, Mary E. (NK) (FBI) <megardocki@fbi.gov>; Gabe Isaacov <gabe@redstoneadvance.com>; Gabe Isaacov <gabe@bmfcapitalllc.com>; Piloto, Hilda <hilda.piloto@saul.com>; Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; ABehrendt@BODMANLAW.COM <ABehrendt@BODMANLAW.COM>; nicolem@ntmlawfirm.com <nicolem@ntmlawfirm.com>; Alan Crane <acrane@furrcohen.com>; Shanna Kaminski <skaminski@kaminskilawpllc.com>; tips@nypost.com <tips@nypost.com>; tips2@bloomberg.net <tips2@bloomberg.net>; tips@dailymail.com <tips@dailymail.com>; chiefsoffice@myboca.us <chiefsoffice@myboca.us>; tips@nbcuni.com <tips@nbcuni.com>; casereview@browardsao.com <casereview@browardsao.com>; sao17@sao17.state.fl.us <sao17@sao17.state.fl.us>; Todd M. Feldman - Feldman Law Group (Todd@tfeldmanlaw.com) <todd@tfeldmanlaw.com>; WPotts@jamsadr.com <WPotts@jamsadr.com>; Best, Brendan G. <bgbest@varnumlaw.com>; 'Steven Wells' <steve@wellspc.com>
**Cc:** Weidman, Joeli <joeli.weidman@saul.com>; begozi@egozilaw.com <BEgozi@egozilaw.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Melissa Bozeman <melissa.bozeman@griffinlawllp.com>; Brian S. Dervishi

<brian@wdpalaw.com>; jmoon@melandbudwick.com <jmoon@melandbudwick.com>; Jerry Breslin <jb@jsjb.law>; Matthew Leto <MLeto@letolawfirm.com>; Brad S. Shraiberg <bss@slp.law>; Shaya Baum <sbaum@winglakecp.com>; jdejonker@seyfarth.com <JDeJonker@seyfarth.com>; 'morgan@elrolaw.com' <morgan@elrolaw.com>; mwolfson@foley.com <MWolfson@foley.com>; Roger Schsholm <roger.schsholm@bclplaw.com>; Rod Coleman <rfc@colemanattorneys.com>; Marko F. Cerenko <mcerenko@klugerkaplan.com>; Mordi Herbst <mordi@hibarcapital.com>; Yisroel Herbst <ymherbst@gmail.com>; tips@nytimes.com <tips@nytimes.com>
**Subject:** Re: Avrumi Lubin assignee to Spin Capital LLC v The United State of America et al CONSPIRACY

Mr Isaacov unsent that he doesn't have a POA. Mr Isaacov is delusional that he's going to be able to claim that I signed a poa over to him and that I was incapacitated.

3



10:28    SEAT 3A

Gabe >

Until than don't reach out to me

Normal? What parts not normal??

Everything about u.

That you're a criminal??

Please don't text me.

I never signed a POA in my life

If that's how u think of me

Never

Never

4

# EXHIBIT D

**From:** Jack Tuter <jtuter@17th.flcourts.org>
**Date:** January 27, 2025 at 6:06:21 PM EST
**To:** acrane@furrcohen.com, yfernandez@furrcohen.com, staff1@furrcohen.com, allison@duffie.law, abd@mellingerlaw.com, legalassistant@duffie.law, amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com, luke.bovat@akerman.com, Andrew.Feldman@fmglaw.com, Aviance.Silvarrey@fmglaw.com, Laritza.Orozco@fmglaw.com, Bernard Egozi <BEgozi@egozilaw.com>, Gale Tucker <Gale@egozilaw.com>, service@floridajusticefirm.com, bmc@floridajusticefirm.com, bss@slp.law, dwoodall@slp.law, "Patricia A. Mouton" <pmouton@slp.law>, Patrick Dorsey <PDorsey@slp.law>, "Branden J. Stillman" <bstillman@egozilaw.com>, bdervishi@wdpalaw.com, Service of Court Documents <Service@wdpalaw.com>, office@spincapital.com, Charlie Gourlis <CGourlis@letolawfirm.com>, The Leto Law Firm - Pleadings <pleadings@letolawfirm.com>, Kathy Zelaya <KZelaya@letolawfirm.com>, Brett Marks <brett.marks@akerman.com>, charlene.cerda@akerman.com, ethan@floridajusticefirm.com, Henry Winderman <hw@whcfla.com>, lm@whcfla.com, filings@whcfla.com, "Henry B. Handler" <hbh@whcfla.com>, jn@whcfla.com, Houston.Park@fmglaw.com, Sharilyn.Harris@fmglaw.com, Karla.Fathauer@fmglaw.com, SchwartzBreslin EService <eservice@jsjb.law>, klee@feenixpartners.com, mpilkington@feenixpartners.com, Joel.Wiegert@kutakrock.com, freelancethornton@gmail.com, gsarbino@gmail.com, "Kanov, Jonathan E. (JEKanov@MDWCG.com)" <jekanov@mdwcg.com>, kafriday@mdwcg.com, Jonathan Schwartz <js@jsjb.law>, Jean Vazquez <jv@jsjb.law>, Kenyetta Alexander <kenyetta@osherowpllc.com>, Dawn Boentgen <dawn@osherowpllc.com>, ljacobs@wdpalaw.com, mbrandes@kfb-law.com, bvillalobos@kfb-law.com, lbevans@kfb-law.com, Mark Perry <mark@markperrylaw.com>, Maureen McKnight <maureen@markperrylaw.com>, Matthew Leto <MLeto@letolawfirm.com>, mis@500law.com, docketing@500law.com, Michael McMullen <michael@floridajusticefirm.com>, McMullen.ZCKM@case.tinygnomes.com, oliver.griffin@griffinlawllp.com, filings@griffinlawllp.com, robert.klein@fmglaw.com, martica.carrillo@fmglaw.com, janet.mcmurray@fmglaw.com, Sal Fazio <sfazio@500law.com>, salfaziolaw@gmail.com, Scott Gherman <sgherman@scottghermanpa.com>, kgleason@scottghermanpa.com, Steven Meyer <steven@thefirm.legal>, ross@professionalparas.com, service.meyerlaw@gmail.com, tom@granerlaw.com, ivy@granerlaw.com, kristin@granerlaw.com, eric@granerlaw.com, "Tracy M. White" <tracy@granerlaw.com>, Maria Prieto <maprieto@17th.flcourts.org>
**Subject:** Mr. Lubin

Counsel I am informed Mr. Lubin calls and emails at all hours and times. He is tying up my Judicial Assistant. At the last

1

hearing I was advised he had counsel in this case. Can I ask his counsel to please ask him to stop. We cannot speak to him if he has counsel anyway. I do not want to have to take judicial action if it can be avoided. Please advise Mr. Lubin if he does not stop after being warned the next steps could be unpleasant. You can share this email with him if you wish. Thank you, Jack Tuter, Circuit Judge

--

**Jack Tuter**
**Chief Judge 17th Judicial Circuit**

**Complex Business Division (07)**
**Broward County West Tower Courthouse**
**Chambers Room 20170, Courtroom 17150**
**201 S. E. Sixth Street**
**Fort Lauderdale, FL 33301**
**954-831-7576**

**Division (07) procedures can be found at: http://www.17th.flcourts.org/division-07/**

*WARNING:*
*The information and files, if any, transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material, the disclosure of which is governed by applicable law. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information is STRICTLY PROHIBITED. If you have received this message by error, please immediately delete it and all copies of it from your system and notify us.*

**This email may contain confidential information that is protected under Florida and/or Federal law and not subject to disclosure under applicable public records provisions.  Use or disclosure of this information may be restricted.  If you believe you have received this information in error, please contact the sender immediately.**

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security,

compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

# EXHIBIT E

**From:** "Uzi Shamuilov" <uzis@betteraccountingsolutions.com>
**To:** "Josh Lubin" <josh@spincapital.com>
**Subject:** Re: THE GENESIS LS FUND, funding email 2.7M
**Date:** Mon, 21 Jun 2021 11:49:57 -0400
**Importance:** Normal

---

All done.

On Fri, Jun 18, 2021 at 11:36 AM Josh Lubin <josh@spincapital.com> wrote:

Funded: **6/18/2021**

**THE GENESIS LS FUND**

Funding Amount: **$2,700,000**

Payback: **$3,645,000**

Weekly: **$127,173.91**

Net to merchant: **$1,307,403**

Payoff to BMF: **$582,000 (wired 6/17)**

Payoff to HI BAR: **$580,597 (wired 6/17)**

Legal Fees: **$30,000 (deducted from funding amount) (wired 6/17)**

Total Net: **$2,500,000**

Bank Fee: **$200,000**

Syndication: BMF 25% and receives 25% of the bank fee. TCP: **$625,000**

Syndication: Hi bar 50% and receives 50% of the bank fee. TCP **$1,250,000**

Commission: none for now

SPIN-00003875

# EXHIBIT F

Case 1:24-cv-08515-AS   Document 87-7   Filed 03/31/25   Page 77 of 157

**From:** "BMF Submissions" <submissions@bmfcapitalllc.com>
**To:** "Gabe Isaacov" <gabe@bmfcapitalllc.com>, "Josh Lubin" <josh@spincapital.com>, "BMF BACKOFFICE" <funding@bmfcapitalllc.com>
**Subject:** RE: FUNDING EMAIL-BMF ADV-GOLDEN FOOTHILL _5234
**Date:** Fri, 12 Mar 2021 12:16:57 -0500
**Importance:** Normal
**Attachments:** GOLDEN_BMF_ADV.pdf

_____

See attached

---

**From:** Gabe Isaacov
**Sent:** Friday, March 12, 2021 12:12 PM
**To:** Josh Lubin <josh@spincapital.com>; BMF BACKOFFICE <funding@bmfcapitalllc.com>
**Cc:** BMF Submissions <submissions@bmfcapitalllc.com>
**Subject:** RE: FUNDING EMAIL-BMF ADV-GOLDEN FOOTHILL _5234

Molly send 220k 1.499 8,500 daily

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, March 12, 2021 12:11 PM
**To:** Gabe Isaacov <gabe@bmfcapitalllc.com>; BMF BACKOFFICE <funding@bmfcapitalllc.com>
**Cc:** BMF Submissions <submissions@bmfcapitalllc.com>
**Subject:** RE: FUNDING EMAIL-BMF ADV-GOLDEN FOOTHILL _5234

How many days??? DO WTVR U WANT. ILL GET IT DONE

---

**From:** Gabe Isaacov <gabe@bmfcapitalllc.com>
**Sent:** Friday, March 12, 2021 12:10 PM
**To:** Josh Lubin <josh@spincapital.com>; BMF BACKOFFICE <funding@bmfcapitalllc.com>
**Cc:** BMF Submissions <submissions@bmfcapitalllc.com>
**Subject:** RE: FUNDING EMAIL-BMF ADV-GOLDEN FOOTHILL _5234

47 days???? How much bank fee?

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, March 12, 2021 12:06 PM
**To:** Gabe Isaacov <gabe@bmfcapitalllc.com>; BMF BACKOFFICE <funding@bmfcapitalllc.com>
**Cc:** BMF Submissions <submissions@bmfcapitalllc.com>
**Subject:** RE: FUNDING EMAIL-BMF ADV-GOLDEN FOOTHILL _5234

Send refi docs 220k 1.499 6,999 daily

---

**From:** Gabe Isaacov <gabe@bmfcapitalllc.com>
**Sent:** Friday, March 12, 2021 12:01 PM
**To:** Josh Lubin <josh@spincapital.com>; BMF BACKOFFICE <funding@bmfcapitalllc.com>
**Cc:** BMF Submissions <submissions@bmfcapitalllc.com>
**Subject:** RE: FUNDING EMAIL-BMF ADV-GOLDEN FOOTHILL _5234

$114,928 as of today

CONFIDENTIAL

SPIN-00007263

Case 1:24-cv-08515-AS    Document 87-7    Filed 03/31/25    Page 78 of 157

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, March 12, 2021 12:01 PM
**To:** Gabe Isaacov <gabe@bmfcapitalllc.com>; BMF BACKOFFICE <funding@bmfcapitalllc.com>
**Cc:** BMF Submissions <submissions@bmfcapitalllc.com>
**Subject:** RE: FUNDING EMAIL-BMF ADV-GOLDEN FOOTHILL _5234

Whats the balance?

**From:** Gabe Isaacov <gabe@bmfcapitalllc.com>
**Sent:** Wednesday, March 3, 2021 1:15 PM
**To:** BMF BACKOFFICE <funding@bmfcapitalllc.com>
**Cc:** Gabe Isaacov <gabe@bmfcapitalllc.com>; BMF Submissions <submissions@bmfcapitalllc.com>; Josh Lubin <josh@spincapital.com>
**Subject:** FUNDING EMAIL-BMF ADV-GOLDEN FOOTHILL _5234

# DATE 03/03/21
# BMF ADV-NEW-WIRE
# DEAL NAME: GOLDEN FOOTHILL _5234
# EIN: 82-4517607
# FUNDING: $100,000
# PAYBACK: $149,000
# DAILY:$4,996 START
# BANK FEE: $20,000
# SYNDICATION: SPIN CAPITAL $50% GETS HALF FEE
# NET TO MERCHANT: $80,000 WIRE
# Routing: 322271627
# Account: 23008660
# Merchant Name: STEFAN J LEER
# Merchant Number: 210-259-1648

CONFIDENTIAL

SPIN-00007264

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAYMOUNT URGENT CARE PC et ano,<br><br>Plaintiffs,<br><br>-v-<br><br>GOFUND ADVANCE, LLC et al.,<br><br>Defendants. | 22-cv-1245 (JSR)<br><br>FINDINGS OF FACT,<br>CONCLUSIONS OF LAW,<br>AND FINAL JUDGMENT |

JED S. RAKOFF, U.S.D.J.

Plaintiffs Haymount Urgent Care P.C. ("Haymount") and Dr. Robert A. Clinton sued defendants GoFund Advance, LLC ("GoFund"), Funding 123, LLC ("Funding 123"), Merchant Capital, LLC ("Merchant Capital"), Alpha Recovery Partners, LLC ("Alpha Recovery"), Yitzchok Wolf, Yosef Brezel, Joseph Kroen, and Yisroel Getter for engaging in debt-collection practices that allegedly violated state and federal law. At the start of this case, plaintiff was asserting six claims against the defendants: (1) a RICO claim premised on the collection of unlawful debts and a pattern of wire fraud; (2) a racketeering conspiracy claim, premised on the same underlying conduct as the substantive RICO claim; (3) a claim seeking a declaratory judgment that a settlement agreement and the merchant cash advance ("MCA") agreements plaintiffs entered into were void; (4) a common law fraud claim for charging excessive fees and extracting unauthorized debits using a misleading name to evade a block on plaintiffs' bank account; (5) a breach of contract claim for underfunding and over-collecting on the MCA agreements; and

1

(6) a Section 1983 claim for violating due process by abusing Connecticut's pre-judgment attachment statute. See First Am. Compl. ("FAC"), ¶¶ 225-333, ECF No. 28. At the motion to dismiss stage, the Court permitted the RICO, racketeering conspiracy, breach of contract, and Section 1983 claims to move forward; however, the Court dismissed the declaratory relief claim (except as against GoFund related to a settlement agreement) and the common law fraud claim (except as against GoFund relating to the extraction of unauthorized debits using a misleading name to evade a block on plaintiffs' bank account). See 6/27/22 Op. and Order, ECF No. 86.

Then, on summary judgment, the Court entered judgment in favor of defendants on all but the breach of contract claim, which the Court permitted to proceed against all the defendants except for Mr. Getter. See 8/28/23 Op. and Order, ECF No. 216. However, because plaintiffs voluntarily dismissed their claims against Mr. Kroen, the only defendants remaining on the breach of contract claim after summary judgment were Mr. Wolf, Mr. Brezel, Alpha Recovery, GoFund, Funding 123, and Merchant Capital. See Joint Stipulation of Voluntary Dismissal, ECF No. 211. And, as the parties agreed at the start of trial, the only plaintiff on this remaining claim was Haymount. See Joint Pretrial Consent Order, at 1, ECF No. 238.

Accordingly, by the time of trial, only one claim remained for the Court to adjudicate: whether the remaining defendants are liable to Haymount for breaching the six MCA agreements entered into between

2

Haymount and the corporate defendants (GoFund, Merchant Capital, and Funding 123). See Joint Pretrial Consent Order, at 1-2. Based upon the evidence presented at the bench trial, plaintiff asserts that defendants breached the MCA agreements by: (1) underfunding the agreements through the device of charging excessive fees, as well as by funding the agreements in two tranches; (2) collecting more from plaintiff than defendants were owed under the contracts; and (3) filing an improper UCC lien that resulted in a freeze being placed on Haymount's HRSA account. Plaintiff asserts that not only are the corporate defendants, who are the parties to the MCA agreements, liable for these breaches but also that the individual defendants, Mr. Wolf and Mr. Brezel, are alter egos of the corporate defendants and thus liable for these breaches. For the reasons explained below, the Court finds that GoFund, Funding 123, and Mr. Wolf are liable for breach of contract, but no one else.

I.    Findings of Fact

Based on the exhibits, the trial testimony, and the Court's assessment of the trial witnesses' demeanor and credibility, the Court makes the following factual findings:

A. **Background on the Parties**

1. Haymount is an urgent care facility located in Fayetteville, North Carolina that is owned by Dr. Clinton. Tr. 427:7-11, 429:2-4.[1]

---

[1] Hereinafter, "Tr." refers to the trial transcript.

3

When the COVID-19 pandemic hit, Haymount needed quick cash to meet the increased demand for testing and monoclonal antibody treatments, so Dr. Clinton entered into six MCA agreements (one with Merchant Capital, one with Funding 123, and four with GoFund), which are at the center of this case. Tr. 428:21-429:1, 430:6-432:10. <u>See</u> Pl. Ex. 1; Pl. Ex. 2; Pl. Ex. 3; Pl. Ex. 4; Pl. Ex. 5; Pl. Ex. 6. Generally speaking, an MCA agreement is a contract whereby a business sells its future receivables to a funder in exchange for immediate cash and then the business pays back a specified amount to the funder over a set period of time. <u>See</u> Tr. 4:22-5:1.

2. Mr. Wolf, one of the two individual defendants remaining in this case, is the owner and sole member of Bridge Funding Capital, LLC ("Bridge Funding"). Tr. 47:24-25, 147:5-21, 198:19-21, 199:2-4, 257:15-23.

3. Mr. Brezel, the other individual defendant remaining in this case, manages and serves as the sole member of Tailored Fund. Tr. 342:16-20, 369:2-4. Mr. Brezel also manages GSS Equity; however, he does not invest his own money or have an equity stake in the company. Tr. 342:16-20, 359:17-360:4.

4. Mr. Brezel and Mr. Wolf worked in separate offices in the same building. Tr. 194:14-195:5.

5. GoFund, Merchant Capital, and Funding 123 are LLCs that were incorporated in Connecticut and are the contracting

4

counterparties to the MCA agreements at issue in this lawsuit.[2] See Tr. 24:6-9; Pl. Ex. 1; Pl. Ex. 2; Pl. Ex. 3; Pl. Ex. 4; Pl. Ex. 5; Pl. Ex. 6. How those entities came to be incorporated in Connecticut and were used with respect to the six MCA agreements at issue here is a key aspect of this case.

6. Mr. Kroen went to work for Mr. Wolf at Bridge Funding in June of 2020. Tr. 5:12-25, 6:25-7:4, 47:24-25, 143:19-21, 147:5-21, 198:16-21, 199:2-4, 257:15-23. At the end of 2020, Mr. Kroen learned about a Connecticut pre-judgment attachment statute,[3] and eventually, Mr. Wolf and Mr. Kroen decided they wanted to use this statute and thus incorporated it into the MCA agreements they used to fund MCA deals. Tr. 7:25-11:22.

7. To fully accomplish their goal of making use of this Connecticut statute, Mr. Kroen, in June of 2021, spoke with an attorney in Connecticut, Jared Alfin, Esq., about formally incorporating entities in Connecticut. See Tr. 8:12-15, 20:8-10. Subsequently, in June or July of 2021, GoFund, Merchant Capital, and Funding 123 were incorporated in Connecticut so that defendants could utilize Connecticut's pre-judgment attachment statute to collect on debts in MCA deals that went sour. Tr. 24:6-24, 267:8-17, 275:15-18, 282:19-21. When Mr. Kroen formed these entities, he

---

[2] The Court refers to these defendants collectively as the "corporate defendants" or the "Connecticut entities."

[3] The specific statutory provisions that defendants sought to make use of are codified in Section 52-278. See Conn. Gen. Stat. § 52-278 et. seq.

put them in his name, listing himself as the sole member, because Mr. Wolf refused to have the entities put under his name; however, it was Mr. Wolf who provided the funding to set up the entities. Tr. 25:1-2, 25:19-26:5, 55:18-25, 57:1-2, 58:20-59:1, 61:8-17, 266:25-267:7, 267:17-23; Pl. Ex. 210; Pl. Ex. 296.

8. Despite incorporating the entities in Connecticut, at no point in time did GoFund, Merchant Capital, or Funding 123 have any meaningful or practical connection to Connecticut. Pl. Ex. 210, Tr. 56:1-5, 57:3-59:1, 60:13-61:3.[4] Nor for that matter did Mr. Kroen actually own the entities, have bank accounts for the entities in his name, file taxes for those entities, or hire any employees for those entities. Tr. 25:3-15, 33:3-5.[5]

9. Instead, Mr. Wolf and his first cousin, Jonathan Braun, made most of the decisions regarding whether and how the Connecticut pseudo-entities would fund deals and how the Connecticut entities would be nominally used to conduct their business. Tr. 26:10-14, 197:1-5; see also Tr. 401:4-9 (Mr. Brezel testifying that Mr. Wolf controlled the Connecticut entities), 491:4-24 (Mr. Wolf testifying that he "was authorized to make decisions on behalf of

---

[4] For example, when both GoFund Advance and Funding 123 filed lawsuits, their address was listed as 5308 13th Avenue Suite 324, Brooklyn, NY 11219, although this was just another office at which no one actually worked. Pl. Ex. 22; Pl. Ex. 24; Tr. 80:2-81:23.

[5] In fact, while working for Mr. Wolf, Mr. Kroen funded most of his MCA deals through a different company, GoFund R. Capital, but the money to fund those deals still came from Mr. Wolf's bank accounts. Tr. 6:8-24.

the" Connecticut entities). And the Connecticut entities received funding from the bank accounts of Bridge Funding, the New York entity owned by Mr. Wolf, which had d/b/a/s that "match[ed] the names of the Connecticut entities." Tr. 33:6-12, 230:9-231:2; Pl. Ex. 51.

10.     However, after a Bloomberg reporter contacted Mr. Kroen about the Connecticut entities, the on-paper ownership and address of the Connecticut entities was changed. See Tr. 26:15-27:25, 29:12-31:2. First, Mr. Kroen changed the address for all three entities from a P.O. box in Connecticut to an actual office address (500 West Putnam Avenue) in Connecticut, and Bridge Funding paid the rent for that new office space. Tr. 60:3-12, 62:3-15, 63:19-64:4, 64:13-16, 65:7-25; Pl. Ex. 189; Pl. Ex. 190; Pl. Ex. 29. Despite this change of address, there were still no employees nor business transacted in Connecticut. Tr. 64:5-65:6, 119:23-120:19. Next, Mr. Kroen spoke with Mr. Wolf about removing Mr. Kroen's name from the Connecticut entities, and Mr. Wolf instructed Mr. Kroen to put the entities in someone else's name. Tr. 27:23-29:25, 30:19-25. Thereafter, Mr. Getter, who also worked at Bridge Funding, was substituted in Mr. Kroen's place by making Hartford Receivables LLC the new member for the Connecticut entities and making Mr. Getter the sole manager of Hartford Receivables LLC. Tr. 30:5-10, 31:1-20, 66:1-25, 67:23-69:13,

156:18-157:8, 159:14-24, 161:1-19, 169:21-170:1; Pl. Ex. 28; Pl. Ex. 30; Pl. Ex. 293; Pl. Ex. 294.[6]

11.    Despite this purported change in ownership, it was Mr. Wolf and Mr. Braun who continued to control the Connecticut entities, as Mr. Getter had no ability to make any decisions for the Connecticut entities and did not even know Hartford Receivables LLC owned the Connecticut entities. Tr. 158:19-159:13, 176:24-177:22. In fact, Mr. Getter used United Fund, LLC, instead of the Connecticut entities, for most of his deals, and documents for the Connecticut entities were filed without his permission, including annual reports and writs of garnishment that purport to contain Mr. Getter's signature. Tr. 157:9-158:18, 166:23-169:3, 172:21-178:12; see also Pl. Ex. 28; Pl. Ex. 98; Pl. Ex. 231.[7]

12.    In essence, the three Connecticut entities that contracted with Haymount were "shell corporations" that were used as Mr.

---

[6] Mr. Getter had no role in forming Hartford Receivables LLC and was only informed after the fact that this entity had been formed under his name. See Tr. 159:14-161:19, 166:7-20. And while Mr. Getter worked at Bridge Funding, he had no authority to make decisions for Hartford Receivables LLC. Hartford Receivables LLC functioned as a shell corporation (it had no bank accounts, it did not file tax returns, it had no revenue, it had no office, and it had no employees). See Tr. 164:19-165:6, 170:2-15.

[7] Mr. Brezel's control and role with the respect to the Connecticut entities still remains unclear. However, Mr. Brezel did sign settlement agreements on behalf of the Connecticut entities on a few occasions, despite testifying that he could not remember being an authorized signatory for those entities. See Tr. 413:4-420:11. He also admitted that he did not pay or receive any money from the Connecticut entities in connection with the MCA agreements at issue here. Tr. 410:10-17, 412:25-413:3.

Braun and Mr. Wolf pleased. Tr. 25:16-18, 193:9-15, 197:1-5, 275:19-20. Thus, although the Connecticut entities were the named contracting party on all six MCA agreements that Haymount entered into, the Connecticut entities did nothing in connection with the four MCA agreements in which Mr. Wolf was involved.[8] Instead, Bridge Funding performed all the accounting, ACH setup, and collections on those four deals, with Mr. Wolf essentially admitting on the stand that he "controlled" the four MCA deals he was involved in. See Tr. 283:8-285:19, 307:1-13.[9]

### B. General Structure of the Six MCA Agreements

13.    The MCA agreements at issue here followed a set structure. In each contract, the Purchase Price was "the amount" of money that defendants were supposed to give upfront to Haymount; the Purchased Percent was the percentage of Haymount's receivables that defendants purchased; and the Purchased Amount was "[t]he amount of receivables" that defendants were "entitled to" receive as repayment. Tr. 96:6-21, 239:22-240:17.

14.    Although each of the MCA agreements at issue here specified a Purchase Price that was to be advanced as one upfront lump sum to Haymount, in practice defendants often sent the Purchase Price

---

[8] As further explained below, Mr. Wolf was involved in the first, fourth, fifth, and sixth contracts that Haymount signed.

[9] Mr. Getter was not involved in the MCA agreements entered into between the Connecticut entities and Haymount. See Tr. 149:3-12, 164:23-25, 191:17-20, 196:1-4.

in two tranches. This was called a "flex" deal. Defendants "flexed" the deal if certain information was discovered during the log-in, which was a "bank verification" that was completed before a deal was funded to determine if the merchant was actually qualified to receive the Purchase Price specified in the contract. See Tr. 218:2-5, 219:24-220:2, 233:18-234:6, 235:3-9. As explained more fully below, for some of the contracts there was a written addendum reflecting the deal was flexed, and for other contracts the deal was flexed without a written addendum. However, regardless of whether there was a written addendum or not, Dr. Clinton understood that flexing was the standard practice. See Tr. 535:15-536:9.

15.     Beyond the fact that each MCA agreement had the same financial structure, the six MCA agreements also had largely identical contractual provisions. Cf. Tr. 97:19-23. As relevant here, each of the six MCA agreements contained a limitation of liability provision, a no-oral-modification provision, an integration clause, and a pre-judgment remedy provision. Specifically, Section 1.9 of the contracts provided that the funder (i.e., the named corporate defendant on the deal) would not be liable to Haymount "for any claims asserted by [Haymount] under any legal theory of lost profits, lost revenues, lost business opportunities, exemplary, punitive, special, incidental, indirect or consequential damages." Pl. Ex. 1, § 1.9; Pl. Ex. 2, § 1.9; Pl. Ex. 3, § 1.9; Pl. Ex. 4, § 1.9; Pl. Ex. 5, § 1.9; Pl.

10

Ex. 6, § 1.9. Second, Section 4.1 stated that "[n]o modification, amendment, waiver or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by [the funder]." Pl. Ex. 1, § 4.1; Pl. Ex. 2, § 4.1; Pl. Ex. 3, § 4.1; Pl. Ex. 4, § 4.1; Pl. Ex. 5, § 4.1; Pl. Ex. 6, § 4.1. Third, Section 4.9 provided that, "[t]his Agreement and the Security Agreement and Guaranty hereto embody the entire agreement between [Haymount] and [the funder] and supersede all prior agreements and understandings relating to the subject matter hereof." Pl. Ex. 1, § 4.9; Pl. Ex. 2, § 4.9; Pl. Ex. 3, § 4.9; Pl. Ex. 4, § 4.9; Pl. Ex. 5, § 4.9; Pl. Ex. 6, § 4.9. Fourth and finally, Section 4.13 permitted the funder to use Connecticut's pre-judgment attachment statute in the event Haymount defaulted. Pl. Ex. 1, § 4.13; Pl. Ex. 2, § 4.13; Pl. Ex. 3, § 4.13; Pl. Ex. 4, § 4.13; Pl. Ex. 5, § 4.13; Pl. Ex. 6, § 4.13; see also Tr. 97:2-14.

16.    In addition, each contract had an appendix that disclosed three types of fees that the funder was entitled to charge. First, each contract permitted the funder to charge an underwriting fee, which was supposed "to cover underwriting expenses." Pl. Ex. 1, App. A; Pl. Ex. 2, App. A; Pl. Ex. 3, App. A; Pl. Ex. 4, App. A; Pl. Ex. 5, App. A; Pl. Ex. 6, App. A; see also Tr. 98:24-25. Second, each contract permitted the funder to charge an origination fee, which "usually cover[ed]" costs associated with the broker. Pl. Ex. 1, App. A; Pl. Ex. 2, App. A.; Pl. Ex. 3,

11

App. A; Pl. Ex. 4, App. A; Pl. Ex. 5, App. A; Pl. Ex. 6, App. A; see also Tr. 98:25-99:1. The contracts further specified that the origination and underwriting fees would be deducted upfront from the Purchase Price that was advanced to Haymount. See Pl. Ex. 1, at 8; Pl. Ex. 2, at 9; Pl. Ex. 3, at 9; Pl. Ex. 4, at 9; Pl. Ex. 5, at 91 Pl. Ex. 6, at 9. Third and finally, each contract permitted the funder to charge a default fee. Pl. Ex. 1, App. A; Pl. Ex. 2, App. A; Pl. Ex. 3, App. A; Pl. Ex. 4, App. A; Pl. Ex. 5, App. A; Pl. Ex. 6, App. A.

17. For each deal, there would be a funding call. During those funding calls, Dr. Clinton would try to negotiate the fees that he would be charged. Dr. Clinton was always charged the amount of fees that was disclosed on the funding call, and he knew those fees would be deducted upfront from the Purchase Price that was advanced to Haymount. Tr. 516:20-517:15, 520:5-17.

18. Although the total fee amount that the funder could charge varied between the six agreements, the percentage of the Purchase Price that the funder could charge in fees was the same across all the agreements: the underwriting fee could be up to 12% of the Purchase Price and the origination fee could be up to 10% of the Purchase Price. Pl. Ex. 1, App. A; Pl. Ex. 2, App. A; Pl. Ex. 3, App. A; Pl. Ex. 4, App. A; Pl. Ex. 5, App. A; Pl. Ex. 6, App. A. In practice, defendants would usually charge the maximum of 22% in upfront fees, although, as further explained below, defendants never charged Haymount more than 20% in fees on any of

12

the deals. See Tr. 270:12-272:25. While the inference is strong that defendants' practice of usually charging the maximum of 22% in upfront fees, as well as the actual charges imposed on Haymount, was highly suspicious, if not outright fraudulent, and was part of defendants' taking unfair advantage of their borrowers' desperate circumstances, this is a breach of contract case where plaintiff bears the burden of proof. Here, even after extensive pre-trial discovery, plaintiff offered no testimony or documentary evidence showing the actual expenses that defendants incurred in connection with the MCA agreements at issue in this case. See Tr. 248:14-23, 249:19-250:3, 253:2-12, 271:1-272:25, 541:23-25.[10]

19.     Although Haymount entered into each of the MCA agreements at issue here with only one named counterparty, it is standard practice in the MCA industry to have multiple entities syndicated into a deal, whereby an entity (other than the one listed as the contractual counterparty) becomes "part of the deal" and "partake[s] . . . in the upside and the downside" of the deal. Tr. 122:18-25; Pl. Ex. 1; Pl. Ex. 2; Pl. Ex. 3; Pl. Ex. 4; Pl. Ex. 5; Pl. Ex. 6; see also Tr. 141:3-6. Syndication is used to

---

[10] Plaintiff attempted to show the actual fees incurred with an internal spreadsheet that reflected information about the fourth, fifth, and sixth contracts at issue here. See Pl. Ex. 131. But no witness was able to testify as to what the numbers meant, and Mr. Kroen testified that this spreadsheet did not reflect the fees and expenses that "were incurred with respect" to the fourth, fifth, and sixth MCA agreements. See Tr. 117:21-23, 424:9-425:4.

spread the risk of a deal going sour. See Tr. 425:13-21. As detailed below, many of the MCA agreements at issue here were syndicated.

### C. MCA Agreement 1

20. Haymount entered into the first MCA agreement (hereinafter referred to as "MCA Agreement 1") with Merchant Capital on August 25, 2021. See Pl. Ex. 1. Pursuant to this agreement, "Merchant Capital purchased 45% of Haymount's future receivables for a Purchase Price of $200,000 and a Purchased Amount of $275,000." Joint Pretrial Consent Order, at 5. See also Pl. Ex. 1, at 1. Haymount was required to repay the Purchased Amount in a daily increment of "$7,299 each business day." Joint Pretrial Consent Order, at 5.

21. In terms of fees, Merchant Capital was entitled to charge: (1) an underwriting fee of a "[m]inimum of $500.00 or up to 12% of the purchase price for underwriting and related expenses"; and (2) an origination fee of a "[m]inimum of $500.00 or up to 10% of the purchase price to cover cost of Origination and ACHSetup"; and (3) a default fee of "$5,000.00 or up to 10% of the funded amount (if a merchant changes bank accounts or switches to another credit-card processor without [Merchant Capital's] consent, or commits another default pursuant to the Agreement) or bounces more than 2 debits of the Account." Pl. Ex. 1, App. A.

14

22.     "Haymount was advanced $160,000 on August 25, 2021, through two separate payments of $80,000 on August 30, 2021 and September 15, 2021." Joint Pretrial Consent Order, at 5. The deal was "flexed" into two tranches pursuant to a written addendum, which was signed by Dr. Clinton on Haymount's behalf. See Def. Ex. 23; Tr. 232:15-233:17, 234:7-22, 235:10-16, 535:4-11. The written addendum, however, was not signed by Merchant Capital. See Def. Ex. 23.

23.     Although Dr. Clinton attempted to negotiate the fees on this deal, he was told the underwriting fees and related expenses would be higher than $500 because of his history. Tr. 441:25-442:13, 516:20-517:15. Ultimately, Haymount was charged $40,000 in fees, with $20,000 in fees deducted upfront from each tranche. See Pl. Ex. 196. The fees charged were thus 20% of the Purchase Price.

24.     Nominally, the contracting party was Merchant Capital. However, in practice, Bridge Funding handled and funded this deal, with Mr. Wolf controlling the funds and advances. See Pl. Ex. 124; Tr. 226:19-21, 228:6-13, 262:6-13, 263:21-25, 265:16-266:8.

25.     Ultimately, "Haymount paid $275,000 between August 31, 2021, and November 1, 2021." Joint Pretrial Consent Order, at 5. Accordingly, Haymount is not claiming that it was over-charged on this agreement. See Def. Ex. 4 (reflecting a refund to Haymount); Pl. Ex. 120 (reflecting that Haymount was owed $31,558); Tr. 308:21-310:5, 314:21-315:18, 443:9-444:7. Again, this is not to

15

gainsay defendants' overbearing practices; but the issue before the Court is whether plaintiff has proved breach of contract.

### D. MCA Agreement 2

26.     Haymount entered into the second MCA Agreement (hereinafter referred to as "MCA Agreement 2") with GoFund on August 26, 2021. See Pl. Ex. 2. Pursuant to this agreement, GoFund "purchased 25% of Haymount's future receivables for a Purchase Price of $250,000 and a Purchased Amount of $349,750." Joint Pretrial Consent Order, at 5. See also Pl. Ex. 2, at 1. Haymount was required to repay the Purchased Amount in a daily increment of "$8,000 each business day." Joint Pretrial Consent Order, at 5.

27.     In terms of fees, GoFund was entitled to charge: (1) an underwriting fee of a "[m]inimum of $500.00 or up to 12% of the purchase price for underwriting and related expenses"; (2) an origination fee of a "[m]inimum of $500.00 or up to 10% of the purchase price to cover cost of Origination and ACHSetup"; and (3) a default fee of "$5,000.00 or up to 20% of the funded amount (if a merchant changes bank accounts or switches to another credit card processor without [GoFund's] consent, or commits another default pursuant to the Agreement) or bounces more than 2 debits of the Account." Pl. Ex. 2, App. A.

28.     "Haymount was advanced $200,000 through two separate payments of $100,000 on August 30, 2021, and September 15, 2021." Joint Pretrial Consent Order, at 5. The deal was flexed into two

tranches pursuant to a written addendum, which was signed by Dr. Clinton on behalf of Haymount. See Def. Ex. 24. GoFund, however, did not sign the written addendum. Id. In total, Haymount was charged $50,000 in upfront fees. See Def. Ex. 24; Joint Pretrial Consent Order, at 5. The fees charged were thus 20% of the Purchase Price.

29.    Nominally, the contracting party was GoFund, but Mr. Brezel testified that in actuality, GSS Equity was the contracting party, with GoFund just acting as a d/b/a of GSS Equity. See Tr. 373:17-375:6. Accordingly, GSS Equity funded the deal, and GSS Equity and Tailored Fund provided management services in connection with this deal. See Tr. 361:1-362:9, 405:3-5.[11] Mr. Wolf was not involved with this deal. Tr. 264:3-7, 311:5-9.

30.    Ultimately, "Haymount paid a total of $352,000 between August 31, 2021, and October 28, 2021." Joint Pretrial Consent Order, at 5. Accordingly, GoFund over-collected $2,250 on MCA Agreement 2. Cf. Def. Ex. 6.[12]

---

[11] The Court completely discounts Mr. Brezel's attempt to walk back his previous admission that he was involved in MCA Agreement 2, as that attempt at backtracking was plainly self-serving and not credible. See Tr. 365:9-19.

[12] It is true that Dr. Clinton's trial testimony established that Haymount initially "bounced" several payments in the course of repaying this deal. Tr. 537:20-23. However, for the first time in its post-trial findings of fact, defendants contend that Defendants' Exhibit 6 shows that defendants were entitled to and did in fact charge Haymount $150 for these bounced payments. See Def. Ex. 6; Def. Proposed Findings of Fact, ¶ 55. However, defendants point to no witness testimony indicating that this is a correct interpretation of Defendants' Exhibit 6, nor for that matter do defendants point to any evidence showing

17

### E. MCA Agreement 3

31.     Haymount entered into the third MCA Agreement (hereinafter referred to as "MCA Agreement 3") on September 27, 2021, with GoFund. See Pl. Ex. 3. Pursuant to this agreement, GoFund "purchased 25% of Haymount's future receivables for a Purchase Price of $150,000 and a Purchased Amount of $224,850." Joint Pretrial Consent Order, at 5; see also Pl. Ex. 3, at 1. Haymount was required to repay the Purchased Amount in a daily increment of "$7,500 each business day." Joint Pretrial Consent Order, at 5.

32.     On this deal, GoFund was entitled to charge: (1) an underwriting fee of a "[m]inimum of $500.00 or up to 12% of the purchase price for underwriting and related expenses"; (2) an origination fee of a "[m]inimum of $500.00 or up to 10% of the purchase price to cover cost of Origination and ACHSetup"; and (3) a default fee of "$5,000.00 or up to 20% of the funded amount (if a merchant changes bank accounts or switches to another credit card processor without [GoFund's] consent, or commits another default pursuant to the Agreement) or bounces more than 2 debits of the Account." Pl. Ex. 3, App. A.

---

that, in fact, four payments were bounced (beyond Dr. Clinton's vague testimony). Accordingly, the Court finds that defendants have not established that they were entitled to charge $150 for bounced payments.

18

33.     "Haymount was advanced $120,000 through two separate payments of $60,000 on September 27, 2021, and October 13, 2021," meaning that Haymount was charged $30,000 in upfront fees (i.e., 20% of the Purchase Price). See Joint Pretrial Consent Order, at 5. Although there was no signed addendum reflecting that this deal would be flexed, Dr. Clinton understood that flexing was the standard practice and accepted that this deal would be flexed. See Tr. 535:15-536:9.

34.     Like MCA Agreement 2, nominally, the contracting party was GoFund, but Mr. Brezel testified that again, in actuality, GSS Equity was the contracting party, with GoFund just acting as a d/b/a of GSS Equity. See Tr. 373:17-375:6, 406:1-12. Accordingly, GSS Equity funded the deal, and GSS Equity and Tailored Fund provided management services in connection with this deal. See Tr. 361:1-362:9, 365:1-366:8, 405:3-5, 407:23-408:1. Mr. Wolf was not involved with this deal. Tr. 264:10-19.

35.     "Haymount paid a total of $225,000 between September 28, 2021, and November 8, 2021." Joint Pretrial Consent Order, at 5. Haymount was accordingly overcharged $150. Cf. Def. Ex. 8.[13]

---

[13] Defendants once again urge the Court to find they were entitled to charge $150 for four bounced payments. See Def. Proposed Findings of Fact, ¶ 56; Def. Ex. 8. However, defendants point to no witness testimony showing that four debits did not clear on this deal or explaining that Defendants' Exhibit 8 shows that four debits did not clear. Accordingly, the Court declines defendants' invitation to find that defendants were entitled to charge $150 for bounced payments.

19

### F. MCA Agreement 4

36.      Haymount entered into the fourth MCA Agreement (hereinafter referred to as "MCA Agreement 4") on December 16, 2021, with GoFund. See Pl. Ex. 4. Pursuant to this agreement, GoFund "purchased 45% of Haymount's future receivables for a Purchase Price of $1,000,000 and a Purchased Amount of $1,350,000." Joint Pretrial Consent Order, at 5-6; see also Pl. Ex. 4, at 1. Haymount was required to repay the Purchased Amount in a daily increment of "$35,000 each business day." Joint Pretrial Consent Order, at 6.

37.      On this deal, GoFund was entitled to charge: (1) an underwriting fee of a "[m]inimum of $500.00 or up to 12% of the purchase price for underwriting and related expenses"; (2) an origination fee of a "[m]inimum of $500.00 or up to 10% of the purchase price to cover cost of Origination and ACH Setup"; and (3) a default fee of "$5,000.00 or up to 20% of the funded amount (if a merchant changes bank accounts or switches to another credit card processor without [GoFund's] consent, or commits another default pursuant to the Agreement) or bounces more than 2 debits of the Account." Pl. Ex. 4, App. A.

38.      "Haymount was advanced $900,000 on December 16, 2021." Joint Pretrial Consent Order, at 6. Haymount was accordingly charged $100,000 in upfront fees, which was 10% of the Purchase Price.

20

See Tr. 350:22-25; Pl. Ex. 131 (reflecting a $100,000 bank fee was charged).[14]

39.     Mr. Wolf handled this deal, but GSS Equity (Mr. Brezel's company) was a 50% syndicate in the deal. See Tr. 118:2-13, 264:20-24, 265:20-266:8, 339:13-15 (Mr. Wolf testimony confirming that GSS Equity syndicated this deal), 359:11-16 (Mr. Brezel testimony confirming that GSS Equity syndicated this deal); Pl. Ex. 131.

40.     "Haymount paid a total of $1,400,071.77 between December 17, 2021, and February 10, 2022." Joint Pretrial Consent Order, at 6. Accordingly, GoFund over-collected $50,071.77 on this deal. See Tr. 293:8-22 (Mr. Wolf: "Internal means that we had a different deal and we transfer sometimes payments of a different deal into this deal."); Pl. Ex. 270 (reflecting an internal transfer of $50,000); Def. Ex. 10 (reflecting an overpayment of $50,071.77 on MCA Agreement 4); Pl. Ex. 131 (reflecting a backend fee of $50,071.77 was charged).[15] The Court notes that Mr. Wolf

---

[14] Plaintiff's Exhibit 131 also reflects that unspecified fees and expenses of $250 were incurred in connection with this deal. Pl. Ex. 131; Tr. 117:1-25.

[15] The Court discredits Mr. Wolf's contrary testimony about what the internal transfers in Plaintiff's Exhibit 270 reflect, based on the Court's assessment of Mr. Wolf's dubious demeanor on the stand. See Tr. 294:8-295:22. The Court also completely discredits Mr. Wolf's testimony that he was entitled to charge $50,071.77 as a default fee. Given not only Mr. Wolf's doubtful demeanor on the stand, but also Mr. Wolf's inability to recall what exactly happened, the lack of substantiating documentary evidence, and the fact that the amount charged does not match the amount that GoFund could charge for a default fee under the contract, the Court finds that this claim is a

essentially admitted there was an over-collection on this agreement, when he testified that he applied an over-collection on MCA Agreement 4 to cover a shortfall on the sixth MCA agreement that Haymount entered with GoFund (hereinafter referred to as "MCA Agreement 6"). See Tr. 333:10-335:10.

### G. MCA Agreement 5

41.     Haymount entered into the fifth MCA Agreement (hereinafter referred to as "MCA Agreement 5") on December 27, 2021, with Funding 123. See Pl. Ex. 5. Pursuant to this agreement, Funding 123 "purchased 45% of Haymount's future receivables for a Purchase Price of $2,000,000 and a Purchased Amount of $2,700,000." Joint Pretrial Consent Order, at 6; see also Pl. Ex. 5, at 1. Haymount was required to repay the Purchased Amount in a daily increment of "$80,000 each business day." Joint Pretrial Consent Order, at 6.

42.     On this deal, Funding 123 was entitled to charge: (1) an underwriting fee of a "[m]inimum of $500.00 or up to 12% of the purchase price for underwriting and related expenses"; (2) an origination fee of a "[m]inimum of $500.00 or up to 10% of the purchase price to cover cost of Origination and ACH Setup"; and (3) a default fee of "$25,000.00 or up to 20% of the funded amount

---

total fabrication. See Tr. 317:7-321:11, 351:4-7. Mr. Wolf's claim this was a proper default fee is further undermined by the fact that Dr. Clinton testified that he was never informed that he was in default. Tr. 442:25-443:5.

(if a merchant changes bank accounts or switches to another credit card processor without [Funding 123's] consent, or commits another default pursuant to the Agreement) or bounces more than 2 debits of the Account." Pl. Ex. 5, App. A.

43. Although the contracting party was nominally Funding 123, Bridge Funding actually ran and funded the deal, with Mr. Wolf controlling those funds and advances. See Tr. 199:12-201:25, 226:19-21, 228:6-13, 264:25-265:7, 265:20-266:8.

44. This deal was flexed into two tranches after negotiations between defendants and Dr. Clinton. On this deal, the issue of flexing came up because the log-in revealed that Dr. Clinton was taking "multiple other positions in hidden bank accounts" and "was buying crypto [and] watches." Tr. 217:6-218:10, 322:21-323:3, 329:14-18. According to Sarah Beityakov (an independent contractor at Bridge Funding), Dr. Clinton was informed via text message that the deal was going to be flexed. See Tr. 198:5-15, 221:13-22. Dr. Clinton also discussed the flexing of the deal with Mr. Kroen on the funding call. See Tr. 34:1-13, 35:20-36:1. Specifically, on that call, Mr. Kroen told Dr. Clinton that he would be advanced the Purchase Price in two tranches of $800,000 (reflecting that $400,000 or 20% in fees was being charged); however, Dr. Clinton insisted he needed at least $900,000 with the first tranche. Tr. 36:3-8, 85:1-11. Ultimately, Mr. Wolf or Mr. Braun approved sending $900,000 in the first tranche, and Mr. Kroen informed Dr. Clinton that he would be advanced $900,000

23

initially and then receive a second tranche later. Tr. 36:8-37:11, 85:13-86:1, 250:4-10, Tr. 323:3-9; see also Pl. Ex. 167, Ex. B.[16] Although there was no signed, written addendum reflecting this modification to the contract, when Haymount "was advanced $900,000 on December 27, 2021," Dr. Clinton accepted that amount on behalf of Haymount. See Tr. 221:24-25, 251:2-11, 254:8-12; Joint Pretrial Consent Order, at 6.[17] Accordingly, $100,000 in upfront fees were charged on the first tranche.[18]

45.     However, Haymount was never advanced the second tranche. Even after trial, the exact reason why still remains unclear. Some of the evidence indicates that the second tranche was not advanced because Haymount "missed payments" and "took several other positions." Pl. Ex. 44; Tr. 215:15-21. Other evidence indicates that Haymount did not want the second tranche after it was offered. See Tr. 210:9-23, 215:22-216:1, 224:4-7. Still other

---

[16] As compensation for performing the funding call, Mr. Kroen was "syndicated into the deal," allowing Mr. Kroen to receive 5% of the profits earned from MCA Agreement 5. Tr. 37:12-21, 38:9-15, 39:11-15, 91:11-25; Pl. Ex. 107. In addition, GSS Equity had 45% syndication in the deal, and Bridge Funding had 50% syndication in the deal. Pl. Ex. 107; Pl. Ex. 131; Tr. 92:1-19, 339:13-15, 359:11-16. This meant that GSS Equity, Mr. Kroen's entity, and Bridge Funding were all sharing in the profits of MCA Agreement 5, which would include any fees and over-collections. Tr. 93:5-17.

[17] Despite the deal being flexed, Haymount still paid the $80,000 daily remittance amount, as that payment was not a function of the funded amount but rather was a function of Haymount's revenue. See Tr. 328:6-329:16, 330:7-17, 351:23-352:18.

[18] An internal spreadsheet also reflects that $304 in unspecified fees and expenses were incurred on this deal. Pl. Ex. 131; Tr. 117:1-25.

24

evidence indicates that Ms. Beityakov sent emails urging that the second tranche should be advanced, which casts doubt on whether there was a valid reason to withhold the second tranche. See Pl. Ex. 52; Pl. Ex. 53; Tr. 223:18-224:24. However, because Haymount does not advance a breach claim based on the failure to fund the second tranche of this agreement, the Court need not resolve the exact reason this money was never advanced.

46.     Ultimately, "Haymount repaid $1,520,000 between December 28, 2021, and January 21, 2022." Joint Pretrial Consent Order, at 6.[19] See Def. Ex. 12; Tr. 331:19-21. Defendants thus over-collected $170,000.[20] See Pl. Ex. 270 (reflecting an internal transfer of $170,000);[21] Pl. Ex. 123 (Mr. Wolf instructing Mr. Kroen to get a

---

[19] Defendants urges the Court to find there were six bounced payments on this deal. See Def. Proposed Findings of Fact, ¶ 58; Def. Ex. 12. Once again, however, defendants have cited to no witness testimony indicating that this is the proper interpretation of Defendants' Exhibit 12. The Court accordingly declines to adopt this proposed finding of fact.

[20] The Court arrived at this amount in the following manner. Originally, defendants were supposed to pay Haymount $2 million (net of fees) and Haymount was supposed to repay $2,700,000. See Pl. Ex. 5, at 1; Joint Pretrial Consent Order, at 6. However, defendants ultimately only advanced half of the purchase price net of fees ($900,000), so the Court finds that plaintiff's repayment obligation should also be cut in half, to total $1,350,000. Because Haymount ultimately paid $1,520,000, defendants over-collected $170,000. The Court further notes that it rejects the calculations set forth in defendants' proposed findings of fact because there is no evidence to show how or why defendants recalculated plaintiff's repayment obligation to be $1,518,750. See Def. Proposed Findings of Fact, ¶ 58.

[21] The Court completely discredits Mr. Wolf's contrary testimony about what the internal transfers in Plaintiff's Exhibit 270 reflect based on the Court's assessment of Mr. Wolf's demeanor on the stand and other circumstances previously noted. See Tr. 294:8-295:22.

25

wire after Mr. Kroen informed Mr. Wolf that Haymount had repaid more than the $1,350,000 that was owed for the first tranche of the deal); Tr. 293:8-22 (Mr. Wolf: "Internal means that we had a different deal and we transfer sometimes payments of a different deal into this deal."); Tr. 444:9-445:4. The Court notes that Mr. Wolf essentially admitted he over-collected on this deal, testifying that he applied an over-collection on MCA Agreement 5 to cover a shortfall on MCA Agreement 6. See Tr. 333:10-335:10.

### H. MCA Agreement 6

47.     Haymount entered into the sixth and final MCA Agreement, MCA Agreement 6, on January 20, 2022, with GoFund. See Pl. Ex. 6. Pursuant to this agreement, GoFund "purchased 45% of Haymount's future receivables for a Purchase Price of $1,000,000 and a Purchased Amount of $1,499,990." Joint Pretrial Consent Order, at 6; see also Pl. Ex. 6, at 1. Haymount was required to repay the Purchased Amount in a daily increment of "$60,000 each business day." Joint Pretrial Consent Order, at 6.

48.     On this deal, GoFund was entitled to charge: (1) an underwriting fee of a "[m]inimum of $500.00 or up to 12% of the purchase price for underwriting and related expenses"; (2) an origination fee of a "[m]inimum of $500.00 or up to 10% of the purchase price to cover cost of Origination and ACH Setup"; and (3) a default fee of "$5,000.00 or up to 20% of the funded amount (if a merchant changes bank accounts or switches to another credit

26

card processor without [GoFund's] consent, or commits another default pursuant to the Agreement) or bounces more than 2 debits of the Account." Pl. Ex. 6, App. A.

49. Haymount was advanced $800,000 through two separate payments of $400,000 on January 20, 2022, and February 7, 2022. Joint Pretrial Consent Order, at 6.[22] Although there was no written addendum reflecting that this deal would be flexed, Dr. Clinton understood that flexing was standard practice and ultimately accepted that this deal would be flexed. Tr. 535:15-536:9. Haymount was thus charged $200,000 in upfront fees (i.e., 20% of the Purchase Price). Cf. Pl. Ex. 131.[23]

50. This was one of Mr. Wolf's deals, but the funding for this deal came from both GSS Equity, which was 50% syndicate on this deal, and Bridge Funding. See Pl. Ex. 32; Pl. Ex. 35; Pl. Ex. 131; Tr. 107:6-108:20, 110:14-22, 265:8-13, 265:20-266:8, 339:13-15, 359:11-16.

51. Ultimately, "Haymount paid $1,020,000 between January 20, 2022, and February 11, 2022." Joint Pretrial Consent Order, at 6; see also Def. Ex. 14; Tr. 524:5-15. During the course of repaying

---

[22] The Court discounts Dr. Clinton's testimony that he did not want the second tranche of $400,000 based on the fact that Dr. Clinton accepted the second tranche and never returned it. See Tr. 528:16-529:13.

[23] This internal spreadsheet also reflects that $250 in unspecified fees and expenses were incurred in connection with this deal. Pl. Ex. 131; Tr. 117:1-118:1.

27

this deal, seven of Haymount's payments bounced,[24] and ultimately, Haymount paid $479,990 less than what it owed under the contract. Tr. 524:12-15, 528:14-16.

52.     Because of the shortfall in Haymount's payments on this deal, on February 15, 2022, Mr. Brezel instructed that a UCC restraint be sent out. See Pl. Ex. 78; Pl. Ex. 35; Tr. 109:1-111:14. Dan Gold of Alpha Recovery, which was "[Mr.] Brezel's collection company," then confirmed receipt of Mr. Brezel's request. Pl. Ex. 35; Tr. 111:7-11. A few hours later, Mr. Gold sent an email to Mr. Brezel and Mr. Wolf, among others, confirming that UCC restraints would be sent out to a number of insurance companies. Pl. Ex. 130; Pl. Ex. 153; Tr. 112:7-18. Mr. Wolf approved the UCC notice being sent to all those insurance companies. See Tr. 348:5-22.

53.     One particular UCC lien is most relevant here. On February 15, 2022, a UCC lien was sent to United Healthcare, which stated that Haymount was in default on MCA Agreement 6 in the amount of $488,928.23 and directed United Healthcare to send "all funds owed by [United Healthcare] on behalf of [Haymount], or collected by [United Healthcare] on behalf of [Haymount]" to GoFund "until the amount of $488928.23.00 accrues." Pl. Ex. 27; Tr. 112:19-23. The entity to which this UCC lien was sent "controlled HRSA, which

---

[24] As the numerous bounced payments reflect, Dr. Clinton was in very difficult economic circumstances at this time, which, of course, defendants were happy to take advantage of. Nevertheless, the issue here is not the equities but whether there was a breach of contract.

was a portal used to treat and pay for all the uninsured people that were being treated for COVID by the government." Tr. 450:22-451:9. Thus, as a result of this UCC lien, on or about February 24, 2022, Haymount's HRSA account was frozen, which prevented Haymount from submitting claims for the medical treatment it gave to uninsured patients. Tr. 451:15-19, 457:1-13.

54.     On March 19, 2022, Dr. Clinton found out that the HRSA program would be ending on March 22, 2022, and testified that he had no idea the HRSA program would be ending in advance of that announcement. Tr. 457:14-16, 546:22-24. Unfortunately, an injunction from this Court, which would have lifted the freeze on Haymount's HRSA account, was not received in time to unfreeze Haymount's account before the HRSA program ended. Tr. 457:20-458:15. Because the HRSA program ended before Haymount's account was unfrozen, Haymount was unable to submit and process 8,460 claims. Tr. 451:19-452:16, 456:13-22; see also Pl. Ex. 286.

## II.  Conclusions of Law

Plaintiff Haymount asserts it has proven that the corporate defendants breached all six MCA agreements, and that the individual defendants should be held liable for those breaches under an alter ego theory of liability. Plaintiff also attempts to resurrect its already dismissed RICO claim, based on the evidence presented at trial. For the reasons discussed below, the Court declines plaintiff's invitation

29

to resurrect its previously dismissed RICO claim, but finds GoFund, Funding 123, and Mr. Wolf liable for breach of contract.

### A. **RICO Claim**

The Court starts with plaintiff's attempt to resurrect the already dismissed RICO claim.[25] Federal Rule of Civil Procedure 15 permits "a motion to amend the pleadings to conform them to the evidence" at trial to "be made at any time." Hillburn v. Maher, 795 F.2d 252, 264 (2d Cir. 1986).[26] However, when "the motion is made after trial, and the issues have not been tried with the express or implied consent of the parties, the motion may [only] be granted if the party against whom the amendment is offered will not be prejudiced by the amendment and should be granted in the absence of such prejudice if the interests of justice so require." Id. Plaintiff cannot meet that standard.

To start, it is obvious to the Court that the resurrected RICO claim was not tried with defendants' express or implied consent. That is because: (1) the Court already entered judgment for the defendants

---

[25] To the extent this a thinly veiled attempt to have the Court reconsider its summary judgment decision, the Court declines to do so. The appropriate procedural mechanism would have been a motion for reconsideration, which was never filed and which would now be untimely. Nor has plaintiff shown why it would be appropriate for the Court to exercise its inherent powers to reconsider its dismissal of the RICO claim. Cf. Chartis Seguros Mex., S.A. v. HLI Rail Rigging, LLC, No. 1:11-cv-3238, 2015 WL 545565, at *2 (S.D.N.Y. Feb. 9, 2015) ("Sua sponte reconsideration is appropriate where there is a need to correct a clear error or prevent manifest injustice, there is an intervening change in the applicable law, or new evidence is available.").

[26] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

on the RICO claim at summary judgment; (2) the joint pretrial consent order stated that the <u>only</u> claim remaining to be decided at trial was plaintiff's breach of contract claim; and (3) the issue of whether the evidence presented at trial supported the already dismissed RICO claim was never once raised by plaintiff's counsel at trial. <u>See</u> 8/28/23 Op. and Order, at 23 ("[T]he Court hereby grants partial summary judgment to all defendants, dismissing plaintiffs' RICO claims and fraud claims."); Joint Pretrial Consent Order, at 1. It is equally obvious to the Court that defendants would be unduly prejudiced if plaintiff were permitted to re-raise the RICO claim, as defendants had no opportunity at trial to rebut plaintiff's purported evidence of a RICO violation. <u>See</u> <u>Gussack Realty Co. v. Xerox Corp.</u>, 224 F.3d 85, 94 (2d Cir. 2000); <u>Browning Debenture Holders' Comm. v. DASA Corp.</u>, 560 F.2d 1078, 1086 (2d Cir. 1977). The Court accordingly denies plaintiff's motion to amend the pleadings to reallege a RICO claim and reconfirms its prior ruling that the RICO claim is dismissed from the case.[27]

---

[27] The Court further notes that it is entirely unclear why plaintiff devoted an entire section of its proposed conclusions of law to establishing that the MCA agreements are loans, given that the Court has already ruled that even if these transactions were loans, they are not unlawful under North Carolina's very permissive laws. <u>See</u> Pl. Proposed Conclusions of Law, at 18-25, ECF No. 255. 8/28/23 Op. and Order, at 12. To the extent this is part and parcel of Haymount's attempts to resurrect the already dismissed RICO claim, it is not properly before the Court. To the extent plaintiff believes it bears on plaintiff's claim that the contracts were breached by underfunding, the Court finds that it is irrelevant, as that aspect of plaintiff's breach claim fails for reasons independent of whether MCA agreements should be recharacterized as loans.

31

## B. **Breach of Contract**

The Court now turns to plaintiff's breach of contract claim. Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of the contract." Wells Fargo Ins. Servs. USA, Inc. v. Link, 372 N.C. 260, 276 (N.C. 2019). Here, there is no dispute that the six MCA agreements at issue are valid contracts. The only dispute between the parties is whether those MCA agreements were breached, and if so, what the appropriate measure of damages is.

### i. **Excessive Fees**

Plaintiff asserts that defendants breached the MCA agreements by charging excessive upfront fees. For the reasons explained below, the Court finds that plaintiff has failed to prove that defendants breached the MCA agreements in this manner.

All six MCA agreements permitted defendants to charge up to 12% of the Purchase Price for underwriting costs and up to 10% of the Purchase Price for origination costs, which means defendants could charge a maximum of up to 22% of the Purchase Price in upfront fees. The evidence at trial established that defendants never charged more than 22% of the Purchase Price in upfront fees and always charged the amount that was disclosed to Dr. Clinton on the funding call. Thus, plaintiff presses the remaining avenue for challenging the fees it was charged: that defendants breached the MCA agreements by charging more

32

than the actual fees they incurred.[28] While, as previously noted, the Court, in recognition of defendants' overbearing practices, harbors some suspicion that the defendants in fact charged origination and underwriting fees beyond the actual fees incurred, plaintiff, who bears the burden of proof, has wholly failed to prove what defendants' actual fees were, let alone the amount of any supposed overcharging.

Despite full pre-trial discovery, plaintiff entered <u>no</u> documentary evidence about the actual fees incurred on MCA Agreement 1, MCA Agreement 2, and MCA Agreement 3. Plaintiff, however, attempted to show the actual fees incurred on MCA Agreement 4, MCA Agreement 5, and MCA Agreement 6 with an internal spreadsheet. <u>See</u> Pl. Ex. 131. But that spreadsheet does not show what plaintiff thinks it does. Plaintiff urges the Court to infer that the actual fees defendants incurred are reflected in the column labeled "Fees & Exp," which shows that $250 was incurred in connection with MCA Agreement 4, $304 was incurred in connection with MCA Agreement 5, and $250 was incurred in connection with MCA Agreement 6. <u>Id.</u> But no witness testified that was the correct interpretation of the spreadsheet. Worse yet, Mr. Kroen even pushed back against interpreting the spreadsheet in that manner. Nor as a matter of first principles does it makes sense to interpret the spreadsheet in that way. First, the MCA agreements specify that at

---

[28] To the extent plaintiff is also asking the Court to interpret the contract to only permit defendants to charge reasonable origination and underwriting fees, plaintiff would still not prevail because it also put forward no evidence showing what origination and underwriting fees would be reasonable for defendants to charge in connection with the six MCA agreements.

least $1,000 is always charged for underwriting and origination fees, which is higher than the amounts listed in the spreadsheet. Second, the spreadsheet appears to list the fees that plaintiff was actually charged in a column labeled "bank fee." See id. (listing $100,000 for MCA Agreement 4, $300,000 on MCA Agreement 5, and $200,000 on MCA Agreement 6).[29] Thus, absent on-point witness testimony, the Court declines plaintiff's invitation to interpret the spreadsheet in such a counterintuitive manner.

Compounding the lack of documentary evidence is the fact that plaintiff also failed to elicit any witness testimony establishing the actual fees that defendants incurred. The closest plaintiff came was Mr. Wolf's testimony that defendants' practice was to charge the maximum of 22% in upfront fees. See Tr. 270:12-272:25.[30] But that testimony cannot, standing alone, prove that defendants charged more

---

[29] For MCA Agreement 5, plaintiff was actually charged less in fees ($100,000) but the Court finds that the spreadsheet likely reflects the total fees that would have been charged if plaintiff was sent the second tranche of funding.

[30] Plaintiff attempts to rely on testimony from Mr. Wolf and Mr. Brezel that Mr. Braun was not paid for the underwriting services he rendered in connection with these agreements to impugn the amount in fees that defendants charged. See Pl. Proposed Findings of Fact, ¶ 138, ECF No. 254. However, the Court intentionally omitted that proposed fact from its factual findings. Based on the Court's assessment of these witnesses' demeanor and credibility, the Court concludes that those witnesses were lying about paying Mr. Braun to avoid being implicated in Mr. Braun's egregious wrongdoing in other cases. See, e.g., FTC v. RCG Advances, LLC, No. 20-cv-4432, 2023 WL 6281138 (S.D.N.Y. Sept. 27, 2023); FTC v. Braun, No. 20-cv-4432, 2024 WL 449288 (S.D.N.Y. Feb. 6, 2024); People v. Richmond Capital Grp. LLC, 2023 N.Y. Misc. LEXIS 5511 (N.Y. Sup. Ct. Sept. 15, 2023).

34

than their actual fees. Indeed, defendants never charged the full 22% in upfront fees on any of the contracts at issue here. Moreover, Dr. Clinton, as he testified, was fully aware of these fees and even tried to negotiate some of these charges. Finally, and most importantly, plaintiff has not put forward any affirmative evidence showing that defendants' actual expenses were less than what Dr. Clinton was charged. Accordingly, plaintiff has not shown that defendants breached the contract by charging excessive fees. Plaintiff is therefore not entitled to recover damages for any of the fees that defendants charged.

### ii. Over-collecting

Plaintiff also asserts that defendants breached four of the MCA Agreements (agreements 2, 3, 4, and 5) by over-collecting more than they were contractually owed.[31] Here, the Court agrees. The evidence conclusively established that defendants over-collected $2,250 on MCA Agreement 2, $150 on MCA Agreement 3, $50,071.77 on MCA Agreement 4, and $170,000 on MCA Agreement 5. Because the contracts explicitly specified the amount that defendants were entitled to receive from plaintiff (i.e., the Purchased Amount), this is a clear breach of the contracts.

Defendants attempt to avoid the consequences of this clear breach with two arguments, neither of which has merit. First, defendants argue

---

[31] Plaintiff does not claim that defendants over-collected on MCA Agreement 1 or MCA Agreement 6. See Pl. Proposed Findings of Fact, ¶ 148.

that because they charged less than the contractual maximum in upfront fees on MCA Agreements 2, 3, and 4, they should now be able to offset the over-collections by retroactively charging the contractual maximum. That argument is frivolous. The evidence established that the contracts permitted defendants to deduct <u>up to</u> 22% in upfront fees from the Purchase Price. But here, defendants chose to only deduct 20% in upfront fees from the Purchase Price on MCA Agreements 2 and 3 and deduct 10% in upfront fees from the Purchase Price on MCA Agreement 4, which are also the amounts that were disclosed to Dr. Clinton during the funding call. Defendants have pointed to nothing in the MCA agreements that would permit them, after the fact, to increase the amount of upfront fees that Haymount owes. The reason defendants have pointed to nothing is because there is <u>no</u> contractual basis for their position. The Court accordingly rejects this argument.

Second, defendants argue they are entitled to offset the over-collections on MCA Agreements 2, 3, 4, and 5 by the $479,990 that plaintiff allegedly owes GoFund on MCA Agreement 6.[32] The Court again disagrees. North Carolina law, which here governs, treats offset (which is essentially a request for a setoff) as an affirmative defense. <u>See</u> <u>Lunsford v. Cemex, Inc.</u>, 733 F. Supp. 2d 652, 658 (M.D.N.C. July 28, 2010) (crediting a party's argument that "the claim to offset unemployment benefits is an affirmative defense and thus cannot be

_____

[32] The Court presumes that defendants chose this route because they waived their counterclaim for breach of contract. <u>See</u> Joint Pretrial Consent Order, at 2 n.1 ("Defendants do not assert any counterclaims.").

36

considered in calculating the amount in controversy"); SCBT v. Rimes, 237 N.C. App. 399 (N.C. Ct. App. 2014) ("An offset under N.C. Gen. Stat. § 45-21.36 is an affirmative defense."); Mikels v. Unique Tool & Mfg. Co., No. 5:06CV32, 2007 WL 4284727, at *25 (W.D.N.C. Dec. 3, 2007) (indicating that offset is an affirmative defense); Asilonu v. Asilonu, 550 F. Supp. 3d 282, 294 (M.D.N.C. 2021) (same); Drapkin v. Mjali, 441 F. Supp. 3d 145, 157 (M.D.N.C. 2020) (equating the affirmative defenses of offset and setoff); Durham v. SMI Industries Corp., 882 F.2d 881, 883 (4th Cir. 1989) ("Setoff, however, is an affirmative defense which must be pled and proven by the party asserting it."); McGinity v. USAA Fed. Savings Bank, No. 5:19-cv-560, 2020 WL 1867386, at *2 (E.D.N.C. Apr. 14, 2020) (same). However, defendants never pled offset or setoff as an affirmative defense in their answer or amended answer. See Answer, ECF No. 90; Am. Answer, ECF No. 102. Defendants accordingly waived any argument they are entitled to an offset. See Travellers Int'l, A.G. v. Trans World Airlines, Inc., 41 F.3d 1570, 1580 (2d Cir. 1994) ("The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver.").[33]

---

[33] The Court notes, moreover, that it would have also barred defendants' claim for an offset under the doctrine of unclean hands if that doctrine was applicable to requests for monetary relief. See Drapkin, 441 F. Supp. 3d at 156 ("Under North Carolina law, the defense of unclean hands is applicable only when the plaintiff seeks an equitable remedy. Claims for monetary relief, therefore, are not properly addressed through the affirmative defense of unclean hands.").

In sum, Haymount proved that GoFund breached MCA Agreements 2, 3, and 4 and Funding 123 breached MCA Agreement 5. Haymount is thus entitled to recover $52,471.77 from GoFund and $170,000.00 from Funding 123 for over-collections.

### iii. <u>Funding the Purchase Price in Two Tranches</u>

For the first time in its post-trial briefing, plaintiff asserts that it is entitled to a "refund" of some or all of the "interest"[34] it paid on MCA Agreements 1, 2, 3, 5, and 6 because defendants underfunded those agreements by advancing the Purchase Price in two tranches, contrary to the terms of those agreements. The Court disagrees.[35]

Plaintiff's position suffers from two fatal flaws. First, plaintiff waived this aspect of its breach claim by failing to include it in the joint pretrial consent order. In the section of the joint pretrial consent order entitled "Joint Overview of the Case," plaintiff described its breach claim in the following manner: "Haymount alleges claims arising from breach of contract for: (i) over-collecting sums above the specified 'Purchased Amount' in certain MCA Agreements; (ii)

---

[34] The Court takes no position on whether defendants were charging interest. The Court is merely using the terminology that plaintiff used in describing this aspect of its claim.

[35] MCA Agreement 4 was not funded in two tranches and thus plaintiff is not seeking the return of the "interest" it paid on that agreement. The Court further notes that plaintiff does not claim that defendants' failure to advance the second tranche of funding, under MCA Agreement 5, was itself a breach. The Court accordingly does not address that issue.

38

assessing unearned fees for each of the six MCA Agreements; and (iii) breaching the terms of certain MCA Agreements by providing only a portion of the promised principal, while simultaneously not reducing the daily remittance amount contained in the MCA Agreement." Joint Pretrial Consent Order, at 1. Thus, the theory of underfunding presented in this section of the joint pretrial consent order is not the same theory of underfunding that the plaintiff presses now, after trial, as a purported failure to reduce the daily remittance rate is different in kind than a claim that plaintiff is entitled to the return of all or some of the "interest" that it allegedly paid.

Worse yet, in the section of the joint pretrial consent order entitled "Particularized Description of Each Party's Claims," plaintiff asserted that it is seeking $1,106,471 in damages based on the following three breaches: "[(i)] failing to provide the original amount of funding promised, [(ii)] over collecting more than what was agreed upon through the use of ACH debiting, and [(iii)] charging 'sham' fees that were not incurred as stated in the MCA Agreements." Id. at 2-3. But then when plaintiff specified the nature of those damages in the later order, plaintiff asserted that it was seeking $397,471 in compensatory damages for over-collections, $509,000 in compensatory damages for fee overcharges, and $167,723.04 in prejudgment interest. Id. at 25-26. Notably, plaintiff does not assert it is seeking damages, equal to some or all of the "interest" that it paid (ranging from $276,989 to $619,000), for underfunding caused by defendants' funding five of the MCA agreements in two tranches.

39

The glaring omission of this breach theory from the joint pretrial consent order is a problem for plaintiff. The undersigned's individual rules explicitly state that the parties must submit a pretrial consent order that includes both "[a] particularized description of each party's remaining claims, counterclaims, cross-claims, or third-party claims (failure to specify which will be deemed a waiver)" and "[a] particularized statement of the injunctive relief, declaratory relief, and/or damages claimed (including amounts) for each claim, counterclaim, cross-claim, or third-party claim." See Individual Rules of Practice Hon. Jed S. Rakoff, § 4(b)(ii), (v). By failing to include this aspect of their claim in the joint pretrial consent order, plaintiff has waived, or at the very least forfeited, its right to seek these damages. See Kontrick v. Ryan, 540 U.S. 443, 458 n.13 (2004) ("[F]orfeiture is the failure to make the timely assertion of a right[,]" while "waiver is the intentional relinquishment or abandonment of a known right."). The Court therefore finds that this aspect of plaintiff's breach claim is not properly preserved and that it need not be addressed on the merits.

Moreover, even assuming arguendo that plaintiff properly preserved this aspect of its breaching claim (which it did not), plaintiff's argument also fails on the merits. Plaintiff's position presupposes that defendants' decision to fund MCA Agreements 1, 2, 3, 5, and 6 in two tranches breached those contracts. The record belies that assertion. The evidence established that the contracts were

40

modified to permit defendants to send the Purchase Price in two tranches.

"It is well established under [North Carolina] law that: The provisions of a written contract may be modified or waived by a subsequent parol agreement, or by conduct which naturally and justly leads the other party to believe the provisions of the contract have been modified or waived, even though the instrument involved provides that only written modifications shall be binding." Son-Shine Grading, Inc. v. ADC Const. Co., 68 N.C. App. 417, 422 (N.C. Ct. App. 1984); accord Hodgson Const., Inc. v. Howard, 187 N.C. App. 408, 414 (N.C. Ct. App. 2007). Here, plaintiff's conduct reasonably led defendants to believe the contracts had been modified to permit the Purchase Price to be advanced in two tranches.

For the first two contracts, plaintiff signed a written addendum permitting those deals to be flexed and then accepted the money in two tranches. There is no evidence that plaintiff tried to return the money it was advanced. Thus, even though the written addendums were not signed by Merchant Capital or GoFund (as was required for the addendums to be binding under the no-oral modification clause in the contracts), plaintiff's course of conduct reasonably and justly led defendants to believe the contracts had been modified to permit sending the Purchase Price in two tranches.

The same goes for MCA Agreements 3, 5, and 6. For these agreements, even though there was no written addendum, Dr. Clinton knew flexing was the standard practice, accepted that these deals would

41

be flexed, and never appears to have attempted to return any of the funding he received because the deals were flexed. See Tr. 535:15-536:9. Furthermore, for MCA Agreement 5, Dr. Clinton directly negotiated how the deal would be flexed and ultimately accepted the deal only after he succeeded in getting more funding in the first tranche. In light of this evidence, coupled with the fact that Dr. Clinton signed written addendums permitting flexing on the first two deals, defendants justly and reasonably concluded that MCA Agreements 3, 5, and 6 had been modified to permit flexing.

Plaintiff attempts to resist this conclusion by arguing that the rule in Son-Shine Grading is inapplicable because it is premised on detrimental reliance and equity. See Pl. Reply Proposed Conclusions of Law and Fact, at 6. But plaintiff cites to no portion of that decision that actually supports that position, and, regardless, here there was detrimental reliance -- defendants advanced the Purchase Price in two tranches based upon plaintiff's conduct and continued acceptance of the funds. Plaintiff cannot avoid the clear implications of a settled rule of law by invoking a free-floating notion of equity.[36]

---

[36] Plaintiff also appears to assert that there was no modification because plaintiff did not know defendants were involved in each of the agreements. See Pl. Reply Proposed Conclusions of Law and Fact, at 1. But plaintiff cites no legal support for that proposition, and regardless, it also does not help plaintiff. The basis for finding there was a modification is based upon defendants' reliance on plaintiff's conduct.

In conclusion, the Court finds that plaintiff is not entitled to recover any damages for underfunding.[37]

### iv. UCC Lien

Plaintiff also seeks $1,750,159 in consequential damages. Plaintiff's theory is that the UCC lien that Alpha Recovery sent to United Healthcare breached MCA Agreement 6 and thus it is entitled to damages for the insurance claims it was never able to submit because the UCC lien kept Haymount's HRSA account frozen until the federal government ended the HRSA program. Accordingly, to prevail on this aspect of its breach claim, plaintiff must prove: (1) sending the UCC lien breached MCA Agreement 6; (2) the limitation of liability provision in the contract was waived; and (3) its consequential damages were caused by defendants' breach, are sufficiently definite, and were foreseeable. Even assuming arguendo that plaintiff proved that sending the UCC lien breached MCA Agreement 6 and that defendants waived the limitation of liability provision in the contract, plaintiff would still not be entitled to these consequential damages because they were not foreseeable.

"It is well established that, to recover special or consequential damages in a contract action, plaintiff must prove that these damages were in fact caused by the breach, that the amount of such damages can

---

[37] The Court also notes that it is not at all clear that plaintiff was actually damaged by this underfunding and even if plaintiff was damaged, that plaintiff's calculations appropriately measure its damages.

43

be proved with a reasonable degree of certainty, and that the damages were within the contemplation of the parties at the time they contracted." Chris v. Epstein, 113 N.C. App. 751, 756 (N.C. Ct. App. 1994). "In other words, the injured party may recover all of the damages which were *foreseeable* at the time of the contract as a probable result of the breach either because they were a *natural* result or because they were a *contemplated* result of breach." Id.

Here, Haymount is seeking to recover consequential damages for insurance claims it was unable to submit because the HRSA program ended before the Court's order could lift the freeze on Haymount's HRSA account. The problem for plaintiff is that while it was foreseeable to defendants that sending the UCC lien would freeze plaintiff's HRSA account, it was not foreseeable that the federal government would end the HRSA program, resulting in plaintiff being permanently unable to receive any reimbursement for its unsubmitted insurance claims. Dr. Clinton himself admitted on the stand that he had no idea the HRSA program was going to permanently end in advance of the federal government's announcement on March 19, 2022. Tr. 546:22-24. It is therefore clear to the Court that it was not foreseeable to defendants, at the time of entering the contract, that sending the UCC lien would lead to plaintiff being permanently unable to submit its HRSA claims for reimbursement.

Plaintiff's argument to the contrary appears to misunderstand the foreseeability analysis. Plaintiff asserts that "[t]he Individual Defendants knew their conduct would cause the damages sustained because

44

Haymount filed an Order to Show Cause concerning these specific damages," and "[r]ather than retract the letters, the Individual Defendants opposed the emergency relief sought." Pl. Proposed Conclusions of Law, at 2; see also Pl. Reply Proposed Conclusions of Law and Fact. That is not relevant. The foreseeability analysis requires the Court to determine what was reasonably foreseeable at the time of contracting, not to inquire about what defendants knew based on information that they later learned. See Crescent Univ. City Venture, LLC v. AP Alt., Inc., No. 15 CVS 14745, 2019 WL 3765313, at *18 (N.C. Super. Aug. 8, 2019) ("Consequential damages . . . are those damages which might have been within the contemplation of the parties at the time the contract was made."); Banc of Am. Merch. Servs., LLC v. Arby's Rest. Grp., Inc., No. 20 CVS 426, 2021 WL 2695474, at *11 (N.C. Super. June 30, 2021) (similar). And regardless, plaintiff's argument fails on its own terms. The memorandum that plaintiff submitted in support of the order to show cause, which contains lengthy discussions of the irreparable harm that the UCC lien would cause plaintiff, nowhere mentions that the HRSA portal will close and result in plaintiff being permanently barred from submitting its HRSA claims for reimbursement. See Pl. Mem. of Law in Supp. of Order to Show Cause for Temporary Restraining Order and Preliminary Injunction, at 3-7, 12-14, 20, ECF No. 39. Plaintiff's argument is therefore without merit.

In sum, the Court concludes that plaintiff is not entitled to recover any consequential damages.

45

### v. Alter Ego Liability

Finally, plaintiff asserts that Mr. Brezel and Mr. Wolf should be held responsible for the corporate defendant's contractual breaches. As the Court previously explained in its summary judgment opinion, a non-party to a contract between an individual and LLC cannot be sued for breach of contract, based on the actions of the LLC, unless the prerequisites for corporate veil piercing are satisfied. N.C. Gen. Stat. Ann. § 57D-3-30; Cummings v. Carroll, 270 N.C. App. 204, 228 (N.C. Ct. App. 2020), aff'd in part, rev'd in part, 379 N.C. 347 (N.C. 2021); S. Shores Realty Servs., Inc. v. Miller, 251 N.C. App. 571, 584 (N.C. Ct. App. 2017). Accordingly, the Court must determine whether it can pierce the corporate veil to hold Mr. Wolf and Mr. Brezel, both non-parties to the MCA agreements, liable for the corporate defendants' breaches.

To determine whether to pierce the corporate veil, the Court must apply the law of the state where the LLCs are incorporated. In re Digit. Music Antitrust Litig., 812 F. Supp. 2d 390, 418 (S.D.N.Y. 2011); see also Tayyib Bosque, Corp. v. Emily Realty, LLC, 813 F. App'x 628, 630 (2d Cir. 2020); Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995); Sweeney, Cohn, Stahl & Vaccaro v. Kane, 773 N.Y.S.2d 420, 423 (N.Y. App. Div. 2d Dep't 2004).[38] Because the corporate

---

[38] The same result would obtain, if for some reason, the choice-of-law rules of Connecticut or North Carolina applied to this question. See In re American Ambulette & Ambulance Serv., Inc., 560 B.R. 256, 269-70 (Bankr. E.D.N.C. 2016); Dassault Falcon Jet Corp. v. Oberflex, Inc., 909 F. Supp. 345, 348-49 (M.D.N.C. 1995); Herrmann Int'l, Inc. v.

46

defendants are incorporated in Connecticut, the Court will apply Connecticut law.

The Connecticut "Supreme Court has endorsed two tests: the instrumentality test and the identity test" to determine whether piercing the corporate veil is appropriate. KLM Indus., Inc. v. Tylutki, 75 Conn. App. 27, 32 (Conn. App. Ct. 2003). If either test is satisfied, the corporate veil may be pierced. In re Carrano, 530 B.R. 540, 556 (Bankr. D. Conn. 2015). However, regardless of which test is used, "the corporate veil is pierced only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetrate fraud or promote injustice." McKay v. Longman, 332 Conn. 394, 444 (Conn. 2019).

Here, plaintiff argues that the corporate veil can be pierced under the instrumentality test. See Pl. Proposed Conclusions of Law, at 7-10. Under the instrumentality rule, a plaintiff must prove: "(1) [c]ontrol, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant

---

Hermann Int'l Europe, No. 1:17-cv-00073, 2021 WL 861712, at *5 (W.D.N.C. Mar. 8, 2021); Al Hamra Trading, Est. v. Diamondback Tactical, LLP, No. 1:12-cv-00373, 2014 WL 5023488, at *9 (W.D.N.C. Oct. 8, 2024); Graduation Sols, LLC v. Acadima, LLC, No. 3:17-CV-01342, 2018 WL 3637479, at *5 (D. Conn. July 31, 2018).

47

to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of the plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." Naples v. Keystone Bldg. & Dev. Corp., 295 Conn. 214, 232 (Conn. 2010).

Under the first element of this rule, "the primary question is whether an entity is completely dominated by another." Chapco, Inc. v. Woodway USA, Inc., 282 F. Supp. 3d 472, 481 (D. Conn. 2017). Courts will accordingly consider the following factors in determining whether the requisite level of control has been exercised: "(1) the absence of corporate formalities; (2) inadequate capitalization; (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes; (4) overlapping ownership, officers, directors, personnel; (5) common office space, address, phones; (6) the amount of business discretion by the allegedly dominated corporation; (7) whether the corporations dealt with each other at arm's length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of debts of the dominated corporation; and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own." Naples, 295 Conn. at 233. These factors, however, are "non-exclusive." Chapco, 282 F. Supp. 3d at 481. That is because there is "[n]o hard and fast rule . . . as to the conditions under which the entity may be disregarded . . . as they vary according to the circumstances of each

48

case." <u>Pasco Common Condo. Ass'n v. Benson</u>, 192 Conn. App. 479, 520 (Conn. Ct. App. 2019).

Here, plaintiff has proven that Mr. Wolf exercised the requisite level of control over the corporate defendants (GoFund and Funding 123) with respect to MCA Agreements 4 and 5.[39] Defendants' concession "that corporate formalities were not fully followed" is an understatement. Def. Post-Trial Proposed Findings of Fact and Conclusions of Law, ¶ 22. The evidence conclusively established that the Connecticut entities were mere shells set up by Mr. Kroen and Mr. Wolf to take advantage of Connecticut's pre-judgment attachment statute. The Connecticut entities had no offices, no employees, and no independent bank accounts. The entities also never transacted any business in Connecticut or filed any taxes. In short, the Connecticut entities had absolutely no connection to Connecticut and effectively existed on paper only.

Furthermore, even though Mr. Kroen and Mr. Getter were at different points in time the on-paper owners of the Connecticut entities, it was Mr. Wolf who was calling the shots. Mr. Wolf paid to set up the entities, continued to fund the entities through his company Bridge Funding (including paying rent on an office in Connecticut that

---

[39] Because plaintiff is not claiming any over-collections with respect to MCA deals 1 and 6, the fact that Mr. Wolf controlled those transactions is not directly relevant here. It is therefore also not directly relevant whether Mr. Wolf controlled Merchant Capital, which was only a party to MCA Agreement 1. However, because Mr. Wolf treated all the Connecticut entities in the same manner, the Court necessarily is addressing Mr. Wolf's control over Merchant Capital as part and parcel of Mr. Wolf's control over all the Connecticut entities.

the entities never actually used), and made decisions about how and when the Connecticut entities funded MCA deals. Further to the point, Mr. Wolf admitted that he controlled the first, fourth, fifth, and sixth MCA deals, and that the Connecticut entities did nothing in connection with those deals. Therefore, even though Mr. Wolf was not the on-paper owner or even a named director of the Connecticut entities, he still exercised the requisite level of domination and control over the Connecticut entities with respect to MCA Agreement 4 and 5 to satisfy the first element of the instrumentality rule. See Angelo Tomasso, Inc. v. Armor Constr. & Paving, Inc., 187 Conn. 544, 556-57 (Conn. 1982) (Although the Court should consider "stock ownership" and whether the individual is "an officer or director of the pierced corporation, . . . [i]t is clear that the key factor in any decision to disregard the separate corporate entity is the element of control or influence exercised by the individual sought to be held liable over corporate affairs.").

However, the evidence established that Mr. Brezel ran the second and third MCA deals without much if any involvement from Mr. Wolf. Accordingly, the Court concludes that Mr. Wolf did not exercise the requisite level of control over MCA Agreements 2 and 3 for the imposition of personal liability for the over-collections on those transactions to be proper. See in re Carrano, 530 B.R. 540, 556 (Bankr. D. Conn. 2015) (emphasizing that the first element is whether "complete domination and control" has been exercised "in respect to the transaction attacked"); Angelo, 187 Conn. at 559 ("The fact that the

50

corporate veil could be disregarded for some purposes does not mean that it must be disregarded for all purposes.").

Plaintiff, however, has not at all proven that Mr. Brezel exercised the requisite level of control over the Connecticut entities to satisfy the first element of the instrumentality rule. Plaintiff put forward no evidence that Mr. Brezel controlled the Connecticut entities in any respect, let alone with respect to the transactions at issue here. The only evidence of Mr. Brezel's involvement with the Connecticut entities is that he contracted, in GoFund's name, on his two deals, received profits on some of Mr. Wolf's deals as a syndicate, and on a few occasions signed settlement agreements on behalf of the Connecticut entities. That evidence is plainly insufficient to show control and domination.

The fact that Mr. Brezel signed settlement agreements on behalf of the Connecticut entities does not show that he controlled those entities. At most, it shows that he was an authorized representative of the entities. Furthermore, receiving profits as a syndicate member on some of Mr. Wolf's deals does not equate to Mr. Brezel actually controlling the Connecticut entities. Finally, for the second and third MCA agreements, the evidence established that GoFund was nominally the contracting party, but that GSS Equity and Tailored Fund ran those transactions; but no evidence established that GSS Equity and Tailored Fund exercised actual control and domination over GoFund with respect to those transactions, rather than merely using the name of GoFund as a front and then conducting the transaction through an entirely

51

different entity.[40] Accordingly, plaintiff cannot pierce the corporate veil to hold Mr. Brezel responsible for any of the over-collections.

Now turning to the second element, plaintiff has proven that Mr. Wolf used his control over the Connecticut entities to perpetrate a fraud or wrongdoing against plaintiff. See Pasco Common, 192 Conn. App at 523 (explaining that this element focuses on whether the individual "improperly used his control over the . . . corporate form to accomplish . . . misconduct."). Defendants are right to point out that ordinarily breach of contract standing alone is insufficient to prove this element. See Campisano v. Nardi, 212 Conn. 282, 293-94 (Conn. 1989). However, a breach of contract coupled with a showing that a "the corporation was formed for an improper purpose," such as forming a corporation "to shelter [oneself] from personal obligations incurred prior to the formation or the corporation" or "to commit or to avoid liability for any personal wrongful act," is sufficient to satisfy the second element. Id. Here, plaintiff has made that showing.

The Connecticut entities were plainly formed for an improper purpose: to fraudulently take advantage of Connecticut's pre-judgment attachment statute, even though the entities and the transactions never had any connection to Connecticut. Furthermore, the evidence showed that Mr. Wolf intentionally structured the Connecticut entities so as to obfuscate his control over the entities and thus implicitly to avoid

---

[40] It is thus irrelevant that Mr. Brezel may have controlled GSS Equity and Tailored Fund, as plaintiff cannot pierce the corporate veil to go from GoFund to GSS Equity or Tailored Fund.

liability for any wrongful act done under the name of the Connecticut entities. Specifically, the evidence established that Mr. Wolf funded and controlled the Connecticut entities but ensured that the Connecticut entities were always in someone else's name, first Mr. Kroen's and then Mr. Getter's. Mr. Wolf then used his control over those entities to run MCA deals 4 and 5 and overcharge plaintiff in contravention of the terms of those agreements. And if the Court does not permit corporate veil piercing, plaintiff will likely never recover a dime because the Connecticut entities never existed beyond merely being names on a piece of paper. Cf. Naples, 295 Conn. at 236 (faulting a plaintiff for failing to show that not piercing the corporate veil "would perpetrate a fraud or other injustice, such as by wrongfully denying them compensation for the damages occasioned by the contractual and warranty breaches"). Because the evidence established that Mr. Wolf used his control over the Connecticut entities to breach the contracts with plaintiff and that these entities were formed for a fraudulent purpose and structured so as to obfuscate Mr. Wolf's role in any wrongdoing, the Court finds the second element is satisfied.

Finally, the third element is easily satisfied. The evidence established that Mr. Wolf controlled the fourth and fifth MCA deals and thus he controlled whether or not Haymount was over-charged. Accordingly, Mr. Wolf's exercise of control over the Connecticut entities was the proximate cause of plaintiff's monetary harm. See Naples, 295 Conn. at 232 ("the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of"). It

53

follows that the Court will pierce the corporate veil and hold Mr. Wolf responsible for $50,071.77 that plaintiff was over-charged by GoFund on MCA Agreement 4 and for $170,000 that plaintiff was over-charged by Funding 123 on MCA Agreement 5.

III. Conclusion

For the foregoing reasons, the Court finds plaintiff is entitled to $170,000 against Funding 123 and $52,471.77 from GoFund, with Mr. Wolf also being jointly and severally liable to plaintiff for $170,000 owed by Funding 123 and $50,071.77 owed by GoFund. Plaintiff is also entitled to prejudgment interest, to be calculated by the Clerk of Court, of 8% per annum beginning on February 7, 2022.[41]

---

[41] N.C. Gen. Stat. § 24-5(a) provides that "[i]n an action for breach of contract . . . the amount awarded on the contract bears interest from the date of breach." Here, plaintiff has conceded that date is February 7, 2022. See Pl. Proposed Conclusions of Law, at 7. The statute further specifies that "[i]f the parties have agreed in the contract that the contract rate shall apply after judgment, then interest on an award in a contract action shall be at the contract rate after judgment; otherwise it shall be at the legal rate." N.C. Gen. Stat. § 24-5(a). Accordingly, the Court may award pre-judgment interest "at the contract rate, or the legal rate if the parties have not agreed upon an interest rate." Cleveland Constr., Inc. v. Ellis-Don Constr. Inc., 210 N.C. App. 522, 536 (N.C. Ct. App. 2011). Here, there is no interest rate specified in the relevant MCA agreements. See Pl. Ex. 2, at 1 ("there is no interest rate or payment schedule and no time period during which the Purchased Amount must be collected"); Pl. Ex 3, at 1 (same); Pl. Ex. 4, at 1 (same); Pl. Ex. 5, at 1 (same). Plaintiff attempts to avoid this fact by arguing that the interest rate "is readily discernable on the[] face" of the agreements and then calculates what the interest rate would be using a mathematical formula. See Pl. Proposed Conclusions of Law, at 7; Pl. Reply Conclusions of Law and Fact, at 9. However, plaintiff cites no cases that support manufacturing an interest rate when the contract itself specifies there is no interest rate. Cf. Craftique, Inc. v. Stevens & Co., Inc., 321 N.C. 564, 568 (N.C. 1988) (noting the difference between a contract that "had an agreed interest rate in

54

The Clerk of Court is respectfully directed to make the indicated calculation, enter final judgment, and close the case.

SO ORDERED.

Dated:    New York, NY

          June 26, 2024

JED S. RAKOFF, U.S.D.J.

---

[the] contract" and a contract that "did not"). That is likely because there are no cases supporting such an approach, as plaintiff's ex-post calculations cannot change that the contract never specifies an interest rate and thus the parties never contractually agreed to an interest rate. Cf. Hardy-Latham v. Wellons, 415 F.2d 674, 679 (4th Cir. 1968) ("[A]bsent an agreement between the parties, [the legal rate of interest] is the rate due on money owed under a contract."); Coston v. Coston, 109 N.C. App. 306, 308 (N.C. Ct. App. 1993) (noting that the North Carolina Supreme Court has "stated: In the absence of an agreement, the injured party is entitled to interest at the legal rate. Implicit in this statement is the idea that if the parties do have an agreement concerning interest, that agreement will control."); Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 526 (E.D.N.C. 2012) (applying a contractual interest rate explicitly specified in the contract); Barrett Kays & Assocs., P.A. v. Colonial Bldg. Co., 129 N.C. App. 525, 529 (N.C. Ct. App. 1998) ("Interest is to be assessed at the legal rate of 8 percent, unless the parties have provided otherwise by agreement, in which event the agreement shall prevail."). Accordingly, the Court uses the legal rate of interest in North Carolina, which is 8% per annum. See N.C. Gen. Stat. § 24-1.

55

# EXHIBIT G

## Corey, Alex

| | |
|---|---|
| **From:** | Heskin, Shane |
| **Sent:** | Sunday, April 14, 2024 10:53 AM |
| **To:** | David A. Picon (DPicon@proskauer.com) |
| **Subject:** | Fwd: Spin v Golden Foothill |

What's wrong with this guy?

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, April 14, 2024 10:46:15 AM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Corey, Alex <Coreya@whiteandwilliams.com>
**Subject:** Re: Spin v Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Mr Heskin,

Under no circumstances are you allowed to contact REDACTED or REDACTED in relation to any Spin/Josh Lubin matters.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Tuesday, April 2, 2024 8:56:05 PM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Corey, Alex <Coreya@whiteandwilliams.com>
**Subject:** Re: Spin v Golden Foothill

Mr Heskin,

REDACTED and REDACTED do not represent me or Spin on this matter anymore.  It's taking longer than expected to get them to sign substitutions.

You will be updated as soon as new counsel is noticed in.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Friday, March 29, 2024 9:50:25 PM
**To:** Josh Lubin <josh@spincapital.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Corey, Alex <Coreya@whiteandwilliams.com>
**Subject:** Re: Spin v Golden Foothill

Oliver,

1

Please get me available deposition dates for Mr. Lubin within next two weeks.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, March 29, 2024 9:46:05 AM
**To:** Oliver Griffin <oliver.griffin@griffinlawllp.com>
**Cc:** Heskin, Shane <heskins@whiteandwilliams.com>
**Subject:** Spin v Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Oliver,

I copied Mr Leers attorney on this email (opposing counsel). Meet Shane Heskin. He's an upcoming attorney that has sued me for RICO numerous times and never won a case against me.

Shane,

Meet Oliver.

Have a great weekend.


Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

# EXHIBIT H

**Corey, Alex**

| | |
|---|---|
| **From:** | Oliver Griffin <oliver.griffin@griffinlawllp.com> |
| **Sent:** | Sunday, April 14, 2024 3:55 PM |
| **To:** | Heskin, Shane; Corey, Alex |
| **Subject:** | RE: Spin v Golden Foothill |

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Received and confirmed.

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Sunday, April 14, 2024 1:44 PM
**To:** Oliver Griffin <oliver.griffin@griffinlawllp.com>; Corey, Alex <Coreya@whiteandwilliams.com>
**Subject:** Re: Spin v Golden Foothill

Oliver,

Your client should not be sending me emails directly.  Please ask him to stop.

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, April 14, 2024 10:46:15 AM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Corey, Alex <Coreya@whiteandwilliams.com>
**Subject:** Re: Spin v Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Mr Heskin,

Under no circumstances are you allowed to contact Jason DeJonker or Steve Wells in relation to any Spin/Josh Lubin matters.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Tuesday, April 2, 2024 8:56:05 PM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Corey, Alex <Coreya@whiteandwilliams.com>
**Subject:** Re: Spin v Golden Foothill

Mr Heskin,

Steve Wells and Jason DeJonker do not represent me or Spin on this matter anymore.  It's taking longer than expected to get them to sign substitutions.

1

You will be updated as soon as new counsel is noticed in.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Friday, March 29, 2024 9:50:25 PM
**To:** Josh Lubin <josh@spincapital.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>; Corey, Alex <Coreya@whiteandwilliams.com>
**Subject:** Re: Spin v Golden Foothill

Oliver,

Please get me available deposition dates for Mr. Lubin within next two weeks.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, March 29, 2024 9:46:05 AM
**To:** Oliver Griffin <oliver.griffin@griffinlawllp.com>
**Cc:** Heskin, Shane <heskins@whiteandwilliams.com>
**Subject:** Spin v Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Oliver,

I copied Mr Leers attorney on this email (opposing counsel). Meet Shane Heskin. He's an upcoming attorney that has sued me for RICO numerous times and never won a case against me.

Shane,

Meet Oliver.

Have a great weekend.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

2

# EXHIBIT I

**Corey, Alex**

| | |
|---|---|
| **From:** | Josh Lubin <josh@spincapital.com> |
| **Sent:** | Friday, February 7, 2025 5:06 PM |
| **To:** | Jeffrey Chubak; Heskin, Shane |
| **Subject:** | Re: Spin v. Golden Foothill |

| | |
|---|---|
| **Importance:** | High |

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Mr Heskin,

I'm demanding  you copy me on every email with my attorneys.

Get Outlook for iOS

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Friday, February 7, 2025 5:04 PM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** FW: Spin v. Golden Foothill

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Friday, February 7, 2025 5:01 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; Steve Byrne <steve@iniciocapitalgroup.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

Jeffrey,

Why did you copy your client on this?  I did not realize he was on this.  Please remove him and do not include him going forward unless you are waiving privilege.

Also, please instruct your client to stop sending me random unsolicited emails.

This needs to stop.

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, February 7, 2025 4:58:54 PM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Jeffrey Chubak <jchubak@aminillc.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>; Steve Byrne <steve@iniciocapitalgroup.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Jeff,

By Monday send a demand letter to turn over all the policies in the capfactor and affiliated entities universe to Fred estate.

Have a great weekend everyone.

Kind regards,

Josh Lubin

Get Outlook for iOS

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Friday, February 7, 2025 4:54:29 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>
**Cc:** Josh Lubin <josh@spincapital.com>; Avery Samet <asamet@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

Jeffrey,

This settlement offer cannot be serious.  I will pass this along but I don't believe this demand is made in good faith or is grounded in any legal basis.

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Friday, February 7, 2025 4:47 PM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>
**Cc:** Josh Lubin <josh@spincapital.com>; Avery Samet <asamet@aminillc.com>
**Subject:** Spin v. Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

**Confidential Settlement Communication**

Our settlement proposal:



3

# EXHIBIT J

## Corey, Alex

| | |
|---|---|
| **From:** | Heskin, Shane |
| **Sent:** | Friday, February 7, 2025 5:14 PM |
| **To:** | Jeffrey Chubak |
| **Subject:** | Re: Spin v. Golden Foothill |

He's not going to listen.  We need an order enjoining him.

---

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Friday, February 7, 2025 5:13:29 PM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>
**Subject:** Re: Spin v. Golden Foothill

<span style="color:red">CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.</span>

We'll communicate through counsel, I'll tell him to stop

---

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Friday, February 7, 2025 5:10:55 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

Jeff,

Please be advised that I will be filing an order to show cause on Monday seeking to enjoin Mr. Lubin from sending counsel for the Leer Defendants direct emails.  If he wants to communicate with me, it has to be done through counsel.

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, February 7, 2025 5:06:09 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>; Heskin, Shane <heskins@whiteandwilliams.com>
**Subject:** Re: Spin v. Golden Foothill

<span style="color:red">CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.</span>

Mr Heskin,

I'm demanding  you copy me on every email with my attorneys.

Get Outlook for iOS

---

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Friday, February 7, 2025 5:04 PM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** FW: Spin v. Golden Foothill

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Friday, February 7, 2025 5:01 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>; Corey, Alex <Coreya@whiteandwilliams.com>;
jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; Steve Byrne <steve@iniciocapitalgroup.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

Jeffrey,

Why did you copy your client on this?  I did not realize he was on this.  Please remove him and do not include him going forward unless you are waiving privilege.

Also, please instruct your client to stop sending me random unsolicited emails.

This needs to stop.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, February 7, 2025 4:58:54 PM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Jeffrey Chubak <jchubak@aminillc.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>; Steve Byrne <steve@iniciocapitalgroup.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Jeff,

By Monday send a demand letter to turn over all the policies in the capfactor and affiliated entities universe to Fred estate.

Have a great weekend everyone.

Kind regards,

Josh Lubin

Get Outlook for iOS

---

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Friday, February 7, 2025 4:54:29 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>
**Cc:** Josh Lubin <josh@spincapital.com>; Avery Samet <asamet@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

Jeffrey,

This settlement offer cannot be serious.  I will pass this along but I don't believe this demand is made in good faith or is grounded in any legal basis.

---

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Friday, February 7, 2025 4:47 PM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>
**Cc:** Josh Lubin <josh@spincapital.com>; Avery Samet <asamet@aminillc.com>
**Subject:** Spin v. Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

**Confidential Settlement Communication**

Our settlement proposal:



3

REDACTED

4

# EXHIBIT K

## Corey, Alex

| | |
|---|---|
| **From:** | Josh Lubin <josh@spincapital.com> |
| **Sent:** | Friday, February 7, 2025 5:15 PM |
| **To:** | Jeffrey Chubak; Heskin, Shane; John Giardino; Steve Byrne; 'Steven Wells'; Stefan Leer; Picon, David A.; Mark E. Shure; 'Morris, Matthew J.' |
| **Subject:** | Re: Spin v. Golden Foothill |
| | |
| **Importance:** | High |

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Mr Heskin,

Please be advised that I will be reporting you the bar for advising your client to steal 2MM from me and you will be disbarred.

Have a great weekend.

Josh Lubin

Get Outlook for iOS

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Friday, February 7, 2025 5:12:23 PM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Fw: Spin v. Golden Foothill

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Friday, February 7, 2025 5:10:31 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

Jeff,

Please be advised that I will be filing an order to show cause on Monday seeking to enjoin Mr. Lubin from sending counsel for the Leer Defendants direct emails.  If he wants to communicate with me, it has to be done through counsel.

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, February 7, 2025 5:06:09 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>; Heskin, Shane <heskins@whiteandwilliams.com>
**Subject:** Re: Spin v. Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Mr Heskin,

I'm demanding  you copy me on every email with my attorneys.

Get [Outlook for iOS](#)

---

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Friday, February 7, 2025 5:04 PM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** FW: Spin v. Golden Foothill

---

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Friday, February 7, 2025 5:01 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>; Corey, Alex <Coreya@whiteandwilliams.com>;
jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; Steve Byrne <steve@iniciocapitalgroup.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

Jeffrey,

Why did you copy your client on this?  I did not realize he was on this.  Please remove him and do not include him going forward unless you are waiving privilege.

Also, please instruct your client to stop sending me random unsolicited emails.

This needs to stop.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, February 7, 2025 4:58:54 PM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Jeffrey Chubak <jchubak@aminillc.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>; Steve Byrne <steve@iniciocapitalgroup.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Jeff,

By Monday send a demand letter to turn over all the policies in the capfactor and affiliated entities universe to Fred estate.

Have a great weekend everyone.

Kind regards,

Josh Lubin

2

Get Outlook for iOS

---

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Friday, February 7, 2025 4:54:29 PM
**To:** Jeffrey Chubak <jchubak@aminillc.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>
**Cc:** Josh Lubin <josh@spincapital.com>; Avery Samet <asamet@aminillc.com>
**Subject:** Re: Spin v. Golden Foothill

Jeffrey,

This settlement offer cannot be serious.  I will pass this along but I don't believe this demand is made in good faith or is grounded in any legal basis.

---

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Friday, February 7, 2025 4:47 PM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>
**Cc:** Josh Lubin <josh@spincapital.com>; Avery Samet <asamet@aminillc.com>
**Subject:** Spin v. Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

**Confidential Settlement Communication**

Our settlement proposal:



REDACTED

4

# EXHIBIT L

| | |
|---|---|
| **From:** | Josh Lubin <josh@spincapital.com> |
| **Sent:** | Monday, February 10, 2025 10:50 AM |
| **To:** | Jeffrey Chubak; Heskin, Shane |
| **Subject:** | Re: Spin v. Golden Foothill |

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Your messing with god. Let's see how it goes for you.

Get Outlook for iOS

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Monday, February 10, 2025 8:48:07 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Fw: Spin v. Golden Foothill

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Monday, February 10, 2025 10:03:28 AM
**To:** Jeffrey Chubak <jchubak@aminillc.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>; Mark E. Shure <mshure@em3law.com>; Picon, David A. (DPicon@proskauer.com) <DPicon@proskauer.com>; Pohlman, Daniel J. <dpohlman@pryorcashman.com>; Dustin Dyer <ddyer@dyerlawfirm.com>
**Subject:** RE: Spin v. Golden Foothill

All counsel,

Please be advised that we are filing an OTC this morning seeking to (i) enjoin Plaintiff Spin Capital LLP ("Spin") and its principal, Avrumi ("Josh") Lubin ("Lubin"), from making direct contact with counsel for the Leer Defendants; (ii) enjoining Spin and Lubin from making direct contact with all parties to this case, including their principals, agents and employees; (iii) directing all counsel adverse to Spin that they do not have to comply with Mr. Lubin's demand that opposing counsel "copy [Lubin] on every email with [his] attorney"; and (iv) awarding monetary sanctions and attorney's fees.

Please see the attached, which is just one of the five emails I received over the weekend.

We will be asking the Court for an immediate hearing this afternoon so please make yourselves available.

-Shane

**From:** Jeffrey Chubak <jchubak@aminillc.com>
**Sent:** Friday, February 7, 2025 4:48 PM
**To:** Heskin, Shane <heskins@whiteandwilliams.com>; Corey, Alex <Coreya@whiteandwilliams.com>; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com

**Cc:** Josh Lubin <josh@spincapital.com>; Avery Samet <asamet@aminillc.com>
**Subject:** Spin v. Golden Foothill

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

**Confidential Settlement Communication**

Our settlement proposal:

