# EXHIBIT 8

*At IAS Part 01 Commercial Division, of the Supreme Court of the State of New York, held in and for the County of New York at the Courthouse thereof, 60 Center Street, New York, New York, on the 10th day of Feb., 2025.*

PRESENT: Hon. Nancy M. Bannon

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| SPIN CAPITAL, LLC,<br><br>        Plaintiff<br>   -against-<br><br>GOLDEN FOOTHILL INSURANCE SERVICES, LLC, a DELAWARE LIMITED LIABILITY COMPANY, *et al.*,<br><br>        Defendants. | Index No. 650582/2022<br><br>Hon. Nancy M. Bannon<br><br>**PROPOSED ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER**<br><br>MOT SEQ 033 |

**UPON READING AND FILING** the (i) Affirmation of Shane R. Heskin Pursuant to 22 NYCRR § 202.7, dated February 10, 2025; (ii) the Affirmation of Emergency and Good Faith of Shane R. Heskin, dated February 10, 2025, together with exhibits thereto;

**LET** Plaintiff Spin Capital LLC ("Spin") Show Cause before this Court, located at 60 Center Street, New York, New York 10005, Rm 238, on the 12th day of March, 2025, at 9:30 in the forenoon of that day, or as soon as thereafter as counsel may be heard, why an order should not be granted:

  (i)  Pursuant to the Court's inherent equitable powers, enjoining Plaintiff Spin Capital LLP ("Spin") and its principal, Avrumi ("Josh") Lubin ("Lubin"), from making direct contact with counsel for Defendants Golden Foothill Insurance Services, LLC, Life Factor II, LLC, Life Shares II, LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., Eldo Investments, LLC, The Genesis LS Fund, LLC, KTL Holdings, Inc.,

DRVN Holdings, LLC, Life Shares 1019, LLC, Stefan Leer and Tatanisha Leer (the "Leer Defendants");

(ii) Pursuant to the Court's inherent equitable powers, directing Spin and Lubin to cease all ~~direct~~ communications with any principal of ~~all Defendants in this Action;~~ *the Leer Defendants, except through Counsel.*

(iii) Pursuant to the Court's inherent equitable powers, directing all counsel adverse to Spin that they do not have to comply with Mr. Lubin's demand that opposing counsel "copy [Lubin] on every email with my attorney."

(iv) Pursuant to 22 NYCRR § 130-1.1, awarding the Leer Defendants sanctions and attorney's fees for the costs of bringing this motion; and

(v) Awarding such other and further relief as may be just, proper, and equitable.

**SUFFICIENT REASON APPEARING THEREFOR, IT IS HEREBY ORDERED**

That, pending the hearing and determination of this application, (i) ~~Plaintiff, including its~~ *all parties and Principals of parties must communicate with other parties* ~~principals, or anyone acting in concert with it, under its control, or at its direction or request, are~~ *or principals of parties through counsel only, in regard to this* ~~enjoined and restrained from making direct contact with counsel for the Leer Defendants and all~~ *litigation (in accordance with the Rules of Professional Conduct)* ~~principals of Defendants, except through counsel;~~ *and counsel shall so remind their respective clients, and* ~~it is further~~

**IT IS FURTHER ORDERED** that service of this Order to Show Cause and the papers upon which it is based shall be deemed to have been made upon all parties to this action on the date such Order or papers are filed on the Court's electronic docket, *and by email to Avrumi (Josh) Lubin by email on or* and such shall be deemed *before Feb 12, 2025* good and sufficient service thereof.

**IT IS FURTHER ORDERED** that opposition papers, if any, shall be served and filed so as to be received and filed no later than 5 p.m. on *March 10*, 2025.

*ENTERED*

*2-10-25*

HON. NANCY M. BANNON

-2-