UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | |
|---|---|
| GOLDEN FOOTHILL INSURANCE SERVICES, LLC, LIFE FACTOR II, LLC, LIFE SHARES II, LLC, EL DORADO HILLS INSURANCE SOLUTIONS, INC., LONE WOLF INSURANCE SERVICES, INC., ELDO INVESTMENTS, LLC, THE GENESIS LS FUND, LLC, KTL HOLDINGS, INC., and TATANISHA LEER, | Docket No..: 24-cv-08515<br><br>**ANSWER WITH AFFIRMATIVE DEFENSES** |

                Plaintiffs,

- against -

SPIN CAPITAL, LLC, AVRUMI (a/k/a JOSH) LUBIN, BMF ADVANCE LLC, GAVRIEL YITZCHAKOV a/k/a GABE ISAACOV, HI BAR CAPITAL, LLC, YOEL GETTER a/k/a JOEL GETA, and YISROEL HERBST,

                Defendants.

-------------------------------------------------------------------X

Defendants BMF Advance LLC ("BMF") and Gavriel Yitzchakov ("Mr. Yitzchakov," and together with BMF, the "BMF Defendants") submit this Answer with Affirmative Defenses in response to the Plaintiff's Amended Complaint.

## GENERAL DENIAL

Except as expressly admitted herein, the BMF Defendants deny each and every allegation contained in the Amended Complaint, including the headings, prayers for relief, and characterizations of law.

## RESPONSES TO ALLEGATIONS

The BMF Defendants lack information or belief sufficient to answer or deny paragraphs 24-31, 42, 45-47, 48, 50, 57-64, 66, 78, 80-82, 84-90, 105-123, 137, 138, 147-165, 174-184, 188-193, 220-222, 229-230, 232-233, 236, 237, and 268-286.

The BMF Defendants deny the allegations in paragraphs 1-23, 49, 51-56, 65; deny the allegations of paragraph 67 to the extent it is intended to make any allegation against the BMF Defendants and otherwise states that the email referenced speaks for itself; deny the allegations in paragraphs 69-71, 75-77, 83, 91-92, 95, 96, 98-100; deny the allegations of paragraph 101 to the extent that such paragraph describes the agreement as one where BMF "purportedly purchase[d]" the merchant's receivables, and state that the agreement otherwise contains the quoted language but that the operation of the agreement pursuant to its terms otherwise speaks for itself; deny the allegations in paragraphs 102-104, 124; deny the allegations of paragraph 126 to the extent that such paragraph describes the agreement as having "principal", and state that in the agreement the parties agreed upon certain deductions and fees, which are explicitly stated and disclosed in the agreement; deny the allegations of paragraph 126 to the extent that such paragraph describes the agreement as having "principal", and state otherwise that the merchant received the funds it was owed pursuant to the terms of the referenced agreement; deny the allegations in paragraphs 128, 129, 131-133; deny the allegations of paragraph 134 to the extent that such paragraph describes the agreement as one where BMF "purportedly purchase[d]" the merchant's receivables, and state that the agreement otherwise contains the quoted language but that the operation of the agreement pursuant to its terms otherwise speaks for itself; deny the allegations in paragraphs 135-136, 139; deny the allegations of paragraph 141 to the extent such allegations intend to imply that the merchant did not receive what it was owed pursuant to the terms of the agreement; deny the allegations of paragraphs 142-143, 145-146, 148; deny the allegations of paragraph 149 to the extent that such paragraph describes the subject receivables as "allegedly" purchased by BMF and state otherwise that the operation of the agreement pursuant to its terms otherwise speaks for itself; deny the allegations of paragraphs 150-152; deny the allegations of paragraph 166 to the extent

such paragraph is intended to allege that the agreements at issue in this action have been adjudicated to be loans in the referenced decision of the Southern District of New York; deny the allegations of paragraphs 168-170, 172-173, 194, 197, 198, 200, 201, 203-219; deny the allegations in paragraph 223-227 to the extent said paragraphs make any allegation as to the BMF Defendants; deny the allegations in paragraphs 228, 231; deny the allegations in paragraph 234-235, and 238-239 to the extent said paragraphs make any allegation as to the BMF Defendants; deny the allegations of paragraphs 240-267, 287-308.

BMF admits the allegations in the following paragraphs only to the extent as admitted specifically as follows:

As to paragraph 43, the BMF Defendants admit only that BMF Advance is a limited liability company duly organized under the law of New York with a place of business in Florida.

As to paragraph 51, the BMF Defendants admit only that the BMF agreements have a jurisdiction and venue clause and state that such clause speaks for itself.

As to paragraph 72, the BMF Defendants admit only that the LinkedIn profile which is attached as exhibit 2 to the Amended Complaint refers to Joseph Isaacov as Hop Capital's CEO for the period identified, and otherwise denies any and every other characterization contained therein.

As to paragraph 73, the BMF Defendants admit only that the New York Department of State Division of Corporations record attached as Exhibit 3 to the Amended Complaint identified Hop Capital as an assumed name in the Assumed Name History for Funderz.Net LLC and otherwise denies any and every other characterization contained therein.

As to paragraph 74, the BMF Defendants admit only that the LinkedIn profile which is attached as exhibit 4 to the Amended Complaint refers to Benjamin Yitzchakov as CEO of Panther

Capital for the period identified, and admits that Panther Capital is identified as an assumed name in the Assumed Name History for Funderz.Net LLC and otherwise denies any and every other characterization contained therein.

As to paragraph 79, the BMF Defendants admit only that the referenced decision was issued by Judge Liman and state otherwise that the decision speaks for itself, and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 93, the BMF Defendants admit only that in the referenced agreement the merchant agreed that "[t]he Remittance is a good faith estimate of (a) Purchased Percentage multiplied by (b) the daily average revenues of Seller during the previous calendar month divided by (c) the number of business days in the calendar month," and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 94, the BMF Defendants admit only that $80,000 was remitted to the merchant pursuant to the explicit agreed-upon terms of the agreement, and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 97, the BMF Defendants admit only that the referenced agreement contains the quoted language of the referenced addendum, and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 125, the BMF Defendants admit only that in the referenced agreement the merchant agreed that "[t]he Remittance is a good faith estimate of (a) Purchased Percentage multiplied by (b) the daily average revenues of Seller during the previous calendar month divided by (c) the number of business days in the calendar month," and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 130, the BMF Defendants admit only that the referenced agreement contains the quoted language of the referenced addendum, and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 140, the BMF Defendants admit only that in the referenced agreement the merchant agreed that "[t]he Remittance is a good faith estimate of (a) Purchased Percentage multiplied by (b) the daily average revenues of Seller during the previous calendar month divided by (c) the number of business days in the calendar month," and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 144, the BMF Defendants admit only that the referenced agreement contains the quoted language of the referenced addendum, and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 167, the BMF Defendants admit only that in the referenced agreements the merchant agreed that "[t]he Remittance is a good faith estimate of (a) Purchased Percentage multiplied by (b) the daily average revenues of Seller during the previous calendar month divided by (c) the number of business days in the calendar month," and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 171, the BMF Defendants admit only that in the referenced agreements the merchant provided a security interest and state otherwise that the language of the security agreement speaks for itself, and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 186, the BMF Defendants admit only to the extent that said paragraph asserts that the BMF agreements were to be governed and construed under the laws of New York,

and that BMF has a place of business in New York, and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 196, admitted only that the three-factor test employed by New York courts is used to determine whether an agreement is a receivables purchase agreement or a loan, and stated otherwise that the BMF agreements at issue satisfy that test, and denied as to any and every other characterization or allegation as to any wrongdoing therein.

As to paragraph 199, the BMF Defendants admit only that in the referenced agreements the merchant provided a security interest and state otherwise that the language of the security agreement speaks for itself, and otherwise denied as to any and every other characterization or allegation therein.

The BMF Defendants admit the allegations in paragraphs 44 and 187.

BMF Defendants object to the allegations in paragraph 52 on the ground that they call for a legal conclusion to which no response is required; to the extent a response is required, the BMF Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted under 18 U.S.C. § 1962.

2. The Court lacks federal question jurisdiction.

3. Plaintiffs' RICO claims fail because the underlying BMF agreements are not loans under New York law.

4. Plaintiffs' RICO claims fail because BMF has not collected any unlawful debt.

5. Plaintiffs' RICO claims fail because Plaintiff has suffered no out-of-pocket damages, and thus has no viable RICO claim, as out-of-pocket damages are required to satisfy the RICO's 'injury to business or property' element.

6. Plaintiffs lack statutory standing.

7. Plaintiffs' RICO claims are not ripe.

8. Plaintiffs' RICO claims fail because Plaintiffs have not adequately alleged an enterprise as to the BMF Defendants.

9. Plaintiffs' RICO claims fail because Plaintiffs have not adequately alleged, as to BMF, an enterprise distinct from a corporation and its officers.

10. Plaintiffs' RICO claims fail as against BMF Advance LLC specifically because only RICO 'persons' can be subject to RICO liability, and BMF Advance LLC is not named as a RICO "person."

11. Plaintiffs' RICO conspiracy claim fails because the BMF Defendants have no primary RICO liability.

12. All claims brought on behalf of any Plaintiff that did not remit any funds pursuant to the BMF agreements fail for lack of standing.

13. Plaintiffs' RICO claims fail because the Spin loan is exempt from New York's usury laws.

14. BMF Defendants reserve the right to assert additional defenses that may become available during discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, the BMF Defendants respectfully request that the Court:

(a) dismiss the Amended Complaint in its entirety with prejudice;

(b) enter judgment in favor of the BMF Defendants and against Plaintiffs;

(c) award the BMF Defendants their costs and attorneys' fees to the extent permitted by law;

(d) grant such other relief as the Court deems just and proper.

Dated: September 2, 2025

/s/ Phillip A. Spinella
Murray Legal, PLLC
170 Old Country Rd., Suite 608
Mineola, New York 11501
Tel: (516) 260-7367
E-Mail: cmurray@murraylegalpllc.com
*Attorneys for Defendants*
*BMF Advance, LLC*
*and Gavriel Yitzchakov*