## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| GOLDEN FOOTHILL INSURANCE SERVICES, LLC, LIFE FACTOR II, LLC, LIFE SHARES II, LLC, EL DORADO HILLS INSURANCE SOLUTIONS, INC., LONE WOLF INSURANCE SERVICES, INC., ELDO INVESTMENTS, LLC, THE GENESIS LS FUND, LLC, KTL HOLDINGS, INC., and TATANISHA LEER | : : : : Case No. 1:24-CV-08515 : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| SPIN CAPITAL, LLC, AVRUMI (a/k/a JOSH) LUBIN, BMF ADVANCE LLC, GAVRIEL YITZCHAKOV a/k/a GABE ISAACOV, HI BAR CAPITAL, LLC, YOEL GETTER a/k/a JOEL GETA, and YISROEL HERBST, | : : : : : : |

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, HI BAR CAPITAL, LLC and YISROEL HERBST, hereby respond to Plaintiffs' Amended Complaint [D.E. 11], as follows:

## NATURE OF THE ACTION

1.    Admitted that this is a RICO action.  Defendants deny all liability.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Without knowledge and therefore, denied.

6.    Without knowledge and therefore, denied.

7.    Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Without knowledge and therefore, denied.

26.     Denied.

27.     Without knowledge and therefore, denied.

28.     Without knowledge and therefore, denied.

29.     Without knowledge and therefore, denied.

30.     Without knowledge and therefore, denied.

31.     Without knowledge and therefore, denied.

## THE PARTIES

32.    Without knowledge and therefore, denied.

33.    Without knowledge and therefore, denied.

34.    Without knowledge and therefore, denied.

35.    Without knowledge and therefore, denied.

36.    Without knowledge and therefore, denied.

37.    Without knowledge and therefore, denied.

38.    Without knowledge and therefore, denied.

39.    Without knowledge and therefore, denied.

40.    Without knowledge and therefore, denied.

41.    Without knowledge and therefore, denied.

42.    Without knowledge and therefore, denied.

43.    Without knowledge and therefore, denied.

44.    Without knowledge and therefore, denied.

45.    Admitted.

46.    Without knowledge and therefore, denied.

47.    Admitted.

## JURISDICTION

48.    Admitted.

49.    Admitted.

50.    Admitted.

51.    Admitted.

52.    Admitted.

## FACTUAL ALLEGATIONS

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Admitted.

58.     Without knowledge and therefore, denied.

59.     Without knowledge and therefore, denied.

60.     Without knowledge and therefore, denied.

61.     Without knowledge and therefore, denied.

62.     Without knowledge and therefore, denied.

63.     Denied.

64.     Without knowledge and therefore, denied.

65.     Admitted.

66.     Without knowledge and therefore, denied.

67.     Without knowledge and therefore, denied.

68.     Without knowledge and therefore, denied.

69.     Without knowledge and therefore, denied.

70.     Without knowledge and therefore, denied.

71.     Without knowledge and therefore, denied.

72.     Without knowledge and therefore, denied.

73.     Without knowledge and therefore, denied.

74.     Without knowledge and therefore, denied.

75.     Without knowledge and therefore, denied.

76.     Without knowledge and therefore, denied.

77.     Without knowledge and therefore, denied.

78.     Without knowledge and therefore, denied.

79.     Admitted.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Admitted that Hi Bar sued Getter.

86.     Denied.

87.     Without knowledge and therefore, denied.

88.     Without knowledge and therefore, denied.

89.     Without knowledge and therefore, denied.

90.     Without knowledge and therefore, denied.

91      Without knowledge and therefore, denied.

92.     Without knowledge and therefore, denied.

93      Without knowledge and therefore, denied.

94.     Without knowledge and therefore, denied.

95.     Without knowledge and therefore, denied.

96.     Without knowledge and therefore, denied.

97.     Without knowledge and therefore, denied.

98.     Without knowledge and therefore, denied.

99.     Without knowledge and therefore, denied.

100.    Without knowledge and therefore, denied.

101.    Without knowledge and therefore, denied.

102.    Without knowledge and therefore, denied.

103.    Without knowledge and therefore, denied.

104.    Without knowledge and therefore, denied.

105.    Without knowledge and therefore, denied.

106.    Without knowledge and therefore, denied.

107.    Denied.

108.    Admitted that a Hi Bar MCA was executed.

109.    Defendants allege that the document speaks for itself.

110.    Defendants allege that the document speaks for itself.

111.    Defendants allege that the document speaks for itself.

112.    Defendants allege that the document speaks for itself.

113.    Defendants allege that the document speaks for itself.

114.    Defendants allege that the document speaks for itself.

115.    Defendants allege that the document speaks for itself.

116.    Defendants allege that the document speaks for itself.

117.    Defendants allege that the document speaks for itself.

118.    Defendants allege that the document speaks for itself.

119.    Denied.

120.    Denied.

121.    Without knowledge and therefore, denied.

122.    Without knowledge and therefore, denied.

123.    Denied.

124.    Without knowledge and therefore, denied.

125.   Without knowledge and therefore, denied.

126.   Without knowledge and therefore, denied.

127.   Without knowledge and therefore, denied.

128.   Without knowledge and therefore, denied.

129.   Without knowledge and therefore, denied.

130.   Without knowledge and therefore, denied.

131.   Without knowledge and therefore, denied.

132.   Without knowledge and therefore, denied.

133.   Without knowledge and therefore, denied.

134.   Without knowledge and therefore, denied.

135.   Denied.

136.   Without knowledge and therefore, denied.

137.   Without knowledge and therefore, denied.

138.   Denied.

139.   Without knowledge and therefore, denied.

140.   Without knowledge and therefore, denied.

141.   Without knowledge and therefore, denied.

142.   Without knowledge and therefore, denied.

143.   Without knowledge and therefore, denied.

144.   Without knowledge and therefore, denied.

145.   Without knowledge and therefore, denied.

146.   Without knowledge and therefore, denied.

147.   Without knowledge and therefore, denied.

148.   Without knowledge and therefore, denied.

149.    Without knowledge and therefore, denied.

150.    Without knowledge and therefore, denied.

151.    Without knowledge and therefore, denied.

152.    Denied.

153.    Defendants allege that the document speaks for itself.

154.    Defendants allege that the document speaks for itself.

155.    Defendants allege that the documents speak for themselves.

156.    Defendants allege that the document speaks for itself.

157.    Defendants allege that the document speaks for itself.

158.    Defendants allege that the document speaks for itself.

159.    Defendants allege that the document speaks for itself.

160.    Defendants allege that the document speaks for itself.

161.    Denied.

162.    Denied.

163.    Defendants allege that the document speaks for itself.

164.    Defendants allege that the document speaks for itself.

165.    Denied.

166.    Admitted.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.   Denied.

174.   Denied.

175.   Without knowledge and therefore, denied.

176.   Defendants allege that the document speaks for itself.

177.   Defendants allege that the document speaks for itself.

178.   Defendants allege that the document speaks for itself.

179.   Defendants allege that the document speaks for itself.

180.   Defendants allege that the document speaks for itself.

181.   Denied.

182.   Defendants allege that the document speaks for itself.

183.   Defendants allege that the document speaks for itself.

184.   Admitted that Spin is suing Plaintiffs in New York State Court.

## FIRST CAUSE OF ACTION
### (Rico: 18 U.S.C. § 1962)

185.   Defendants reallege their response to paragraphs 1 through 184.

186.   Admitted.

187.   Admitted.

188.   Without knowledge and therefore, denied.

189.   Defendants allege that the cited opinion speaks for itself.

190.   Without knowledge and therefore, denied.

191.   Without knowledge and therefore, denied.

192.   Denied.

193.   Denied.

194.   Denied.

195.    Defendants allege that the cited opinion speaks for itself.

196.    Defendants allege that the cited opinion speaks for itself.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Defendants allege that the cited opinion speaks for itself.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Without knowledge and therefore, denied.

214.    Without knowledge and therefore, denied.

215.    Without knowledge and therefore, denied.

216.    Without knowledge and therefore, denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Without knowledge and therefore, denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.   Denied.

242.   Denied.

243.   Denied.

244.   Denied.

245.   Denied.

246.   Denied.

247.   Denied.

248.   Denied.

249.   Denied.

250.   Denied.

251.   Denied.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied.

257.   Denied.

258.   Denied.

259.   Denied.

260.   Denied.

261.   Denied.

262.   Denied.

263.   Denied.

264.    Denied.

265.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270    Denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

### SECOND CAUSE OF ACTION
### (Rico: 18 U.S.C. § 1962(d))

297.    Defendants reallege their response to paragraphs 1 through 296.

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    Denied.

WHEREFORE, Defendants, Hi Bar Capital, LLC and Yisroel Herbst respectfully request that judgment be entered in their favor in addition to an award of attorneys fees and costs.

## **AFFIRMATIVE DEFENSES**

1.      Defendants allege that Plaintiffs' claims are premature as the damage they are alleging to have been incurred is ongoing in nature in a collateral proceeding in New York State Court.

2.      Defendants allege that Plaintiffs' claims are barred based on collateral estoppel as the Court in the New York State Court proceeding previously found that the agreements at issue in this case are not usurious and would not subject Defendants to liability under a RICO theory.

3.      Defendnats allege that Plaintiff's RICO claims fail as the Hi Bar Agreements are nit loans and do not seek to collect an unlawful debt.

4.      Defendants allege that Plaintiff's RICO conspiracy claims fail because there is no primary RICO liability.

5.      Defendants allege that Plaintiffs have not alleged a viable injury for purposes of a RICO claim.

6.      Defendants allege that Plaintiffs claim fails because the Spin loan is exempt from New York's usury laws.

7.      Defendants join in the affirmative defenses listed by the other Defendants in this matter as it fully stated herein.

8.      Defendants allege that any claim brought on behalf of any plaintiff that did not remit any funds pursuant to the MCA Agreements or the Spin loan fail for lack of standing

WHEREFORE, Defendants, Hi Bar Capital, LLC and Yisroel Herbst respectfully request that judgment be entered in their favor in addition to an award of attorneys fees and costs.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.


Respectfully submitted,

 /s/ *Matthew P. Leto*
Matthew P. Leto
**LETO LAW FIRM**
***Admitted Pro Hac Vice***
201 S. Biscayne Blvd., Suite 2700
Miami, FL 33131
Tel.: (305) 341-3155
Email: mleto@letolawfirm.com


**THE ROTH LAW FIRM, PLLC**

Brian Levenson, Esq.
275 Madison Avenue, Floor 22
New York, New York 10017
Tel: 212-542-8882
Email: brian@rrothlaw.com
*Attorneys for Defendants Hi Bar Capital,*
*LLC and Yisroel Herbst*



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2025 a true and correct copy of the foregoing was electronically filed via CM/ECF system, which will serve it via electronic mail to all counsel of record.

*/s/ Matthew P. Leto*
Matthew P. Leto

16