

# HESKIN & PROPER, PLLC

641 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone 407-403-5990

Shane R. Heskin, Esquire
Shane@heskinproper.com

Justin E. Proper, Esquire
Justin@heskinproper.com

January 20, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Golden Foothill Insurance Services, LLC, et al.,
v.
Spin Capital, LLC, et al.
Case No. 1:24-cv-08515-AS

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

***Re: Golden Foothill Insurance Services, LLC v. Spin Capital, LLC, et al.,***
***Case No. 1:24-cv-08515-AS***

Dear Judge Subramanian:

Plaintiffs submit this letter in response to Defendant Josh (Avrumi) Lubin's January 16, 2026, request for a pre-motion conference concerning a contemplated motion to disqualify Plaintiffs' counsel. Plaintiff respectfully states that no pre-motion conference is warranted because the contemplated motion is frivolous, procedurally improper, and sanctionable.

First, Mr. Lubin's letter reflects an improper attempt to advance arguments that his own counsel has declined to bring. Mr. Lubin is proceeding "pro se" by choice, not necessity, and only after being unable to persuade counsel to pursue this tactic. Courts in this District have repeatedly cautioned against the use of pro se filings to advance positions counsel will not endorse, particularly where such filings are designed to harass opposing counsel or disrupt the orderly progress of litigation.

Second, to the extent Mr. Lubin seeks—directly or indirectly—to advocate on behalf of Spin Capital, LLC or any other corporate defendant, such conduct is plainly impermissible. It is well settled that a corporation may not appear pro se and must be represented by counsel. Any attempt to disguise corporate advocacy as "individual capacity" litigation should be rejected outright.

Third, Mr. Lubin's conduct must be viewed in light of a documented pattern of harassment that has already resulted in judicial intervention. In a related state-court action, Mr. Lubin was expressly

*Golden Foothill Insurance Services, LLC, et al v. Spin Capital, LLC, et al.*
*Case No. 1:24-cv-08515-AS*

Letter to Honorable Arun Subramanian
United States District Judge

Page 2 of 2

enjoined from communicating directly with counsel as a direct consequence of his abusive and threatening behavior. That injunction followed, among other things, a February 9, 2025, email sent by Mr. Lubin at approximately 12:13 a.m., in which he threatened to sue counsel personally. In that same communication, Mr. Lubin copied numerous third parties wholly unrelated to this litigation, including major media outlets, the Department of Justice, the FBI, a Florida state-court judge, and multiple attorneys—two of whom previously represented Spin Capital in a related state court action. The email further threatened litigation against nearly everyone copied, including federal law enforcement agencies, and contained statements such as "I have a whole military working on this," as well as warnings directed at the U.S. Attorney's Office regarding purported criminal subpoenas and admonitions to "tread carefully."

Rather than comply with the related state court's injunction, Mr. Lubin has sought to evade it through the guise of acting as a pro se litigant, resuming the very conduct the injunction was designed to halt. This Court should not countenance the use of pro se status as a vehicle to circumvent another court's protective order or to continue a campaign of intimidation against opposing counsel. Viewed in this context, the contemplated disqualification motion reflects not a legitimate legal dispute, but a continuation of Defendant's harassing conduct toward counsel, and therefore warrants treatment as frivolous and sanctionable.

For these reasons, Plaintiffs respectfully request that the Court deny any pre-motion conference and caution Mr. Lubin against further improper filings. Plaintiffs reserve all rights to seek appropriate relief should Defendant persist in this conduct.

Respectfully submitted,

HESKIN & PROPER, PLLC

Shane R. Heskin