**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOLDEN FOOTHILL INSURANCE SERVICES, LLC et al<br><br>                        Plaintiffs<br>v.<br>SPIN CAPITAL, LLC et al<br><br>                        Defendants | Case 1:24-cv-08515-AS<br><br>**DECLARATION OF JEFFREY CHUBAK** |

JEFFREY CHUBAK hereby declares:

1.     I am a member of Amini LLC ("Amini") counsel for defendants Spin Capital, LLC ("Spin") and Avrumi (a/k/a Josh) Lubin ("Lubin") and submit this declaration in support of the accompanying motion to withdraw as their counsel.

## POSTURE OF THE CASE

2.     This action commenced November 8, 2024. The amended complaint (ECF #11) asserts RICO claims against all defendants.

3.     In response to the motion to dismiss of Spin and Lubin, plaintiffs voluntarily discontinued their claim seeking to declare Spin's promissory note usurious (ECF #78), with the remaining claims premised on MCAs of the other defendants being unlawful debt.

4.     Spin and Lubin filed a joint answer on September 2, 2025. (ECF #100.)

5.     Discovery is ongoing, and as of yet no depositions have been taken in this case.

## GROUNDS FOR WITHDRAWAL

6.     On January 8, 2026 and January 20, 2026, Lubin, Spin Capital, LLC's sole member (id. ¶63), filed two requests for pre-motion conferences to disqualify opposing counsel. (ECF #113, #115.) I repeatedly directed Lubin to cease making such filings on the docket.

7.     On January 21, 2026, the Court issued an order denying Lubin's requested pre-motion conference, stating that the Court "does not permit litigants who are represented by counsel

to file motions of this kind pro se, in order to make arguments that their retained lawyers, following their ethical duties, are unwilling to make." (ECF #117.)

8.      On the evening of February 26, 2026, Lubin directed me to file additional motions to disqualify opposing counsel, which I was unwilling to do.

9.      Later that same night, Lubin filed a letter to discharge Amini and its attorneys as counsel of record for Lubin individually, while purportedly retaining Amini as counsel for his company, Spin. (ECF #119, PDF p.2.)

10.     The letter states that he terminated Amini's representation of him and that "[t]the attorney-client relationship between Lubin individually and Amini LLC has irretrievably broken down." (Id.)  We agree.

11.     Currently, Amini is owed $142,999 for services rendered on behalf of Spin and Lubin in this action and the related state court proceeding concerning enforcement of the same loan at issue here.  This amount includes approximately $2,500 incurred but not yet billed in February.  Over $138,000 has been outstanding for over 120 days.  Invoices for services rendered in this action in relation to preparation and filing of the motion to dismiss, the answer and responding to discovery remain unpaid and have been past due for over 120 days, and have not been paid despite multiple requests.

## **RETAINING/CHARGING LIEN**

12.     Amini is asserting a retaining lien over our files until payment is made.

I hereby declare under penalty of perjury that the foregoing is true and correct.  Executed this 2nd day of March, 2026.

*/s/ Jeffrey Chubak_____*