**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOLDEN FOOTHILL INSURANCE SERVICES, LLC et al | Case 1:24-cv-08515-AS |
| Plaintiffs | |
| v. | |
| SPIN CAPITAL, LLC et al | |
| Defendants | |

**AMINI LLC'S MEMORANDUM OF LAW IN**
**SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR**
**DEFENDANTS SPIN CAPITAL LLC AND AVRUMI LUBIN**

Avery Samet
Jeffrey Chubak
130 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Attorneys for Defendants Spin Capital, LLC
and Avrumi (Josh) Lubin LLC

Amini LLC ("Amini") respectfully submits this memorandum of law in support of its motion to withdraw as counsel for Defendants Spin Capital, LLC ("Spin") and its sole member, Mr. Avrumi (Josh) Lubin ("Lubin").

## PRELIMINARY STATEMENT

Amini moves to withdraw for two reasons: (1) Amini, Spin and Lubin have irreconcilable conflicts as to how to proceed in this action, as evidenced by Lubin's repeated "pro se" filings to this Court; and (2) Defendants owe Amini over $140,000. In January, Lubin submitted two letters requesting premotion conferences to disqualify opposing counsel, without Amini's approval. The Court denied those motions on the grounds that Lubin was represented by counsel and could not file his own papers in the case. The Court suggested that Lubin find replacement counsel if he was dissatisfied with Amini's representation. This past Friday, February 27, 2026, Lubin filed a letter seeking to discharge Amini as counsel for him individually, while retaining Amini as counsel for his company, Spin. Presumably, Lubin is doing so in order to file his own motions pro se, motions which Amini is unwilling to bring on Defendants' behalf.

Amini's continued representation of Spina and Lubin is untenable under these circumstances.

## BACKGROUND

I.  **PARTIES**

Spin is a single member LLC owned and operated by its sole member, Lubin. (ECF #100 ¶213.) The Amended Complaint asserts that Spin and Lubin constitute a RICO enterprise and share common goals and work towards common purposes. (*See* ECF #11 ¶¶220-228.) The Amended Complaint collectively defines them as the "Spin Enterprise" and most, if not all, of the

complaint's allegations concerning these defendants are directed towards them both.  Spin and Lubin filed a joint Answer. (ECF #100.)

## II.    LUBIN'S FILINGS ON THE DOCKECT

On January 8, 2026 and January 20, 2026, Lubin filed two requests for pre-motion conferences to disqualify opposing counsel but without Amini's approval.  (ECF #113, 115.)  On January 21, 2026, the Court denied the requests on the grounds that "[t]he Court does not permit litigants who are represented by counsel to file motions of this kind pro se, in order to make arguments that their retained lawyers, following their ethical duties, are unwilling to make." (ECF #117.)  Amini advised Lubin to stop filing on his own.  Chubak Decl. ¶6.

On Thursday, February 26, 2026, Lubin filed an additional letter seeking to displace Amini as Lubin's counsel of record.  (ECF #119.)  Lubin states "[t]he attorney-client relationship between Lubin individually and Amini has irretrievably broken down."  (Id. at 2.)  Nevertheless, Lubin seeks to continue to retain Amini as counsel for his company, Spin.  (Id.)  Through this stratagem, we believe Lubin seeks to circumvent the Court's January 21 Order so that he can begin to file papers in this action that Amini is unwilling to file.  Amini does not believe that it can remain as counsel for either defendant under such circumstances.

Therefore, Amini agrees with Lubin: an irreconcilable conflict exists between Amini and Lubin such that Amini can no longer represent either Lubin or Spin in this matter. (Chubak Decl. ¶10; ECF #119 at 2.)

### III.    LACK OF PAYMENT

Amini is owed $142,999, including approximately $2,500 incurred but not yet billed in February. The vast majority of the amounts due, over $138,000, has been outstanding for over 120 days. (Chubak Decl. ¶11.[1])

### ARGUMENT

Local Civil Rule 1.4 provides that "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order" and further that "[s]uch an order may be grant only upon a showing. . . of satisfactory reasons for withdrawal or displacement."

Respectfully, non-payment of legal fees and an irreconcilable breakdown in the relationship are both recognized as satisfactory reasons for withdrawal by the Court. *See Centrifugal Force, Inc. v. Softnet Commc'n, Inc.,* 2009 WL 969925, at *2 (S.D.N.Y. Apr. 7, 2009) (the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw). *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) ("the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client").

Moreover, Professional Conduct Rule 1.16(b)(3) mandates that counsel withdraw when the lawyer is discharged. *See* ECF #119.

With respect to the irreconcilable conflict, "[t]he Court need not determine the 'source of the strain on the relationship or assign blame in deciding the motion to withdraw; the strained relationship alone is 'sufficient grounds' for withdrawal." *Delgado v. Donald J. Trump for President, Inc.*, 2023 WL 5425504, at *2 (S.D.N.Y. Aug. 23, 2023). Indeed, "there is no dispute

---

[1] As previously reported to the Court (ECF #112), a settlement had been reached in the related state court proceeding in November 2025, which the parties expected to resolve this action.

that an irreconcilable breakdown in the relationship is a satisfactory reason for withdrawal, even where the client opposes the motion or disputes a breakdown." *Id.* Here, Lubin admits a breakdown, albeit only with him individually.

Finally, withdrawal at this posture is appropriate as the case "is still in the discovery stage and no trial has been scheduled." *Delgado*, at \*2. *See, e.g., Ameruso v. City of New York*, 2016 WL 1697602, at \*2 (S.D.N.Y. Apr. 27, 2016) ("[w]here, as here, discovery has not yet closed and the matter is not trial-ready, withdrawal of counsel is unlikely to cause undue prejudice"); *Freund v. Weinstein*, 2009 WL 750242, at \*1 (E.D.N.Y. Mar. 19, 2009) ("withdrawal at this juncture will not substantially disrupt this litigation since discovery is in the early stages"); *Karimian*, 2011 WL 1900092 at \*3 (granting withdrawal motion where substantial discovery had taken place but discovery was not yet closed and trial was several months away).

## CONCLUSION

For the foregoing reasons, the Court should grant the within motion for leave to withdraw as counsel for Lubin and Spin.

Dated: New York, NY
       March 2, 2026

Amini LLC

/s/ *Jeffrey Chubak*
Avery Samet
Jeffrey Chubak
130 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Attorneys for Defendants Spin Capital, LLC
and Avrumi (Josh) Lubin LLC

4