UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

        Plaintiffs,

     -v-

SPIN CAPITAL LLC, et al.,

        Defendants.

-------------------------------------------------------x

Case No. 1:24-cv-08515 (AS)

Hon. Arun Subramanian

**LETTER IN OPPOSITION TO AMINI LLC'S MOTION TO WITHDRAW AS COUNSEL
FOR DEFENDANT SPIN CAPITAL LLC**

March 02, 2026

Honorable Arun Subramanian

United States District Judge

Southern District of New York

500 Pearl Street

New York, New York 10007

Re: Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al., Case No. 1:24-cv-08515 (AS)

(Opposition to Amini LLC Motion to Withdraw, ECF Nos. 123–125)

Dear Judge Subramanian:

I write in my individual capacity only. I submit this letter solely to oppose Amini LLC's motion (ECF Nos. 123–125) to the extent it seeks leave to withdraw as counsel for Defendant Spin Capital LLC ("Spin"), and to request protective conditions if withdrawal is permitted. I do not purport to appear on behalf of Spin, an LLC that cannot proceed pro se; rather, I ask the Court to deny or defer withdrawal as to Spin to avoid foreseeable prejudice to these proceedings and to Spin's ability to defend itself.

I do not oppose Amini's withdrawal as my individual counsel. I discharged Amini as to me individually and filed a motion to proceed pro se in my individual capacity (ECF No. 119), which is now set for a telephonic conference on March 5, 2026 at 5:00 p.m. (ECF No. 122).

Amini's motion is overbroad insofar as it seeks to withdraw from Spin. Spin has not discharged Amini. To the contrary, in writing I expressly directed Amini that my discharge was "individual capacity only" and that there was to be "NO WITHDRAWAL FROM SPIN," because Spin is a corporate entity that cannot proceed pro se and would be prejudiced if left without counsel. (Ex. 1.)

Because Spin cannot litigate pro se, allowing Amini to withdraw immediately would effectively deprive Spin of the ability to participate in discovery, respond to motion practice, and comply with Court orders—creating substantial risk of default, sanctions, and disruption. At minimum, if the Court is inclined to permit withdrawal as to Spin, it should do so only on conditions that protect against prejudice: (i) make withdrawal effective only upon appearance of substitute counsel, or after a set transition period; (ii) stay or extend deadlines as to Spin during that period; and (iii) require turnover of the litigation file notwithstanding any asserted retaining lien.

**BACKGROUND**

1. Amini's stated bases for withdrawal. Amini asserts two grounds: (a) an "irreconcilable conflict" based on disagreement over strategy and my efforts to make filings in my individual capacity without Amini's approval; and (b) alleged nonpayment of legal fees. (ECF No. 125 at 1–4; Chubak Decl. ¶¶ 6–12.)

2. The Court has already addressed the "hybrid" filing issue. In its January 21, 2026 Order (ECF No. 117), the Court explained that represented litigants may not file this kind of motion pro se, and that if a litigant disagrees with counsel, he may retain alternate counsel or proceed pro se— he may not proceed under a "limited pro se" appearance to file such motions. (ECF No. 117.)

3. I discharged Amini only as to me individually, not as to Spin. Consistent with the Court's direction, I submitted a motion to displace counsel for me individually and to proceed pro se (ECF No. 119). In multiple written communications, I expressly instructed Amini that Spin must remain represented and that Amini was not authorized to withdraw from Spin. (Ex. 1.)

4. Imminent prejudice if Spin is left unrepresented. A telephonic conference is scheduled for March 5, 2026. (ECF No. 122.) Discovery is ongoing. (Chubak Decl. ¶5.) Spin cannot meet federal litigation obligations without counsel, and an abrupt withdrawal would create immediate disruption and prejudice.

## LEGAL STANDARD

Local Civil Rule 1.4 provides that an attorney may be relieved or displaced only by order of the Court, and such an order may be granted only upon a showing of "satisfactory reasons for withdrawal or displacement." Local Civ. R. 1.4.

In evaluating a motion to withdraw, courts consider not only the attorney's reasons, but also the posture of the case and the risk of prejudice or disruption. Even where nonpayment or friction exists, withdrawal is not automatic where it would materially prejudice the client or the orderly administration of justice.

Critically here, Spin is an LLC and therefore may appear in federal court only through licensed counsel; it cannot proceed pro se. See Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993); Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir. 2007). Courts therefore routinely deny, defer, or condition withdrawal motions to ensure an entity is not left without counsel and exposed to default or other prejudice.

## ARGUMENT

## I. AMINI'S MOTION SHOULD BE DENIED OR DEFERRED TO THE EXTENT IT SEEKS WITHDRAWAL AS TO SPIN.

Amini's reliance on discharge and "irreconcilable conflict" does not establish satisfactory reasons to withdraw from Spin at this time.

First, Rule 1.16's mandatory withdrawal upon discharge applies, at most, to my individual representation. Spin did not discharge Amini. I expressly stated that my discharge was "individual capacity only," and I expressly directed that there be no withdrawal from Spin. (Ex. 1.) Amini's papers do not identify any corporate act by Spin terminating the engagement.

Second, the purported "irreconcilable conflict" cited in the memorandum is largely a dispute about my individual desire to pursue motions that Amini declines to bring. (ECF No. 125 at 1–3; Chubak Decl. ¶¶ 6–10.) That dispute does not make continued representation of Spin impossible. The Court already has an established mechanism to police improper pro se filings by represented

parties (ECF No. 117). And if the Court grants my request to proceed pro se individually (ECF No. 119), then the asserted "hybrid" filing concern disappears: Amini can represent Spin; I can proceed pro se individually. That is precisely the pathway the Court identified.

Third, Amini's fee dispute—especially where Amini simultaneously asserts a retaining lien over the litigation file (Chubak Decl. ¶12)—is not a basis to abandon a corporate defendant in active federal litigation without protective conditions. Any fee dispute can be addressed separately without jeopardizing Spin's ability to defend itself.

## II. WITHDRAWAL WITHOUT CONDITIONS WOULD MATERIALLY PREJUDICE SPIN AND DISRUPT THESE PROCEEDINGS.

Spin faces severe prejudice if its counsel withdraws immediately. As an LLC, Spin cannot appear pro se. Rowland, 506 U.S. at 201–02; Lattanzio, 481 F.3d at 139–40. An unrepresented Spin would be unable to respond to discovery, participate in conferences, oppose motions, or otherwise comply with court orders. The practical consequence would be exposure to default and/or sanctions and substantial disruption to the Court's management of the case.

Moreover, Amini's assertion of a retaining lien heightens the risk of prejudice. If withdrawal is permitted while counsel withholds the file, Spin will be left without both counsel and the documents needed to transition to new counsel—an outcome inconsistent with counsel's obligations to avoid foreseeable prejudice and with this Court's interest in orderly proceedings.

## III. IN THE ALTERNATIVE, ANY WITHDRAWAL AS TO SPIN SHOULD BE STRICTLY CONDITIONED.

If the Court is inclined to permit withdrawal as to Spin, Movant respectfully requests that the Court impose the following conditions to prevent prejudice and disruption:

(a) Make any withdrawal effective only upon the appearance of substitute counsel for Spin, or after a defined transition period (e.g., 30 days) during which Amini remains counsel of record for Spin;

(b) Stay or extend all deadlines and discovery obligations as to Spin during the transition period, and direct that no default be sought or entered against Spin during that period;

(c) Direct Amini to promptly turn over Spin's litigation file (including ESI, correspondence, discovery, pleadings, and work product reasonably necessary for transition) to Spin and/or successor counsel notwithstanding any asserted retaining lien, subject to an appropriate protective order if necessary.

These conditions are routine and appropriate where an entity client cannot proceed without counsel and where the risk of prejudice is otherwise acute.

## CONCLUSION

For the foregoing reasons, the Court should deny Amini LLC's motion to withdraw to the extent it seeks withdrawal as counsel for Defendant Spin Capital LLC, or hold that request in abeyance pending the appearance of substitute counsel for Spin. In the alternative, the Court should impose protective conditions as set forth above.

Dated: March 02, 2026
New York, New York


Respectfully submitted,


/s/ Avrumi (Josh) Lubin

Avrumi (Josh) Lubin

Defendant (Individual Capacity Only)

1460 Arboretum Parkway
Lakewood, NJ 08701

Telephone: (732) 608-4905

Email: josh@spincapital.com

**DECLARATION OF AVRUMI (JOSH) LUBIN IN SUPPORT OF OPPOSITION TO AMINI LLC'S MOTION TO WITHDRAW AS COUNSEL FOR SPIN CAPITAL LLC**

March 02, 2026

I, Avrumi (Josh) Lubin, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am a Defendant in this action. I submit this declaration in support of my opposition to Amini LLC's motion to withdraw as counsel for Defendant Spin Capital LLC ("Spin"). I have personal knowledge of the facts set forth herein, except where stated to be on information and belief.

2. Spin is a single-member LLC. I am its sole member. Spin cannot appear pro se in federal court.

3. On February 26, 2026, I provided Amini LLC written direction that my termination/discharge was "individual capacity only" and that Amini was not authorized to withdraw from Spin; I directed that Amini "must continue representing Spin" because Spin is an entity and cannot proceed pro se. A true and correct copy of that communication is attached as Exhibit 1.

4. On February 27, 2026, Jeffrey Chubak responded by email stating that Amini would "move to withdraw from all representations," citing filings made against counsel's advice and an alleged fee balance. A true and correct copy is attached as Exhibit 2.

5. Spin has not authorized Amini to withdraw. If Amini withdraws immediately, Spin will be left without counsel in an ongoing federal RICO action, exposing Spin to default and substantial prejudice.

6. I declare under penalty of perjury that the foregoing is true and correct.


Executed on March 02, 2026.


/s/ Avrumi (Josh) Lubin

Avrumi (Josh) Lubin

## CERTIFICATE OF SERVICE

I certify that on March 02, 2026, I served a true and correct copy of the foregoing Letter in Opposition and Declaration, together with the exhibits attached hereto, on all counsel of record via email and/or through the Court's ECF service where applicable.


/s/ Avrumi (Josh) Lubin

Avrumi (Josh) Lubin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Plaintiffs,

-v-

SPIN CAPITAL LLC, et al.,

Defendants.

--------------------------------------------------------x

Case No. 1:24-cv-08515 (AS)

Hon. Arun Subramanian

**[PROPOSED] ORDER**

Upon Amini LLC's motion (ECF Nos. 123–125) for leave to withdraw as counsel for Defendants Spin Capital LLC and Avrumi (Josh) Lubin, and upon the submissions of Defendant Lubin in opposition, it is hereby:

ORDERED that the motion is GRANTED to the extent Amini LLC seeks leave to withdraw as counsel for Defendant Avrumi (Josh) Lubin in his individual capacity; and it is further

ORDERED that the motion is DENIED WITHOUT PREJUDICE to the extent Amini LLC seeks leave to withdraw as counsel for Defendant Spin Capital LLC; and it is further

ORDERED that Amini LLC shall remain counsel of record for Spin Capital LLC unless and until substitute counsel appears for Spin Capital LLC or this Court orders otherwise; and it is further

ORDERED that, in the alternative to the foregoing, if the Court permits withdrawal as to Spin Capital LLC, such withdrawal shall be effective only upon appearance of substitute counsel for Spin Capital LLC or after a transition period set by the Court, and the Court may stay deadlines as necessary to avoid prejudice.

SO ORDERED.

Dated: _____, 2026
New York, New York

_____
Hon. Arun Subramanian
United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


Golden Foothill Insurance Services, LLC, et al.,

Plaintiffs,

v.

Spin Capital LLC, et al.,

Defendants.


Case No. 1:24-cv-08515 (AS)


EXHIBIT 1

mail from Josh Lubin to Amini LLC (Feb. 26, 2026) (termination of Lubin individually only; expressly no withdrawal from Spi

**Thursday, February 26, 2026 at 8:33:49 PM Mountain Standard Time**

| | |
|---|---|
| **Subject:** | FORMAL TERMINATION (Lubin Individual Only) — SDNY 1:24-cv-08515 (AS) — File Rule 1.4(b) Motion Today — NO WITHDRAWAL FROM SPIN |
| **Date:** | Thursday, February 26, 2026 at 8:30:31 PM Mountain Standard Time |
| **From:** | Josh Lubin |
| **To:** | Jeffrey Chubak, Avery Samet, Bijan Amini |
| **Priority:** | High |
| **Attachments:** | image001.png, SDNY_Lubin_Motion_to_Relieve_Counsel_Individual_Only.docx, SDNY_Proposed_Order_Relieve_Counsel_Lubin_Individual_Only.docx, SDNY_Lubin_Motion_to_Relieve_Counsel_Individual_Only.pdf, SDNY_Proposed_Order_Relieve_Counsel_Lubin_Individual_Only.pdf |

Jeffrey Chubak, Avery Samet, and Bijan Amini —

I am writing in my **individual capacity only** as Defendant **Avrumi (Josh) Lubin** in *Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al.*, **No. 1:24-cv-08515 (AS)**.

## 1) Termination — Lubin individually only (effective immediately)

Effective immediately, I **terminate Amini LLC as my counsel** with respect to **me personally / individually**. You **no longer have authority** to act, speak, or make decisions on my behalf in my individual capacity, except as necessary to implement your withdrawal/displacement as counsel of record.

## 2) No withdrawal from Spin Capital LLC — you must continue representing Spin

This termination is **NOT** on behalf of Spin Capital LLC. Spin is a corporate entity and cannot proceed pro se. You **remain counsel of record for Spin Capital LLC** and must continue representing Spin.

**Nothing in this email authorizes, invites, or consents to any withdrawal from Spin Capital LLC.** Do not file any motion, stipulation, or letter seeking to withdraw from Spin. If you attempt to withdraw from Spin without substitute counsel and a Court order, I will oppose it and will seek appropriate relief.

## 3) Immediate required filing — Rule 1.4(b) (Lubin individual only)

You must **file on ECF today** a motion under **Local Civil Rule 1.4(b)** (and proposed order) to be **relieved/displaced as counsel of record for Avrumi (Josh) Lubin in his individual capacity only**, and to reflect that I will proceed **pro se** as to my individual capacity.

The proposed order must state plainly that:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


Golden Foothill Insurance Services, LLC, et al.,

Plaintiffs,

v.

Spin Capital LLC, et al.,

Defendants.


Case No. 1:24-cv-08515 (AS)


EXHIBIT 2

Email from Jeffrey Chubak to Josh Lubin (Feb. 27, 2026) (stating intent to withdraw from all representations)

# FW: 1:24-cv-08515 (AS) — Lubin (Individual) — Motion to Displace Counsel of Record and Proceed Pro Se (SIGNED)

2/27/26      6:24 AM

| Subject | FW: 1:24-cv-08515 (AS) — Lubin (Individual) — Motion to Displace Counsel of Record and Proceed Pro Se (SIGNED) |
|---|---|
| Link to Outlook Item | **Click here** |
| From | **Jeffrey Chubak** |
| To | **Josh Lubin** |
| Cc | **Avery Samet**; **Bijan Amini** |
| Sent | **2/27/2026, 11:14:32 AM** |

Good morning Josh, having filed these papers in both the Federal and State action against our advice, and owing us over $140,000, you have forced our hands and we will move to withdraw from all representations.

One more note, we simply cannot process the stream of emails.  We won't be responding.  If you would like to set up a call, please give us a little heads up to do so.

I wish you the best,

Jeff

**From:** Josh Lubin <josh@spincapital.com>
Sent: Thursday, February 26, 2026 11:20 PM
To: ProSe@nysd.uscourts.gov
Cc: Bijan Amini <bamini@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Avery Samet <asamet@aminillc.com>; Shane Heskin <shane@heskinproper.com>; Matthew Leto <mleto@letolawfirm.com>; Christopher Murray <cmurray@murraylegalpllc.com>
Subject: 1:24-cv-08515 (AS) — Lubin (Individual) — Motion to Displace Counsel of Record and Proceed Pro Se (SIGNED)
Importance: High

Pro Se Intake Unit,

Attached please find Defendant Avrumi (Josh) Lubin's signed letter motion to displace counsel of record for Lubin individually only and for leave to proceed pro se, with proposed order and exhibits, in Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al., No. 1:24-cv-08515 (AS).

This motion expressly does not seek any change to representation of Spin Capital LLC.

Respectfully,

Avrumi (Josh) Lubin

(732) 608-4905 | josh@spincapital.com

Get Outlook for iOS