UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

           Plaintiffs,

  -v-

SPIN CAPITAL LLC, et al.,

           Defendants.
---------------------------------------------------------x

Case No. 1:24-cv-08515 (AS)

Judge: Hon. Arun Subramanian

**LETTER OPPOSITION TO AMINI LLC'S MOTION TO WITHDRAW AS COUNSEL**
**(ECF Nos. 123–125)**

Via Pro Se Intake / ECF

March 03, 2026

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al., No. 1:24-cv-08515 (AS)

Dear Judge Subramanian:

Defendant Avrumi (Josh) Lubin ("Lubin"), appearing pro se in his individual capacity only, respectfully submits this letter in response to Amini LLC's motion for leave to withdraw as counsel for Defendants Spin Capital LLC ("Spin") and Lubin (ECF Nos. 123–125).

Lubin does not oppose Amini LLC being relieved as counsel for Lubin individually, provided the Court grants Lubin's pending request to proceed pro se (ECF No. 119). However, Lubin respectfully submits that the Court should deny Amini LLC's request to withdraw as counsel for Spin at this time, or—at minimum—condition any withdrawal as to Spin on (i) the appearance of substitute counsel for Spin by a date certain, (ii) immediate turnover of Spin's litigation file and discovery materials necessary to avoid prejudice, and (iii) a brief adjustment of deadlines sufficient to permit orderly substitution.

Lubin recognizes that Spin is a separate entity and that Lubin is not authorized to appear as counsel for Spin. This submission is made in Lubin's individual capacity to address the Court's case-management posture and to request that the Court not leave an artificial entity without counsel in a posture federal law does not permit.

**LEGAL STANDARD**

Local Civil Rule 1.4 provides that an attorney "may not withdraw from a case without leave of the Court granted by order," and that such relief may be granted only upon a showing of "satisfactory reasons for withdrawal or displacement" and consideration of "the posture of the case, including its position … on the calendar." S.D.N.Y. Local Civ. R. 1.4.

District courts have wide discretion in deciding whether to grant withdrawal. See Whiting v. Lacara, 187 F.3d 317, 320–21 (2d Cir. 1999). Courts generally analyze two factors: (1) the reasons for withdrawal and (2) the impact of withdrawal on the timing and orderly progress of the proceedings. See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011); Karimian v. Time Equities, Inc., No. 10-CV-3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011). Even where a fee dispute or client-counsel breakdown is asserted, the Court may deny or condition withdrawal to prevent undue disruption, delay, or prejudice. See SEC v. Great Am. Techs., Inc., No. 07-CV-10694 (DC), 2009 WL 4885153, at *5 (S.D.N.Y. Dec. 15, 2009).

Separately, it is settled that an LLC or corporation may not appear in federal court pro se and must be represented by licensed counsel. See Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir. 2007) (per curiam) (LLC must be represented by counsel); Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (corporation cannot appear other than by its attorney); see also Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) (the rationale applies equally to "all artificial entities").

**ARGUMENT**

Amini asserts "irreconcilable conflict" and alleged nonpayment as grounds for withdrawal. Even assuming Amini has shown "satisfactory reasons" to be relieved as to Lubin individually, Local Rule 1.4 requires the Court to consider the posture of the case and whether withdrawal would disrupt proceedings.

Unconditional withdrawal as to Spin would leave an LLC without counsel—an outcome federal law does not permit—and would create substantial risk of delay, disruption, and prejudice. Courts routinely deny or condition withdrawal where it would cause undue delay or disrupt the orderly administration of the case. See, e.g., SEC, 2009 WL 4885153, at *5 (denying withdrawal where it would "necessarily lead to further delays" and would be disruptive).

Amini also asserts a retaining lien over its files. If withdrawal as to Spin is permitted, the Court should order prompt turnover of the litigation file and discovery materials reasonably necessary to avoid prejudice and permit successor counsel to appear—subject to any retaining-lien issues the Court may wish to address separately.

Accordingly, Lubin respectfully requests that the Court either (a) deny withdrawal as to Spin, leaving Amini as counsel of record for Spin pending substitution, or (b) grant withdrawal as to Spin only on conditions that protect the orderly administration of this case and prevent Spin from being left unrepresented.

**REQUESTED ORDER**

Lubin respectfully requests that the Court enter an order: (1) granting Amini's motion to withdraw as counsel for Lubin individually (upon granting ECF 119), and permitting Lubin to proceed pro se in his individual capacity only; and (2) denying Amini's motion to withdraw as counsel for Spin; or, alternatively, permitting withdrawal as to Spin only upon: (a) the appearance of substitute counsel for Spin within fourteen (14) days; (b) immediate turnover of Spin's litigation file and discovery materials sufficient to avoid prejudice; and (c) a brief extension of deadlines necessary to permit orderly substitution without disrupting discovery or motion practice.

Respectfully submitted,

/s/ Avrumi (Josh) Lubin

Avrumi (Josh) Lubin

Defendant (Individual Capacity Only)

1460 Arboretum Parkway

Lakewood, NJ 08701

Telephone: (732) 608-4905

Email: josh@spincapital.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

           Plaintiffs,

   -v-

SPIN CAPITAL LLC, et al.,

           Defendants.
---------------------------------------------------------x

Case No. 1:24-cv-08515 (AS)

Judge: Hon. Arun Subramanian

## DECLARATION OF AVRUMI (JOSH) LUBIN
## IN SUPPORT OF OPPOSITION TO AMINI LLC'S MOTION TO WITHDRAW AS TO SPIN

I, Avrumi (Josh) Lubin, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am a Defendant in this action. I submit this declaration in my individual capacity only.

2. I do not oppose Amini LLC being relieved as counsel for me individually, provided the Court grants my request to proceed pro se (ECF 119).

3. I respectfully oppose Amini LLC's request to withdraw as counsel for Spin Capital LLC without safeguards, because Spin is an LLC that must appear through counsel and unconditional withdrawal risks prejudice and disruption.

4. Attached as Exhibit 1 are true and correct copies of correspondence reflecting that I terminated Amini LLC only as to me individually and expressly stated that this termination did not authorize withdrawal from Spin pending substitution, and Exhibit 2 reflects Amini's stated intent to seek withdrawal from all representations.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 03, 2026.

/s/ Avrumi (Josh) Lubin

Avrumi (Josh) Lubin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------x
```
GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

        Plaintiffs,

   -v-

SPIN CAPITAL LLC, et al.,

        Defendants.
```
---------------------------------------------------------x
```

Case No. 1:24-cv-08515 (AS)

Judge: Hon. Arun Subramanian

### PROPOSED ORDER

Upon consideration of Amini LLC's motion to withdraw as counsel (ECF Nos. 123–125), and the submissions in opposition, it is hereby:

ORDERED that the motion is GRANTED to the extent Amini LLC seeks leave to withdraw as counsel for Defendant Avrumi (Josh) Lubin in his individual capacity only, upon the Court's resolution of ECF 119, and Lubin may proceed pro se in his individual capacity only; and it is further

ORDERED that the motion is DENIED without prejudice to the extent Amini LLC seeks leave to withdraw as counsel for Defendant Spin Capital LLC; or, in the alternative, if the Court permits withdrawal as to Spin Capital LLC, such withdrawal shall be effective only upon the appearance of substitute counsel for Spin Capital LLC within fourteen (14) days of this Order; and it is further

ORDERED that Amini LLC shall promptly provide Spin Capital LLC and/or its successor counsel with the litigation file and discovery materials reasonably necessary to avoid prejudice and permit orderly substitution, subject to any retaining-lien issues to be addressed as the Court

directs.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Golden Foothill Insurance Services, LLC, et al.,

Plaintiffs,

v.

Spin Capital LLC, et al.,

Defendants.

Case No. 1:24-cv-08515 (AS)

EXHIBIT 1

mail from Josh Lubin to Amini LLC (Feb. 26, 2026) (termination of Lubin individually only; expressly no withdrawal from Spi

**Thursday, February 26, 2026 at 8:33:49 PM Mountain Standard Time**

| | |
|---|---|
| **Subject:** | FORMAL TERMINATION (Lubin Individual Only) — SDNY 1:24-cv-08515 (AS) — File Rule 1.4(b) Motion Today — NO WITHDRAWAL FROM SPIN |
| **Date:** | Thursday, February 26, 2026 at 8:30:31 PM Mountain Standard Time |
| **From:** | Josh Lubin |
| **To:** | Jeffrey Chubak, Avery Samet, Bijan Amini |
| **Priority:** | High |
| **Attachments:** | image001.png, SDNY_Lubin_Motion_to_Relieve_Counsel_Individual_Only.docx, SDNY_Proposed_Order_Relieve_Counsel_Lubin_Individual_Only.docx, SDNY_Lubin_Motion_to_Relieve_Counsel_Individual_Only.pdf, SDNY_Proposed_Order_Relieve_Counsel_Lubin_Individual_Only.pdf |

Jeffrey Chubak, Avery Samet, and Bijan Amini —

I am writing in my **individual capacity only** as Defendant **Avrumi (Josh) Lubin** in *Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al.*, **No. 1:24-cv-08515 (AS)**.

## 1) Termination — Lubin individually only (effective immediately)

Effective immediately, I **terminate Amini LLC as my counsel** with respect to **me personally / individually**. You **no longer have authority** to act, speak, or make decisions on my behalf in my individual capacity, except as necessary to implement your withdrawal/displacement as counsel of record.

## 2) No withdrawal from Spin Capital LLC — you must continue representing Spin

This termination is **NOT** on behalf of Spin Capital LLC. Spin is a corporate entity and cannot proceed pro se. You **remain counsel of record for Spin Capital LLC** and must continue representing Spin.

**Nothing in this email authorizes, invites, or consents to any withdrawal from Spin Capital LLC.** Do not file any motion, stipulation, or letter seeking to withdraw from Spin. If you attempt to withdraw from Spin without substitute counsel and a Court order, I will oppose it and will seek appropriate relief.

## 3) Immediate required filing — Rule 1.4(b) (Lubin individual only)

You must **file on ECF today** a motion under **Local Civil Rule 1.4(b)** (and proposed order) to be **relieved/displaced as counsel of record for Avrumi (Josh) Lubin in his individual capacity only**, and to reflect that I will proceed **pro se** as to my individual capacity.

The proposed order must state plainly that:

1 of 11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Golden Foothill Insurance Services, LLC, et al.,

Plaintiffs,

v.

Spin Capital LLC, et al.,

Defendants.

Case No. 1:24-cv-08515 (AS)

EXHIBIT 2

Email from Jeffrey Chubak to Josh Lubin (Feb. 27, 2026) (stating intent to withdraw from all representations)

# FW: 1:24-cv-08515 (AS) — Lubin (Individual) — Motion to Displace Counsel of Record and Proceed Pro Se (SIGNED)

2/27/26     6:24 AM

| Subject | FW: 1:24-cv-08515 (AS) — Lubin (Individual) — Motion to Displace Counsel of Record and Proceed Pro Se (SIGNED) |
|---|---|
| Link to Outlook Item | Click here |
| From | Jeffrey Chubak |
| To | Josh Lubin |
| Cc | Avery Samet; Bijan Amini |
| Sent | 2/27/2026, 11:14:32 AM |

Good morning Josh, having filed these papers in both the Federal and State action against our advice, and owing us over $140,000, you have forced our hands and we will move to withdraw from all representations.

One more note, we simply cannot process the stream of emails.  We won't be responding.  If you would like to set up a call, please give us a little heads up to do so.

I wish you the best,

Jeff

**From:** Josh Lubin <josh@spincapital.com>
Sent: Thursday, February 26, 2026 11:20 PM
To: ProSe@nysd.uscourts.gov
Cc: Bijan Amini <bamini@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Avery Samet <asamet@aminillc.com>; Shane Heskin <shane@heskinproper.com>; Matthew Leto <mleto@letolawfirm.com>; Christopher Murray <cmurray@murraylegalpllc.com>
Subject: 1:24-cv-08515 (AS) — Lubin (Individual) — Motion to Displace Counsel of Record and Proceed Pro Se (SIGNED)
Importance: High

Pro Se Intake Unit,

Attached please find Defendant Avrumi (Josh) Lubin's signed letter motion to displace counsel of record for Lubin individually only and for leave to proceed pro se, with proposed order and exhibits, in Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al., No. 1:24-cv-08515 (AS).

This motion expressly does not seek any change to representation of Spin Capital LLC.

Respectfully,

Avrumi (Josh) Lubin

(732) 608-4905 | josh@spincapital.com

Get Outlook for iOS