**Avrumi (a/k/a Josh) Lubin (Individual Defendant), pro se**
c/o Spin Capital LLC
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (732) 608-4905
Email: josh@spincapital.com

March 4, 2026

**VIA ECF (Pro Se Intake)**

The Honorable Arun Subramanian
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Golden Foothill Insurance Services, LLC, et al. v. Spin Capital, LLC, et al., No. 1:24-cv-08515 (AS)
    Supplemental Submission in Further Opposition to Amini LLC's Motion to Withdraw as Counsel for Defendant Spin Capital LLC (ECF 123–125)

Dear Judge Subramanian:

I submit this supplemental letter in further opposition to Amini LLC's motion to withdraw as counsel for Defendant Spin Capital LLC ("Spin"). See ECF 123–125. I previously filed an opposition letter (ECF 129). This submission adds a narrow set of record excerpts—caption pages and key paragraphs—from other proceedings in which Franklin-related entities expressly assert that Spin "assigned" away broad litigation and third-party claim rights (including claims "known or unknown"), and then deploy those assertions across multiple jurisdictions. These materials underscore the extraordinary prejudice that would result if Spin is left without counsel in this action.

I make this submission in my individual capacity only. I do not purport to represent Spin or to speak on Spin's behalf. Rather, I ask the Court to deny withdrawal as to Spin—or, at minimum, to condition any withdrawal on the appearance of substitute counsel—because Spin, as an LLC, cannot proceed pro se in federal court and will otherwise face immediate prejudice and disruption.

The supplemental record shows that Franklin Capital Funding, LLC and/or affiliates (including Wing Lake Partners f/k/a Franklin Capital Group, LLC) have filed and relied on pleadings

asserting ownership of Spin's rights in multiple fora, including claims against third parties "whether known or unknown." See Exs. A–J. The overlapping proceedings include:

- New York Supreme Court, Kings County, Index No. 518279/2022 (Franklin Capital Funding, LLC v. Direct Equity LLC, et al., including Spin and Hi Bar). (Ex. A.)
- Michigan Business Court (Oakland County), Case No. 2022-193300-CB (Franklin Capital Group, LLC v. Spin Capital LLC and Hi Bar Capital LLC). (Ex. B.)
- Michigan Business Court (Oakland County), Case No. 2024-206790-CB (Franklin Capital Funding, LLC v. Josh Lubin). (Ex. C.)
- Florida Circuit Court (Broward County), Case No. CACE-22-005125 (pleading excerpt quoting Spin's "known or unknown" third-party claims assignment language). (Ex. D.)
- U.S. Bankruptcy Court (S.D. Fla.), Case No. 22-15627-EPK / Adversary No. 22-01218-EPK (pleading excerpt asserting Spin assigned broad rights and claims). (Ex. E.)
- Additional Michigan proceedings are identified in a sworn NYSCEF affirmation, including Case Nos. 2023-205504-CB / 23-014608-CB. (Ex. H.)

The Assignment Agreement itself—attached as Ex. F—purports to transfer not only receivables but also Spin's "Third Party Claims," defined to include "any claims, rights or actions [Spin] may have (whether known or unknown …) against any third party." The same agreement further states that Spin holds the assigned rights "in trust" for Franklin and includes a reliance clause providing that "any person may rely" on the agreement and may seek to enforce it as a third-party beneficiary. (Ex. F.) Courts have already treated that agreement as operative and outcome-determinative in related litigation. See, e.g., Michigan Opinion and Order finding the agreement "prevented Spin from taking or accepting further payments" and that Spin breached it. (Ex. G.)

This matters here because Hi Bar and Spin are both Defendants in this SDNY action, and the multi-forum pleadings reflect ongoing, active attempts by non-parties to assert control over Spin's rights and to leverage claimed assignment/beneficiary status. In that posture, allowing Spin's counsel to withdraw now would create a gap in representation precisely when the case involves emergency and high-stakes issues (including pending motions and an imminent Court-ordered conference), and would invite further prejudice, delay, and confusion.

Separately, to the extent Amini LLC relies on a claimed "arrears" balance, Exs. I–J reflect that the cited balance appears to be a rolling accounting across Golden Foothill-related matters (not an itemization to this SDNY action) and includes a recent $125,000 payment credit.

Under Local Civil Rule 1.4, counsel may be relieved only by Court order upon a showing of satisfactory reasons, and the Court must consider the posture of the case and whether withdrawal will disrupt the proceedings. See, e.g., Karimian v. Time Equities, Inc., No. 10-CV-3773 (AKH) (JCF), 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011); Winkfield v. Kirschenbaum & Phillips, P.C., No. 12-CV-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). And it

is settled that an LLC must appear through counsel. Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir. 2007); Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–02 (1993).

Accordingly, I respectfully request that the Court: (i) deny the withdrawal motion as to Spin; or, alternatively, (ii) grant withdrawal only as to me individually, while requiring Amini LLC to remain counsel of record for Spin unless and until substitute counsel files a notice of appearance; and (iii) set a near-term status conference or enter a short order confirming that no default or other adverse consequence will be sought against Spin while replacement counsel is being retained.

Thank you for the Court's consideration.

Respectfully submitted,

**/s/ Avrumi (a/k/a Josh) Lubin**
Avrumi (a/k/a Josh) Lubin
Individual Defendant, pro se
c/o Spin Capital LLC, 1460 Arboretum Parkway, Lakewood, NJ 08701
Tel: (732) 608-4905 | Email: josh@spincapital.com

*cc: All counsel of record (via ECF)*

# EXHIBIT INDEX

Golden Foothill Insurance Services, LLC, et al. v. Spin Capital, LLC, et al. — Case No. 1:24-cv-08515 (AS)

| Exhibit | Description | Page(s) |
|---|---|---|
| Ex. A | Kings County (NY) caption page - Index No. 518279/2022 (Franklin Capital Funding, LLC v. Direct Equity LLC, et al.). | 2–3 |
| Ex. B | Michigan Business Court caption pages - Case No. 2022-193300-CB (Franklin Capital Group, LLC v. Spin Capital LLC and Hi Bar Capital LLC). | 4–6 |
| Ex. C | Michigan Business Court caption page - Case No. 2024-206790-CB (Franklin Capital Funding, LLC v. Josh Lubin). | 7–8 |
| Ex. D | Florida Broward County caption page and excerpt quoting assignment of Spin's "known or unknown" third-party claims (CACE-22-005125). | 9–11 |
| Ex. E | U.S. Bankruptcy Court (S.D. Fla.) caption page and excerpt alleging broad assignment of Spin's rights (Case No. 22-15627-EPK / Adv. No. 22-01218-EPK). | 12–14 |
| Ex. F | Assignment Agreement excerpts (definition of "Third Party Claims"; reliance clause). | 15–18 |
| Ex. G | Michigan Opinion and Order excerpt recognizing the Assignment Agreement's operative effect (Apr. 23, 2024). | 19–21 |
| Ex. H | NYSCEF affirmation excerpt listing multi-forum Franklin proceedings (including additional Michigan case numbers). | 22–23 |
| Ex. I | Amini LLC invoice reflecting $125,000 payment credited and rolling balance (for context on fee narrative). | 24–25 |
| Ex. J | Engagement letter excerpt referencing $125,000 payment and outstanding balance (for context on fee narrative). | 26–27 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-08515 (AS)

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,
Plaintiffs,
v.
SPIN CAPITAL, LLC, et al.,
Defendants.

# EXHIBIT A

*Kings County (NY) caption page - Index No. 518279/2022 (Franklin Capital Funding, LLC v. Direct Equity LLC, et al.).*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------- x

FRANKLIN CAPITAL FUNDING, LLC,                     :     Index No.: 518279/2022
                                                   :
           Plaintiff,                              :     **<u>AMENDED SUMMONS</u>**
                                                   :
           Against                                 :     The basis of the venue is CPLR
                                                   :     503(a). Plaintiff designates
DIRECT EQUITY LLC, AJ EQUITY GROUP LLC,            :     KINGS county as the place of
HI BAR CAPITAL LLC and SPIN CAPITAL LLC,           :     trial.
                                                   :
           Defendants.                             :
------------------------------------------------------------------- x

TO THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a
copy of your Answer, or, if the complaint is not served with the summons, to serve a notice of
appearance, on the Plaintiff's attorney within twenty (20) days after the service of this Summons,
exclusive of the day of service (or within thirty (30) days after completion of service where
service is not personally delivered to you within the State of New York); and, in case of your
failure to Appear or Answer, judgment will be taken against you by default for the relief
demanded in the Complaint.

Dated: New York, New York
       July 20, 2022

                                              PARNESS LAW FIRM, PLLC

                                              By:____/s/ Hillel I. Parness_____
                                              Hillel I. Parness
                                              136 Madison Ave., 6th Floor
                                              New York, New York 10016
                                              (212) 447-5299
                                              hip@hiplaw.com
                                              *Attorneys for Franklin Capital*
                                               *Funding, LLC*

**DEFENDANT(S) TO BE SERVED:**
DIRECT EQUITY LLC, 1648 61st ST, BROOKLYN, NY 11204
AJ EQUITY GROUP LLC, 1648 61st STREET, BROOKLYN, NY 11204
HI BAR CAPITAL LLC, 1825 65th STREET, SUITE 300, BROOKLYN, NY 11204
SPIN CAPITAL LLC, 1460 ARBORETUM PARKWAY, LAKEWOOD, NJ, UNITED
STATES, 08701

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-08515 (AS)

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,

Defendants.

# EXHIBIT B

*Michigan Business Court caption pages - Case No. 2022-193300-CB (Franklin Capital Group, LLC v. Spin Capital LLC and Hi Bar Capital LLC).*

INDEX NO. 650582/2022
RECEIVED NYSCEF: 02/17/2026

Case 1:24-cv-08515-AS    Document 132    Filed 03/04/26    Page 8 of 30

Original – Court

| STATE OF MICHIGAN<br>6TH JUDICIAL CIRCUIT<br>COUNTY OF OAKLAND | **NOTICE OF ASSIGNMENT TO THE BUSINESS COURT** | CASE NO.<br>2022-193300-CB<br>2022-         CB |
|---|---|---|

| Court address<br>1200 N Telegraph Rd    Pontiac, MI   48341 | JUDGE MICHAEL WARREN | Court telephone no.<br>248-858-0345 |
|---|---|---|

| Plaintiff's name(s), address(es), and telephone number(s)<br><br>FRANKLIN CAPITAL GROUP LLC | v | Defendant's name(s), address(es), and telephone number(s)<br><br>SPIN CAPITAL LLC<br>1460 Arboretum Pkwy, Lakewood, NJ 08701<br>HI BAR CAPITAL LLC,<br>1825 65th Street, Suite 300, Brooklyn, NY  11204 |
|---|---|---|

| Plaintiff's attorney, bar no., address, telephone no., and email address<br><br>J. Adam Behrendt (P58607)<br>BODMAN PLC<br>201 W. Big Beaver, Suite 500<br>Troy, MI  48084<br>(248) 743-6000 | Defendant's attorney, bar no., address, telephone no., and email address |
|---|---|

The ☑ Plaintiff ☐ Defendant  requests assignment of the above captioned matter to the Business Court.  The case qualifies for the Business Court and the matter should be identified as Business Court eligible pursuant to MCL 600.8031, MCL 600.8035, and LAO 2013-xx as indicated below. (Check all that apply.)

The case is a qualifying business or commercial dispute as defined by MCL 600.8031(1)(c) as:

☑ All of the parties are business enterprises;

☐ One or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members of a limited liability company or similar business organization, directors, officers, agents, employees, suppliers, guarantors of a commercial loan, or competitors, and the claims arise out of those relationships;

☐ One of the parties is a nonprofit organization and the claims arise out of that party's organizational structure, governance, or finances.

The business or commercial dispute involves:

☐ The sale, merger, purchase, combination, dissolution, liquidation, structure, governance, or finances of a business enterprise.

☐ Information technology, software, or website development, maintenance or hosting;

☐ The internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers;

☑ Contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including, but not limited to, alternative dispute resolution processes prescribed in the agreements;

☐ Commercial transactions, including commercial bank transactions;

☐ Business or commercial insurance policies; and/or

☐ Commercial real property.

☐ Other: (Please explain)

March 25, 2022
Date

/s/J. Adam Behrendt (P58607)
Name

Attorney for:  Plaintiff

OCBC 01 (10/17) **NOTICE OF ASSIGNMENT TO THE BUSINESS COURT**

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR OAKLAND COUNTY

FRANKLIN CAPITAL GROUP, LLC,

          Plaintiff,

v.

SPIN CAPITAL LLC and HI BAR CAPITAL LLC,

          Defendants.

2022-193300-CB

Case No. 22-       -CB

Hon.   JUDGE MICHAEL WARREN

**COMPLAINT**

**(In accordance with MCR 2.112(O)(1), this complaint meets the statutory requirements in MCL 600.8031 to be assigned to the business court)**

_____

BODMAN PLC
By:    J. Adam Behrendt (P58607)
        Melissa Benton Moore (P73018)
201 W. Big Beaver, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Plaintiff

_____

**There is no other civil action between these parties arising out of the same transactions as alleged in this complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.**

4870-8246-3000.v2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-08515 (AS)

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,

Defendants.

# EXHIBIT C

*Michigan Business Court caption page - Case No. 2024-206790-CB (Franklin Capital Funding, LLC v. Josh Lubin).*

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

FRANKLIN CAPITAL FUNDING, LLC,

      Plaintiff,

v.

JOSH LUBIN,

      Defendant.

Case No.
Hon:  2024-206790-CB

JUDGE MICHAEL
WARREN

_____ /

HEILMAN LAW PLLC
Ryan D. Heilman (P63952)
Attorney for Plaintiff
40900 Woodward Ave., Ste. 111
Bloomfield Hills, MI 48304
ryan@heilmanlaw.com
(248) 835-4745

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

_____ /

**COMPLAINT**

Plaintiff, Franklin Capital Funding, LLC ("Franklin" or "Plaintiff") states as follows for its amended complaint against Defendant Josh Lubin ("Lubin" or "Defendant"):

**PARTIES**

1.     Franklin is a Delaware limited liability company that maintains its principal place of business in Oakland County, Michigan.

2.     Franklin Funding is the assignee of Franklin Capital Group, LLC. Franklin Capital Group, LLC and Franklin Capital Funding, LLC are collectively referred to herein as "Franklin."

3.     Defendant, Josh Lubin, is an individual residing outside the State of Michigan and was president of Spin Capital, LLC a/k/a Spin Capital ("Spin"). In his capacity as president, Lubin exercised management and control of Spin.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-08515 (AS)

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,

Defendants.

# EXHIBIT D

*Florida Broward County caption page and excerpt quoting assignment of Spin's "known or unknown" third-party claims (CACE-22-005125).*

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and
FVP Servicing, LLC, a Delaware limited
liability company,

       Plaintiffs,

v.                                   Case No. CACE-22-005125

HI BAR CAPITAL, LLC, a New York
Limited liability company, *et al.*,

       Defendants.

_____/

**SECOND AMENDED  COUNTERCLAIMS
AND CROSSCLAIMS OF FRANKLIN CAPITAL FUNDING, LLC
AND FRANKLIN CAPITAL GROUP, LLC
<u>TO HI BAR CAPITAL, LLC PLEADING</u>**

Franklin Capital Funding, LLC and Franklin Capital Group, LLC hereby amend their counterclaims and crossclaims originally filed with an answer on April 23, 2024, Filing No. 196525028, and first amended on June 17, 2024, Filing No. 200732084.  To any extent necessary, the Franklin parties hereby re-plead, as if fully pled herein, the original answer and affirmative defenses pursuant to Fla. R. Civ. P. 1.130(b).

[Remainder of Page Intentionally Left Blank]

{2425/000/00589261}

Franklin filed any necessary UCC-3 assignments, and it then held the most senior perfected security interest in the assets of Excell and its affiliates, including its accounts receivable. True and correct copies of financing statements regarding the security interests of Franklin in Excell and the Karma Entities (together, the "Financing Statements") are attached as **EXHIBIT "Q"**.

157. Following closing of the loan, FCG assigned its interest under the Note and related documents to FCF. *See* **Exhibit "R"**.

158. Concurrently with the making of its loan to Excell, Franklin purchased from Spin, and Spin sold and assigned to Franklin, the obligations of Excell and its affiliates owing to Spin under Franklin Assignment Document, which is again attached hereto as Exhibit "E".

159. Under Franklin Assignment Document, Spin assigned to Franklin all of its right, title, and interest under its agreements with Excell and its affiliates, "including any claims, rights or actions [Spin] may have (whether known or unknown to [Spin] as of the date hereof) against any third party arising in connection with, or otherwise related to, [its agreements with Spin] or the Obligations [then owing to Spin]."

160. In addition, Franklin and Spin agreed that Franklin could file UCC-3 assignments assigning from Spin to Franklin all UCC-1 financing statements that Spin had filed.

{2425/000/00589261}

35

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-08515 (AS)

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,

Defendants.

# EXHIBIT E

*U.S. Bankruptcy Court (S.D. Fla.) caption page and excerpt alleging broad assignment of Spin's rights (Case No. 22-15627-EPK / Adv. No. 22-01218-EPK).*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22-15627-EPK

     Debtor.

_____/

FVP OPPORTUNITY FUND III, LP;  FVP
INVESTMENTS, LLC; and FVP SERVICING,
LLC,

     Adversary Plaintiffs,

vs.                                                             Adversary Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC; HI
BAR CAPITAL, LLC; WING LAKE
PARTNERS f/k/a FRANKLIN CAPITAL
GROUP, LLC; KARMA OF PALM BEACH,
INC.; KARMA OF BROWARD, INC.;
EXCELL AUTO SPORT AND SERVICE, INC.;
and EDWARD BROWN,

     Adversary Defendants, Adversary
     Plaintiffs, Cross Plaintiffs.

_____/

KARMA OF PALM BEACH, INC.; a Florida
Corporation; KARMA OF BROWARD, INC., a
Florida Corporation,

     Adversary Plaintiffs,

 vs.

AUTO WHOLESALE OF BOCA, LLC; HI
BAR CAPITAL, LLC; FVP OPPORTUNITY
FUND III, LP;  FVP INVESTMENTS, LLC;
FVP SERVICING, LLC; WING LAKE
PARTNERS f/k/a FRANKLIN CAPITAL
GROUP, LLC; EXCELL AUTO SPORT AND
SERVICE, INC; and EDWARD BROWN,

to Spin under an Assignment of Obligations and Merchant Documents agreement (the "Assignment Agreement"). A copy of the Assignment Agreement is attached hereto as **Exhibit Y.**

47.     Under the Assignment Agreement, Spin assigned to Wing Lake all of its right, title, and interest under its agreements with Excell and its affiliates, "including any claims, rights or actions [Spin] may have (whether known or unknown to [Spin] as of the date hereof) against any third party arising in connection with, or otherwise related to, [its agreements with Spin] or the Obligations [then owing to Spin]."

48.     In addition, Wing Lake and Spin agreed that Wing Lake could file UCC-3 assignments assigning from Spin to Wing Lake all UCC-1 financing statements that Spin had filed.

49.     Thereafter, Wing Lake filed any necessary UCC-3 assignments, and it then held the most senior perfected security interest in the assets of Excell and its affiliates, including its accounts receivable.  Copies of these UCC-3 assignments are attached hereto as **Composite Exhibit Z.**

50.     In executing the Assignment Agreement, Spin further acknowledged that Wing Lake is in the business of making secured commercial loans and agreed, inter alia: (a) not to purchase any portion of accounts, receipts or other obligations from Excell or the Karma Entities (together, the "Borrowers"), (b) not to take extend credit to or take a security interest in assets of the Borrowers, and (c) in the event Spin received payment from the Borrowers, the payment would be held in trust for the benefit of Wing Lake.  **See Exhibit. Y, at p. 2, ¶ 6.**

## THE DEBTOR'S USURY AND FRAUD

51.     The Karma Entities claim ownership to all of the Disputed Vehicles and claim that the Disputed Vehicles were taken by conversion, force and fraud undertaken and/or directed by the Debtor and its members, Moshe Farache ("Farache"), Lisa Farache and Chase Farache.

52.     Farache is the principal of the Debtor.

53.     Farache and Scott Zankl had a lender / borrower relationship that was both legal and illegal. There were two (2) sets of loans. One legal loan with paperwork and notes and legal interest rates, and a simultaneous illegal loan without notes or paperwork and bearing usurious and illegal interest rates.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-08515 (AS)

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,

Defendants.

# EXHIBIT F

*Assignment Agreement excerpts (definition of "Third Party Claims"; reliance clause).*

## ASSIGNMENT OF OBLIGATIONS AND MERCHANT DOCUMENTS

Assignment of Obligations and Merchant Documents ("Assignment") executed and delivered as of October 11/1 ___, 2021 by Spin Capital, with EIN: 833784343 _____, ("Assignor") to Franklin Capital Group, LLC ("Assignee").

**RECITALS:**

Assignee desires to purchase from Assignor, and Assignor has agreed to sell to Assignee all outstanding obligations ("Obligations") of Excell Auto Group, Inc. and each of its affiliates (collectively, "Company") owing to Assignor under each of (i) the Revenue Purchase  Agreement, dated as of June 1, 2021, by and between Assignor and Company, and (ii) the Revenue Purchase Agreement, dated as of July 9, 2021, by and between Assignor and Company (collectively, the "Merchant Agreements") and all rights of Assignor under any similar or related documents (including without limitation, any guaranties, security agreements, forbearance agreements, settlement agreements and judgments), including with respect to all collateral securing the obligations of Company under the Merchant Agreements or securing any guaranties in respect thereof (the documents, including the Merchant Agreements, are defined collectively as the "Merchant Documents"), for a purchase price of $1.00 (the "Purchase Price").

For good and valuable consideration, the receipt and adequacy of which is acknowledged, Assignor agrees as follows:

1.      The total amount of the outstanding Obligations as of October 21, 2021 is $1.00.

2.      Effective upon receipt by Assignor of the Purchase Price, which Purchase Price must be paid by Assignee to Assignor by no later than November 3, 2021 (the "Deadline") by wire transfer of immediately available funds in accordance with wire instructions set forth below:

(a)      Assignor sells, transfers and assigns to Assignee the Obligations and all of Assignor's right, title and interest under the Merchant Documents, including any claims, rights or actions Assignor may have (whether known or unknown to Assignor as of the date hereof) against any third party arising in connection with, or otherwise related to, the Merchant Documents or the Obligations ("Third Party Claims");

(b)      Assignee is authorized to file UCC-3 assignments, assigning from Assignor to Assignee all UCC-1 financing statements that Assignor has of record against Company or any guarantors or pledgors of collateral securing the Obligations (collectively, the "Credit Parties"), including without limitation those identified on the attached Exhibit 1; and

(c)      Upon request of Assignee, Assignor will (i) file all necessary papers dismissing any litigation and assigning or discharging (as directed by Assignee) any judgments that may have been entered in favor of Assignor against Company, (ii) execute and deliver such documents as are necessary to rescind or retract any garnishments or instructions given by Assignor to (x) account debtors or customers of Company directing such parties to make payments to Assignor, or (y) any bank or financial institution regarding Company's deposit or other accounts with such bank or financial institution, and (iii) execute and deliver such additional documents and take such other actions as are necessary or advisable in order to evidence or otherwise give effect to the purposes of this Assignment.

3.      Assignor will forbear from exercising any remedies with respect to the Obligations, whether under the Merchant Documents or otherwise (including with respect to any Third Party Claims), through the Deadline.

4.      Assignor represents and warrants to Assignee that (i) Assignor's exact legal name and EIN are as set forth in the preamble above, (ii) the completed form W-9 provided to Assignee by Assignor on or prior to the date hereof is true and accurate, (iii) Assignor has not sold, assigned, transferred, granted a participation in or pledged the Obligations, the Merchant Documents or the Third Party Claims and Assignor owns the Obligations, the Merchant Documents and the Third Party Claims free and clear of any lien or other encumbrance and (iv) Assignor (including any of its affiliates) has not entered into any written or oral agreement with Company relating to this Assignment or receipt of any compensation from Company in consideration for entering into this Assignment.  The sale, transfer and assignment is made without recourse, representations or warranties of any kind, except as set forth above.

5.     Assignor represents and warrants to Assignee that Company is currently in default under the terms of the Merchant Documents and, without limiting the effect of Section 2(a) above, all claims, rights or actions that Assignor may have against Company (or any guarantors of the Obligations) are sold, assigned and transferred to Assignee in connection with this Assignment.

6.     Assignor acknowledges that Assignee is in the business of making secured commercial loans.  On and after the date of this Assignment, Assignor covenants to Assignee that, so long as Assignee has a UCC financing statement filed of record against any of the Credit Parties or any other person or entity, whether or not related to the Credit Parties (any such Credit Party, person or entity, a "Debtor") that includes language notifying parties that further sales, assignments, pledges or encumbrances with respect to the collateral described in Assignee's UCC financing statement are prohibited, or words of similar import:  (a) Assignor shall not purchase any portion of accounts, future accounts, contract rights, future sales, receipts or other obligations from such Debtor, (b) Assignor shall  not extend credit to such Debtor, (c) Assignor shall not take a security interest in the assets of such Debtor, and (d) if Assignor violates any of the provisions of clauses (a), (b), or (c) above, its debt and lien shall be subordinate and it shall be subject to a permanent standstill and it shall not  take any legal action or otherwise exercise any rights or remedies against such Debtor.  Assignor further covenants and agrees that it shall not accept any payments from any of the Credit Parties on account of, or related to, the Obligations (including any compensation in consideration for entering into this Assignment), and Assignor acknowledges and agrees that any such payments, if received, shall be held in trust for the benefit of Assignee and promptly paid over to Assignee in the form received (with proper endorsements or assignment if necessary).

7.     Assignor shall execute the Evidence of Assignment attached hereto as Exhibit 2, which Assignee, Company, or any designee of any of the foregoing may, at any time after receipt by Assignor of the Purchase Price, provide to any other person as evidence of this Assignment.

8.     This Assignment and any dispute, controversy or claim (whether or not arising out of or in connection with this Assignment) between Assignor and Assignee shall be governed by and construed in accordance with the laws of the State of Michigan, without reference to conflicts of laws.  Assignor submits to the non-exclusive jurisdiction and venue of the federal court located in the Eastern District of Michigan or the state courts located in Oakland County, Michigan and shall waive any right to trial by jury, and any suit brought by Assignor, whether or not arising out of or in connection with this Assignment, may only be brought in such courts.  Nothing shall limit the right of Assignee to bring any action or proceeding in the courts of any other jurisdiction if necessary or convenient to effect the relief sought.

9.     Assignor agrees to indemnify and hold Assignee harmless from and against all losses, costs, damages, liabilities and expenses, including, without limitation, in-house and outside attorneys' fees and disbursements, incurred by Assignee in connection with this Assignment or the transactions contemplated hereby, or enforcing the obligations of Assignor under this Assignment, or in exercising any rights or remedies of Assignee or in the prosecution or defense of any action or proceeding concerning any matter arising under or in connection with this Assignment. If Assignor fails to perform any of its obligations arising under or in connection with this Assignment and/or violates any provision of this Assignment, Assignee shall be entitled to triple the amount of its actual/compensatory damages and, in such event, Assignee shall be entitled to its reasonable attorney fees and expenses (in addition to any other relief to which Assignee may be entitled).

10.     Electronic and/or facsimile signatures on this Assignment shall be effective for all purposes.

11.     Assignor's wire instructions are as set forth below:

TD Bank                                          031101266
_____          _____
Bank                                             ABA Transit Number
Spin Capital                                     4362466504
_____          _____
Account Title                                    Account Number


1460 Arboretum Pkwy
Lakewood, NJ 08701

Bodman_18052354_1

## <u>Evidence of Assignment</u>

To Whom It May Concern:

      Reference is made to that certain (i) Revenue Purchase  Agreement, dated as of June 1, 2021, by and between Excell Auto Group, Inc. ("Company") and Spin Capital ("Assignor"), and (ii) Revenue Purchase Agreement, dated as of July 9, 2021, by and between Company and Assignor (collectively, the "Merchant Agreements") and all rights of Assignor under any similar or related documents (including without limitation, any guaranties, security agreements, settlement agreements, forbearance agreements and judgments), including with respect to all collateral securing the obligations of Company under the Merchant Agreements or securing any guaranties in respect thereof (the documents, including the Merchant Agreements, are defined collectively as the "Merchant Documents").

      Assignor hereby confirms that in connection with that certain Assignment of Obligations and Merchant Documents, dated as of October 11/1___, 2021, between Assignor and Franklin Capital Group, LLC ("Assignee"), (i) Assignor has sold, transferred and assigned all of its right, title and interest in the Merchant Documents to Assignee, (ii) Assignor no longer has any rights or interest in the accounts, receivables, or other assets of Company or its guarantors that were sold, assigned, transferred or pledged to Assignor under or in connection with the Merchant Documents and (iii) this Evidence of Assignment may be relied upon by any person as evidence of the foregoing.

**ASSIGNOR:**

**SPIN CAPITAL**

By: *Josh Lubin*
    8C1F4BC2DA904D5...

Its: President

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-08515 (AS)

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,

Defendants.

# EXHIBIT G

*Michigan Opinion and Order excerpt recognizing the Assignment Agreement's operative effect (Apr. 23, 2024).*

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**
**BUSINESS COURT**

FRANKLIN CAPITAL GROUP, LLC,

        Plaintiff,

                                          Case No. 22-193300-CB

v                                         Hon. Michael Warren

SPIN CAPITAL LLC and HI BAR
CAPITAL, LLC,

        Defendants.

---

**OPINION AND ORDER GRANTING**
**PLAINTIFF FRANKLIN CAPITAL FUNDING, LLC'S MOTION**
**FOR SUMMARY DISPOSITION AGAINST DEFENDANT SPIN CAPITAL LLC**

At a session of said Court, held in the
County of Oakland, State of Michigan
April 23, 2024

**PRESENT: HON. MICHAEL WARREN**

---

**OPINION**

The instant action is before the Court on Plaintiff Franklin Capital Funding, LLC's ("FCF") Motion for Summary Disposition Against Defendant Spin Capital LLC; the Court having entered a Scheduling Order on February, 2023 requiring a responsive brief to be filed by April 17, 2024 which further states *inter alia,* that, "**[if] briefs are not timely filed, the Court SHALL assume that the party, whether or not represented by counsel, does not have any authority for his/her/its position(s). Failure to timely file briefs also will result in that party's waiver of oral argument**" (emphasis in original); no responsive brief

Case 1:24-cv-08515-AS   Document 132   Filed 03/04/26   Page 24 of 30

accept any payments from Debtor. Despite the Assignment Agreement, Spin continued to accept payments from Debtor.

There is no genuine issue of material fact that FCF and Spin executed the Assignment Agreement; the Assignment Agreement prevented Spin from taking or accepting further payments from Debtor; and Spin improperly debited from the accounts of Debtor (FCF's customer Excell and its affiliates) and continued to accept payments from Debtor in breach of the Assignment Agreement.[3]

There is also no genuine issue of material fact that despite the Assignment Agreement and FCF's more senior security interest, Spin intentionally converted FCF's collateral by knowingly directing Debtor to transfer funds to Spin which contained FCF's collateral, including cash proceeds in which FCF held a higher priority security interest.[4]

---

[3] A claim for breach of contract lies when the following elements are established: "(1) parties competent to contract; (2) a proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation." *Thomas v Leja*, 187 Mich App 418, 422 (1991). A plaintiff may recover in a breach of contract action when it proves that the defendant's breach was the proximate cause of the harm the plaintiff suffered. Chelsea Inv Group LLC v City of Chelsea, 288 Mich App 239, 254 (2010). The cardinal rule when interpreting contracts is to ascertain and give effect to the intention of the parties. *Zurich Ins Co v CCR & Co (on rehearing)*, 226 Mich App 599, 603 (1997). "In interpreting a contract, it is a court's obligation to determine the intent of the parties by examining the language of the contract according to its plain and ordinary meaning." *In re Smith Trust*, 480 Mich 19, 24 (2008).

[4] Common law conversion is defined as "any distinct act of dominion wrongfully exerted over another's personal property in denial or inconsistent with the rights therein." *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 497 Mich 337, 351-352 (2015), quoting *Nelson & Witt v Texas Co*, 256 Mich 65, 70 (1931) (citation and quotation marks omitted). See also *Lawsuit Financial v Curry*, 261 Mich App 579, 591 (2004) (citation omitted). "To establish a claim for common-law conversion, a plaintiff must show (1) an ownership interest, absolute or qualified, in identifiable personal property; (2) that he or she had the right to immediate possession of the property; (3) that the defendant wrongfully exerted dominion over the property inconsistent with the plaintiff's rights, and (4) actual damages." *In re Ralph A Siddell Living Trust*, unpublished per curiam opinion of the Court of Appeals, issued May 11, 2023 (Docket Nos. 359979, 359991, 362535), p 7 (internal citations omitted). Statutory conversion under MCL 600.2919a(1)(a), as amended in 2005, creates a remedy against a person who "steal[s] or embezzl[es] property or convert[s] property to the

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-08515 (AS)

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,

Defendants.

# EXHIBIT H

*NYSCEF affirmation excerpt listing multi-forum Franklin proceedings (including additional Michigan case numbers).*

### 3. The Assignment Dispute Remains Live: "Mootness" Argument Challenged by the Court

10. On February 6, 2026, Franklin counsel argued that the assignment dispute is "moot," but the Court immediately pressed on that assertion and questioned how the claim could be moot given still-disputed ownership/assignment issues. (Ex. D at 1196:18–1197:20.)

11. This record supports the need for immediate preservation and Receiver investigation relief because assignment/standing issues remain central, disputed, and outcome-determinative for the New-Submission OSC and the Related Motions.

### 4. Common-Interest Agreement and Multi-Forum Pleadings Heighten Urgency

12. A written common-interest agreement exists between Franklin Capital Funding, LLC and the Excell bankruptcy Trustee. (Ex. E.) This agreement confirms that these entities share aligned legal interests concerning overlapping issues.

13. In addition, Franklin-related entities have pursued overlapping claims across multiple jurisdictions, including:

> • New York Supreme Court, Kings County, Index No. 518279/2022 (Franklin Capital Funding, LLC v Direct Equity LLC, et al., including Spin Capital, LLC and Hi Bar Capital, LLC). (Ex. G-1.)

> • Michigan Business Court (Oakland County), Case No. 2023-205504-CB / 23-014608-CB (Franklin Capital Group LLC v Spin Capital LLC and Hi Bar Capital LLC). (Ex. G-2.)

> • Michigan Business Court (Oakland County), Case No. 2024-206790-CB (Franklin Capital Group LLC v Avrumi Lubin). (Ex. G-3.)

> • U.S. Bankruptcy Court (S.D. Fla.), Adversary Case No. 22-01218-EPK (pleading excerpt references an assignment of Spin's rights to a Franklin-affiliated entity and a broad "assignment of obligations and merchant documents" framework). (Ex. G-5.)

> • Florida pleading excerpt asserting assignment-based theories and describing the breadth of assigned "contracts" and "documents," including unknown obligations and undisclosed instruments. (Ex. G-4.)

14. These pleadings, taken together with the transcript record, underscore the need for centralized, court-supervised preservation and for a Receiver investigation that produces a documented map of claimed assignees/beneficiaries, the instruments they rely upon, and the collateral and communications relevant to those claims.

### 5. Requested Relief Is Narrow, Preservation-Focused, and Can Be Sequenced with Motions 045/046

15. The New-Submission OSC and Related Motions seek narrowly tailored preservation and continuity relief—designed to maintain the status quo and prevent prejudice while the Court addresses the pending motions and any related stay posture. If helpful to avoid any doubt, the Court can grant Motion Sequence Nos. 045 and 046 first (or simultaneously with Motion Sequence No. 044), so that the Receiver's authority and the Court's preservation directives are implemented consistently with any stay limitations and applicable law.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-08515 (AS)

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,

Defendants.

# EXHIBIT I

*Amini LLC invoice reflecting $125,000 payment credited and rolling balance (for context on fee narrative).*

**Amini LLC**
131 West 35th Street
12th Floor
New York, NY 10001
212-490-4700

*Invoice submitted to:*
Spin Capital, LLC
Attn: Josh Lubin
1276 50th Street
Brooklyn, NY 11219

December 3, 2025
File # 53250124

*Invoice* # 13128

*In Reference To:* Golden Foothill

Professional Services

| | | Hours | Amount |
|---|---|---|---|
| 11/10/2025  JC | Email with S. Heskin re: extending discovery deadline | 0.10 | 67.50 |
| | **For professional services rendered** | **0.10** | **$67.50** |
| | **Previous balance** | | **$263,680.49** |
| 11/4/2025 | Payment - Thank You - Received from Teton Life LLC | | ($125,000.00) |
| | **Total payments and adjustments** | | **($125,000.00)** |
| | **Balance due** | | **$138,747.99** |

Attorney Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Jeff Chubak - Member | 0.10 | 675.00 | $67.50 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:24-cv-08515 (AS)

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,

Defendants.

---

# EXHIBIT J

*Engagement letter excerpt referencing $125,000 payment and outstanding balance (for context on fee narrative).*

Gavriel Yitzchakov
Avrumi (Josh) Lubin
November 4, 2025
Page 2

Please indicate your agreement to that representation (the "Representation") by signing and returning a copy of this letter.  The Representation will commence once the $125,000 is paid.

For the avoidance of doubt, after application of the $125,000 to Spin's outstanding bill, Spin will continue to owe $138,680.49 to Amini LLC and nothing herein is intended to waive that amount owing, or future legal fees that Spin may accrue for services rendered in the RICO action.

**Terms of Engagement**

This letter sets out the terms of our engagement in the Representation.  The execution and return of the copy of this letter constitutes an unqualified agreement to all the terms set forth herein.  Upon accepting this engagement on your behalf, Amini LLC agrees to do the following: (1) provide legal counsel in accordance with these terms of engagement and in reliance upon information and guidance provided by you and (2) keep you reasonably informed about the status and progress of the Representation.

To enable us to provide effective representation, you agree to do the following:  (1) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we may request, (2) keep us apprised on a timely basis of all developments relating to the Representation that are or might be material, (3) attend meetings, conferences, and other proceedings when it is reasonable to do so, and (4) otherwise cooperate fully with us.

**Our Personnel Who Will Be Working On This Matter**

It is anticipated that I will be working on the Matter, and you may call, write, or e-mail me whenever you have any questions about the Representation.  Other firm personnel, including firm lawyers and legal assistants, will participate in the Representation if, in our judgment, their participation is necessary or appropriate.

**Our Legal Fees And Other Charges**

Our fees in this Matter will be based on the time spent by firm personnel, primarily firm lawyers or legal assistants, who participate in the Representation.  We will charge for all time spent by such personnel in the Representation in increments of tenths of an hour.  For example, we charge for time spent in the following: telephone and office conferences with clients, representatives of clients, opposing counsel, and others; conferences among our attorneys and legal assistants; factual investigation if needed; legal research; responding to requests from you that we provide information to your auditors; drafting letters and other documents; and travel, if needed.

Amini LLC's current hourly billing rates range from $675-$1,000 an hour for Members, $500-$625 an hour for attorneys who are Of Counsel to the firm, $490-$625 an hour for Associates, $225 an hour for Law Clerks, and $175-$215 an hour for Paralegals.  Specifically, my time is billed at $675 an hour.  Hourly billing rates of our attorneys and paralegals are periodically adjusted, usually annually in January, to reflect their increased level of experience.