Avrumi (Josh) Lubin
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (732) 608-4905
Email: josh@spincapital.com

March 5, 2026

Hon. Arun Subramanian
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al., No. 1:24-cv-08515 (AS)

**Supplemental Submission in Further Support of Defendant Lubin's Letter-Motion (ECF No. 121)**

Dear Judge Subramanian:

I write as Defendant Avrumi (a/k/a Josh) Lubin, appearing pro se in my individual capacity only, to submit the enclosed materials in further support of my pending letter-motion for an Order to Show Cause, temporary restraining order, and the appointment/recognition of the New York Supreme Court–appointed temporary receiver, Fred Stevens (ECF No. 121).

The attached exhibits are filings from the Appellate Division, First Department, Case No. 2026-00739. As reflected therein, the Receiver (through counsel) made an emergency application under CPLR § 5704(a) after Justice Nancy M. Bannon declined to sign the Receiver's proposed Order to Show Cause and the docket entry for an amended proposed order was marked "***DELETED***." (Ex. 2 at ¶¶ 1, 8; Ex. 3 at ¶¶ 4–7.)

Both the Receiver and his counsel explain that the requested interim relief is time-sensitive because, absent immediate authority, the Receiver is "paralyzed" to act, receivership policies may lapse, and the Receiver's contempt judgment against Stefan Leer may be discharged without meaningful challenge or investigation in the pending bankruptcy proceedings. (Ex. 2 at ¶¶ 6–7; Ex. 3 at ¶¶ 1–4, 8.)

The Leer respondents oppose that emergency application on procedural and "no emergency" grounds and invoke the bankruptcy stay and alleged bankruptcy-estate issues. (Ex. 4 at 1–2.) That posture underscores the need for immediate, preservation-focused federal relief in this action to protect receivership property and to ensure that any litigation steps taken here by or on behalf of the Leer-controlled parties are authorized by a fiduciary subject to court supervision, pending further proceedings in the appropriate forums.

I respectfully request that the Court consider this supplemental submission in connection with ECF No. 121 and grant the relief requested therein, including entering an Order to Show Cause and issuing temporary restraining relief to preserve the status quo pending an expedited hearing.

Respectfully submitted,

Avrumi (Josh) Lubin
Defendant, pro se (individual capacity only)

cc: Counsel of record (via email service)

**Exhibit List**

Exhibit 1: Appellate Division, First Department Informational Statement (NYSCEF Doc. No. 1) (Case No. 2026-00739).

Exhibit 2: Affirmation of Christopher Reilly (NYSCEF Doc. No. 5) (Case No. 2026-00739).

Exhibit 3: Excerpt of Affirmation of Fred Stevens (NYSCEF Doc. No. 2) (Case No. 2026-00739).

Exhibit 4: Excerpt of Leer Respondents' Memorandum of Law in Opposition (NYSCEF Doc. No. 8) (Case No. 2026-00739).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,
              Plaintiffs,
       v.
SPIN CAPITAL LLC, et al.,
              Defendants.

No. 1:24-cv-08515 (AS)

# EXHIBIT 1

Appellate Division, First Department Informational Statement (NYSCEF Doc. No. 1)
(Case No. 2026-00739)


Submitted in further support of ECF No. 121

FILED: APPELLATE DIVISION - 1ST DEPT 02/17/2026 01:07 PM    2026-00739
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/17/2026

# Supreme Court of the State of New York
# Appellate Division: First Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| Tenton Life LLC as Assignee of the Rights of Spin Capital, LLC <br><br> - against - <br><br> Golden Foothill Insurance Services, LLC, et. al. | Date Notice of Appeal Filed |
| | For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| ■ Civil Action | ☐ CPLR article 78 Proceeding | ☐ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| ☐ Action Commenced under CPLR 214-g | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ■ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ■ Business Relationships | ■ Commercial | ☐ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ■ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | | | |
|---|---|---|---|
| Paper Appealed From (Check one only): | | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. | |

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ☐ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| | | |
|---|---|---|
| Court:          Supreme Court | County:          New York | |
| Dated: | Entered: | |
| Judge (name in full): | Index No.: 650582/2022 | |
| Stage:    ☐ Interlocutory  ☐ Final  ☐ Post-Final | Trial:   ☐ Yes  ■ No    If Yes: ☐ Jury  ☐ Non-Jury | |

| Prior Unperfected Appeal and Related Case Information |
|---|

Are any appeals arising in the same action or proceeding currently pending in the court?          ☐ Yes  ■ No
If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

| Original Proceeding |
|---|

| | |
|---|---|
| Commenced by:    ☐ Order to Show Cause  ☐ Notice of Petition  ☐ Writ of Habeas Corpus | Date Filed: |
| Statute authorizing commencement of proceeding in the Appellate Division: | |

| Proceeding Transferred Pursuant to CPLR 7804(g) |
|---|

| | |
|---|---|
| Court:          Choose Court | County:          Choose County |
| Judge (name in full): | Order of Transfer Date: |

| CPLR 5704 Review of Ex Parte Order: |
|---|

| | |
|---|---|
| Court:          Supreme Court | County:          New York |
| Judge (name in full): Hon. Nancy M. Bannon | Dated: 02/13/2026 |

| Description of Appeal, Proceeding or Application and Statement of Issues |
|---|

Description:  If an appeal, briefly describe the paper appealed from.  If the appeal is from an order, specify the relief requested and whether the motion was granted or denied.  If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding.  If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

Informational Statement - Civil

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,
          Plaintiffs,
      v.
SPIN CAPITAL LLC, et al.,
          Defendants.

No. 1:24-cv-08515 (AS)

# EXHIBIT 2

Affirmation of Christopher Reilly (NYSCEF Doc. No. 5) (Case No. 2026-00739)


Submitted in further support of ECF No. 121

FILED: APPELLATE DIVISION - 1ST DEPT 02/18/2026 01:29 PM    2026-00739
NYSCEF DOC. NO. 5                                           RECEIVED NYSCEF: 02/18/2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**APPELLATE DIVISION: FIRST DEPARTMENT**

| |
|---|
| TETON LIFE LLC AS ASSIGNEE OF THE RIGHTS OF SPIN CAPITAL, LLC, <br><br> *Plaintiff,* <br><br> -against- <br><br> GOLDEN FOOTHILL INSURANCE SERVICES, LLC, *et al.*, <br><br> *Defendants.* |
| GOLDEN FOOTHILL INSURANCE SERVICES, LLC, *et al.*, <br><br> *Third-Party Plaintiffs*, <br><br> -against- <br><br> SPIN CAPITAL, LLC, AVRUMI LUBIN, <br><br> *Third-Party Defendants.* |

Index No.: 650582/2022
(Supreme Court, State of New York, County of New York)

Third-Party Index 595367/2022
(Supreme Court, State of New York, County of New York)

Hon. Nancy M. Bannon, J.S.C.

<u>**GOOD FAITH AFFIRMATION PURSUANT TO 22 NYCRR §1250.4**</u>

**CHRISTOPHER REILLY**, deposes and says as follows under penalty of perjury:

1.      I am a member of the firm Klestadt Winters Jureller Southard & Stevens, LLP, attorneys for Fred Stevens, the Court appointed temporary receiver (the "<u>Receiver</u>") in the above-captioned action currently pending in the New York State Supreme Court. I submit this emergency affirmation pursuant to 22 NYCRR §1250.4 in support of an *ex-parte* application pursuant to CPLR § 5704(a) following the Supreme Court's refusal to sign the Receiver's proposed Order to Show Cause with respect to the Receiver's motion (the "<u>Motion</u>") seeking (i) authority for the Receiver to continue performing his duties to preserve the receivership property and to retain

Nelson Mullins Riley & Scarborough LLP as counsel in connection with the Chapter 7 bankruptcy case of defendant Stefan Leer ("Leer") pending in the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") under Case No. 26-bk-00149 (the "Leer Bankruptcy Case"), (ii) to modify the Receiver Order to provide for compensation at the Receiver's firm's current standard hourly rates, and (iii) to sever Leer as a defendant so the action may proceed against the non-debtor parties.

2.     The Receiver was appointed pursuant to an Order dated January 4, 2023 (the "Receiver Order") [Dkt. No. 245].

3.     Because a CPLR §5704(a) application seeks emergency appellate intervention, the Receiver has made a good-faith effort to notify parties in interest consistent with the exigencies of the application.

4.     On February 17, 2026, the Receiver notified parties in interest via email that he intended to seek emergency relief from the Appellate Division.

5.     As of the filing of this affirmation, neither the Receiver nor I have received responses to that notice.

6.     The requested relief is time-sensitive because absent immediate relief, the Receiver is paralyzed to act and the receivership estate's life insurance policies could lapse, and the Receiver's judgment against Leer for his civil and criminal contempt could be discharged without challenge or investigation.

7.     Accordingly, providing formal motion notice under CPLR §2214 would render the requested relief meaningless and defeat the purpose of CPLR §5704(a).

8.      The Supreme Court has already refused to sign the Order to Show Cause, leaving CPLR §5704(a) as Applicant's only avenue for meaningful review prior to the occurrence of the harm described above.

9.      No prior application for this relief has been made to this Court.

10.     This application is made in good faith, is not intended to delay the proceedings, and is necessary solely to preserve the status quo.

**WHEREFORE**, Receiver respectfully requests that the Court grant the requested interim relief pursuant to CPLR §5704(a), together with such other and further relief as the Court deems just and proper.

I affirm this 18th day of February, 2026, under the penalties of perjury under the laws of New York, which may include fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

/s/ Christopher Reilly

Christopher Reilly

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,
                Plaintiffs,
       v.
SPIN CAPITAL LLC, et al.,
                Defendants.

No. 1:24-cv-08515 (AS)

# EXHIBIT 3

Excerpt of Affirmation of Fred Stevens (NYSCEF Doc. No. 2) (Case No. 2026-00739)


Submitted in further support of ECF No. 121

    b.  If the Receiver cannot retain counsel and take active part in the Leer Bankruptcy Case, then:

        i.  the Receiver could lose the opportunity to assert a claim against Leer's bankruptcy estate on account of the Receiver's judgment against Leer in the amount of $2,413,395.26 as of January 14, 2026 (current deadline is March 25, 2026) on account of Leer's civil and criminal contempt of the Receiver Order;

        ii.  the Receiver could lose the opportunity to challenge Leer's discharge or the dischargeability of the Receiver's judgment pursuant to 11 U.S.C. §§ 523 and/or 727 (current deadline is April 10, 2026); and

        iii.  the Receiver's judgment against Leer could be permanently lost without challenge upon Leer's receipt of a discharge.

3.    The requested relief merely preserves the status quo and allows the Receiver to protect his judgments against Leer by participating in the Leer Bankruptcy Case so that the Supreme Court may determine the parties' rights before the receivership estate is irreversibly damaged because the Receiver is prohibited from acting.  It is important to note that the property of the receivership estate is <u>not</u> property of Leer nor his bankruptcy estate.  Accordingly, if the Receiver is prohibited from protecting the receivership estate's property, including the five active life insurance policies and the judgment against Leer, there is no other person or fiduciary that is able to act.  Thus, if the Receiver cannot act, valuable rights, claims, and property could be lost forever.

4.      In this case, the Supreme Court did not deny the Receiver's Motion, rather it declined to sign the order to show cause granting emergency relief and scheduling a hearing on the Motion. As such, the Receiver seeks relief from this Court (i) temporarily granting the Receiver the authority to continue performing his duties under the Receiver Order; (ii) temporarily granting him authority to retain bankruptcy counsel to participate in the Leer Bankruptcy Case; (iii) temporarily severing Leer from the Supreme Court case so that the case can continue as against the other parties; and (iv) scheduling a return date in the Supreme Court for a final hearing on the relief requested in the Motion.

## II.    BACKGROUND & ORDER TO SHOW CAUSE

5.      On January 21, 2026, the Receiver presented an Order to Show Cause to the Hon. Nancy M. Bannon seeking an emergency hearing on his Motion seeking (I) authority to (a) continue to function as Receiver in order to preserve property, and (b) retain Nelson Mullins Riley & Scarborough LLP as his counsel with respect to the Leer Bankruptcy Case; (II) a modification of the Receiver Order to provide for compensation to the Receiver and his staff at the firm's current standard hourly rates; and (III) to sever Leer as a defendant to the case so that it can proceed against all non-debtor parties (the "Original Proposed Order to Show Cause"). See Motion attached hereto as **Exhibit A**.

6.      On January 26, 2026, the Receiver presented an Amended Order to Show Cause (the "Amended Proposed Order to Show Cause") and supporting documents to the Hon. Nancy M. Bannon, again requesting an emergency hearing on his Motion (the "Supplemental Filings"). See Supplemental Filings attached hereto as **Exhibit B**.

7.      On February 13, 2026, the Court declined to sign the Original Proposed Order to Show Cause and modified the docket entry where the Amended Proposed Order to Show Cause

4

[Dkt. No. 1250] to remove the Amended Proposed Order to Show Cause from the record with the entry "***DELETED***". See Declined Original Proposed Order to Show Cause attached hereto as **Exhibit C**. The Supreme Court did not provide any guidance with respect to its reasoning for the declination of the Original Proposed Order to Show Cause or deletion of the Amended Proposed Order to Show Cause.

8.    The requested relief is time-sensitive because absent immediate relief, the Receiver is paralyzed to act and the receivership estate's life insurance policies could lapse, and the Receiver's judgment against Leer for his civil and criminal contempt could be discharged without challenge or investigation.

9.    The Appellate Division may grant provisional relief refused by the lower court pursuant to CPLR § 5704(a).

10.    The Receiver has demonstrated a clear likelihood of success on the merits. A court that appoints a receiver retains inherent authority to protect and preserve property within the receivership and to authorize actions reasonably necessary to prevent dissipation of the estate. The requested relief does not adjudicate the parties' substantive rights but merely permits the Receiver to maintain the status quo and participate in the Leer Bankruptcy Case in order to ensure that the receivership assets are not lost. The Receiver's entitlement to temporary relief is substantial because the application seeks only interim measures preserving the value of the assets in the receivership estate where denial would result in the Receiver's loss of rights, claims, and assets before judicial review can occur.

11.    The Receiver is a court-appointed neutral and not a party to the case. The Receiver notified all counsel of record in the case by email. To the Receiver's knowledge, no party opposes the relief sought by the Receiver and every party has a vested interest in ensuring that the

receivership property is not lost. To the extent that any party wishes to oppose the Receiver's Motion, they will have an ample opportunity to do so in connection with the final hearing on the Motion.

**WHEREFORE**, the Receiver requests that the Court sign the annexed Order to Show Cause and grant the relief sought in the Motion on an interim basis before a final hearing for the relief requested in the Motion in the Supreme Court.

I affirm this 17th day of February, 2026, under the penalties of perjury under the laws of New York, which may include fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

*/s/ Fred Stevens*
Fred Stevens

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,
    Plaintiffs,
   v.
SPIN CAPITAL LLC, et al.,
    Defendants.

No. 1:24-cv-08515 (AS)

# EXHIBIT 4

Excerpt of Leer Respondents' Memorandum of Law in Opposition (NYSCEF Doc. No. 8) (Case No. 2026-00739)


Submitted in further support of ECF No. 121

Respondents-Defendants Stefan Leer, Tatanisha Leer, Golden Foothill Insurance Services, LLC, Life Factor II, LLC, Life Share II, LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., Eldo Investments, LLC, the Genesis LS Fund, LLC, KTL Holdings, Inc., (collectively, the "Leer Companies"), DRVN Holdings, LLC ("DRVN"), and Life Shares 1019, LLC (collectively the "Leer Defendants"), respectfully oppose the expedited Interim Relief sought by Petitioner Frederick Stevens.

**PRELIMINARY STATEMENT**

The Order to Show Cause below was providently declined by the trial court because (1) it was procedurally improper in that it sought interim emergency relief that was not supported by an affirmation of emergency under 22 NYCRR 202.7(f); (2) does not require emergency relief because the interested parties may protect their interests by paying the policy premiums their selves directly out of their own money.  In fact, the underlying receiver order expressly permits the parties to fund the premium payments directly; (3) the funds currently held by the Receiver are property of the Leer bankruptcy estate because they are policy proceeds paid on behalf of policies owned by Life Shares 1019, which is wholly owned by Stefan Leer; (4) the emergency relief improperly seeks to use the proceeds of a Life Shares 1019 asset to pay premiums on non-Life Shares 1019 premiums; (5) the relief requested should be sought in the underlying bankruptcy, not through this expedited appeal process; and (6) the trial court provident declined the requested relief and is in the best position to understand the facts, law, and equities involved.

Most importantly, the supporting papers below and on this appeal expressly admit no emergency exists.  Fatally, Petitioner admits that all premium payments are current:  "All of these policies are current and none are "in grace" with cure requirements."  *See* NYCEF #1017, ¶ 14. There is simply no emergency and the request for emergency relief should be denied.

-2-

**BACKGROUND AND THE INTERIM STAY ORDER**

On January 14, 2026, defendant Stefan Leer filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The following day, this Court entered an Interim Order – Bankruptcy Stay, staying the action pursuant to 11 U.S.C. § 362 and holding the then-pending motions in abeyance.

The Interim Order provides, in relevant part, that:

- "This action is stayed pursuant to 11 U.S.C. § 362 during the pendency of [the] Chapter 7 bankruptcy proceedings";

- The motions to enforce contempt, strike pleadings, and for summary judgment "are held in abeyance pending the stay"; and

- The Clerk is directed to mark the action stayed.

The trial court further directed the parties to advise of any lifting, vacatur, or modification of the stay and scheduled a status conference for July 9, 2026—underscoring that no merits or procedural adjudication would proceed in the interim.

Petitioner does not contend that the Bankruptcy Court has lifted or modified the automatic stay, nor does Petitioner contend that it cannot seek the same emergency relief in the bankruptcy court—as directed by the trial court's Interim Order.  Instead, Petitioner asks this Court to do precisely what the Interim Order forbids.

**ARGUMENT**

**I. PETITIONER'S MOTION IS BARRED BY THE TRIAL COURT'S INTERIM ORDER STAYING THE ACTION**

Petitioner's motion seeks relief that is fundamentally incompatible with the trial court's Interim Order. The trial court has already exercised its discretion to stay the action in its entirety and to hold all pending motions in abeyance. Petitioner may not now bypass that ruling by