UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,**
Plaintiffs,
v.
**SPIN CAPITAL LLC, et al.,**
Defendants.

**No. 1:24-cv-08515 (AS)**

Avrumi (Josh) Lubin
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (732) 608-4905
Email: josh@spincapital.com

March 5, 2026

**Via ECF**

Hon. Arun Subramanian
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al.*, No. 1:24-cv-08515 (AS)
**Consolidated Supplemental Submission in Further Support of Defendant Lubin's Emergency Letter-Motion (ECF No. 121)**

Dear Judge Subramanian:

I write as Defendant Avrumi (a/k/a Josh) Lubin, appearing pro se in my individual capacity only, to submit this consolidated supplemental submission in further support of my emergency letter-motion (ECF No. 121), which seeks an expedited Order to Show Cause, temporary restraining relief preserving the status quo, and appointment/recognition of the New York Supreme Court–appointed temporary receiver, Fred Stevens (the "Receiver"), as a temporary federal receiver and/or special litigation receiver for the limited purpose of preserving receivership property and ensuring that litigation steps taken in this action on behalf of Leer-controlled parties are authorized by a fiduciary subject to court supervision.

The enclosed materials are limited and are offered solely to demonstrate the urgency and time-sensitive preservation risk that exists while the New York state action is stayed and while emergency preservation relief is being pursued in the New York appellate courts. In particular:

- **Bankruptcy stay / abeyance:** The New York Supreme Court has stayed the related action pursuant to 11 U.S.C. § 362 and has held pending motions (including a motion to

enforce a contempt order) in abeyance. (Exs. A–B.)

• **Receiver's emergency appellate application:** The Receiver has filed an emergency application in the Appellate Division, First Department (Case No. 2026-00739) under CPLR § 5704(a) after the Supreme Court declined to sign the Receiver's proposed order to show cause seeking interim authority and a hearing. (Exs. C–F.)

• **Concrete preservation deadline (policy lapse risk):** Zurich has issued a grace-period notice for a life insurance policy owned by Life Shares II LLC (Policy No. 177947) advising that Zurich must receive a minimum payment of $26,938.91 by April 30, 2026 or coverage will lapse. This is a time-certain, external deadline affecting receivership property and underscores the need for prompt preservation-focused relief. (Exs. G–H.)

I respectfully request that the Court consider this submission in connection with ECF No. 121 and, at minimum, set an expedited schedule and issue any interim, preservation-focused directions the Court deems appropriate to prevent irreparable loss of receivership property pending a prompt hearing.

Respectfully submitted,

/s/ Avrumi (Josh) Lubin
Avrumi (Josh) Lubin
Defendant, pro se (individual capacity only)

cc: Counsel of record (via email service)

**Exhibit List**

**Exhibit A:** Notice of Bankruptcy Case Filing (M.D. Tenn. Case No. 3:26-bk-00149) (NYSCEF 970).

**Exhibit B:** NYSCEF Doc. 997 Interim Order (Bankruptcy Stay / Motions Held in Abeyance).

**Exhibit C:** Appellate Division, First Department Informational Statement (Case No. 2026-00739) (CPLR 5704 review).

**Exhibit D:** Excerpt of Affirmation of Christopher Reilly (CPLR 5704(a) application; OSC declined; time-sensitive harm).

**Exhibit E:** Excerpt of Affirmation of Fred Stevens (OSC declined; amended OSC entry deleted; time-sensitive harm).

**Exhibit F:** Excerpt of Leer Respondents' Memorandum of Law in Opposition (acknowledging stay / disputing emergency).

**Exhibit G:** Zurich Grace Period Notice (Policy No. 177947) (payment due April 30, 2026 to avoid lapse).

**Exhibit H:** Receiver email forwarding/confirming Zurich policy default notice and preservation posture.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,**
Plaintiffs,
v.
**SPIN CAPITAL LLC, et al.,**
Defendants.

**No. 1:24-cv-08515 (AS)**


# EXHIBIT A

Notice of Bankruptcy Case Filing (M.D. Tenn. Case No. 3:26-bk-00149) (NYSCEF 970)


*Submitted in further support of ECF No. 121*

United States Bankruptcy Court
MIDDLE DISTRICT OF TENNESSEE

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 01/14/2026 at 1:44 PM and filed on 01/14/2026.

**Stefan Joseph Leer**
5436 Granny White Pike
Brentwood, TN 37027
SSN / ITIN: xxx-xx-2114

The case was filed by the debtor's attorney:

**KEITH DAVID SLOCUM**
Slocum Law
370 Mallory Station Road Suite 504
Franklin, TN 37067
615-656-3344

The case was assigned case number 3:26-bk-00149.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page https://ecf.tnmb.uscourts.gov or at the Clerk's Office, 701 Broadway Room 170, Nashville, TN 37203.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Vanessa A Lantin**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/14/2026 13:46:55 | | |
| **PACER Login:** | slocum0660 | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 3:26-bk-00149 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

1 of 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,**
Plaintiffs,
v.
**SPIN CAPITAL LLC, et al.,**
Defendants.

**No. 1:24-cv-08515 (AS)**


# EXHIBIT B

NYSCEF Doc. 997 Interim Order (Bankruptcy Stay / Motions Held in Abeyance)


*Submitted in further support of ECF No. 121*

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. NANCY M. BANNON**

_Justice_

PART      61M

-------------------------------------------------------------------------X

TETON LIFE LLC AS ASSIGNEE OF THE RIGHTS OF
SPIN CAPITAL, LLC,

      Plaintiff,

- v -

GOLDEN FOOTHILL INSURANCE SERVICES, LLC et al

      Defendants.

-------------------------------------------------------------------------X

GOLDEN FOOTHILL INSURANCE SERVICES, LLC et al,

      Plaintiffs,

-against-

SPIN CAPITAL, LLC, AVRUMI LUBIN

      Defendants.

-------------------------------------------------------------------------X

**INDEX NO.**      650582/2022

**MOTION DATE**      2/5/2025

**MOTION SEQ. NO.**      027 028 029

### INTERIM ORDER
### BANKRUPTCY STAY

Third-Party
Index No.  595367/2022

The following e-filed documents, listed by NYSCEF document number (Motion 027) ---
were read on this motion to/for     ENFORCE/EXEC JUDGMENT OR ORDER  .

The following e-filed documents, listed by NYSCEF document number (Motion 028) ----
were read on this motion to/for     STRIKE PLEADINGS  .

The following e-filed documents, listed by NYSCEF document number (Motion 029) ----
were read on this motion to/for     SUMMARY JUDGMENT  .

It is hereby

ORDERED that, upon the notice of bankruptcy filed by the defendant Stefan Leer in the
United States Bankruptcy Court for the Middle District of Tennessee, docket number 3:26-bk-
00149, on January 14, 2026 (NYSCEF Doc. No. 970), this action is **stayed** pursuant to 11
U.S.C. § 362 during the pendency of that defendant's Chapter 7 bankruptcy proceedings, and it
is further

**650582/2022   TETON LIFE LLC AS ASSIGNEE OF THE RIGHTS OF SPIN CAPITAL, LLC, vs.**
**GOLDEN FOOTHILL INSURANCE SERVICES, LLC ET AL**
**Motion No.  027 028 029**

Page 1 of 2

1 of 2

ORDERED that the receiver's motion to enforce a contempt order against defendant Stefan Leer (MOT SEQ 027), the plaintiff's motion to strike defendant Stefan Leer's answer (MOT SEQ 028), and the plaintiff's motion for summary judgment (MOT SEQ 029) are held in abeyance pending the stay, and it is further

ORDERED that the parties shall promptly inform the Court of any final disposition in the above action or a lifting, vacatur or modification of the stay; and it is further

ORDERED that all parties shall appear for a status conference on July 9, 2026, at 11:00 a.m., and it is further

ORDERED that the bankruptcy debtor/defendant Stefan Leer is directed to serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119) within ten (10) days from entry, and the Clerk shall mark this action **stayed.**

This constitutes the order of the court.

NANCY M. BANNON, J.S.C.
HON. NANCY M. BANNON

__1/15/2026__
DATE

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650582/2022   TETON LIFE LLC AS ASSIGNEE OF THE RIGHTS OF SPIN CAPITAL, LLC, vs.          Page 2 of 2
GOLDEN FOOTHILL INSURANCE SERVICES, LLC ET AL
Motion No.  027 028 029

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,**
Plaintiffs,
v.
**SPIN CAPITAL LLC, et al.,**
Defendants.

**No. 1:24-cv-08515 (AS)**

# EXHIBIT C

Appellate Division, First Department Informational Statement (Case No. 2026-00739)
(CPLR 5704 review)

*Submitted in further support of ECF No. 121*

FILED: APPELLATE DIVISION - 1ST DEPT 02/17/2026 01:07 PM
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/17/2026

2026-00739

# Supreme Court of the State of New York
# Appellate Division: First Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| Tenton Life LLC as Assignee of the Rights of Spin Capital, LLC<br><br>- against -<br><br>Golden Foothill Insurance Services, LLC, et. al. | Date Notice of Appeal Filed |
| | For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| ☑ Civil Action | ☐ CPLR article 78 Proceeding | ☐ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| ☐ Action Commenced under CPLR 214-g | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ☑ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ☑ Business Relationships | ☑ Commercial | ☐ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☑ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | |
|---|---|
| Paper Appealed From (Check one only): | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

| | | |
|---|---|---|
| ☐ Amended Decree | ☐ Determination | ☐ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| Court: Supreme Court | County: New York |
|---|---|
| Dated: | Entered: |
| Judge (name in full): | Index No.: 650582/2022 |
| Stage: ☐ Interlocutory ☐ Final ☐ Post-Final | Trial: ☐ Yes ■ No   If Yes: ☐ Jury ☐ Non-Jury |

| Prior Unperfected Appeal and Related Case Information |
|---|

Are any appeals arising in the same action or proceeding currently pending in the court?          ☐ Yes ■ No
If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

| Original Proceeding |
|---|

| Commenced by:   ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: |
|---|---|
| Statute authorizing commencement of proceeding in the Appellate Division: | |

| Proceeding Transferred Pursuant to CPLR 7804(g) |
|---|

| Court: Choose Court | County: Choose County |
|---|---|
| Judge (name in full): | Order of Transfer Date: |

| CPLR 5704 Review of Ex Parte Order: |
|---|

| Court: Supreme Court | County: New York |
|---|---|
| Judge (name in full): Hon. Nancy M. Bannon | Dated: 02/13/2026 |

| Description of Appeal, Proceeding or Application and Statement of Issues |
|---|

Description:  If an appeal, briefly describe the paper appealed from.  If the appeal is from an order, specify the relief requested and whether the motion was granted or denied.  If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding.  If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,**
Plaintiffs,
v.
**SPIN CAPITAL LLC, et al.,**
Defendants.

**No. 1:24-cv-08515 (AS)**

# EXHIBIT D

Affirmation of Christopher Reilly (excerpt) (CPLR 5704(a) application; OSC declined; time-sensitive harm)

*Submitted in further support of ECF No. 121*

FILED: APPELLATE DIVISION - 1ST DEPT 02/18/2026 01:29 PM

NYSCEF DOC. NO. 5

2026-00739

RECEIVED NYSCEF: 02/18/2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**APPELLATE DIVISION: FIRST DEPARTMENT**

|  |  |
|---|---|
| TETON LIFE LLC AS ASSIGNEE OF THE RIGHTS OF SPIN CAPITAL, LLC, | Index No.: 650582/2022 (Supreme Court, State of New York, County of New York) |
| *Plaintiff,* |  |
| -against- | Third-Party Index 595367/2022 (Supreme Court, State of New York, County of New York) |
| GOLDEN FOOTHILL INSURANCE SERVICES, LLC, *et al.,* | Hon. Nancy M. Bannon, J.S.C. |
| *Defendants.* |  |

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, *et al.,*

                           *Third-Party Plaintiffs,*

      -against-

SPIN CAPITAL, LLC, AVRUMI LUBIN,

                           *Third-Party Defendants.*

---

## GOOD FAITH AFFIRMATION PURSUANT TO 22 NYCRR §1250.4

**CHRISTOPHER REILLY**, deposes and says as follows under penalty of perjury:

1.      I am a member of the firm Klestadt Winters Jureller Southard & Stevens, LLP, attorneys for Fred Stevens, the Court appointed temporary receiver (the "Receiver") in the above-captioned action currently pending in the New York State Supreme Court. I submit this emergency affirmation pursuant to 22 NYCRR §1250.4 in support of an *ex-parte* application pursuant to CPLR § 5704(a) following the Supreme Court's refusal to sign the Receiver's proposed Order to Show Cause with respect to the Receiver's motion (the "Motion") seeking (i) authority for the Receiver to continue performing his duties to preserve the receivership property and to retain

Nelson Mullins Riley & Scarborough LLP as counsel in connection with the Chapter 7 bankruptcy case of defendant Stefan Leer ("Leer") pending in the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") under Case No. 26-bk-00149 (the "Leer Bankruptcy Case"), (ii) to modify the Receiver Order to provide for compensation at the Receiver's firm's current standard hourly rates, and (iii) to sever Leer as a defendant so the action may proceed against the non-debtor parties.

2.      The Receiver was appointed pursuant to an Order dated January 4, 2023 (the "Receiver Order") [Dkt. No. 245].

3.      Because a CPLR §5704(a) application seeks emergency appellate intervention, the Receiver has made a good-faith effort to notify parties in interest consistent with the exigencies of the application.

4.      On February 17, 2026, the Receiver notified parties in interest via email that he intended to seek emergency relief from the Appellate Division.

5.      As of the filing of this affirmation, neither the Receiver nor I have received responses to that notice.

6.      The requested relief is time-sensitive because absent immediate relief, the Receiver is paralyzed to act and the receivership estate's life insurance policies could lapse, and the Receiver's judgment against Leer for his civil and criminal contempt could be discharged without challenge or investigation.

7.      Accordingly, providing formal motion notice under CPLR §2214 would render the requested relief meaningless and defeat the purpose of CPLR §5704(a).

8.    The Supreme Court has already refused to sign the Order to Show Cause, leaving CPLR §5704(a) as Applicant's only avenue for meaningful review prior to the occurrence of the harm described above.

9.    No prior application for this relief has been made to this Court.

10.    This application is made in good faith, is not intended to delay the proceedings, and is necessary solely to preserve the status quo.

**WHEREFORE**, Receiver respectfully requests that the Court grant the requested interim relief pursuant to CPLR §5704(a), together with such other and further relief as the Court deems just and proper.

I affirm this 18th day of February, 2026, under the penalties of perjury under the laws of New York, which may include fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

*/s/ Christopher Reilly*
Christopher Reilly

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,**
Plaintiffs,
v.
**SPIN CAPITAL LLC, et al.,**
Defendants.

**No. 1:24-cv-08515 (AS)**

# EXHIBIT E

Affirmation of Fred Stevens (excerpt) (OSC declined; amended OSC entry deleted; time-sensitive harm)

*Submitted in further support of ECF No. 121*

4.      In this case, the Supreme Court did not deny the Receiver's Motion, rather it declined to sign the order to show cause granting emergency relief and scheduling a hearing on the Motion. As such, the Receiver seeks relief from this Court (i) temporarily granting the Receiver the authority to continue performing his duties under the Receiver Order; (ii) temporarily granting him authority to retain bankruptcy counsel to participate in the Leer Bankruptcy Case; (iii) temporarily severing Leer from the Supreme Court case so that the case can continue as against the other parties; and (iv) scheduling a return date in the Supreme Court for a final hearing on the relief requested in the Motion.

## II.      BACKGROUND & ORDER TO SHOW CAUSE

5.      On January 21, 2026, the Receiver presented an Order to Show Cause to the Hon. Nancy M. Bannon seeking an emergency hearing on his Motion seeking (I) authority to (a) continue to function as Receiver in order to preserve property, and (b) retain Nelson Mullins Riley & Scarborough LLP as his counsel with respect to the Leer Bankruptcy Case; (II) a modification of the Receiver Order to provide for compensation to the Receiver and his staff at the firm's current standard hourly rates; and (III) to sever Leer as a defendant to the case so that it can proceed against all non-debtor parties (the "Original Proposed Order to Show Cause"). See Motion attached hereto as **Exhibit A**.

6.      On January 26, 2026, the Receiver presented an Amended Order to Show Cause (the "Amended Proposed Order to Show Cause") and supporting documents to the Hon. Nancy M. Bannon, again requesting an emergency hearing on his Motion (the "Supplemental Filings"). See Supplemental Filings attached hereto as **Exhibit B**.

7.      On February 13, 2026, the Court declined to sign the Original Proposed Order to Show Cause and modified the docket entry where the Amended Proposed Order to Show Cause

4

[Dkt. No. 1250] to remove the Amended Proposed Order to Show Cause from the record with the entry "***DELETED***". See Declined Original Proposed Order to Show Cause attached hereto as **Exhibit C**. The Supreme Court did not provide any guidance with respect to its reasoning for the declination of the Original Proposed Order to Show Cause or deletion of the Amended Proposed Order to Show Cause.

8.      The requested relief is time-sensitive because absent immediate relief, the Receiver is paralyzed to act and the receivership estate's life insurance policies could lapse, and the Receiver's judgment against Leer for his civil and criminal contempt could be discharged without challenge or investigation.

9.      The Appellate Division may grant provisional relief refused by the lower court pursuant to CPLR § 5704(a).

10.      The Receiver has demonstrated a clear likelihood of success on the merits. A court that appoints a receiver retains inherent authority to protect and preserve property within the receivership and to authorize actions reasonably necessary to prevent dissipation of the estate. The requested relief does not adjudicate the parties' substantive rights but merely permits the Receiver to maintain the status quo and participate in the Leer Bankruptcy Case in order to ensure that the receivership assets are not lost. The Receiver's entitlement to temporary relief is substantial because the application seeks only interim measures preserving the value of the assets in the receivership estate where denial would result in the Receiver's loss of rights, claims, and assets before judicial review can occur.

11.      The Receiver is a court-appointed neutral and not a party to the case. The Receiver notified all counsel of record in the case by email. To the Receiver's knowledge, no party opposes the relief sought by the Receiver and every party has a vested interest in ensuring that the

receivership property is not lost. To the extent that any party wishes to oppose the Receiver's Motion, they will have an ample opportunity to do so in connection with the final hearing on the Motion.

**WHEREFORE**, the Receiver requests that the Court sign the annexed Order to Show Cause and grant the relief sought in the Motion on an interim basis before a final hearing for the relief requested in the Motion in the Supreme Court.

I affirm this 17th day of February, 2026, under the penalties of perjury under the laws of New York, which may include fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

*/s/ Fred Stevens*
Fred Stevens

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,**
Plaintiffs,
v.
**SPIN CAPITAL LLC, et al.,**
Defendants.

**No. 1:24-cv-08515 (AS)**

# EXHIBIT F

Leer Respondents' Memorandum of Law in Opposition (excerpt) (stay posture / dispute re emergency)

*Submitted in further support of ECF No. 121*

Respondents-Defendants Stefan Leer, Tatanisha Leer, Golden Foothill Insurance Services, LLC, Life Factor II, LLC, Life Share II, LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., Eldo Investments, LLC, the Genesis LS Fund, LLC, KTL Holdings, Inc., (collectively, the "Leer Companies"), DRVN Holdings, LLC ("DRVN"), and Life Shares 1019, LLC (collectively the "Leer Defendants"), respectfully oppose the expedited Interim Relief sought by Petitioner Frederick Stevens.

## PRELIMINARY STATEMENT

The Order to Show Cause below was providently declined by the trial court because (1) it was procedurally improper in that it sought interim emergency relief that was not supported by an affirmation of emergency under 22 NYCRR 202.7(f); (2) does not require emergency relief because the interested parties may protect their interests by paying the policy premiums their selves directly out of their own money.  In fact, the underlying receiver order expressly permits the parties to fund the premium payments directly; (3) the funds currently held by the Receiver are property of the Leer bankruptcy estate because they are policy proceeds paid on behalf of policies owned by Life Shares 1019, which is wholly owned by Stefan Leer; (4) the emergency relief improperly seeks to use the proceeds of a Life Shares 1019 asset to pay premiums on non-Life Shares 1019 premiums; (5) the relief requested should be sought in the underlying bankruptcy, not through this expedited appeal process; and (6) the trial court provident declined the requested relief and is in the best position to understand the facts, law, and equities involved.

Most importantly, the supporting papers below and on this appeal expressly admit no emergency exists.  Fatally, Petitioner admits that all premium payments are current:  "All of these policies are current and none are "in grace" with cure requirements."  *See* NYCEF #1017, ¶ 14. There is simply no emergency and the request for emergency relief should be denied.

## <u>BACKGROUND AND THE INTERIM STAY ORDER</u>

On January 14, 2026, defendant Stefan Leer filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The following day, this Court entered an Interim Order – Bankruptcy Stay, staying the action pursuant to 11 U.S.C. § 362 and holding the then-pending motions in abeyance.

The Interim Order provides, in relevant part, that:

- "This action is stayed pursuant to 11 U.S.C. § 362 during the pendency of [the] Chapter 7 bankruptcy proceedings";

- The motions to enforce contempt, strike pleadings, and for summary judgment "are held in abeyance pending the stay"; and

- The Clerk is directed to mark the action stayed.

The trial court further directed the parties to advise of any lifting, vacatur, or modification of the stay and scheduled a status conference for July 9, 2026—underscoring that no merits or procedural adjudication would proceed in the interim.

Petitioner does not contend that the Bankruptcy Court has lifted or modified the automatic stay, nor does Petitioner contend that it cannot seek the same emergency relief in the bankruptcy court—as directed by the trial court's Interim Order.  Instead, Petitioner asks this Court to do precisely what the Interim Order forbids.

## <u>ARGUMENT</u>

### I.    PETITIONER'S MOTION IS BARRED BY THE TRIAL COURT'S INTERIM ORDER STAYING THE ACTION

Petitioner's motion seeks relief that is fundamentally incompatible with the trial court's Interim Order. The trial court has already exercised its discretion to stay the action in its entirety and to hold all pending motions in abeyance. Petitioner may not now bypass that ruling by

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,**
Plaintiffs,
v.
**SPIN CAPITAL LLC, et al.,**
Defendants.

**No. 1:24-cv-08515 (AS)**

# EXHIBIT G

Zurich Grace Period Notice (Policy No. 177947) (payment due April 30, 2026 to avoid lapse)

*Submitted in further support of ECF No. 121*



FRED STEVENS ESQ RECEIVER
KLESTADT, WINTERS, JURELLER, ET AL LLP
200 W 41ST ST, 17TH FL
NEW YORK NY 10036-7203

Our Reference    Zurich American Life Insurance Company No.: **177947**

Date    **March 3, 2026**

Insured(s): **RONALD GRESHAM**

Owner: **LIFE SHARES II LLC**

Dear Policyowner:

Please read this letter carefully as it contains important information about the status of your Zurich life insurance policy.

Zurich

7045 College Blvd
Overland Park KS 66211

Telephone: (888)634-6780

While your policy allows you the flexibility within certain limits to choose the amount, method and timing of your premium payments, there must be sufficient policy value to pay the monthly deductions for the cost of insurance as they come due. Currently, there is not enough value to pay the February 28, 2026 monthly deduction due February 28, 2026 and the policy has entered its grace period and is in danger of lapsing.

**In order to keep your valuable insurance coverage from lapsing, we must receive a minimum payment of $26,938.91 by April 30, 2026.** For your convenience, a return envelope and copy of this letter are enclosed to return with your payment. To ensure proper crediting, please write the policy number on your check.

Going forward, you should resume paying your quarterly planned premiums of $27,435.25 to ensure sufficient policy value and help reduce the likelihood of the policy re-entering its grace period.

If you have any questions regarding this letter or your policy, please feel free to contact us at (888) 634-6780 or via email at the address shown below.

Sincerely,

Policy Owner Service
Life.customercare@zurichna.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,**
Plaintiffs,
v.
**SPIN CAPITAL LLC, et al.,**
Defendants.

**No. 1:24-cv-08515 (AS)**

# EXHIBIT H

Receiver email forwarding/confirming Zurich policy default notice and preservation posture

*Submitted in further support of ECF No. 121*

Foothill Insurance Services, LLC, et al. - NOTICE OF POLICY DEFAULT

| | |
|---|---|
| Subject | **FW: Teton Life (assignee of Spin Capital, LLC) v. Golden Foothill Insurance Services, LLC, et al. - NOTICE OF POLICY DEFAULT** |
| Link to Outlook Item | **Click here** |
| From | **Jeffrey Chubak** |
| To | **Gabe Isaacov; Josh Lubin** |
| Cc | **Avery Samet** |
| Sent | **3/5/2026, 8:48:59 AM** |

**Attachments**



Gresham_R
onald -...

**From:** Fred Stevens <FStevens@Klestadt.com>
**Sent:** Thursday, March 5, 2026 10:44 AM
**To:** Avery Samet <asamet@aminillc.com>; tmillioen@darcambal.com; mdarcambal@darcambal.com; fstewart@darcambal.com; zhamdan@darcambal.com; teressa.getz@faegredrinker.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; ecarlino@pryorcashman.com; jgould@carltonfields.com; kflynn@carltonfields.com; abein@carltonfields.com; 'Mark E. Shure' <mshure@em3law.com>; isolares@carltonfields.com; jmetzinger@kelleydrye.com; chickey@kelleydrye.com; ddyer@dyerlawfirm.com; Lita Beth Wright <lbwright@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Peter M. Levine (chief@pmlevinelaw.com) <chief@pmlevinelaw.com>; Oliver Griffin (oliver.griffin@griffinllp.com) <oliver.griffin@griffinlawllp.com>; David Harrison <dharrison@shnlegal.com>; Michael Kasen <mkasen@kasenlaw.com>; David Almeida <david@almeidalawgroup.com>; gabe@mendelberglaw.com; Shane Heskin <shane@heskinproper.com>; Samuel A. Schwartz (saschwartz@nvfirm.com) <saschwartz@nvfirm.com>
**Cc:** Kristen Strine <KStrine@Klestadt.com>; Brendan Scott <BScott@Klestadt.com>; Christopher Reilly <CReilly@Klestadt.com>
**Subject:** Teton Life (assignee of Spin Capital, LLC) v. Golden Foothill Insurance Services, LLC, et al. - NOTICE OF POLICY DEFAULT

Dear Parties and Counsel –

The purpose of this email is to inform you that I received the attached notice from Zurich American Life Insurance Company today.  Pursuant to the notice, coverage on Policy No. 177947 on the life of Ronald Gresham will be lost if a **minimum premium payment of $26,938.91 is not received by the insurer by April 30, 2026.**

As you are aware, the Court entered an order staying these proceedings pending resolution of Stefan Leer's chapter 7 bankruptcy proceeding.  While the receiver is actively seeking express authority from the Appellate Division to pay policy premiums and take other actions, no relief has been granted to date and the receiver's requests are being actively opposed by the Leer Defendants.

PLEASE BE GUIDED ACCORDINGLY AND CONSIDER WHAT ACTIONS ARE REQUIRED TO PRESERVE THE ASSETS OF THE RECEIVERSHIP ESTATE DURING THE PENDENCY OF ANY STAY.

Best Regards,
Fred

**Fred Stevens**
**Klestadt Winters Jureller**
**Southard & Stevens, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Direct: (212) 679-5342
Cell: (917) 664-5507
Email: fstevens@klestadt.com