April 1, 2026

Via Pro Se Filing Unit

Hon. Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al.,
    No. 1:24-cv-08515 (AS)

Your Honor:

I write in my individual capacity only, respectfully and narrowly, regarding the representation status of Spin Capital LLC after ECF 138.

On March 12, 2026, the Court granted my request to proceed pro se individually, held Amini LLC's withdrawal motion as to Spin Capital LLC in abeyance for 21 days, and directed that within that period either: (1) a mutually agreeable resolution be reached with current counsel so counsel continues to represent Spin Capital LLC; or (2) substitute counsel appear for Spin Capital LLC. ECF 138 further warns that, if neither occurs, withdrawal will be granted and Spin Capital LLC will be at risk of default.

After ECF 138, I promptly asked Amini LLC whether it would remain counsel for Spin Capital LLC only while I proceeded pro se individually. On March 24, 2026, Jeffrey Chubak responded that Amini LLC was unwilling to remain counsel for Spin Capital LLC while I proceeded pro se, stated that Amini read ECF 138 to mean withdrawal would be granted unless the dispute was resolved or substitute counsel appeared by April 2, 2026, stated that Amini was not offering any specific transition proposal, and initially indicated that Amini would send a ShareFile link of the litigation file for substitute counsel. Later that same day, after I requested immediate file turnover for successor counsel, Mr. Chubak reversed course and stated that Amini was "actually not going to turn over the file" and was instead asserting a retaining lien over its files. I then asked Amini to identify, with specificity, what categories of materials it contended were being withheld under the asserted lien, to produce immediately all materials it was not contending were properly withheld, and to confirm whether substitute counsel could receive some or all of the file directly. I followed up again on March 25, 2026. I have not received a substantive response to those turnover requests. See Ex. A.

Today, Amini LLC filed a further letter advising the Court that no mutually agreeable resolution has been reached and asking that the withdrawal order be entered promptly after April 2, 2026, while my individual deposition is now scheduled for April 10, 2026. See ECF No. 143. Rather than responding to my March 24–25 requests to identify, with specificity, what categories of materials are actually being withheld under the asserted retaining lien and to produce the materials not actually withheld, Amini instead seeks immediate withdrawal on a compressed timetable. That filing heightens, rather than diminishes, the need for limited transition relief, prompt identification of withheld categories, production of non-withheld transition materials, and

a short no-default / transition buffer sufficient to avoid leaving Spin Capital LLC without both counsel and the materials successor counsel would need to step in without prejudice.

The current prejudice should also be understood in context. Before ECF 138, Amini itself framed the live issue as whether representation could continue if the representation structure and fees were worked out. In Jeff Chubak's March 5, 2026 conference-notes email, he recorded that the Court expected approximately seven days to discuss a path forward with counsel for Spin, and otherwise Spin would need another lawyer. See Ex. B. In Jeff Chubak's March 9, 2026 email, he stated that the reason Judge Subramanian gave seven days to report back was to see whether I would agree to Amini LLC's representing both Spin and me, and whether an arrangement could be worked out on outstanding fees. See Ex. C. Earlier, on January 21, 2026, Mr. Chubak wrote that Spin had a good RICO defense and that Amini wanted to continue the RICO representation, but tied that to nonpayment. See Ex. D. And on October 24, 2025, Mr. Chubak explained that Amini's requested paydown of the Spin balance was driven in substantial part by unpaid work in the RICO action and the lack of a charging lien there. See Ex. E. Taken together, this record reflects a live dispute about continued representation structure and fees; it does not reflect that there was never SDNY representation, nor that the issue was simply impossible as to Spin.

As of this filing, no substitute counsel has appeared for Spin Capital LLC. The compressed ECF 138 timeline, combined with Amini's refusal to identify what is actually being withheld versus what can be released immediately, materially impedes efforts to secure successor counsel and transition the file without prejudice.

I am not asking the Court to decide the ultimate fee or lien dispute on this short submission. I respectfully request only practical transition relief so that Spin Capital LLC is not prejudiced within the ECF 138 window. Specifically, I respectfully ask that the Court: (1) direct Amini LLC promptly to identify, with specificity, the categories of materials it contends are being withheld under the asserted retaining lien; (2) direct Amini LLC promptly to produce all non-privileged and non-work-product case materials not actually being withheld, including at minimum filed pleadings, court orders, correspondence, discovery served and received, deposition notices, deposition transcripts, exhibits, scheduling materials, and other case-management materials reasonably necessary for successor counsel to step in without prejudice; (3) direct Amini LLC to confirm whether substitute counsel may receive some or all of the file directly; and (4) if necessary, provide a short transition / no-default buffer while successor counsel is sought and the file-turnover issue is clarified. If the Court believes a mutually agreeable interim structure may still be possible, I would also respectfully welcome a short conference or brief extension for that limited purpose.

Respectfully submitted,

/s/ Avrumi (Josh) Lubin
Avrumi (Josh) Lubin
Pro se individually only
1460 Arboretum Parkway
Lakewood, NJ 08701
josh@tetonfunding.com
(732) 608-4905