April 3, 2026
Via Pro Se Intake Unit
ProSe@nysd.uscourts.gov
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al.,

No. 1:24-cv-08515-AS

Your Honor:

I write in my individual capacity only. I do not purport to appear on behalf of Spin Capital LLC.

Today, the Court granted Jeffrey Chubak's motion to withdraw as counsel for Spin Capital LLC. Dkt. 146. Dkt. 146 removes counsel but does not enter a default against Spin Capital LLC. Spin Capital LLC previously appeared and filed responsive pleadings, including a motion to dismiss, reply, and answer. See Dkts. 72, 73, 85, 100. Prior proposed clerk's certificates of default were rejected because a responsive pleading had been filed and because a dispositive motion was pending. See Dkts. 79, 82. The only clerk's certificate of default reflected on the current docket excerpt is against Yoel Getter, not Spin Capital LLC. See Dkt. 67.

On March 12, 2026, the Court granted my request to proceed pro se in my individual capacity, held withdrawal as to Spin Capital LLC in abeyance for 21 days, and stated that "[w]ithout counsel, Spin Capital will be at risk of default." Dkt. 138. Dkt. 138 also tied the summary-judgment deadline to, among other things, the date the Court granted the withdrawal motion. Dkt. 146 has now triggered that event.

I respectfully request limited transition relief so that Spin Capital LLC is not prejudiced while substitute counsel is sought. Specifically, I respectfully ask the Court to:

1. allow a 21-day transition period from Dkt. 146 for substitute counsel to appear for Spin Capital LLC;

2. clarify that no default, certificate of default, striking of pleadings, or similar relief will be entered against Spin Capital LLC during that 21-day period absent further order and notice;

3. clarify or extend the Dkt. 138 summary-judgment schedule so that the deadline does not run against Spin Capital LLC during that same 21-day transition period; and

4. direct preservation of the full litigation file and prompt turnover to substitute counsel upon appearance, consistent with Dkt. 146.

This request is narrow. I am not asking the Court to decide the merits of any retaining-lien dispute on this submission. I ask only for a short protective buffer to avoid prejudice to an entity now left without counsel by Dkt. 146.

Thank you for the Court's consideration.

Respectfully submitted,

/s/ Avrumi (Josh) Lubin
Avrumi (Josh) Lubin
Pro Se, individual capacity only