# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

---

**Golden Foothill Insurance Services, LLC, et al. v. Spin Capital LLC, et al.**
**No. 1:24-cv-08515-AS**

**Date:** April 7, 2026

**Via:** Pro Se Intake Unit - ProSe@nysd.uscourts.gov

**To:** Hon. Arun Subramanian, United States District Judge

**Re:** Letter-Motion for Premotion Discovery Conference and Limited Interim Protective Relief Regarding April 10, 2026 Deposition

**Your Honor:**

I write in my individual capacity only. I do not purport to appear on behalf of Spin Capital LLC.

Plaintiffs served an amended notice titled "Plaintiffs' Amended Deposition Notice of Avrumi Lubin," noticing my deposition for April 10, 2026 at 11:00 a.m. by Zoom or similar remote platform. Ex. B.

Throughout the related scheduling emails, I stated that I was providing dates for my individual deposition only and not on behalf of Spin Capital LLC. Ex. A. On April 7, 2026, Plaintiffs' counsel then confirmed by email that Plaintiffs are "not proceeding with Hi Bar, Herbst, Yitzchocov or BMF depositions" and that only my deposition remains on for Friday at 11 a.m. Ex. A.

That creates an immediate scope dispute. The current notice is directed to me individually. It does not notice Spin Capital LLC as a deponent, and it does not identify any Rule 30(b)(6) matters for examination. I respectfully seek to ensure that this individual deposition is not used as a substitute for the entity or other-party depositions Plaintiffs have now withdrawn.

The Court has already held that I may proceed pro se only in my individual capacity, while Spin Capital LLC, without counsel, is at risk of default. Dkt. 138. The Court later granted counsel's withdrawal as to Spin Capital LLC and directed turnover of files to substitute counsel if and when retained. Dkt. 146. I am not asking the Court to revisit those orders. I ask only for short protective relief so that Friday's deposition is not later characterized as testimony on behalf of Spin Capital LLC.

I respectfully request:

1. an informal premotion discovery conference under Local Civil Rule 37.2, Fed. R. Civ. P. 26(c), and the Court's Civil Pro Se Practices; and

2. pending that conference:

   a. a short adjournment of the April 10, 2026 deposition until after the conference; or

b. if the Court prefers the deposition to go forward as noticed, an order clarifying that it may proceed only as the individual deposition of Avrumi Lubin, limited to my personal knowledge, and not as testimony on behalf of Spin Capital LLC, not as Rule 30(b)(6) or other designated-representative testimony, and not as a substitute for the canceled Hi Bar, Herbst, Gavriel Yitzchokov, or BMF depositions.

This request is narrow. I am not refusing to appear for a properly limited individual deposition. If the deposition proceeds subject to the requested clarification, I will appear. I seek only to avoid a scope dispute at the deposition itself and the prejudice that would result if my individual deposition were later treated as entity testimony for an unrepresented LLC.

I have conferred by email and the parties are at impasse. Plaintiffs' April 7 email confirms that Plaintiffs intend to proceed with my deposition on Friday at 11 a.m. and not with the other previously noticed depositions. This is my first request to the Court regarding the April 10 deposition.

Thank you for the Court's consideration.

Respectfully submitted,

/s/ Avrumi (Josh) Lubin

Avrumi (Josh) Lubin

Pro Se, individual capacity only

1460 Arboretum Parkway

Lakewood, NJ 08701

(732) 608-4905

josh@tetonfunding.com

cc: counsel of record by email