Case 1:24-cv-08515-AS    Document 160-21    Filed 05/26/26    Page 1 of 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | | |
|---|---|---|
| BMF ADVANCE, LLC, | | |
| *Plaintiff,* | | Index No.: 505587/2023 |
| -against- | | **AFFIDAVIT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| MODERN CONCEPTS CONSTRUCTION, LLC d/b/a MODERN CONCEPTS CONSTRUCTION, and RAMAN DANNY CHOPRA, | | |
| *Defendants.* | | |

GAVRIEL YITZCHAKOV, being duly sworn, hereby deposes and states the following:

1. I am over the age of 18 and competent to testify in this proceeding. I am an owner of Plaintiff BMF ADVANCE, LLC ("Plaintiff") and, as such, I am fully familiar with the facts and circumstances stated herein. I am authorized to make this Affidavit on behalf of Plaintiff.

2. I have reviewed Plaintiff's books and records as they pertain to this file and am fully familiar with such. The business records annexed to this Affidavit are made in the regular course of business and are maintained under my supervision and control. The records were made at or around the time of the transactions reflected therein (or within a reasonable time thereafter). The information reflected in the records was given to the recorder by someone with personal knowledge and a business duty to transmit the information accurately.

3. I make this Affidavit in support of Plaintiff's motion for summary judgment against Defendants MODERN CONCEPTS CONSTRUCTION, LLC d/b/a MODERN CONCEPTS CONSTRUCTION ("Merchant") and RAMAN DANNY CHOPRA ("Guarantor") (together, "Defendants") in the amount of $1,189,250, plus interest from the date of default, attorney's fees,[1]

---

[1] If the Court grants Plaintiff's motion, Plaintiff's counsel will submit an Affirmation attesting to the reasonable attorney's fees incurred in connection with collection pursuant to Section 18.c of the Purchase Agreement.

Case 1:24-cv-08515-AS    Document 160-21    Filed 05/26/26    Page 2 of 5

costs, and disbursements, and such other and further relief as this Court deems just and proper (the "Motion").

## SUMMARY OF FACTS AND CLAIMS

4.      Plaintiff is a New York limited liability company engaged in the receivables financing business.  On November 30, 2022, Plaintiff and Merchant entered into a Secured Purchase Agreement (the "Purchase Agreement") pursuant to which Plaintiff purchased 30% (the "Purchased Percentage") of Merchant's total future accounts receivable up to the sum of $1,420,000 (the "Purchase Amount")[2] in exchange for an upfront purchase price of $1,000,000 (the "Purchase Price").  A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit A**.

5.      Merchant agreed to deliver the Purchase Amount to Plaintiff through a daily remittance of $17,750 (the "Remittance"), which amount was a good faith estimate of the Purchased Percentage of Merchant's average daily receipts. (Ex. A at p. 1).  The Remittance was to be collected each business day and credited toward the Purchase Amount.  (*See id*.)

6.      The parties agreed that Plaintiff would debit the Remittance from one depositing bank account into which Merchant and its customers would deposit the receipts from all transactions (the "Account") until such time as Plaintiff received payment in full of the Purchase Amount.  (*See id*.)  Merchant agreed not to revoke its ACH authorization to Plaintiff or otherwise take any measure to interfere with Plaintiff's ability to collect the Remittance or any other payment due.  (*See id*. §§ 1.1, 1.12).

---

[2] The Purchase Agreement includes an Addendum pursuant to which the parties agreed that the Purchase Amount would be reduced if it were delivered within certain timeframes.

7.      The Purchase Agreement included a mandatory reconciliation provision pursuant to which the Remittance could be adjusted to more closely reflect the Purchased Percentage of Merchant's actual daily receipts. (*See id.*, Ex. A § 1.4). The Purchase Agreement specifically provided as follows:

> **Adjustments to the Remittance**. If an Event of Default has not occurred, every two (2) calendar weeks after the funding of the Purchase Price to Merchant, Merchant may give notice to [Plaintiff] to request a decrease in the Remittance. The amount shall be decreased if the amount received by [Plaintiff] was more than the Purchased Percentage of all revenue of Merchant since the date of this Revenue Purchase Agreement. The Remittance shall be modified to more closely reflect the Merchant's actual receipts by multiplying the Merchant's actual receipts by the Purchased Percentage divided by the number of business days in the previous (2) calendar weeks. Seller shall provide [Plaintiff] with viewing access to their bank account as well as all information reasonably requested by [Plaintiff] to properly calculate the Merchant's Remittance. At the end of the two (2) calendar weeks the Merchant may request another adjustment pursuant to this paragraph or it is agreed that the Merchant's Remittance shall return to the Remittance as agreed upon on Page 1 of this Agreement.

(*Id.*) (bold and underline in original).

8.      Plaintiff was not required to perform a reconciliation unless Merchant made a request to Plaintiff in compliance with the Purchase Agreement and provided the necessary documents and information.  Merchant never made such a request or provided the necessary documents and information such that a reconciliation was never performed.

9.       Pursuant to a Security Agreement and Guaranty (the "Guaranty") executed in connection with the Purchase Agreement, Guarantor guaranteed the prompt and complete performance of Merchant's obligations to Plaintiff under the Purchase Agreement and agreed to be personally liable for all amounts due thereunder in the event of Merchant's default.  (*Id.* at pp. 7-8).

- 3 -

10.    On November 30, 2022, Plaintiff funded the $1,000,000 Purchase Price (less applicable and disclosed upfront fees of $47,500). Proof of the funding of the Purchase Price is attached hereto as **Exhibit B**.

11.    After receiving the Purchase Price, Merchant made remittances totaling only $230,750, leaving an outstanding balance of $1,189,250 on the Purchase Amount of its receivables. A remittance history, which is a business record kept in the ordinary course of Plaintiff's business, is attached hereto as **Exhibit C**.

12.    As of January 5, 2023, Merchant defaulted under Section 3.1 of the Purchase Agreement by failing to give Plaintiff 24 hours advance notice on numerous occasions that there would be insufficient funds in the Account such that the ACH of the Remittance was not honored by Merchant's bank (specifically on December 6, 7, 8, 16, 20, 22, 23, 27, 28, 29, and 30, 2022, and January 3, 4, and 5, 2023). (*See* Ex. A § 3.1, Ex. C).

13.    Guarantor breached the Guaranty by failing to perform Merchant's obligations to Plaintiff when Merchant defaulted.

14.    Pursuant to the foregoing, Plaintiff seeks summary judgment in the amount of $1,189,250, plus reasonable attorneys' fees, interest from the date of default, costs, disbursements, and such other and further relief as this Court deems just and proper.

15.    Based on the foregoing, it is respectfully requested that the Court grant the relief requested in the Motion.

GAVRIEL YITZCHAKOV

- 4 -

## ACKNOWLEDGMENT

STATE OF NEW YORK )
                               ss:
COUNTY OF NEW YORK )

On June 1, 2023, before me, the undersigned, personally appeared GAVRIEL YITZCHAKOV, the President of Plaintiff, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his representative capacity, and that by his signature on the instrument, he executed the instrument.

_Jonathan J. Tach_
Notary Public