# PROMISSORY NOTE

$2,700,000                                                                                                           June 16, 2021

**FOR VALUE RECEIVED**, Golden Foothill Insurance Services LLC, Life Factor II LLC and Life Shares II LLC with an address at 11500 S Eastern Avenue, Henderson, Nevada 89052 (each of the foregoing, collectively, "**Borrower**"), hereby unconditionally promises to pay to the order Spin Capital LLC with an address at 1276 50th St., Brooklyn, New York 11219, ("**Payee**" which term shall also include any subsequent holder of this Note), the principal sum of **TWO MILLION SEVEN HUNDRED THOUSAND DOLLARS** ($2,700,000.00) (the "**Principal Sum**"), in lawful money of the United States of America, together with interest thereon, in like money, to be computed from the date of this Promissory Note (this "**Note**") at the rate per annum and on the terms hereinafter set forth. All sums hereunder are payable to Payee at the address set forth above or such other location as Payee shall designate. The term "**Debt**" shall refer to the then outstanding Principal Sum, together with all accrued and unpaid interest thereon and any other amounts due to Payee under any of the Loan Documents. The term "**Guaranty**" shall refer to that certain Payment Guaranty, dated as of the date hereof, executed and delivered by STEFAN LEER ("Individual Guarantor") and by various other entities (collectively referred to as "Corporate Guarantors" and together with the Individual Guarantor, "Guarantor"), to Lender, as the same may be amended from time to time. The term "**Loan Documents**" shall refer to this Note, the Guaranty, and all other documents or instruments heretofore or hereafter executed and/or delivered to Lender for purposes of evidencing, securing, or perfecting the indebtedness evidenced by this Note.

1.   **Interest Rate.** Until the Debt shall be repaid in full and so long as no Event of Default shall have occurred (in which case Default Interest shall be due in accordance with Section 6), the Principal Sum shall bear interest at the rate of five percent (5%) per month. Interest shall be calculated on the basis of a 30-day month and actual days elapsed for any partial months or periods. Whenever any interest payment to be made hereunder shall be stated to be due on a day that is not a Business Day (as defined below), the payment shall be made on the next succeeding Business Day.

2.   **Principal and Interest  Payments.** Payments representing principal and interest shall be paid in accordance with the schedule annexed hereto as Exhibit A, commencing Friday June 18, 2021 for a period of 31 weeks.

3.   **Term.** The then remaining unpaid amount of the Debt shall be due and payable on January 14, 2022, (such date, the "**Maturity Date**"). Borrower shall not have any right to extend the Maturity Date.

4.   **Manner of Payment**. All payments by Borrower hereunder shall be, whether at the Maturity Date or otherwise, paid in immediately available funds via automatic ACH withdrawal. All amounts payable under this Note are payable in lawful money of the United States during normal business hours on a Business Day. The term "**Business Day**" is defined to mean any day other than a Saturday, Sunday or other day on which banking institutions are authorized or obligated to close in New York City. Borrower shall receive credit for payments transferred to the account of Payee on the day of such transfer if such funds are received by Payee by 3:00 p.m. (New York time) on such day. In the absence of timely receipt, such funds shall be deemed to have been paid by Borrower on the next succeeding Business Day. Any amounts paid to Payee hereunder shall be applied (x) first, to any costs and expenses which Payee is entitled to receive hereunder, (y) second, to accrued and unpaid interest and (z) third, to the then outstanding Principal Sum. Notwithstanding the foregoing, at such times that an Event of Default has occurred, amounts paid to Payee hereunder shall be applied to the Debt in such priority as Payee determines in its sole discretion.

5. **Event of Default, Acceleration**. Upon and at any time following the occurrence of any Event of Default, at the option of Payee and without notice, the entire Debt shall at once become due and payable, and the Payee may exercise any and all of its rights and remedies hereunder, or available at law or equity. The Payee may so accelerate such obligations and exercise such remedies at any time after the occurrence of any Event of Default, regardless of any prior forbearance.

Each of the following events shall constitute an event of default hereunder (each, an "**Event of Default**"):

(a) if any regular payment is not paid by Borrower on the day the same shall be due hereunder or if any other portion of the Debt (including the balance of the Debt upon maturity) is not paid by Borrower when the same shall be due hereunder;

(b) if any representation or warranty made in this Note, or any other Loan Documents, or in any report, certificate, financial statement or other instrument, agreement or document furnished to Payee shall have been false in any material respect as of the date the representation or warranty was made;

(c) the occurrence of any breach of any other covenant or agreement contained in this Note or any other Loan Document (except those specified in this Section 4, which shall be subject to the terms thereof), which is not cured within two (2) business days after receipt of written notice of such default (except that no such notice or cure period shall apply if Payee reasonably believes for that such failure could result in a material impairment of the rights of Payee under this Note, or the other Loan Documents or if such failure is not reasonably susceptible to being cured during such two day (2) day period);

(d) if a receiver, liquidator or trustee shall be appointed for Borrower or Guarantor, or if Borrower or Guarantor shall be adjudicated to be bankrupt or insolvent, or if any petition for bankruptcy, reorganization or arrangement pursuant to federal bankruptcy law, or any similar federal or state law, shall be filed by or against, consented to, or acquiesced in by, Borrower or Guarantor, or if any proceeding for the dissolution or liquidation of Borrower or Guarantor shall be instituted;

(e) the failure of Guarantor to pay any sums due under the Guaranty; or

(f) if there shall be the entry of a judgment against Borrower or Guarantor in excess of $5,000.00.

6. **Late Fee; Default Rate; Dishonored check**. (a) In the event any payment herein provided for shall become overdue for a period in excess of three (3) days or, if any check given by Borrower shall be dishonored, a late charge of ten-hundredths of one dollar ($0.10) for each dollar so overdue shall become immediately due to Payee as liquidated damages for failure to make prompt payment. Said late charges shall be computed from the due date (after applicable grace periods, if any) to the date of payment and shall be payable with the next installment of principal and/or interest. Payment and/or acceptance of any late charges shall not constitute a waiver of any default.

(b) If an Event of Default shall have occurred, then notwithstanding anything to the contrary contained herein, from and after the date of such Event of Default, interest on the then outstanding Principal Sum shall instead accrue at the Default Rate. The "**Default Rate**" is a rate of interest equal to the interest rate pursuant to Section 1 plus an additional five percent (5%) per month.

(c) A fee of $250.00 shall be assessed for each dishonored payment of Borrower.

(d) Upon the occurrence of an event an default, Borrower shall immediately be assessed a Default Fee in the amount of $25,000. Such Default Fee shall become immediately due and payable upon the occurrence of an event of default.

(e) Upon the occurrence of an event of default, Borrower shall be responsible for all Lenders costs and expenses in enforcing the terms of the Loan Documents including but not limited to reasonable attorneys fees calculate at 25% of the then current balance due.

7. **No Right to Prepayment**. The Debt may be not be prepaid by Borrower prior to August 15, 2021. After August 15, 2021, in the event Borrower wishes to prepay the debt, a Prepayment Penalty in the amount of $135,000 shall be assessed and be immediately due. Such Prepayment Penalty shall be paid contemporaneously with the payment of unpaid interest and principal. *Borrower confirms that it has read and understands the terms of this Section 6 and acknowledges and agrees that the foregoing provisions of this Section 7 are a material inducement for Payee's agreement to make the loan in accordance with the terms hereof.*

8. **No Waiver**. No waiver by Payee of any of its rights or remedies hereunder or otherwise shall be considered a waiver of any other subsequent right or remedy of Payee; no delay or omission in the exercise or enforcement by Payee of any right or remedy shall ever be construed as a waiver of any right or remedy of Payee; and no exercise or enforcement of any such right or remedy shall ever be deemed to exhaust any right or remedy of Payee.

9. **Limitation on Interest.** It is the intention of Borrower and Payee to conform strictly to the usury laws in force that are applicable to this Note. Accordingly, all agreement between Borrower and Payee, whether now existing or hereafter arising, and whether written or oral, are hereby limited so that in no contingency, whether by reason of acceleration of the maturity of this Note or otherwise, shall the interest (and all other sums that are deemed to be interest) contracted for, charged or received by Payee exceed the maximum amount permitted by applicable law. If, from any circumstances whatsoever, interest would otherwise be payable to Payee in excess of the maximum amount permitted by applicable law, the interest payable to Payee shall be reduced to the maximum amount permitted by applicable law; and if, from any circumstance whatsoever, Payee shall ever receive anything of value deemed interest by applicable law in excess of the maximum amount permitted by applicable law, the receipt of Payee of such excess interest shall be deemed a mistake and the same shall, at the option of Borrower, but so long as no Event of Default shall be continuing, either be refunded to Borrower or credited on the unpaid principal balance hereof; provided, however, that if an Event of Default shall have occurred and be continuing, and Payee shall receive excess interest during such period, Payee shall have the option, if permitted by applicable law, of either crediting such excess amount to the then outstanding Principal Sum, or refunding such excess to Borrower. If this Note is prepaid, unearned interest, if any, shall be canceled and, if theretofore paid, shall either be refunded to Borrower or credited on the balance hereof, as Payee shall elect, if permitted by applicable law. All interest paid or agreed to be paid to Payee shall, the extent allowed by applicable law, be amortized, prorated, allocated and spread throughout the full period until payment in full of the then outstanding Principal Sum (including the period of any extension) so that the interest for such full period shall not exceed the maximum amount permitted by applicable law.

10. **Notice and Waiver of Presentment.** Borrower hereby waives presentment, demand, protest and notice of any kind, all of which are hereby expressly waived. No waiver or forbearance on the part of Payee to exercise any right hereunder shall operate as a waiver of that right.

11. **Attorneys' Fees, Costs Of Collection**. Borrower shall pay to Payee on demand all out-of-pocket costs and expenses, including attorneys' fees calculated at 25% of the balance due upon an occurrence of an event of default, court costs and disbursements, incurred by Payee in collecting the indebtedness arising hereunder or as a consequence of any breach or default by Borrower hereunder, or otherwise as a consequence of any right evidenced or secured by this Note.

12. **Applicable Law; Consent To Jurisdiction, Waiver of Jury Trial**. This Note shall be governed and construed in accordance with the laws of the State of New York without giving effect to conflict of laws principles thereof. All judicial actions, suits or proceedings brought against Borrower and its respective property with respect to obligations, liabilities or any other matter under or arising out of or in connection with this Note or for recognition or enforcement of any judgment rendered in any such proceedings, shall be brought in any trial or appellate state or federal court of competent jurisdiction in

Case 1:24-cv-08515-AS    Document 160-30    Filed 05/26/26    Page 4 of 6

the State of New York, unless another jurisdiction is required by law. Borrower accepts, generally and unconditionally, the exclusive jurisdiction of such courts and irrevocably waives, and agrees not to plead or claim, any objection that it may ever have to the venue of any such action or proceeding in any such court. Borrower irrevocably agrees that all process in any proceeding or any court arising out of or in connection with this Note or may be effected by mailing to Borrower a copy by registered or certified mail, return receipt requested, or any substantially similar form of mail, postage and fees fully prepaid, to Borrower at its address as set forth in the first paragraph hereof. Such service shall be effective upon receipt thereof, as evidenced by the return receipt. Such service shall be valid and binding service in every respect. Borrower shall not assert that such service did not constitute valid and binding service within the meaning of any applicable state or federal law, rule, regulation or the like. Nothing in this Note shall affect the right to effect service of process in any other manner permitted by law or shall limit the right to sue in any other jurisdiction. Borrower, to the full extent permitted by law, hereby knowingly, intentionally and voluntarily, with and upon the advice of competent counsel, waives, relinquishes and forever forgoes the right to a trial by jury in any action or proceeding based upon, arising out of, or in any way relating to this agreement or any conduct, act or omission of Payee, or any of its directors, officers, partners, members, employees, agents or attorneys, or any other persons affiliated with Payee, in each of the foregoing cases, whether sounding in contract, tort or otherwise.

13. **Notices**. All notices, demands, requests, consents, approvals or other communications (any of the foregoing, a "**Notice**") required, permitted, or desired to be given hereunder shall be in writing sent by registered or certified mail, postage prepaid, return receipt requested, or delivered by hand or reputable overnight courier addressed to the party to be so notified at its address set forth above, or to such other address as such party may hereafter specify in accordance with the provisions hereof. Any Notice shall be deemed to have been received: (a) three (3) Business Days after the date such Notice is mailed, (b) on the date of delivery by hand if delivered during business hours on a Business Day (otherwise on the next Business Day), and (c) on the next Business Day if sent by an overnight commercial courier, in each case addressed to the parties at the addresses hereinabove set forth or such other address designated by Borrower or Payee by 10 days prior notice.

14. **Time of the Essence**. Time shall be of the essence with respect to each of the obligations of Borrower contained herein.

15. **Joint and Several**. All of the obligations and liabilities of each Borrower hereunder shall be joint and several obligations of each of the Borrowers.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, each Borrower has duly executed this Note as of the day and year first above written.

**BORROWER:**

GOLDEN FOOTHILLS INSURANCE SERVICES LLC

By: _____
    STEFAN LEER

LIFE FACTOR II LLC

By: _____
    STEFAN LEER

LIFE SHARES II LLC

By: _____
    STEFAN LEER

**ACKNOWLEDGMENT**

STATE OF _California_     )
                         )    ss.:
COUNTY OF _Orange_       )

On this, the 16 day of June, 2021, before me, the undersigned, personally appeared STEFAN LEER personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity as an authorized signatory of each of the foregoing entities, and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

LAURIE ANN LEER-MARTINEZ
COMM. #2284701
Notary Public · California
El Dorado County
My Comm. Expires Apr. 8, 2023

Payment Schedule

| Date | Amount |
|---|---|
| 18-Jun-21 | $ 150,000.00 |
| 25-Jun-21 | $ 150,000.00 |
| 2-Jul-21 | $ 70,000.00 |
| 9-Jul-21 | $ 70,000.00 |
| 16-Jul-21 | $ 70,000.00 |
| 23-Jul-21 | $ 70,000.00 |
| 30-Jul-21 | $ 70,000.00 |
| 6-Aug-21 | $ 70,000.00 |
| 13-Aug-21 | $ 127,173.91 |
| 20-Aug-21 | $ 127,173.91 |
| 27-Aug-21 | $ 127,173.91 |
| 3-Sep-21 | $ 127,173.91 |
| 10-Sep-21 | $ 127,173.91 |
| 17-Sep-21 | $ 127,173.91 |
| 24-Sep-21 | $ 127,173.91 |
| 1-Oct-21 | $ 127,173.91 |
| 8-Oct-21 | $ 127,173.91 |
| 15-Oct-21 | $ 127,173.91 |
| 22-Oct-21 | $ 127,173.91 |
| 29-Oct-21 | $ 127,173.91 |
| 5-Nov-21 | $ 127,173.91 |
| 12-Nov-21 | $ 127,173.91 |
| 19-Nov-21 | $ 127,173.91 |
| 26-Nov-21 | $ 127,173.91 |
| 3-Dec-21 | $ 127,173.91 |
| 10-Dec-21 | $ 127,173.91 |
| 17-Dec-21 | $ 127,173.91 |
| 24-Dec-21 | $ 127,173.91 |
| 31-Dec-21 | $ 127,173.91 |
| 7-Jan-22 | $ 127,173.91 |
| 14-Jan-22 | $ 127,173.98 |
| total | $3,645,000.00 |