Case 1:24-cv-08515-AS    Document 160-64    Filed 05/26/26    Page 1 of 2

## SECURITY AGREEMENT

This Security Agreement is made as of the 16th day of June, 2021, by and between Golden Foothill Insurance Services LLC, LIFE FACTOR II LLC and LIFE SHARES II LLC ("Corporate Borrower") El Dorado Hills Insurance Solutions Inc, and LoneWolf Insurance Insurance Services Inc, and ELDO Investments LLC, and The Genesis LS Fund LLC, and KTL Holdings Inc. ("Corporate Guarantors") and STEFAN LEER ("Guarantor") on the one hand and SPIN CAPITAL LLC ("Lender or Secured Party" collectively with Corporate Borrower, Corporate Guarantors and Guarantor, "the Parties")

Whereas on June 16, 2021 the Parties executed a certain Promissory Note where Corporate Borrower and Guarantor agreed to repay to Lender the sum of $2,700,000 plus interest at 5% (five percent) per month with the balance on the Note due on or before January 14, 2021;

AND Whereas, the in further consideration of said Promissory Note, the Corporate Borrower Corporate Guarantors and the Guarantor (collectively the "Debtors") agree to grant a security interest in accordance with the foregoing to Lender ("Secured Party").

**Security Interest.** This Agreement will constitute a security agreement under the Uniform Commercial Code. Debtors grant to the Secured Party a security interest in and lien upon all of their present and future: (a) accounts (the "Accounts Collateral"), chattel paper, documents, equipment, general intangibles, instruments, and inventory, as those terms are each defined in Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by the Debtors, (b) all proceeds, as that term is defined in Article 9 of the UCC (c) funds at any time in the Debtors' Account, regardless of the source of such funds, (d) present and future Electronic Check Transactions, and (e) any amount which may be due to the Secured Party under this Agreement and the Promissory Note (collectively the "Agreements"), including but not limited to all rights to receive any payments or credits under the Agreements. Additionally Secured Party is granted a security interest in all life insurance policies owned by the Debtors including but not limited to the following policies:

| Insured | Company | Policy Number | Death Benefit | Owner/Beneficiary |
|---------|---------|---------------|---------------|-------------------|
| Gresham, Ronald | Zurich American Life Insurance Company | 177947 | $2,500,000.00 | Life Shares II LLC |
| Kellar, Edward | Zurich American Life Insurance Company | 170604 | $5,000,000.00 | Life Shares II LLC |
| Leer, William & Rae | Zurich American Life Insurance Company | 162865 | $2,000,000.00 | Life Shares II LLC |
| Perry, Jack & Leonora | Zurich American Life Insurance Company | 167060 | $1,000,000.00 | Life Shares II LLC |
| Sisam, Dorothy | Zurich American Life Insurance Company | 172953 | $5,000,000.00 | Life Shares II LLC |
| Sisam, Edwin & Dorothy | Zurich American Life Insurance Company | 172963 | $6,000,000.00 | Life Shares II LLC |
| Sisco, Frances | Accordia Life and Annuity Company | UL00020974 | $2,000,000.00 | Life Shares II LLC |
| Utsick, John | John Hancock Life Insurance Company | 59592683 | $2,000,000.00 | Life Factor II LLC |
| Utsick, John | Brighthouse Financial Life Insurance | 7447253 | $15,000,000.00 | Life Factor II LLC |

(collectively, the "Secured Assets"). Debtors agree to provide other security to the Secured Party upon request to secure Debtors' obligations under the Agreements. Debtors agree that, if at any time there are insufficient funds in Debtors' Account to cover the Secured Party's entitlements under the Agreements, Secured Party is granted a further security interest in all of Debtors' assets of any kind whatsoever, and such assets shall then become Secured Assets. These security interests and liens will secure all of Secured Party's entitlements under the Agreements and any other agreements now existing or later entered into between Debtors, and the Secured Party or an affiliate of the Secured Party. Secured Party is authorized to file any and all notices or filings it deems necessary or appropriate to enforce its entitlements hereunder.

This security interest may be exercised by Secured Party without notice or demand of any kind by making an immediate withdrawal or freezing the Secured Assets. Secured Party shall have the right to notify account debtors at any time. Pursuant to Article 9 of the Uniform Commercial Code, as amended from time to time, Secured Party has control over and may direct the disposition of the Secured Assets, without further consent of Debtors. Debtors hereby represent and warrant that no other person or entity has a security interest in the Secured Assets.

With respect to such security interests and liens, Secured Party will have all rights afforded under the Uniform Commercial Code, any other applicable law and in equity. Debtors will obtain from Secured Party written consent prior to granting a security interest of any kind in the Secured Assets to a third party. Debtors agree that this is a contract of recoupment and Secured Party is not required to file a motion for relief from a bankruptcy action automatic stay to realize on any of the Secured Assets.

Nevertheless, Debtors agree not to contest or object to any motion for relief from the automatic stay filed by Secured Party. Debtors agree to execute and deliver to Secured Party such instruments and documents Secured Party may reasonably request to perfect and confirm the lien, security interest and right of setoff set forth in this Agreement. Secured Party is authorized to execute all such instruments and documents in Debtors name.

Debtors each acknowledge and agree that any security interest granted to Funder under any other agreement between Debtors and Secured Party (the "Cross-Collateral") will secure the obligations hereunder and under the Agreements. Debtors each agree to execute any documents or take any action in connection with the Agreements as Secured Party deems necessary to perfect or maintain Secured Party's first priority security interest in the Collateral and the Additional Collateral, including the execution of any account control agreements. Debtors each hereby authorizes Secured Party to file any financing statements deemed necessary by Secured Party to perfect or maintain Secured Party's security interest. Debtors shall be liable for, and Secured Party may charge and collect, all costs and expenses, including but not limited to attorney's fees, which may be incurred by Secured Party in protecting, preserving and enforcing Secured Party's security interest and rights.

**Negative Pledge**. Debtors each agrees not to create, incur, assume, or permit to exist, directly or indirectly, any lien on or with respect to any of the Collateral or the Additional Collateral, as applicable.

**Consent to Enter Premises and Assign Lease**. Secured Party shall have the right to cure Debtors' default in the payment of rent on the following terms. In the event Debtors are served with papers in an action against Debtors for nonpayment of rent or for summary eviction, Secured Party may execute its rights and remedies under the Assignment of Lease. Debtors also agree that Secured Party may enter into an agreement with Debtors' landlord giving Secured Party the right: (a) to enter Debtors' premises and to take possession of the fixtures and equipment therein for the purpose of protecting and preserving same; and/or (b) to assign Debtors' lease to another qualified business capable of operating a business comparable to Debtors' at such premises.

**Remedies**. Upon any Event of Default, Secured Party may pursue any remedy available at law (including those available under the provisions of the UCC), or in equity to collect, enforce, or satisfy any obligations then owing to Secured Party, whether by acceleration or otherwise.

**IN WITNESS WHEREOF**, each Borrower has duly executed this Security Agreement as of the day and year first above written.

**BORROWER and GUARANTOR:**

By: _____
Stefan Leer individually on behalf of Debtors

**ACKNOWLEDGMENT**
STATE OF _California_      )
                          )  ss.:
COUNTY OF _Orange_        )

On this, the 10th day of June, 2021, before me, the undersigned, personally appeared Stefan Leer personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity as an authorized signatory of each of the foregoing entities, and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

LAURIE ANN LEER-MARTINEZ
COMM. #2284701
Notary Public - California
El Dorado County
My Comm. Expires Apr. 8, 2023