**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| SPIN CAPITAL, LLC,<br><br>        *Plaintiff,*<br><br>   -against-<br><br>GOLDEN FOOTHILL INSURANCE SERVICES, LLC, *et al.*,<br><br>        *Defendants.* | Index No.: 650582/2022<br><br>Hon. Andrew S. Borrok<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO CAPFACTOR'S INTERROGATORY** |

Plaintiff Spin Capital, LLC (the "<u>Responding Party</u>" or "<u>Spin</u>"), by its undersigned attorneys, as and for its response pursuant to Article 31 of the CPLR to the interrogatory of defendant CapFactor, LLC  (collectively, the "<u>Leer Defendants</u>"), dated September 8, 2023 (the "<u>Requests</u>"),[1] states as follows:

<b><u>GENERAL RESPONSES AND OBJECTIONS</u></b>

1. Any response or objection to a Request is not an acknowledgement that responsive information (i) is relevant, material, or admissible; or (ii) exists or is in the knowledge of the Responding Party.

2. The Responding Party objects to the Requests insofar as they purport to impose any obligations upon the Responding Party beyond the requirements set forth in (i) the CPLR; (ii) the Uniform Civil Rules for the Supreme Court (22 NYCRR 202), including the Rules of the Commercial Division (22 NYCRR 202.70); or (iii) any applicable order or stipulation in this action.

---

[1] Unless otherwise indicated, capitalized terms not defined herein are given the meanings attributed to them in the Requests.

-1-

-2-

3.      The Responding Party objects to the Requests to the extent that they seek to require the Responding Party to produce information pertaining to an unrestricted period of time or a period of time that is not at issue in this action.

4.      The Responding Party objects to the Requests as unduly burdensome to the extent they require the Responding Party to undertake an unreasonably burdensome investigation and to the extent they seek information that are not reasonably accessible.

5.      The Responding Party objects to the Requests insofar as they seek information that is protected from disclosure under the attorney-client privilege, the work product doctrine, the common interest doctrine, or any other legally recognized privilege or immunity.

6.      The Responding Party objects to the Requests insofar as they seek information that is not material and necessary to the prosecution or defense of this action, or insofar as they seek information which does not bear significantly on the case and which is not reasonably calculated to lead to the discovery of admissible and relevant evidence.

7.      The Responding Party objects to the Requests to the extent that they seek information that is publicly available or are available from some other sources that would be more convenient, less burdensome or less expensive than obtaining it from the Responding Party.

8.      The Responding Party objects to the Requests to the extent that they assume disputed facts or legal conclusions in defining the information requested.

9.      The Responding Party objects to the Requests to the extent they call for confidential commercial, business, financial, proprietary, trade secret or sensitive information of the Responding Party and/or its affiliates, clients, customers, tenants, operators, or commercial partners.

-2-

-3-

10.     The Responding Party objects to the Requests to the extent they seek information in which the Responding Party or other individuals or entities have a legitimate expectation or right to privacy pursuant to constitutional authority, statute or case law, or on any other basis, including, without limitation, the names or other identifying information of the Responding Party's clients, customers, or affiliates.

11.     The Responding Party objects to the Requests to the extent they purport to require the disclosure of information that would violate any duty of confidentiality or nondisclosure owed to a third-party or otherwise imposed by law.

12.     The Responding Party reserves the right at any time to revise, correct, add to, clarify, or supplement its responses and objections to the Requests.

13.     The Responding Party specifically incorporates each of these General Responses and Objections as part of its response to each of the numbered Requests as if fully set forth therein. Every response by the Responding Party is subject to these General Responses and Objections, as well as any specific objections to individual Requests, and shall not constitute a waiver of any applicable objection or privilege.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

### Request No. 1.

> Describe in detail the current payoff amount for Your loan to S. Leer and/or any Obligated Leer Defendants, including the initial amount borrowed, the interest to date, and all other fees, as well as any other damages you claim in this Action. In answering this Interrogatory, break out each sub item and provide a separate figure as to each amount You contend You are owed.

### Response

The Responding Party objects to the extent that this Request is ambiguous and unclear, overly broad, unduly burdensome, and seeks the information that is not material and necessary to the prosecution or defense of the surviving claims in this action, which does not bear significantly

-3-

on the case, and which is not reasonably calculated to lead to the discovery of admissible and relevant evidence. The Responding Party further objects to the extent that this Request seeks a "payoff" offer or information beyond the limitations set forth in Commercial Division Rule 11-a(b). Subject to and without waiving the foregoing General and Specific Responses and Objections, the Responding Party responds that, as of September 15, 2023, it claims damages in the amount of no less than $13,228,338.90, including:

a. $2,349,657.53, reflecting the principal loan balance of $2,700,000.00, less the portion of the $510,000.00 paid by defendants that is attributable to principal,

b. $6,164,332.88, reflecting interest on item (a), as of September 15, 2023, at the default interest rate of 10% per month.

c. $1,314,189.31, reflecting enforcement costs incurred by Spin in connection with this Action, through September 6, 2023.

d. $1,230,561.79, reflecting interest on item (c), as of September 15, 2023, at the default interest rate of 10% per month.

e. $877,433.57, reflecting insurance policy premium payments and amounts paid by Spin to the court-appointed receiver, through July 10, 2023, to protect Spin's interest in its collateral.

f. $589,163.81, reflecting interest on item (e), as of September 15, 2023, at the default interest rate of 10% per month.

g. $28,000.00, reflecting late fees incurred under Section 6(a) of the Promissory Note.

h. $675,000.00, reflecting default fees incurred under Section 6(d) of the Promissory Note.

i. Any and all other amounts to which Spin may be entitled under the Loan Documents.

This response does not constitute a "payoff" offer, nor does it suspend or otherwise limit the accrual of any additional amounts to which Spin is or may become entitled under the Loan Documents. Spin's damages continue to accrue, and the amounts set forth above remain subject to change and final verification.

USA.606362430.8/ISP

-5-

Dated: September 19, 2023

**WELLS LAW P.C.**

By:     */s/ Steven W. Wells*
        Steven W. Wells, Esq.
        8989 Chaise Road
        Springville, NY 14141
        T: 716-983-4750
        Steve@wellspc.com

        *Counsel for Responding Party*

USA.606362430.8/ISP

**VERIFICATION OF INTERROGATORY ANSWERS**

I have reviewed the foregoing *Plaintiff's Responses and Objections to CapFactor's Interrogatory* and hereby certify, to the best of my knowledge, information, and belief, that the interrogatories have been fully answered by Spin Capital, LLC, based upon the information known to the company at the time of this certification.  If an interrogatory has not been fully answered, the objections to such interrogatory or portion of such Interrogatory and the reasons for the objection have been stated.

I certify under penalty and perjury that the foregoing is true and correct.

Executed on September 19, 2023          **SPIN CAPITAL, LLC**

By: _Avrumi Lubin_____

Avrumi Lubin
President