UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,
    Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,
    Defendants.

Case No. 1:24-cv-08515 (AS)

June 10, 2026

Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Letter-Motion for Leave to Submit a Document Under Seal for In Camera Review, in Connection with Limited Objection Regarding ECF Nos. 163-168

Dear Judge Subramanian:

I write as Defendant Avrumi (Josh) Lubin, pro se in my individual capacity only, pursuant to Paragraph 11(C) of the Court's Individual Practices and Standing Order 19-MC-583. This letter-motion contains no confidential information.

In connection with my limited objection and supplement regarding Plaintiffs' Rule 41(a)(2) dismissal requests and proposed orders (ECF Nos. 163-168), I respectfully seek leave to submit to the Court, under seal and for in camera review, a 2025 settlement agreement among Hi Bar Capital, LLC, Yisroel Herbst, Mordechai Herbst, and FVP- and Franklin-affiliated entities (the "Florida Settlement Agreement"). The document is marked "Highly Confidential." I am not a party to it. I obtained it lawfully: at an August 13, 2025 hearing in Broward County Case No. CACE-22-005125, the Florida court directed on the record that the agreement be turned over to me, without objection from its parties, as reflected in the certified hearing transcript. When I filed it in the Florida action, I did so with a motion to maintain it under seal, and it is currently docketed there as a sealed exhibit.

The Florida Settlement Agreement is relevant to whether any dismissal order entered on ECF Nos. 163-165 or 166-168 should include conditions protecting non-settling parties: two of the defendants Plaintiffs now seek to dismiss based on undisclosed "settlement agreements" are parties to it; both are also co-defendants of mine, Spin Capital, LLC, and the Franklin entities in Mehdipour v. Hi Bar Capital, LLC, Adv. Pro. No. 23-01132-EPK (Bankr. S.D. Fla.), where ownership of Spin receivables under a disputed assignment is sub judice following a trial that concluded February 6, 2026 (trial transcripts at Adv. ECF Nos. 470-476); and it contains provisions bearing directly on the rights of non-settling parties, including me and Spin Capital, LLC. I do not describe its terms in this public filing.

Because I am pro se and do not have authorization to file under seal on the ECF system, I respectfully request that the Court (i) grant leave to submit the Florida Settlement Agreement under seal for in camera review, and (ii) direct the manner of submission (for example, delivery of a sealed envelope to the Clerk's Office or such other method as the Court prefers). Unless and

until the Court directs otherwise, the sealed submission would be provided to the Court only, and I do not request that it be publicly filed at this time. I take no position against any party being heard on its handling.

I further respectfully request that the Court defer entry of any dismissal order at ECF No. 165 or ECF No. 168 until my limited objection and supplement are docketed and considered, together with this submission if the Court grants leave.

Respectfully submitted,

/s/ Avrumi Lubin
Avrumi (Josh) Lubin
Defendant, pro se in individual capacity only
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (718) 570-3796 | Email: josh@spincapital.com
cc: All counsel of record via ECF/service (this letter-motion only; not the proposed sealed document)