UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,
    Plaintiffs,
v.
SPIN CAPITAL, LLC, et al.,
    Defendants.
Case No. 1:24-cv-08515 (AS)

June 10, 2026

Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Limited objection and request for conditions regarding ECF Nos. 163-164; request for clarification of ECF Nos. 121 and 136

Dear Judge Subramanian:

I write as Defendant Avrumi (Josh) Lubin, pro se in my individual capacity only. I do not write for Spin Capital, LLC, which is represented by counsel.

I respectfully submit this limited objection and request for conditions regarding Plaintiffs' Rule 41(a)(2) request to dismiss without prejudice all claims against Defendants BMF Advance LLC and Gavriel Yitzchakov a/k/a Gabe Isaacov (the "BMF Parties") based on an undisclosed settlement agreement. See ECF Nos. 163-164.

I do not object to parties settling their own disputes. I do object to any dismissal order that may prejudice me, Spin, or any non-settling party, or that may affect defenses, affirmative defenses, setoff, contribution, indemnity, apportionment, discovery, summary-judgment opposition, appeal rights, or rights against any settling or non-settling party.

The settlement agreement has not been provided to me. Plaintiffs' letter dated June 9, 2026, and docketed June 10, 2026, states that Plaintiffs and the BMF Parties reached a settlement and asks the Court to dismiss the claims against those defendants without prejudice. See ECF No. 164. The same defendants were also included in Plaintiffs' pending summary-judgment motion filed on May 26, 2026, see ECF Nos. 155-160, and under the current schedule my opposition to that motion is due June 25, 2026. Separately, before Plaintiffs filed that summary-judgment motion against BMF Advance LLC and Mr. Yitzchakov, Mr. Heskin told me directly in a telephone call that Plaintiffs had settled with Mr. Yitzchakov/BMF, and counsel for Teton Life in the related state-court action separately informed me that Mr. Yitzchakov/BMF had entered into some form

of settlement. If those statements were accurate, Plaintiffs sought summary judgment against parties with whom they had already settled, without disclosing that settlement to the Court or to the non-settling defendants. I have never been provided that agreement, any later agreement, or any related release, side letter, cooperation agreement, common-interest or joint-defense agreement, allocation agreement, indemnity agreement, assignment, or term sheet.

Because the requested dismissal concerns only certain defendants while claims against me and other defendants remain pending, I respectfully request that the Court defer entry of any Rule 41(a)(2) order unless and until the settlement documents are produced to the non-settling parties, or at minimum submitted to the Court for in camera review under seal, to confirm that they do not prejudice non-settling parties.

If the Court grants the Rule 41(a)(2) request, I respectfully request that any order include the following conditions:

1. the dismissal does not release, impair, waive, adjudicate, or otherwise affect any claim, defense, affirmative defense, setoff, contribution, indemnity, apportionment, discovery right, appellate right, summary-judgment opposition right, or other right of any non-settling party;

2. no finding, admission, stipulation, settlement term, cooperation term, release, allocation, or dismissal language binds me, Spin Capital LLC, or any other non-settling party;

3. BMF Advance LLC and Mr. Yitzchakov remain subject to subpoena, document discovery, deposition, and trial testimony to the same extent as any non-party witness;

4. Plaintiffs and the BMF Parties must produce, or submit for in camera review under seal, the current settlement agreement and any prior settlement agreement, term sheet, release, side letter, cooperation agreement, common-interest agreement, joint-defense agreement, allocation agreement, indemnity agreement, assignment, or related settlement document involving Plaintiffs and BMF Advance LLC, Mr. Yitzchakov, or related persons/entities that may affect any non-settling party, or at minimum disclose the existence, date, parties, and general subject matter of each such agreement; and

5. the dismissal does not alter, impair, or prejudice pending summary-judgment deadlines, my ability to oppose Plaintiffs' pending summary-judgment motion, or Spin's rights through counsel.

I also respectfully request clarification regarding my prior emergency application at ECF No. 121 and my supplemental submission at ECF No. 136. Those submissions sought preservation-focused relief, including a temporary status-quo order and recognition/appointment of Fred Stevens as a limited federal receiver or special litigation receiver for preservation purposes. I do not see an order granting or denying that application on the docket.

The new settlement-related dismissal request reinforces the preservation issues raised in ECF Nos. 121 and 136: who is controlling litigation steps by the Leer-controlled plaintiff entities, whether settlements or releases affect policy/collateral rights or receivership property, and whether undisclosed settlement terms may impair the rights of non-settling defendants. I

respectfully request that the Court either (i) clarify whether ECF Nos. 121 and 136 remain pending, (ii) set a short status conference or schedule for any further preservation briefing, or (iii) preserve all objections and rights while the parties address Plaintiffs' Rule 41(a)(2) request.

For the avoidance of doubt, I am not asking the Court to adjudicate any state-court issue or to prevent any party from settling its own claims. I ask only that any partial dismissal be conditioned so that it does not prejudice non-settling parties, and that the settlement documents be disclosed or reviewed before the Court enters relief based on them.

Respectfully submitted,

/s/ Avrumi Lubin
Avrumi (Josh) Lubin
Defendant, pro se in individual capacity only
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (732) 608-4905
Email: josh@spincapital.com

cc: All counsel of record via ECF/service