UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

 Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,

 Defendants.

Case No. 1:24-cv-08515 (AS)

June 10, 2026

Honorable Arun Subramanian

United States District Judge

United States District Court

Southern District of New York

500 Pearl Street

New York, New York 10007

Re: Supplement to Limited Objection Regarding ECF Nos. 163-165; Plaintiffs' New Rule 41(a)(2) Request as to Hi Bar Capital, LLC and Yisroel Herbst (ECF Nos. 166-168); ECF No. 147

Dear Judge Subramanian:

I write as Defendant Avrumi (Josh) Lubin, pro se in my individual capacity only, to briefly supplement the limited objection and request for conditions I submitted to the Pro Se Intake Unit by email today at 12:02 p.m. That objection has not yet appeared on the docket and may take up to two business days to be processed.

First, at 12:07 p.m. today, Plaintiffs filed a proposed order seeking entry of the Rule 41(a)(2) dismissal of the BMF Parties requested in ECF Nos. 163-164. See ECF No. 165. Plaintiffs thereafter filed a second stipulation, Rule 41(a)(2) letter, and proposed order seeking dismissal without prejudice of Defendants Hi Bar Capital, LLC and Yisroel Herbst, also based on settlement. See ECF Nos. 166-168. The stipulation at ECF No. 166 refers to the parties' settlement "agreements" in the plural. None of those settlement documents has been provided to me.

My limited objection and each requested condition apply equally to the Hi Bar/Herbst dismissal request at ECF Nos. 166-168. I note that I am an adverse party to Hi Bar Capital, LLC in separate pending Florida litigation, including Broward County Case No. CACE-22-005125. Based on documents in my possession, Hi Bar Capital, LLC and Mr. Herbst are also parties to a 2025 settlement agreement with FVP- and Franklin-affiliated entities relating to that litigation; that agreement is marked "Highly Confidential," so I do not describe its terms here, but the Franklin- and FVP-affiliated entities have asserted in multiple proceedings that they own or control Spin Capital, LLC's rights to claims and obligations. In one such proceeding — Mehdipour v. Hi Bar Capital, LLC, Adv. Pro. No. 23-01132-EPK (Bankr. S.D. Fla.), in which Hi Bar Capital, LLC, Mr. Herbst, Spin, the Franklin entities, and I are all defendants — Franklin Capital Group, LLC d/b/a Wing Lake Capital claims ownership of Spin receivables under a disputed assignment that the bankruptcy court has ruled ambiguous and subject to parol evidence (June 11, 2025 Oral Ruling Tr. 7:1-20), and that question is sub judice following a trial that concluded February 6, 2026 (trial transcripts at Adv. ECF Nos. 470-476; post-trial briefs at Adv. ECF Nos. 477, 488). I obtained that agreement through a turnover directed by the Florida court on the record, without objection from its parties. It contains provisions bearing directly on the

rights of non-settling parties, including me and Spin Capital, LLC, and by separate letter-motion submitted today I seek leave to provide it to the Court under seal for in camera review. Overlapping and undisclosed settlement structures involving the same parties heighten the need for disclosure or in camera review before any dismissal is entered. I respectfully request that the Court decline to enter the proposed orders at ECF Nos. 165 and 168 unless and until my limited objection is docketed and considered and the settlement documents are produced or reviewed.

Second, the docket confirms the timing concern raised in my objection. On April 3, 2026, counsel for BMF Advance LLC filed a letter concerning a "Settlement-in-principle Between BMF Defendants and Plaintiffs." See ECF No. 147. Plaintiffs nevertheless included the BMF Parties in their May 26, 2026 summary-judgment motion, see ECF Nos. 155-160, and now seek same-day dismissal of two sets of defendants based on settlements that have not been provided to me or, to my knowledge, to any non-settling party.

My objection asks only that any dismissal be conditioned so that it does not prejudice non-settling parties, and that the current settlement agreement and any prior settlement documents (including any settlement-in-principle, term sheet, release, side letter, cooperation, common-interest, joint-defense, allocation, indemnity, or assignment agreement) be produced or submitted for in camera review under seal before relief is entered based on them. No legitimate interest is served by entering dismissal orders before anyone other than the settling parties has seen the agreements on which those orders would rest.

Respectfully submitted,

/s/ Avrumi Lubin
Avrumi (Josh) Lubin
Defendant, pro se in individual capacity only
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (718) 570-3796 | Email: josh@spincapital.com
cc: All counsel of record via ECF/service