

June 11, 2026

**To via ECF**:
Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re:    *Golden Foothill Insurance Services, LLC et al v. Spin Capital, LLC et al*
             Docket No.: 24-cv-8515 (AS)
             Letter Re: Pro Se Defendant Lubin's Objection to the BMF Proposed Order

Dear Judge Subramanian,

My office, Murray Legal, PLLC, represents Defendants BMF Advance LLC and Gavriel Yitzchakov (the "BMF Parties"). As explained in the Letter to the Court filed by Plaintiffs (D.E. 164), the BMF Parties and the Plaintiffs have reached a settlement (the "BMF Settlement"); accordingly, Plaintiffs submitted a Stipulation of Partial Dismissal without prejudice (D.E. 163) and a proposed order for partial dismissal, without prejudice, of the claims against the BMF Parties (D.E. 165) (the "BMF Proposed Order"). The BMF Proposed Order "was reviewed and approved as to form" but has yet to be signed.[1] Pro se Defendant Josh Lubin ("Lubin") has now filed a letter (the "Lubin BMF Letter") (D.E. 171) which essentially asks this Court not to sign the BMF Proposed Order, out of a broad, vague concern that the BMF Settlement may "prejudice non-settling parties." *Id.,* at 2. The Lubin BMF Letter thus asks this Court to impose a host of "conditions" on what the BMF Proposed Order must contain, *See id.,* at 2, ¶¶ 1-5. The Court should decline Lubin's demand, and sign the BMF Proposed Order.[2]

As the Second Circuit has noted, "[u]sually, a nonsettling defendant lacks standing to object to a court order approving a partial settlement because a nonsettling defendant is ordinarily not affected by such a settlement." *Zupnick v. Fogel,* 989 F.2d 93, 98 (2d Cir. 1993).[3] "[T]here is a recognized exception to this general rule which permit[s] a non-settling defendant to object where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement." *Id;*

---

[1] The BMF Parties note that Plaintiffs reached a similar settlement with the Hi-Bar defendants and submitted a similar proposed Order, which the Court has already signed (D.E. 169). There is no principled reason to treat the BMF Proposed Order differently.

[2] For avoidance of doubt, the Plaintiffs join in this letter.

[3] Citing in support, inter alia, 3B James W. Moore & John E. Kennedy, *Moore's Federal Practice* P 23.80[5] (2d ed. 1992) ("A co-defendant has no standing to appeal from a consent decree that binds him in no way and does not affect his legal rights.").

 170 Old Country Road
Suite 608
Mineola, New York 11501

 Office: 516-260-7367

cmurray@murraylegalpllc.com
www.murraylegalpllc.com



*see also OHL USA Inc. v. Ferreira Constr. Co.,* No. EDCV 23-0397 JGB (SHKx), 2024 U.S. Dist. LEXIS 166708, at *3 (C.D. Cal. Sep. 13, 2024) ("Voluntary dismissal under Rule 41(a)(2) is granted liberally, provided that a party will not suffer legal prejudice."").

Here, Lubin cannot demonstrate any 'formal legal prejudice' as a matter of law based on the plain language of the BMF Proposed Order, which is simple, straightforward, and unambiguous, and clearly does not raise any of Lubin's purported concerns, as encapsulated in his Conditions 1-5; as such, the imposition of additional language or conditions is neither necessary nor warranted. As is obvious from the face of the proposed Order, the dismissals provided for in the BMF Proposed Order are without prejudice and therefore carry no preclusive effect for or against any party. Simply put, the BMF Proposed Order facially does not adjudicate, release, or affect any claim, defense, or right belonging to Lubin, and thus his ability to defend himself in this action on the merits is in no way diminished by the dismissal without prejudice of claims against the BMF Parties. Nor could it be – given that Lubin is not a party to the BMF Settlement, it cannot act to bar his rights and defenses. This should be so basic as to go without saying. *See, e.g., Zupnick,* at 99 (denying nonsettling defendants' motion, noting approvingly the District Court Judge's direct statement to the nonsettling Defendants: "The stipulation is not binding on you. You are not a party to it.").

Perhaps it is understandable that Lubin, as a pro se Defendant, does not understand that the language of the BMF Proposed Order cannot possibly affect his rights in this action. But that is no reason to grant Lubin, a non-party to the BMF Settlement Agreement, the right to delay entry of an Order based on the condition precedent that the terms of a Settlement Agreement, which legally cannot bind Lubin, be reviewed by him and/or the Court; to the extent Mr. Lubin believes any such agreement is relevant to any defense he intends to interpose, Mr. Lubin may of course seek disclosure of the agreement through the normal discovery process. Simply put, the Lubin BMF Letter offers no basis to delay signing the BMF Proposed Order and effectuate a freely-entered-into settlement agreement between only the BMF Parties and the Plaintiffs.

Accordingly, and respectfully, the Plaintiffs and the BMF Parties urge this Court to sign the BMF Proposed Order and put this issue to rest, before Mr. Lubin further inundates the record with more meritless, AI-generated filings requiring the resources of the Court and the parties to address.[4]

We appreciate the Court's attention to this matter.

---

[4] N.B. This is no minor concern; Mr. Lubin has littered the docket in the related State Court Action with many hundreds of filings.

 170 Old Country Road
Suite 608
Mineola, New York 11501

 Office: 516-260-7367

 cmurray@murraylegalpllc.com
www.murraylegalpllc.com



Sincerely,
/s/ Phillip A. Spinella
Phillip A. Spinella, Esq.

CC via ECF:
Counsel for all parties and Josh Lubin, *pro se*

 170 Old Country Road
Suite 608
Mineola, New York 11501

 Office: 516-260-7367

cmurray@murraylegalpllc.com
www.murraylegalpllc.com