UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,
    Plaintiffs,

v.

SPIN CAPITAL, LLC, et al.,
    Defendants.

Case No. 1:24-cv-08515 (AS)

June 11, 2026

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Request That the Court Consider My Timely June 10 Submissions (ECF Nos. 170-172) Before Acting on ECF No. 165, and for Reconsideration or Clarification of the June 11 Order (ECF No. 169)

Dear Judge Subramanian:

I write as Defendant Avrumi (Josh) Lubin, pro se in my individual capacity only, regarding the Order of Partial Dismissal entered June 11, 2026 (ECF No. 169) and Plaintiffs' still-pending proposed order as to the BMF Parties (ECF No. 165).

On June 10, 2026 at 12:02 p.m. - before Plaintiffs lodged either proposed order (ECF No. 165 was filed at 12:07 p.m., and ECF Nos. 166-168 thereafter) - I submitted to the Pro Se Intake Unit a limited objection and request for conditions regarding the Rule 41(a)(2) dismissal requests. The same afternoon I submitted a supplement addressing ECF Nos. 163-168 and a letter-motion for leave to submit a related document under seal for in camera review. The Pro Se Intake Unit acknowledged receipt of all three the same day, and on the morning of June 11 confirmed they would be docketed on an expedited basis with the June 10 received date. Through no fault of mine, they had not yet been processed when ECF No. 169 was entered at 1:06 p.m. on June 11. They have now been docketed, each bearing the June 10, 2026 filing date: the limited objection at ECF No. 171, the supplement at ECF No. 172, and the letter-motion at ECF No. 170.

As to ECF No. 165 (the BMF Parties): I respectfully request that the Court consider the objection (ECF No. 171) and supplement (ECF No. 172) before entering any dismissal order on ECF Nos. 163-165, and that any such order include the conditions set out there, including production to the non-settling parties - or submission for in camera review under seal - of the settlement agreements, including the settlement-in-principle referenced on the docket on April 3, 2026. See ECF No. 147.

As to ECF No. 169 (the Hi Bar Parties): I respectfully request that the Court treat my objection as timely made and, on reconsideration or clarification, (i) confirm that the Order does not release, impair, waive, or otherwise affect any claim, defense, affirmative defense, setoff, contribution, indemnity, apportionment, discovery right, summary-judgment opposition right, or appellate right of any non-settling party, and that no settlement term binds any non-settling party; (ii) require production, or in camera review under seal, of the settlement "agreements" referenced in the plural in the stipulation at ECF No. 166; and (iii) grant my pending letter-

motion (ECF No. 170) for leave to submit, under seal for in camera review, the related 2025 settlement agreement described therein.

For the avoidance of doubt, I do not ask the Court to disturb the settling parties' right to resolve their own disputes. I ask only that objections submitted before the proposed orders were lodged be considered, and that the protections reflected in the Order's own language - that claims involving the remaining parties "continue unaffected" - be confirmed as conditions binding on all settling parties.

Respectfully submitted,

/s/ Avrumi Lubin
Avrumi (Josh) Lubin
Defendant, pro se in individual capacity only
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (718) 570-3796 | Email: josh@spincapital.com
cc: All counsel of record via ECF/service