UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,
    Plaintiffs,
v.
SPIN CAPITAL, LLC, et al.,
    Defendants.
Case No. 1:24-cv-08515 (AS)

June 11, 2026

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Brief Response to the BMF Parties' Letter at ECF No. 173

Dear Judge Subramanian:

I write as Defendant Avrumi (Josh) Lubin, pro se in my individual capacity only, to respond briefly to the letter filed by the BMF Parties, and joined by Plaintiffs, at ECF No. 173. That letter responds only to my limited objection (ECF No. 171). It does not address my supplement (ECF No. 172) or my pending letter-motion for leave to make a sealed in camera submission (ECF No. 170), each docketed with a June 10, 2026 filing date; my limited objection was submitted before ECF No. 165 was lodged.

First, on standing: the authority movants cite recognizes the very exception that applies here - a non-settling defendant may object where the settlement works formal legal prejudice. More fundamentally, I have not asked the Court to disapprove anyone's settlement. I have asked the Court to exercise its express authority under Rule 41(a)(2) to dismiss "on terms that the court considers proper." The terms of the Court's own order are for the Court to set, and no party needs "standing" to bring relevant information to the Court's attention before it acts.

Second, my concerns are not "broad" or "vague"; they are documented. The stipulation at ECF No. 166 refers to settlement "agreements" in the plural. The docket reflects a "Settlement-in-principle Between BMF Defendants and Plaintiffs" as early as April 3, 2026, see ECF No. 147 - yet Plaintiffs thereafter moved for summary judgment against those same defendants on May 26, 2026, see ECF Nos. 155-160. And as detailed in ECF No. 172, a related executed 2025 settlement among parties in this constellation contains provisions bearing directly on the rights of non-settling parties, including me and Spin Capital, LLC. Where these parties' prior settlement architecture has reached non-settling parties' rights, asking the Court to look before signing is not delay; it is diligence.

Third, the Court need not take my word or movants' word for what the agreements do. My pending letter-motion (ECF No. 170) offers the Court a means to verify in camera, under seal, without disclosing anything to anyone. If movants are correct that nothing in their agreements affects any non-settling party, that review will confirm it in minutes. Consistent with that approach, I deliberately attach no settlement materials, state-court filings, or exhibits to this letter.

Fourth, movants' own argument is the best case for the requested conditions. If, as they insist, the proposed order "facially does not adjudicate, release, or affect any claim, defense, or right" of any non-settling party, then the conditions I requested cost movants nothing - they would merely state in the order what movants represent is already true. Likewise, movants' suggestion that I pursue the agreements "through the normal discovery process" is welcome: my requested conditions simply preserve that path, by confirming that the dismissed defendants remain subject to discovery and the settlement documents remain subject to production.

Fifth, as to the suggestion that there is "no principled reason" to treat the BMF order differently from ECF No. 169: the principled reason is on the docket. ECF No. 169 was entered before my June 10 submissions had been processed by the Pro Se Intake Unit, through no fault of mine, as the June 10 filing dates of ECF Nos. 170-172 now reflect. My June 11 letter respectfully asks the Court to address exactly that.

Finally, counsel's remark about "AI-generated filings" is beside the point. I take full responsibility for every filing I sign and submit. I would respectfully ask that the parties' arguments be directed to the merits.

I renew my request that the Court consider ECF Nos. 170-172 and my June 11 letter before acting on ECF No. 165, and condition any dismissal as set out there.

Respectfully submitted,

/s/ Avrumi Lubin
Avrumi (Josh) Lubin
Defendant, pro se in individual capacity only
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (718) 570-3796 | Email: josh@spincapital.com
cc: All counsel of record via ECF/service