Avrumi (Josh) Lubin

1460 Arboretum Parkway, Lakewood, NJ 08701

(718) 570-3796 · josh@spincapital.com

June 16, 2026

**VIA PRO SE INTAKE UNIT**

Hon. Arun Subramanian, U.S.D.J.

United States District Court, Southern District of New York

500 Pearl Street, New York, NY 10007

**Re:** *Golden Foothill Insurance Services, LLC, et al. v. Spin Capital, LLC, et al.*, No. 1:24-cv-08515 (AS) — **Renewed Request to Compel Production, or for In Camera Review, of the Settlement Agreements (per ECF No. 176)**

Dear Judge Subramanian:

I write as Defendant Avrumi (Josh) Lubin, pro se in my individual capacity only, to renew — as the Court's June 15, 2026 Order expressly permitted (ECF No. 176) — my request that the Court order production, or conduct in camera review, of the settlement agreements between Plaintiffs and the settling defendants. In ECF No. 176 the Court declined to compel production "at this time" but held that I "can renew [my] request if there are grounds to suggest that the settlement agreement is relevant to [my] case." There are now such grounds, and they bear directly on Plaintiffs' pending motion for summary judgment.

**1.    Setoff and double recovery — the Hi Bar settlement.** Plaintiffs' pending summary-judgment motion seeks RICO damages predicated in part on the Hi Bar merchant cash advance transactions — expressly, "the unlawful debt collected by the … Hi Bar Enterprise[ ] … on the MCA Agreements" (ECF No. 156 ¶ 139; see also id. ¶¶ 22–24, 46–57) — and Plaintiffs allege that the June 2021 Promissory Note at issue in their RICO and damages theory paid off the Hi Bar MCA balance in the amount of $582,000 (id. ¶ 122). Plaintiffs have now settled with and dismissed Hi Bar Capital, LLC and Yisroel Herbst (ECF Nos. 166–169). Whatever consideration, allocation, release, or credit Plaintiffs obtained in that settlement bears directly on setoff and on whether Plaintiffs would obtain a double recovery on the very debt they seek from me on summary judgment. This relevance does not depend on any declaration; it goes to the heart of the damages now before the Court, and I cannot calculate setoff or properly contest those damages without the Hi Bar settlement.

**2. Bias and credibility — the BMF settlement.** Plaintiffs' enterprise theory and their motion rely on materials concerning settling defendant Gavriel Yitzchakov and his company, BMF Advance LLC. Mr. Yitzchakov has given sworn testimony adverse to my interests in the related New York action, *Teton Life LLC, as Assignee of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, et al.*, Index No. 650582/2022 — including his Affirmation dated April 21, 2025 (NYSCEF Doc. No. 854), which characterizes the underlying transactions as a "loan" and accuses me of a "sham assignment." Plaintiffs moved for summary judgment against Mr. Yitzchakov and BMF and then, within approximately two weeks, settled with and

dismissed them (ECF Nos. 163–165). The cooperation and consideration terms of that settlement are relevant to Mr. Yitzchakov's bias and motive and to the weight, if any, the Court may give evidence Plaintiffs derive from him — the "probative of bias" inquiry the Court identified in ECF No. 176.

**3. Plural, undisclosed agreements.** The dismissal stipulations themselves refer to settlement "agreements," in the plural, raising a reasonable question whether there are side, cooperation, allocation, or assignment terms that have not been disclosed to me as a non-settling party.

This dispute is already joined. In my prior docketed submissions I objected to entry of the unconditioned dismissals and requested disclosure or in camera review of the settlement materials (ECF Nos. 170, 171, 172; see also ECF Nos. 174, 175). The settling BMF parties, joined by Plaintiffs, opposed (ECF No. 173), and the Court then considered the dispute and declined to compel production "at this time," while expressly inviting me to renew (ECF No. 176). To the extent any further meet-and-confer is required under Paragraph 5 of the Court's Individual Practices in Civil Pro Se Cases, I respectfully ask the Court to deem the issue ripe on the existing record in light of the June 25, 2026 summary-judgment deadline, or to direct an immediate conferral on a short schedule. I remain available to confer promptly.

Accordingly, I respectfully request that the Court order Plaintiffs and the settling defendants to produce the settlement agreement(s) — together with any related cooperation, common-interest, joint-defense, allocation, indemnity, assignment, or release writings — or, in the alternative, permit the Court's in camera review of those materials. I do not seek privileged attorney-client communications or attorney work product; I seek only the executed agreement(s) and related writings defining consideration, releases, allocation, credits, cooperation, indemnity, assignment, or testimony-related obligations. Such information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). Because my opposition to Plaintiffs' summary-judgment motion is due **June 25, 2026**, I respectfully request expedited consideration so these materials may inform that opposition.

Separately, and only if it would assist the Court: I lawfully hold an executed 2025 Florida settlement among the FVP, Franklin, and Hi Bar parties, which the Court has already granted me leave to file under seal (ECF No. 176). **I do not attach it here.** I am prepared to submit it for the Court's in camera review if the Court wishes to examine the kind of undisclosed cooperation, release, and allocation terms these same parties have employed.

I appreciate the Court's consideration.

Respectfully submitted,

/s/ Avrumi (Josh) Lubin
Avrumi (Josh) Lubin, Defendant pro se (individual capacity only)

cc: All counsel of record (via ECF)