UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, *et al.*,

Plaintiffs,

Civ. A. No. 1:24-cv-08515 (AS)

v.

SPIN CAPITAL, LLC, *et al.*,

Defendants.

---

### DECLARATION OF AVRUMI (JOSH) LUBIN PURSUANT TO FED. R. CIV. P. 56(d)

I, Avrumi (Josh) Lubin, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a defendant in this action, appearing pro se in my individual capacity only. I make this declaration from personal knowledge in connection with my opposition to Plaintiffs' motion for summary judgment (ECF Nos. 155–160). Pursuant to Federal Rule of Civil Procedure 56(d), I respectfully ask the Court to defer ruling on the motion as to me — or in the alternative to deny it without prejudice — and to permit limited discovery, or the Court's in camera review, of the settlement agreements described below before the motion is decided.

2. As explained below, I cannot presently present facts essential to justify my opposition, because those facts are contained in settlement agreements that the settling parties have not disclosed to me, a non-settling party.

**The settlement agreements I need**

3. Plaintiffs moved for summary judgment against me, Spin Capital, BMF Advance LLC, and Gavriel Yitzchakov, and for a default judgment against Yoel Getter, on or about May 26, 2026 (ECF Nos. 155–160).

4. On or about June 10, 2026, Plaintiffs sought dismissal of two sets of co-defendants based on settlement: (a) BMF Advance LLC and Mr. Yitzchakov (ECF Nos. 163–165), and (b) Hi Bar Capital, LLC and Yisroel Herbst (ECF Nos. 166–169). The stipulations refer to settlement "agreements," in the plural.

5. I seek the settlement agreement(s) between Plaintiffs and those settling defendants, together with any related side letter, cooperation, common-interest, joint-defense, allocation, indemnity, assignment, or release agreement bearing on this action. I do not possess these documents, and they have not been produced to me.

**Why these facts are essential — bias of a settling defendant (BMF / Yitzchakov)**

6. Plaintiffs' motion is supported by the Declaration of Shane R. Heskin and its exhibits, which include an affidavit of settling defendant Gavriel Yitzchakov and other BMF-related materials offered to establish that Mr. Yitzchakov owns and operates BMF Advance and that BMF participated in the transactions on which Plaintiffs' claims against me depend.

7. Mr. Yitzchakov has also given sworn testimony adverse to my interests in the related New York action, *Teton Life LLC, as Assignee of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, et al.*, Index No. 650582/2022 (Sup. Ct. N.Y. Cnty.) — including his Affirmation dated April 21, 2025 (NYSCEF Doc. No. 854), which characterizes the underlying transactions and my conduct in ways I dispute.

8. In this very motion, Plaintiffs moved for summary judgment against Mr. Yitzchakov and BMF Advance, and then, on or about June 10, 2026 — within approximately two weeks — settled with and dismissed them (ECF Nos. 163–165). A co-defendant who has given sworn testimony adverse to me, whose company's materials Plaintiffs rely on, and who has simultaneously settled with Plaintiffs, has a potential motive to favor Plaintiffs and a potential bias against me. The terms of that settlement — including any cooperation obligation, consideration, or release — are directly relevant to his bias, motive, and credibility, and to the weight, if any, the Court may give the evidence Plaintiffs derive from him on summary judgment. I cannot test that bias without the settlement agreement.

**Why these facts are essential — damages and setoff (Hi Bar / Herbst)**

9. Plaintiffs' damages theory includes the Hi Bar merchant cash advance transactions (see Heskin Decl. Exs. 11–25; ECF No. 156 ¶ 139), and Plaintiffs' submissions describe the Promissory Note at issue in their RICO and damages theory as having refinanced and paid off

the Hi Bar MCA balance.

10. Plaintiffs settled with and dismissed Hi Bar Capital and Mr. Herbst (ECF Nos. 166–169). Any consideration, allocation, release, or credit in that settlement bears directly on setoff, on the amount of damages (if any) properly attributable to me, and on whether Plaintiffs would otherwise obtain a double recovery on the same alleged debt. I cannot calculate setoff or properly contest Plaintiffs' damages without the Hi Bar settlement.

**Diligence and prior requests**

11. I have been diligent. As a non-settling party, I objected to entry of unconditioned dismissal orders and requested production or in camera review of the settlement documents (ECF Nos. 170, 171, 172, 174). By Order dated June 15, 2026 (ECF No. 176), the Court declined to order production "at this time," but stated that I "can renew [my] request if there are grounds to suggest that the settlement agreement is relevant to [my] case," and that "[i]f … the settling defendants submit declarations adverse to Lubin, then [I] can seek discovery of the settlement agreement as probative of bias." I have also requested the complete moving papers from Plaintiffs' counsel.

12. This declaration renews that request on the grounds the Court identified. By Order dated June 23, 2026 (Dkt. No. 180), the Court has since treated my renewed letter request (Dkt. No. 179) as a motion to compel production of the settlement agreements, directing that the remaining parties produce the requested documents absent opposition, with any opposition due June 30, 2026. That motion remains pending and unresolved, and the settlement agreements it concerns are directly material to the issues raised by Plaintiffs' motion.

**The discovery sought is narrow**

13. The discovery I seek is limited and proportional to the needs of the case (Fed. R. Civ. P. 26(b)(1)): the settlement agreement(s) between Plaintiffs and the settling defendants, and any directly related cooperation, common-interest, allocation, indemnity, assignment, or release writings. Such information need not be admissible to be discoverable. If the Court prefers, it may review the agreements in camera in the first instance.

3

**Relief requested**

14. I respectfully request that the Court, pursuant to Rule 56(d): (a) defer ruling on Plaintiffs' motion for summary judgment as to me pending limited discovery of the settlement agreements described above; or (b) in the alternative, order their production, or permit the Court's in camera review, before the motion is decided.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 23, 2026.

/s/ Avrumi (Josh) Lubin

Avrumi (Josh) Lubin

Defendant, pro se (individual capacity only)

1460 Arboretum Parkway, Lakewood, NJ 08701

(718) 570-3796 · josh@spincapital.com