UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC et al.

     Plaintiffs,

     - against -

SPIN CAPITAL LLC et al.,

     Defendants.

Case No. 1:24-cv-08515 (AS)

**DECLARATION OF AVRUMI (JOSH) LUBIN**

Pursuant to 28 U.S.C. § 1746, I, Avrumi (Josh) Lubin, hereby declare under penalty of perjury that the following is true and correct:

1. I am over 18 years of age and understand the obligations of an oath.  I am the principal of Defendant Spin Capital LLC, and am familiar with the facts and circumstances herein.

2. I am the sole member of Spin Capital, LLC. During the relevant period, Spin Capital was engaged in brokering and participating in commercial finance transactions, including merchant cash advance transactions.

3. I began doing business with the Leer Companies in or about early 2021.

4. In connection with the BMF and Hi Bar advances to the Leer Companies, I acted as a broker and as the representative of Spin Capital, LLC, with a financial incentive to help the transactions perform.

5. The BMF and Hi Bar agreements were each structured as a purchase of a percentage of the Leer Companies' future receivables for an up-front purchase price, with the

amounts collected tied to those receivables rather than a fixed, unconditional repayment of principal plus interest. True and correct copies of the agreements are attached as Exhibits 1 through 5.

6.      Each of the five BMF and Hi Bar agreements contains provisions addressing reconciliation or adjustment of remittances based on the merchant's receipts. I understand those provisions to have provided a contractual mechanism for the merchant to request adjustment of remittances to reflect actual receipts, subject to the terms and conditions of the particular agreement. On the BMF and Hi Bar transactions, I acted as a broker and representative of Spin Capital, not as the funder. BMF and Hi Bar were the funders, and any request by the Leer Companies to reconcile or adjust remittances would have been made to, and decided by, BMF or Hi Bar. I am not aware of any reconciliation request by the Leer Companies that was made and refused.

7.      As the broker, I did not have final authority to bind BMF or Hi Bar to funder terms; BMF and Hi Bar, as the funders, approved or determined the purchase price and remittance terms. The agreements state that the remittance is a good-faith estimate of the merchant's receipts.

8.      The front-page purchase language in the five agreements states that the merchant's bankruptcy, going out of business, slowdown in business, or delay in collecting receivables, in and of itself, does not constitute a breach. I understand that language to reflect that the funder bore the risk that the merchant's business might not perform as expected.

9.      Plaintiffs rely on messages such as "DO WTVR U WANT ILL GET IT DONE" and texts negotiating the daily payments. I do not deny sending such messages. They reflect a broker communicating with confidence that he could close and make the deal perform; they are

not evidence that I knew or intended that any agreement was an unlawful loan.

DATED:  June 25, 2026

_____
Avrumi (Josh) Lubin