

June 29, 2026

**To via ECF**:
Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

> Re:    *Golden Foothill Insurance Services, LLC et al v. Spin Capital, LLC et al*
> Docket No.: 24-cv-8515 (AS)
> <u>BMF Parties' Objection to Defendant Lubin's Letter-Motion to Compel</u>

Dear Judge Subramanian,

My office, Murray Legal, PLLC, represents Defendants BMF Advance LLC ("BMF") and Gavriel Yitzchakov ("Yitzchakov") (together the "BMF Parties").  The Court, by Order dated June 23, 2026, instructed that any objections to pro se Defendant Lubin's letter request to compel production of the settlement agreements (the "Motion to Compel") must be submitted by June 30, 2026. However, on June 25, 2026, Defendant Lubin filed a Chapter 11 Petition in the U.S. Bankruptcy Court for the District of New Jersey.  *See* ECF Doc. 188, at 4-13.[1] As such, this action is subject to the automatic stay and the dispute underlying the Motion to Compel is thus, at present, academic.  Nonetheless, the BMF Parties objection is stated below, so that it is preserved for the record and future consideration, as needed.

On June 16, 2026, the BMF Parties filed a letter to the Court (ECF Doc. 177) requesting that this Court sign the proposed order for partial dismissal, without prejudice, of the claims against the BMF Parties (the "BMF Proposed Order," ECF Doc. 165).  The foregoing letter was submitted in response to this Court's Order dated June 15, 2026 (ECF Doc. 176) (the "June 15 Order"), which rejected pro se Defendant Lubin's objections to the entry of the Hi-Bar partial dismissal order and the BMF Proposed Order.    On June 17, 2026, the Court entered the BMF Proposed Order (as entered, the "BMF Order").  ECF Doc. 178.

Defendant Lubin has now filed yet another Letter, in which he purports to "renew" his previous application, which asked this Court to "order production, or conduct in camera review, of the settlement agreements between Plaintiffs and the settling defendants." ECF Doc. 179, at 1 (the "June 16 Lubin Letter").    The Court's June 15 Order, which denied Lubin's previous

---

[1] The Petition is attached as Ex. A to Mr. Lubin's filing herein of a "Suggestion of Bankruptcy" that was filed by Lubin in a separate action in Florida state.

 170 Old Country Road
Suite 608
Mineola, New York 11501       Office: 516-535-0948       <u>pspinella@murraylegalpllc.com</u>
www.murraylegalpllc.com



application as to the Hi-Bar dismissal order, and which is equally relevant to the now-entered BMF Order, was clear and succinct:

> The dismissal order did not do anything other than dismiss the claims against the defendants listed without prejudice. It did not impair Lubin's rights in any way. So the Court sees no reason why the dismissal should not have been granted. As for Lubin's request to see the settlement agreement, the Court will not grant the request at this time, but he can renew his request if there are grounds to suggest that the settlement agreement is relevant to his case. If, for example, the settling defendants submit declarations adverse to Lubin, then he can seek discovery of the settlement agreement as probative of bias. But Lubin has not stated any valid grounds at this point to justify ordering plaintiffs or the settling defendants to turn over their settlement agreement.

ECF Doc. 176. The Court has considered Lubin's June 16 Lubin Letter as a motion to compel production of the settlement agreements between the settling parties, and has provided an opportunity for the settling parties to object, which the BMF Parties do so herein.

Lubin's June 16 Letter does nothing to change the Court's prior determination that "Lubin has not stated any valid grounds at this point to justify ordering plaintiffs or the settling defendants to turn over their settlement agreement." *Id.* Insofar as Lubin's June 16 Letter pertains to the BMF Parties settlement, Lubin proposes as a basis for disclosure "Bias and Credibility," arguing that the BMF Settlement Agreement's terms "are relevant to Mr. Yitzchakov's bias and motive and to the weight, if any, the Court may give evidence Plaintiffs derive from him." ECF Doc. 179, at 1-2.

The Court's June 15 Order provided a standard by which to assess Lubin's application, namely, that disclosure of the settlement agreement may be warranted if Lubin provided "grounds to suggest that the settlement agreement is relevant to his case." Lubin has failed to do so. Relevant here is the Court's example of what might warrant disclosure: "[i]f, for example, the settling defendants submit declarations adverse to Lubin, he can seek discovery of the settlement agreement as probative of bias." ECF Doc. 176. Lubin can point to no such declaration or similar testimony of either of the BMF Parties – no "evidence Plaintiffs derive from [them]" – that has been submitted in this action, and that is because there is none, as a review of the exhibits submitted in support of Plaintiffs' Motion for Summary Judgment demonstrate. Instead, to gin up a purported basis for his instantaneous renewal of his prior application, Lubin refers instead to an affirmation of Yitzchakov submitted over a year ago in the related New York action (the "State Court action"),

 170 Old Country Road
Suite 608
Mineola, New York 11501

 Office: 516-535-0948

 pspinella@murraylegalpllc.com
www.murraylegalpllc.com



*Teton Life LLC, as Assignee of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC*, et al., Index No. 650582/2022 ("April 2025 Yitzchakov Aff." dated April 21, 2025).  Lubin alleges this is relevant here, and warrants disclosure of other parties' settlement agreements, because that Affirmation "characterizes the underlying transactions as a 'loan' and accuses [Lubin] of a 'sham assignment.'"  ECF Doc. 179, at 1.

Lubin's position is meritless, and it unsurprising that it provides no real detail of the April 2025 Yitzchakov Aff.  First of all, the transaction between Spin Capital LLC and the federal Plaintiffs was, undeniably, a loan, as the documentary evidence in the record clearly demonstrates.  ECF Doc. 11-23 (Promissory Note, including reference to defined Loan Documents).  So, there is no "there, there" on that front.  Second, the 'sham assignment' testimony referred only to an issue regarding an (alleged) attempt by Lubin to assign Spin's rights in the state court litigation to third-party investors, to the detriment of BMF.  Simply put, that testimony is irrelevant to the issues in this action, which is why there is no explanation by Lubin of how that testimony is in fact relevant *to this action,* and any claims or any of his defenses herein. Which is all to say: Lubin's invocation of the April 2025 Yitzchakov Aff. – an affirmation from separate action, from over a year ago, that has not been submitted or referenced in any way in this case, and whose actual content and context Lubin conspicuously fails to provide – does not satisfy as "grounds to suggest that the settlement agreement is relevant to his case," the standard provided by the Court in its June 15 Order.[2]

At bottom, Lubin is attempting to put the proverbial cart before the horse.  He is demanding disclosure of a settlement agreement between the parties with zero evidence whatsoever that its terms could affect any issues in this case.  Lubin offers only conclusory speculation, and it is notably vague speculation at that; indeed, that Lubin had to dig through the State Court docket to find a single filing amongst over 1400[3], and then offer only two bare and selectively quoted 'sound bites', with no explanation of how they actually bore on any specific issue in this case, is telling, to say the least. Lubin's application is, properly construed, merely a fishing expedition, and that is no basis for disclosure of a settlement agreement between other parties that does not bind Lubin whatsoever. Procedurally, Plaintiffs' summary judgment motion is submitted; Lubin knows the evidence that Plaintiffs *have* submitted in support of it.  Despite that, Lubin has presented no fact or theory to support the assertion that a settlement between the BMF Parties and the Plaintiffs

---

[2] As for Lubin's allegations as to "[p]lural, undisclosed agreements" (ECF Doc. 179, at 2), that is demonstrably false as to the BMF Parties.  The Stipulation of Partial Dismissal filed by Plaintiffs in connection with the BMF settlement agreement, clearly refers to only a single "settlement agreement entered into by Plaintiffs and the BMF Parties."  ECF Doc. 163.

[3] Which is over 1400 entries long, over 350 of which are attributable to filings by Lubin since January 2, 2026.

 170 Old Country Road
Suite 608
Mineola, New York 11501

 Office: 516-535-0948

pspinella@murraylegalpllc.com
www.murraylegalpllc.com



affects anything in the record or any of the defenses he may interpose to liability or damages.[4]  In short, if Lubin can actually come forward with any evidence whatsoever that Plaintiffs are attempting to wield any new evidence or testimony gathered from the BMF Parties, then Lubin can come forward with that.  But he certainly hasn't now.  His 'Motion to Renew' should be denied, for the same reasons as his previous application.

Sincerely,
/s/ Phillip A. Spinella
Phillip A. Spinella, Esq.

CC via ECF:
Counsel for all parties and Josh Lubin, *pro se*

---

[4] *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery of nonprivileged information that is relevant to a party's claim or defense and proportional to the needs of the case).

 170 Old Country Road
Suite 608
Mineola, New York 11501

 Office: 516-535-0948

 pspinella@murraylegalpllc.com
www.murraylegalpllc.com