

ALEX@SAKIN-LAW.COM
SAKIN-LAW.COM
917.509.7573

5 WEST 37TH STREET
SUITE 601
NEW YORK, NY
10018-6222

June 30, 2026

**BY ECF**
Hon. Arun Subramanian
U.S. District Judge
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

> Re:   *Golden Foothill Ins. Servs. LLC* **et al.** *v. Spin Capital LLC* **et al.**
>          **Case No. 1:24-cv-08515 (AS)**

Dear Judge Subramanian:

I represent Defendant Spin Capital LLC ("Spin Capital"), and write, pursuant to the Court's Order dated June 23, 2026 (Doc. No. 180) to respectfully address arguments raised by Defendant Avrumi (Josh) Lubin in his motion to compel production of settlement agreements, as well as the letter filed yesterday by settling Defendants BMF Advance LLC and Gavriel Yitzchakov (the "BMF Parties"). As further outlined below, Spin's Capital position is that: 1) this action is not stayed by Lubin's recent bankruptcy filing; and 2) the settlement agreements are highly relevant to questions of damages and of potential witness motivation and bias.

<u>First</u>, this action is not stayed as to Lubin's non-debtor co-defendants (including Spin Capital). It is well-established that "a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Intern*, 321 F.3d 282, 287 (2d Cir. 2003) (cleaned up). As such, barring "unusual situations," "courts will generally not extend the automatic stay of proceedings [] to non-debtor co-defendants." *Desouza v. Plusfunds Group, Inc.*, 2006 U.S. Dist. LEXIS 53392, at \*5 (S.D.N.Y. Aug. 1, 2006) (citing *Teachers Ins. & Annuity Ass'n of Am. v. Butler,* 803 F.2d 61, 65-66 (2d Cir. 1986) (denying the stay in proceedings for non-debtor general partners)). Such "unusual situations" – which are not alleged to be present here – include the case where failure to extend the stay would pose "a serious threat to the debtors' reorganization efforts." *Gray v. Hirsch,* 230 B.R. 239, 243 (S.D.N.Y. 1999). But again, nothing of the sort is alleged to be the case in this litigation, making any extension of the stay beyond Lubin unwarranted.

<u>Second</u>, "[b]ecause settlement agreements are not privileged, no heightened showing of relevance need be made to justify their disclosure." *Ferguson v. Ruane Cunniff & Goldfarb Inc*., 2020 U.S. Dist.

LEXIS 142591, at *12 (S.D.N.Y. Aug. 10, 2020) (internal citation omitted).  Here, the settlement agreements sought by Lubin are highly relevant to two key issues – damages and potential witness motivation and bias – and should be produced.

As to damages, as was made clear by Spin Capital in its summary judgment briefing, Plaintiffs cannot prevail on their RICO claims because damages as compensation under RICO § 1964(c) "must, under the familiar rule of law, place [plaintiff] in the same position [it] would have been in but for the illegal conduct" and where a plaintiff "has already been placed by defendants in that position," it lacks damages and thus has "no viable RICO claim." *Com. Union Assur. Co. v. Milken*, 17 F.3d 608, 612 (2d Cir. 1994). In addition, it is axiomatic that "a plaintiff may not recover twice for same injury." *Harvey v. Home Savers Consulting Corp.*, 2011 U.S. Dist. LEXIS 165839, at *35 (E.D.N.Y. Mar. 3, 2011). As such, any "final damages award must be set off by the value of [settlement] agreements" which are thus subject to production. *Id*.

In addition, to the extent that the settlement agreements contain cooperation clauses, there is no question that they are produceable as evidence of bias, in line with a long line of precedent in the federal Courts ordering production of such agreements. *Morgan Art Found. Ltd. v. McKenzie*, 2020 U.S. Dist. LEXIS 116074, at *16 (S.D.N.Y. July 1, 2020) (settlement agreement "is relevant to the potential bias or prejudice of" settling party); *S.E.C. v. Gupta*, 2012 U.S. Dist. LEXIS 64205, at *3 (S.D.N.Y. May 1, 2012) ("The best evidence of bias in a cooperator's testimony comes from the actual agreement he struck with the SEC"); *Santrayll v. Burrell*, 1998 U.S. Dist. LEXIS 586, at *5 (S.D.N.Y. Jan. 22, 1998) (ordering production of "settlement agreement [which] may lead to the discovery of evidence that would establish [a witness's] bias, interest, or prejudice.").

Complying with this Court's Order dated June 15, 2026 (Doc. No. 176), which permitted Lubin to renew his request to view the settlement agreements in the event that "the settling defendants submit declarations adverse to [him]," Lubin has pointed to settling Defendant Yitzchakov's affirmation submitted against Spin Capital in another matter.  That affirmation strongly suggests that the settling defendants, including the BMF Parties, would testify against Lubin and against Spin Capital (of which Lubin is the principal) in this matter.

And, the contentious nature of the BMF Parties' letter dated June 29, 2026 – objecting, over three pages, to the production of a settlement agreement in a case from which the BMF Parties have already been dismissed -- further evidences the adversarial relationship between Lubin, Spin Capital, and the settling Defendants.

Thus, the settlement agreements should be produced.  Any concerns regarding their confidentiality can be addressed via entry of an appropriate order.  At the very least, the Court should permit Spin Capital to review the settlement agreements *in camera* to determine whether 1) the agreements provide for payment to Plaintiffs that could be used to offset any damages alleged against Spin Capital; and 2) the agreements contain cooperation clauses implicating the settling Defendants' bias or prejudice against Spin Capital.

We are available at the Court's convenience.

Respectfully,

/s/ Alexander Sakin

Alexander Sakin