

# HESKIN & PROPER, PLLC

641 Lexington Avenue, 14ᵗʰ Floor
New York, New York 10022
Telephone 407-403-5990

Shane R. Heskin, Esquire
Shane@heskinproper.com

Justin E. Proper, Esquire
Justin@heskinproper.com

June 30, 2026

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: Golden Foothill Insurance Services, LLC v. Spin Capital, LLC, et al., Case No. 1:24-cv-08515-AS –**

**Plaintiffs' Letter-Motion to Sever Defendant Avrumi (Josh) Lubin and Permit the Action to Proceed Against the Non-Debtor Defendants**

Dear Judge Subramanian:

Plaintiffs respectfully move, pursuant to Federal Rule of Civil Procedure 21 and the Court's inherent authority to manage its docket, for an order severing Defendant Avrumi (Josh) Lubin from this action, staying this action only as against Lubin to the extent required by 11 U.S.C. § 362(a), and permitting the case may proceed against the non-debtor company defendants and all other non-debtor parties.

On June 25, 2026, Lubin filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of New Jersey, Case No. 26-17342. Lubin has also filed a suggestion of bankruptcy in related Florida enforcement proceedings, asserting the stay as to proceedings against him and property of his estate, including efforts to sell his transferable interests in Spin Capital, LLC, Teton Funding, LLC, and JL Special Investments, LLC. No non-debtor company defendant in this action has filed for bankruptcy, and Plaintiffs are not aware of any injunction under 11 U.S.C. § 105(a) extending the stay to those non-debtors.

Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21. Section 362(a) stays actions "against the debtor" and acts to obtain possession or control of "property of the estate." It does not impose a blanket stay of litigation against non-debtor co-defendants. *See Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (stays under § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants); *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) ("[A] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing."). The narrow exception applies only where the claim against a non-debtor would have an immediate adverse economic consequence for the debtor's estate, such as an indemnity obligation, a claim against the debtor's insurer, or such an identity of interests that the debtor is the real party defendant. *Queenie*, 321 F.3d at 287-88; *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *In re North Star Contracting Corp.*, 125 B.R. 368, 370-71 (S.D.N.Y. 1991).

No such exceptional circumstance has been established here. Plaintiffs' claims against the non-debtor companies arise from those defendants' own alleged conduct in connection with the MCA agreements and the collection of allegedly unlawful debt. Continuing against the non-debtor companies would not obtain a judgment against Lubin, enforce a judgment against him, sell his membership interests, or take property from his estate. Nor has any non-debtor identified an automatic indemnity obligation, insurance depletion, or other immediate estate impact that would justify expanding the stay beyond Lubin.

To the extent Lubin or any non-debtor contends that Lubin's claimed ownership interests in a company defendant warrant protection under *Queenie*, that party should be required to make a particularized showing or seek relief in the Bankruptcy Court. A personal bankruptcy petition should not operate as a litigation shield for solvent, non-debtor companies in the absence of such a showing. Otherwise, one defendant could accomplish indirectly what § 362(a) does not provide directly: a stay of the entire case and all non-debtor proceedings, including settlement implementation and claims against parties that have not filed bankruptcy.

Severance will avoid prejudice and promote judicial economy. A blanket stay would delay resolution of claims that are ready to proceed, disrupt settlement and dismissal activity among non-debtors, and prejudice Plaintiffs by allowing non-debtor defendants to benefit from Lubin's personal filing. Lubin will suffer no prejudice because claims against him would be severed and stayed.

Accordingly, Plaintiffs respectfully request that the Court enter an order: (i) severing Lubin from this action and staying the severed claims against him only to the extent required by § 362(a); (ii) holding that the automatic stay does not halt the case as to the non-debtor company defendant Spin Capital, LLC; and (iii) confirming that deadlines, settlement-related proceedings, and other case activity involving non-debtors may continue unaffected.

To the extent the Court's June 23, 2026, Order concerning Lubin's Dkt. 179 request requires further action; Plaintiffs request that any Lubin-specific issue be held in abeyance in the severed/stayed portion of the case and not delay proceedings among the non-debtor parties.

Respectfully submitted,

HESKIN & PROPER, PLLC

Shane R. Heskin